# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| John NYPL et al.<br><br>Plaintiffs,<br><br>V.<br><br>JPMORGAN CHASE & CO et al. | SD of New York | Lorna G. Schofield |
| | **Date the Order or Judgment Appealed from was Entered on the Docket:**<br>3/30/2023 | **District Court Docket No.:**<br>856 |
| | **Date the Notice of Appeal was Filed:**<br>4/28/2023 | **Is this a Cross Appeal?**<br>☐ Yes   ☑ No |

| **Attorney(s) for Appellant(s):**<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Joseph M. Alioto   One Sansome St   415-434-8900<br>jalioto@aliotolaw.com |
|---|---|

| **Attorney(s) for Appellee(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail: |
|---|---|

| Has Transcript Been Prepared?<br>No | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:         Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*:  COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*:  COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. *Federal Jurisdiction* | 2. *Appellate Jurisdiction* |
|---|---|
| ☐ U.S. a party       ☐ Diversity<br><br>☑ Federal question       ☐ Other (specify):<br>(U.S. not a party) _____ | ☑ Final Decision       ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))<br><br>☐ Interlocutory Decision Appealable As of Right   ☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [ ] Pre-trial
- [ ] During trial
- [x] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [x] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [x] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [x] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7.** Will appeal raise constitutional issue(s)?

- [ ] Yes
- [x] No

Will appeal raise a matter of first impression?

- [ ] Yes
- [x] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____  [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes  [ ] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [x] Yes  [ ] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: In re Foriegn Exchange Benchmark Rates Antitrust Litig. | Docket No. 13 Civ. 7789 (LGS) | Citation: | Court or Agency: S.D.N.Y. |
|---|---|---|---|

| Name of Appellant: ----John NYPL et al. |
|---|

| Date: 5/4/2023 | Signature of Counsel of Record: Joseph M. Alioto |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

FORM C (Rev. December 2016)

*Addendum "A"*

(1)This is a horizontal price-fixing conspiracy class action brought by consumers and business end-users under sections 4 and 16 of the Clayton Antitrust Act (15 U.S.C. §§15, 26), alleging the violation of section 1 of the Sherman Antitrust Act (15 U.S.C. §1) and the California Cartwright Act[1] by Respondent competitor banks, to price-fix and manipulate the foreign currency FX spot market exchange rates that they incorporated in the retail exchange rates for foreign currency Plaintiffs and the putative class of consumers and business end-users purchased from Defendants.

Appellants allege a conspiracy among the Respondent banks in violation of section 1 of the Sherman Act to fix the prices of foreign exchange ("FX") in trading in the FX spot market as evidenced by Respondents' guilty pleas and regulatory orders (Third Amended Complaint Exhibits A-1 to D-4), which Respondents admittedly incorporated in the retail prices of FX they sold to Plaintiffs and the class of purchasers of FX.

Appellants appeal from an Order denying class certification and an Order granting summary judgment and judgment thereon, both of which are based on the district court's erroneous finding that the conspiracy to fix prices did not impact or cause injury-in-fact because the FX spot trades involved single price up-and-down "episodic" and "multidirectional" trades, which is directly contrary to the district court's own description of the reality of FX spot trades as involving "two-way" bid-ask price spreads, which the co-conspirators sought to widen, in its Opinion in the related, consolidated case of *In re Foreign Exchange Benchmark Rates Antitrust Litigation ("Forex")*, Case No. 1:13-cv-07789-LGS (S.D.N.Y. *Forex* Dkt. No. 1331), and which is consistent with the *Forex* jury's finding, with ¶4(e) of the Plea Agreements and with the Second Circuit's description in *United States v. Aiyer*, 33 F. 4th 97-109 (2d Cir. May 2, 2022).

Appellants contend that Respondents' admissions in their Plea Agreements that they conspired to price-fix and widen the "two-way" bid-ask FX spot market prices and their admissions in their June Declarations that they incorporated the price-fixed FX spot market prices as the primary component in their retail prices is susceptible of generalized proof for class certification and reversal of the summary judgment.

(2) The result below was that the district court (1) entered a rulings that non-cash purchasers of foreign currency i.e. purchasers by credit card, debit card ATM card or wire were not included within the putative class of purchasers and denying tolling of the statute of limitations per 15 USC sec. 16(i). Orders ruling that non-cash purchasers of foreign currency i.e. purchasers by credit card, debit card ATM card or wire were not included within the putative class of purchasers and denying leave to amend the complaint are found at Dkt. No.319, Dkt. No. 349, Dkt.No. 447, Dkt. No. 464, and Dkt. No. 607
(2) Opinion and Order denying Plaintiffs Motion For Class Certification at Dkt. No. 776
(3) Opinion and Order granting Defendants' Motion for Summary Judgment at Dkt. No. 855
(4) Copy of Opinions and Orders
  - Orders ruling that non-cash purchasers of foreign currency i.e. purchasers by credit card, debit card ATM card or wire were not included within the putative class of purchasers and

denying leave to amend the complaint are found at Dkt. No.319, Dkt. No. 349, Dkt.No. 447, Dkt. No. 464, and Dkt. No. 607

- Order declining tolling of the statute of limitations per 15 USC sec.16(i) – Dkt. No. 464
- Opinion Denying Class Certification – Dkt. No.776
- Opinion Granting Summary Judgment – Dkt. N. 855
- First Amended Notice of Appeal – Dkt. No. 863

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA ANN LIVINGSTON**
CHIEF JUDGE

Date: May 02, 2023
Docket #: 23-619
Short Title: Nypl v. JP Morgan Chase & Co

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

DC Docket #: 15-cv-9300
DC Court: SDNY (NEW YORK CITY)
DC Judge: Schofield

**NOTICE OF RECORD ON APPEAL FILED**

In the above referenced case the document indicated below has been filed in the Court.

_____ Record on Appeal - Certified List

_____ Record on Appeal - CD ROM

_____ Record on Appeal - Paper Documents

_____ Record on Appeal – Supplemental electronic Index

_____ Record on Appeal - Paper Index

Inquiries regarding this case may be directed to 212-857-8551.

## CA02db Intake

**From:** NYSD_ECF_Pool@nysd.uscourts.gov
**Sent:** Friday, April 28, 2023 1:04 PM
**To:** NYSD CourtMail
**Subject:** Activity in Case 1:15-cv-09300-LGS Nypl v. JP Morgan Chase & Co. et al Supplemental ROA Sent to USCA - Electronic File

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 4/28/2023 at 1:03 PM EDT and filed on 4/28/2023

| | |
|---|---|
| **Case Name:** | Nypl v. JP Morgan Chase & Co. et al |
| **Case Number:** | 1:15-cv-09300-LGS |
| **Filer:** | |
| **WARNING: CASE CLOSED on 03/30/2023** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Supplemental ROA Sent to USCA (Electronic File). Certified Supplemental Indexed record on Appeal Electronic Files for [863] Amended Notice of Appeal, filed by John Nypl, Mad Travel, Inc., John Nypl, et al., Valarie Jolly, Haverhill Retirement System, et al., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. were transmitted to the U.S. Court of Appeals. (tp)**

**1:15-cv-09300-LGS Notice has been electronically mailed to:**

Gregory Thomas Casamento    gcasamento@lockelord.com, Christopher.Fontenelli@lockelord.com, JKramer@lockelord.com, autodocket@lockelord.com, autodocketdev@lockelord.com, jmedina@lockelord.com

Andrew Arthur Ruffino    aruffino@cov.com, docketing@cov.com, maony@cov.com

Neal Alan Potischman    Neal.Potischman@dpw.com, angela.quach@davispolk.com, ecf.ct.papers@davispolk.com, felicia.yu@davispolk.com

David Harold Braff    braffd@sullcrom.com, david-braff-6246@ecf.pacerpro.com, s&cmanagingclerk@sullcrom.com, sullivan-admin-7680@ecf.pacerpro.com

Stephen D. Hibbard    stephen.hibbard@shearman.com

Michael D. Hausfeld    mhausfeld@hausfeld.com, 3114030420@filings.docketbird.com

Yvonne Susan Quinn    quinny@sullcrom.com, s&cmanagingclerk@sullcrom.com, yvonne-quinn-2290@ecf.pacerpro.com

Joseph M. Alioto, Sr    jmalioto@aliotolaw.com, lblum@aliotolaw.com, robyn.evans@aliotolaw.com

Adam Selim Hakki    ahakki@shearman.com, Courtalert@shearman.com, adam-hakki-1816@ecf.pacerpro.com, managing-attorney-5081@ecf.pacerpro.com, manattyoffice@shearman.com

Roger Brian Cowie    rcowie@lockelord.com

Joel M. Cohen (Terminated)    joel.cohen@dpw.com, alyssa.gomez@davispolk.com, ecf.ct.papers@davispolk.com, maude.paquin@davispolk.com, michelle.adler@davispolk.com

Jeffrey T. Scott    scottj@sullcrom.com, jeffrey-scott-6254@ecf.pacerpro.com, s&cmanagingclerk@sullcrom.com

Richard Franklin Schwed    rschwed@shearman.com, CourtAlert@Shearman.com, managing-attorney-5081@ecf.pacerpro.com, manattyoffice@shearman.com, richard-schwed-7375@ecf.pacerpro.com

Alan M. Wiseman    awiseman@cov.com, docketing@cov.com, maony@cov.com

Eric Jonathan Stock    estock@gibsondunn.com, MAO@gibsondunn.com

Matthew Alexander Schwartz    schwartzmatthew@sullcrom.com, matthew-schwartz-9533@ecf.pacerpro.com, s&cmanagingclerk@sullcrom.com

Jeffrey Jason Resetarits    jeffrey.resetarits@shearman.com, Courtalert@shearman.com, jeffrey-resetarits-8550@ecf.pacerpro.com, managing-attorney-5081@ecf.pacerpro.com, manattyoffice@shearman.com

Boris Bershteyn    boris.bershteyn@skadden.com, john.coghlan@skadden.com

Andrew David Lazerow    alazerow@cov.com, docketing@cov.com, maony@cov.com

Paul Steel Mishkin    paul.mishkin@dpw.com, benjamin.halle@davispolk.com, ecf.ct.papers@davispolk.com, lucy.siegel@davispolk.com

Christopher James Dunne    dunnec@sullcrom.com, christopher-dunne-5192@ecf.pacerpro.com, martelj@sullcrom.com, s&cmanagingclerk@sullcrom.com

Adam Seth Paris    parisa@sullcrom.com, adam-paris-0366@ecf.pacerpro.com, s&cmanagingclerk@sullcrom.com

Kathleen Suzanne McArthur    MCARTHURK@sullcrom.com, kathleen-mcarthur-6792@ecf.pacerpro.com, s&cmanagingclerk@sullcrom.com

Micah G. Block    micah.block@davispolk.com, ecf.ct.papers@davispolk.com

Alyssa Beaver Gomez    alyssa.gomez@davispolk.com, ecf.ct.papers@davispolk.com

Mark Aaron Popovsky    popovskym@sullcrom.com, mark-popovsky-9166@ecf.pacerpro.com,

s&cmanagingclerk@sullcrom.com

Melanie L. Katsur    mkatsur@gibsondunn.com, AFeagles@gibsondunn.com, MAO@gibsondunn.com, PShapiro@gibsondunn.com, lfanady@gibsondunn.com

Tammy Albarran    talbarran@cov.com, echiulos@cov.com, eerlich@cov.com

Gretchen Wolf    gretchen.wolf@skadden.com, chdocket@skadden.com

Tansy Woan    tansy.woan@skadden.com, Kathleen.Shelton@skadden.com, Leke.Badivuku@skadden.com, alice.fort@skadden.com, benjamin.goldberg@skadden.com, harry.koulos@skadden.com, lisa.frasco@skadden.com

James Matthew Goodin    jmgoodin@lockelord.com, Anna.K.Finger@lockelord.com, Taylor.Levesque@lockelord.com, matthew.buongiorno@lockelord.com

Julia C Webb    jwebb@lockelord.com

Joseph M. Alioto, Sr    jmalioto@aliotolaw.com

Theresa Driscoll Moore    TMoore@aliotolaw.com

Lingel Hart Winters    sawmill2@aol.com

Regina Jill McClendon    rmcclendon@lockelord.com

Harry Peter Koulos    harry.koulos@skadden.com

Maude Paquin    maude.paquin@davispolk.com, abigail.cooper@davispolk.com, ecf.ct.papers@davispolk.com, lisa.hirakawa@davispolk.com, michelle.adler@davispolk.com, shanaye.carvajal@davispolk.com

Charlotte M Savino    charlotte.savino@davispolk.com, ecf.ct.papers@davispolk.com

Daniel Feder    daniel@dfederlaw.com

Michelle Adler    michelle.adler@davispolk.com

Lawrence Papale    lgpapale@papalelaw.com

Christopher A Nedeau    cnedeau@nedeaulaw.net

**1:15-cv-09300-LGS Notice has been delivered by other means to:**

Lewis Charles Shioleno
Davis Polk & Wardwell
450 Lexington Ave.
New York, NY 10017

CLOSED,APPEAL,ECF,RELATED

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:15−cv−09300−LGS

Nypl v. JP Morgan Chase & Co. et al
Assigned to: Judge Lorna G. Schofield
Related Case: 1:13−cv−07789−LGS
Case in other court: California Northern, 3:15−cv−02290
Cause: 15:1 Antitrust Litigation (Monopolizing Trade)

Date Filed: 11/25/2015
Date Terminated: 03/30/2023
Jury Demand: Both
Nature of Suit: 410 Anti−Trust
Jurisdiction: Federal Question

**Plaintiff**

**Lisa McCarthy**
*an individual*

represented by **Lingel Hart Winters**
Lingel H. Winters Prof. Corp.
388 Market Street, Suite 900
San Francisco, CA 94111
415−362−1431
Email: sawmill2@aol.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher A Nedeau**
Nedeau Law Firm
750 Battery Street 7th Floor
San Francisco, CA 94117−2111
415−516−4010
Email: cnedeau@nedeaulaw.net
*ATTORNEY TO BE NOTICED*

**Joseph M. Alioto , Sr.**
Alioto Law Firm
One Sansome Street
35th Floor
San Francisco, CA 94104
415−434−8900
Fax: 415−434−9200
Email: jmalioto@aliotolaw.com
*ATTORNEY TO BE NOTICED*

**Lawrence Papale**
Law Offices of Lawrence G. Papale
1308 Main Street, Suite 117
St. Helena, CA 94574
707−963−1704
Email: lgpapale@papalelaw.com
*ATTORNEY TO BE NOTICED*

**Theresa Driscoll Moore**
Law Office of Theresa D. Moore, PC
One Sansome Street
Ste 35th Floor
San Francisco, CA 94104
415−613−1414
Email: TMoore@aliotolaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mad Travel, Inc.**
*also known as*
Travel Leaders

represented by **Lingel Hart Winters**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Christopher A Nedeau**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M. Alioto , Sr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence Papale**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa Driscoll Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Valarie Jolly**                          represented by  **Lingel Hart Winters**
*an individual*                                           (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Christopher A Nedeau**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Joseph M. Alioto , Sr.**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Lawrence Papale**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Theresa Driscoll Moore**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Go Everywhere, Inc.**                     represented by  **Lingel Hart Winters**
*a corporation*                                           (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *PRO HAC VICE*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Christopher A Nedeau**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Joseph M. Alioto , Sr.**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Theresa Driscoll Moore**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Rubinsohn**                       represented by  **Lingel Hart Winters**
*on behalf of themselves and those*                       (See above for address)

*similarly situated*
*doing business as*
Rubinsohn Travel

**LEAD ATTORNEY**
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher A Nedeau**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph M. Alioto , Sr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa Driscoll Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Nypl**                    represented by  **Lingel Hart Winters**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher A Nedeau**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jamie Lynne Miller**
California Department of Justice
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
415–510–3565
Email: jmiller@aliotolaw.com
*TERMINATED: 12/18/2020*

**Joseph M. Alioto , Sr**
Alioto Law Firm
One Sansome Street, 35th Floor
San Francisco, CA 94104
(415)434–8900
Fax: (415)–434–9200
Email: jmalioto@aliotolaw.com
*ATTORNEY TO BE NOTICED*

**Joseph M. Alioto , Sr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lawrence Papale**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa Driscoll Moore**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**John Nypl, et al.**             represented by  **Joseph M. Alioto , Sr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bank of America , N.A.**                    represented by **Adam Selim Hakki**
Shearman & Sterling LLP (NY)
599 Lexington Avenue
New York, NY 10022
(212)–848–4924
Fax: (646)–848–4924
Email: ahakki@shearman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Jason Resetarits**
Shearman & Sterling LLP (NY)
599 Lexington Avenue
New York, NY 10022
(212)–848–7116
Fax: (646)–848–7116
Email: jeffrey.resetarits@shearman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Franklin Schwed**
Shearman & Sterling LLP (NY)
599 Lexington Avenue
New York, NY 10022
212–848–5445
Fax: 646–848–5445
Email: rschwed@shearman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Hibbard**
Shearman & Sterling LLP
Four Embarcadero Center – Suite 3800
New York, NY 10005
(415)–616–1174
Fax: (415)–616–1199
Email: stephen.hibbard@shearman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**HSBC Finance Corporation**              represented by **Edwin R Deyoung**
*TERMINATED: 09/18/2017*                              Locke Lord Bissell & Liddell LLP (NYC)
3 World Trade Financial Center,20th Floor
New York, NY 10281–2101
(212)–812–8356
Fax: (212)–740–8800
Email: edeyoung@lockelord.com
*TERMINATED: 12/20/2016*
*LEAD ATTORNEY*

**James Matthew Goodin**
Locke Lord LLP
111 S Wacker Dr
Chicago, IL 60606
(312)–443–0472
Fax: (312)–896–6472
Email: jmgoodin@lockelord.com
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Regina Jill McClendon**
Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104
415–318–8804
Fax: 415–676–5816
Email: rmcclendon@lockelord.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Thomas Casamento**
Locke Lord LLP (NYC)
3 World Financial Center, 20th Floor
New York, NY 10001
(212) 415–8600
Fax: (212) 303–2754
Email: gcasamento@lockelord.com
*ATTORNEY TO BE NOTICED*

**Julia C Webb**
Locke Lord LLP
111 S Wacker Dr
Chicago, IL 60606
(312)–443–0404
Email: jwebb@lockelord.com
*ATTORNEY TO BE NOTICED*

**Roger Brian Cowie**
Locke Lord LLP
2200 Ross Avenue
Suite 2200
Dallas, TX 75201
(214) 740–8614
Fax: (214)–740–8800
Email: rcowie@lockelord.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Royal Bank of Scotland**
*TERMINATED: 01/25/2016*

represented by **Joel M. Cohen**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212)–450–4592
Fax: (212)–450–3592
Email: joel.cohen@dpw.com
*TERMINATED: 07/02/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Melissa Carrie King**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212)–450–3004
Fax: (212)–701–6004
Email: melissa.king@davispolk.com
*TERMINATED: 04/03/2019*
*LEAD ATTORNEY*

**Jennifer Kan**
Sanofi
50 Binney Street

Cambridge, MA 02142
617–685–6027
Email: jkan.law@gmail.com
*TERMINATED: 01/03/2017*

**Joel M. Cohen**
Davis Polk & Wardwell LLP (NYC)
450 Lexington Avenue
New York, NY 10017
(212)–450–4592
Fax: (212)–450–3592
Email: joel.cohen@dpw.com
*TERMINATED: 07/02/2018*

**Micah G. Block**
Davis Polk & Wardwell (Menlo Park)
1600 El Camino Real
Menlo Park, CA 94025
(650) 752–2023
Fax: (650) 752–3623
Email: micah.block@davispolk.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Neal Alan Potischman**
Davis Polk & Wardwell LLP (NYC)
450 Lexington Avenue
New York, NY 10017
212–450–4000
Fax: 212–450–3270
Email: Neal.Potischman@dpw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JP Morgan Chase & Co.**          represented by  **Gretchen Wolf**
Skadden, Arps, Slate, Meagher & Flom,
LLP (IL)
155 North Wacker Drive
Suite 2700
Chicago, IL 60606–1720
(312)–407–0956
Email: gretchen.wolf@skadden.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Harry Peter Koulos**
Skadden, Arps, Slate, Meagher & Flom
LLP
One Manhattan West
New York, NY 10001–8602
212–735–2607
Email: harry.koulos@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Edward Greene**
Skadden, Arps, Slate, Meagher & Flom Llp
Four Times Square
New York, NY 10036
(212) 735–3620
Email: peter.greene@skadden.com
*TERMINATED: 05/22/2019*
*LEAD ATTORNEY*

**Tansy Woan**
Skadden, Arps, Slate, Meagher & Flom
LLP
One Manhattan West
New York, NY 10001–8602
212–735–2472
Email: tansy.woan@skadden.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Boris Bershteyn**
Skadden, Arps, Slate, Meagher & Flom
LLP
One Manhattan West
New York, NY 10001–8602
212–735–3834
Email: boris.bershteyn@skadden.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Allen Smith**
Mayer Brown LLP
333 S. Grand Ave.
Ste 4700
Los Angeles, CA 90071
213–229–5198
Email: dougsmith@mayerbrown.com
*TERMINATED: 04/29/2020*

**John Coghlan**
Skadden, Arps, Slate, Meagher & Flom
LLP (DC)
1440 New York Avenue N.W.
Washington, DC 20005
(202)–371–7443
Email: john.coghlan@skadden.com
*TERMINATED: 04/29/2020*

**Defendant**

**J.P. Morgan Bank, N.A.**
*TERMINATED: 08/11/2017*

represented by **Boris Bershteyn**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Douglas Allen Smith**
(See above for address)
*TERMINATED: 04/29/2020*

**Defendant**

**Bank of America Corporation**

represented by **Adam Selim Hakki**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Jason Resetarits**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard Franklin Schwed**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen D. Hibbard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

HSBC Bank (USA), N.A.                     represented by   **Edwin R Deyoung**
(See above for address)
*TERMINATED: 12/20/2016*
*LEAD ATTORNEY*

**James Matthew Goodin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Regina Jill McClendon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Thomas Casamento**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia C Webb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger Brian Cowie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

HSBC North American Holdings Inc.         represented by   **Edwin R Deyoung**
(See above for address)
*TERMINATED: 12/20/2016*
*LEAD ATTORNEY*

**James Matthew Goodin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Regina Jill McClendon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Thomas Casamento**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia C Webb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger Brian Cowie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HSBC Holdings p.l.c.**
*TERMINATED: 03/22/2018*

represented by **Edwin R Deyoung**
(See above for address)
*TERMINATED: 12/20/2016*
*LEAD ATTORNEY*

**James Matthew Goodin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Regina Jill McClendon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Thomas Casamento**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia C Webb**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Roger Brian Cowie**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Citigroup, Inc.**

represented by **Alan M. Wiseman**
Covington & Burling, L.L.P. (DC)
One City Center, 850 10th Street NW
Washington, DC 20001
202–662–5069
Email: awiseman@cov.com
*ATTORNEY TO BE NOTICED*

**Andrew David Lazerow**
Covington & Burling, L.L.P. (DC)
One City Center, 850 10th Street NW
Washington, DC 20001
202–662–5081
Email: alazerow@cov.com
*ATTORNEY TO BE NOTICED*

**Andrew Arthur Ruffino**
Covington & Burling LLP(NYC)
620 Eighth Avenue
New York, NY 10018–1405
212–841–1000
Fax: 212–841–1010
Email: aruffino@cov.com
*ATTORNEY TO BE NOTICED*

**Jamie De Boer**
Covington & Burling, LLP (DC)
One City Center
850 10th Street NW
Washington, DC 20001
(202)–662–5039
Email: jheine@cov.com
*TERMINATED: 09/09/2019*

**Tammy Albarran**
Covington and Burling LLP
One Front Street 35th Floor
San Francisco, CA 94111
415–591–7066
Fax: 415–955–6566
Email: talbarran@cov.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**UBS AG**                               represented by   **Indraneel Sur**
DOJ–Civ
1100 L St. NW
Washington, DC 20530
202–616–8488
Email: Indraneel.Sur@usdoj.gov
*TERMINATED: 02/04/2020*
*LEAD ATTORNEY*

**Joel Steven Sanders**
Gibson, Dunn & Crutcher, LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
(415) 393–8268
Fax: (415) 374–8439
Email: jsanders@gibsondunn.com
*TERMINATED: 04/06/2017*
*LEAD ATTORNEY*
*PRO HAC VICE*

**David Jarrett Arp**
Gibson, Dunn & Crutcher, LLP (DC)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202)–955–8678
Fax: (202)–530–9527
Email: jarp@gibsondunn.com
*TERMINATED: 09/28/2021*

**Eric Jonathan Stock**
Gibson, Dunn & Crutcher, LLP (NY)
200 Park Avenue
New York, NY 10166
212–351–2346
Fax: 212–351–6345
Email: estock@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Joel Steven Sanders**
(See above for address)
*TERMINATED: 04/06/2017*

**Melanie L. Katsur**
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., Nw
Washington, DC 20036
202 887–3636
Fax: 202 955–8500
Email: mkatsur@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Barclays PLC**                          represented by   **Adam Seth Paris**
Sullivan & Cromwell LLP (Los Angeles)
1888 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 712–6600
Fax: (310) 712–8800
Email: parisa@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Christopher James Dunne**
Sullivan & Cromwell, LLP (NYC)
125 Broad Street
New York, NY 10004
212–558–4115
Email: dunnec@sullcrom.com
*ATTORNEY TO BE NOTICED*

**David Harold Braff**
Sullivan and Cromwell, LLP(NYC)
125 Broad Street
New York, NY 10004
212–558–4705
Email: braffd@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Jeffrey T. Scott**
Sullivan and Cromwell, LLP(NYC)
125 Broad Street
New York, NY 10004
(212)–558–3082
Fax: (212)–558–3588
Email: scottj@sullcrom.com
*ATTORNEY TO BE NOTICED*

**John Darrow Echeverria**
Sullivan and Cromwell LLP
1888 Century Park East
21st Floor
Los Angeles, Ca 90067
310–712–6608
Fax: 310–712–8800
Email: echeverriaj@sullcrom.com
*TERMINATED: 06/10/2020*

**Kathleen Suzanne McArthur**
Sullivan & Cromwell, LLP(NYC)
125 Broad Street
New York, NY 10004
(212) 558–4000 x3949
Fax: (212) 291–9398
Email: MCARTHURK@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Maeghan Owen Mikorski**
Sullivan & Cromwell, LLP (NYC)
125 Broad Street
New York, NY 10004
(212)–558–4466
Email: mikorskim@sullcrom.com
*TERMINATED: 09/26/2022*

**Mark Aaron Popovsky**
Sullivan & Cromwell, LLP (NYC)
125 Broad Street
New York, NY 10004

(212)–558–7939
Fax: (212)–291–9773
Email: popovskym@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Matthew Alain Peller**
Rolnick Kramer Sadighi LLP
1251 Avenue of the Americas
New York, NY 10020
212–597–2800
Email: mpeller@rksllp.com
*TERMINATED: 04/15/2021*

**Matthew Alexander Schwartz**
Sullivan & Cromwell, LLP (NYC)
125 Broad Street
New York, NY 10004
212–558–4000
Email: schwartzmatthew@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Mavara Agha**
Sullivan & Cromwell, LLP (NYC)
125 Broad Street
New York, NY 10004
630–336–0320
Email: agham@sullcrom.com
*TERMINATED: 06/10/2020*

**Yvonne Susan Quinn**
Sullivan & Cromwell, LLP(NYC)
125 Broad Street
New York, NY 10004
(212)–558–3736
Fax: (212)–558–3362
Email: quinny@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**JPMorgan Chase Bank, N.A.** represented by **Boris Bershteyn**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gretchen Wolf**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Harry Peter Koulos**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peter Edward Greene**
(See above for address)
*TERMINATED: 05/22/2019*
*LEAD ATTORNEY*

**Tansy Woan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Douglas Allen Smith**
(See above for address)
*TERMINATED: 04/29/2020*

**John Coghlan**
(See above for address)
*TERMINATED: 04/29/2020*

**Defendant**

Citicorp                            represented by **Alan M. Wiseman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Lazerow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Arthur Ruffino**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jamie De Boer**
(See above for address)
*TERMINATED: 09/09/2019*

**Defendant**

Citibank, N.A.                      represented by **Alan M. Wiseman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew David Lazerow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew Arthur Ruffino**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jamie De Boer**
(See above for address)
*TERMINATED: 09/09/2019*

**Defendant**

Barclays Capital, Inc.              represented by **Christopher James Dunne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maeghan Owen Mikorski**
(See above for address)
*TERMINATED: 09/26/2022*

**Mark Aaron Popovsky**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Alain Peller**
(See above for address)
*TERMINATED: 04/15/2021*

**Matthew Alexander Schwartz**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mavara Agha**
(See above for address)
*TERMINATED: 06/10/2020*

**Defendant**

**Royal Bank of Scotland Group Plc.**      represented by   **Melissa Carrie King**
*TERMINATED: 03/22/2018*                                   (See above for address)
                                                           *TERMINATED: 04/03/2019*
                                                           *LEAD ATTORNEY*

                                                           **Alyssa Beaver Gomez**
                                                           Davis Polk & Wardwell LLP (NYC)
                                                           450 Lexington Avenue
                                                           New York, NY 10017
                                                           (212)–450–3263
                                                           Fax: (212)–701–5263
                                                           Email: alyssa.gomez@davispolk.com
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jennifer Kan**
                                                           (See above for address)
                                                           *TERMINATED: 01/03/2017*

                                                           **Joel M. Cohen**
                                                           (See above for address)
                                                           *TERMINATED: 07/02/2018*

                                                           **Lewis Charles Shioleno**
                                                           Davis Polk & Wardwell
                                                           450 Lexington Ave.
                                                           New York, NY 10017
                                                           (212) 450–3067
                                                           Fax: (212) 701–6067
                                                           Email: shioleno@gmail.com *(Inactive)*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Royal Bank of Scotland, plc**            represented by   **Melissa Carrie King**
                                                           (See above for address)
                                                           *TERMINATED: 04/03/2019*
                                                           *LEAD ATTORNEY*

                                                           **Paul Steel Mishkin**
                                                           Davis Polk & Wardwell LLP (NYC)
                                                           450 Lexington Avenue
                                                           New York, NY 10017
                                                           (212)–450–4292
                                                           Fax: (212)–450–3292
                                                           Email: paul.mishkin@dpw.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Adam Gabor Mehes**
                                                           Tesla Inc.
                                                           13101 Tesla Road
                                                           Austin, TX 78725
                                                           347–417–4940
                                                           Email: amehes@tesla.com
                                                           *TERMINATED: 07/21/2022*

                                                           **Alexander Bystryn**
                                                           Davis Polk & Wardwell LLP (NYC)
                                                           450 Lexington Avenue

New York, NY 10017
(212)–450–3181
Email: alexander.bystryn@davispolk.com
*TERMINATED: 07/23/2021*

**Alyssa Beaver Gomez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charlotte M Savino**
Davis Polk & Wardwell LLP (NYC)
450 Lexington Avenue
New York, NY 10017
212–450–3417
Email: charlotte.savino@davispolk.com
*ATTORNEY TO BE NOTICED*

**Jennifer Kan**
(See above for address)
*TERMINATED: 01/03/2017*

**Joel M. Cohen**
(See above for address)
*TERMINATED: 07/02/2018*

**John Michael Briggs**
U.S. Department of Justice
450 Fifth Street, NW
Suite 8700
Washington, DC 20530
202–676–6131
Email: john.briggs@usdoj.gov
*TERMINATED: 05/20/2022*

**Jordan Garman**
Withers Bergman LLP
101 Federal St.
Suite 1900
Boston
Boston, MA 02110
617–613–9705
Email: jordan.garman@withersworldwide.com
*TERMINATED: 05/20/2019*

**Lewis Charles Shioleno**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maude Paquin**
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
(212)–450–3205
Email: maude.paquin@davispolk.com
*ATTORNEY TO BE NOTICED*

**Michelle Adler**
Davis Polk & Wardwell LLP (NYC)
450 Lexington Avenue
New York, NY 10017
212–450–4000
Email: michelle.adler@davispolk.com
*ATTORNEY TO BE NOTICED*

**Objector**

**Simon Fowles**

represented by **Daniel Feder**
The Law Offices of Daniel L. Feder
235 Montgomery Street
Ste 1019
San Francisco, CA 94104
415−391−9476
Fax: 415−391−9432
Email: daniel@dfederlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Miscellaneous**

**Department of Justice (DOJ)**

**Miscellaneous**

**Wells Fargo Bank, N.A.**

**Miscellaneous**

**Wells Fargo & Company**

**Interested Party**

**Haverhill Retirement System, et al.**

represented by **Michael D. Hausfeld**
Hausfeld
888 16th Street NW
Ste 300
Washington, DC 20006
202−540−7200
Email: mhausfeld@hausfeld.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/21/2015 | 1 | COMPLAINT *CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE SHERMAN ACT (15 USC § 1), THE CALIFORNIA CARTWRIGHT ACT (BUS. & PROF. CODE § 16700 et seq.) AND THE CALIFORNIA UNFAIR COMPETITION LAW (BUS. & PROF. CODE § 17200, et seq.)* against All Defendants ( Filing fee $ 400, receipt number 0971−9539523.). Filed byJohn Nytl. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Errata Exhibit F, # 7 Exhibit Exhibit G)(Winters, Lingel) (Filed on 5/21/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 05/21/2015) |
| 05/21/2015 | 2 | Civil Cover Sheet by John Nytl . (Winters, Lingel) (Filed on 5/21/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 05/21/2015) |
| 05/21/2015 | 3 | Case assigned to Magistrate Judge Laurel Beeler.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E−Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5−1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. (sv, COURT STAFF) (Filed on 5/21/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 05/21/2015) |

| 05/22/2015 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 8/13/2015. Case Management Conference set for 8/20/2015 11:00 AM in Courtroom C, 15th Floor, San Francisco. (farS, COURT STAFF) (Filed on 5/22/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 05/22/2015)** |
|---|---|---|
| 05/26/2015 | 5 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by John Nytl.. (Winters, Lingel) (Filed on 5/26/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 05/26/2015) |
| 05/26/2015 | 6 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned. ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE–NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED. *This is a text only docket entry; there is no document associated with this notice.* (lsS, COURT STAFF) (Filed on 5/26/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 05/26/2015) |
| 05/27/2015 | 7 | **ORDER, Case reassigned to Hon. Vince Chhabria. Magistrate Judge Laurel Beeler no longer assigned to the case.. Signed by Executive Committee on 5/27/15. (ha, COURT STAFF) (Filed on 5/27/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 05/27/2015)** |
| 05/28/2015 | 8 | **Initial Case Management Scheduling Order: Case Management Statement due by 8/18/2015. Case Management Conference set for 8/25/2015 10:00 AM in Courtroom 4, 17th Floor, San Francisco. Signed by Judge Vince Chhabria on 5/28/2015. (knm, COURT STAFF) (Filed on 5/28/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 05/28/2015)** |
| 06/11/2015 | 9 | AMENDED COMPLAINT *First Amended Class Action Complaint for Violations of the Sherman Act (15 USC Section 1)* against All Defendants. Filed byJohn Nytl. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G)(Winters, Lingel) (Filed on 6/11/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 06/11/2015) |
| 08/14/2015 | 10 | STIPULATION WITH PROPOSED ORDER *Regarding Service of the First Amended Class Action Complaint; Setting a Schedule for Defendants to Move to Transfer Venue; and Preserving All Defenses* filed by UBS AG. (Sanders, Joel) (Filed on 8/14/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/14/2015) |
| 08/17/2015 | 11 | NOTICE of Appearance by Douglas Allen Smith *on behalf of JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.* (Smith, Douglas) (Filed on 8/17/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/17/2015) |
| 08/17/2015 | 12 | NOTICE of Appearance by Neal Alan Potischman (Potischman, Neal) (Filed on 8/17/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/17/2015) |
| 08/18/2015 | 13 | Statement *Rule 7.1 Disclosure Statement* by Royal Bank of Scotland. (Potischman, Neal) (Filed on 8/18/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/18/2015) |
| 08/18/2015 | 14 | Certificate of Interested Entities by Royal Bank of Scotland identifying Corporate Parent The Royal Bank of Scotland Group plc for Royal Bank of Scotland. (Potischman, Neal) (Filed on 8/18/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/18/2015) |

| 08/18/2015 | 15 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 305, receipt number 0971–9767228.) filed by Royal Bank of Scotland. (Attachments: # 1 Certificate of Good Standing)(Joel, Cohen) (Filed on 8/18/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/18/2015) |
|---|---|---|
| 08/18/2015 | 16 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 305, receipt number 0971–9767441.) filed by Royal Bank of Scotland. (Attachments: # 1 Certificate of Good Standing)(Kan, Jennifer) (Filed on 8/18/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/18/2015) |
| 08/18/2015 | 17 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 305, receipt number 0971–9767504.) filed by Royal Bank of Scotland. (Attachments: # 1 Certificate of Good Standing)(King, Melissa) (Filed on 8/18/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/18/2015) |
| 08/18/2015 | 18 | JOINT CASE MANAGEMENT STATEMENT *and Proposed Order* filed by UBS AG. (Sanders, Joel) (Filed on 8/18/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/18/2015) |
| 08/20/2015 | 19 | NOTICE of Appearance by Regina Jill McClendon (McClendon, Regina) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015) |
| 08/20/2015 | 20 | Certificate of Interested Entities by HSBC Bank USA, N.A., HSBC Finance Corporation, HSBC Holdings, PLC, HSBC North American Holdings, Inc. (McClendon, Regina) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015) |
| 08/20/2015 | 21 | **Order as Modified by Hon. Vince Chhabria granting 10 Stipulation Regarding Service of the First Amended Class Action Complaint; Setting a Schedule for Defendants to Move to Transfer Venue; and Preserving All Defenses.(knm, COURT STAFF) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015)** |
| 08/20/2015 | | Set Deadlines/Hearings: Case Management Statement due by 10/20/2015. Case Management Conference set for 10/27/2015 10:00 AM in Courtroom 4, 17th Floor, San Francisco. (knm, COURT STAFF) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015) |
| 08/20/2015 | 22 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 305, receipt number 0971–9773497.) filed by HSBC Bank USA, N.A., HSBC Finance Corporation, HSBC Holdings, PLC, HSBC North American Holdings, Inc.. (Attachments: # 1 Certificate of Good Standing)(Goodin, James) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015) |
| 08/20/2015 | 23 | NOTICE of Appearance by Tammy Albarran (Albarran, Tammy) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015) |
| 08/20/2015 | 24 | Certificate of Interested Entities by CitiGroup, Inc. (Albarran, Tammy) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015) |
| 08/20/2015 | 25 | NOTICE of Appearance by Joel Steven Sanders (Sanders, Joel) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015) |
| 08/20/2015 | 26 | Certificate of Interested Entities by UBS AG identifying Corporate Parent UBS Group AG for UBS AG. (Sanders, Joel) (Filed on 8/20/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/20/2015) |
| 08/21/2015 | 27 | **Order by Hon. Vince Chhabria granting 15 Motion for Pro Hac Vice– Cohen.(knm, COURT STAFF) (Filed on 8/21/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/21/2015)** |
| 08/21/2015 | 28 | **Order by Hon. Vince Chhabria granting 16 Motion for Pro Hac Vice– Kan.(knm, COURT STAFF) (Filed on 8/21/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/21/2015)** |
| 08/21/2015 | 29 | **Order by Hon. Vince Chhabria granting 17 Motion for Pro Hac Vice– King.(knm, COURT STAFF) (Filed on 8/21/2015) [Transferred from California** |

| | | |
|---|---|---|
| | | **Northern on 11/25/2015.] (Entered: 08/21/2015)** |
| 08/21/2015 | 30 | **Order by Hon. Vince Chhabria granting 22 Motion for Pro Hac Vice–Goodin.(knm, COURT STAFF) (Filed on 8/21/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/21/2015)** |
| 08/24/2015 | 31 | NOTICE of Appearance by Stephen D. Hibbard (Hibbard, Stephen) (Filed on 8/24/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/24/2015) |
| 08/24/2015 | 32 | Certificate of Interested Entities by Bank of America Corporation identifying Corporate Parent Bank of America Corporation for Bank of America Corporation. (Hibbard, Stephen) (Filed on 8/24/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/24/2015) |
| 08/24/2015 | 33 | Certificate of Interested Entities by Bank of America, N.A. identifying Corporate Parent Bank of America, N.A. for Bank of America, N.A.. (Hibbard, Stephen) (Filed on 8/24/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/24/2015) |
| 08/24/2015 | 34 | NOTICE by Bank of America Corporation *Rule 7.1 Disclosure Statement* (Hibbard, Stephen) (Filed on 8/24/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/24/2015) |
| 08/24/2015 | 35 | NOTICE by Bank of America, N.A. *Rule 7.1 Disclosure Statement* (Hibbard, Stephen) (Filed on 8/24/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 08/24/2015) |
| 09/09/2015 | 36 | MOTION to Transfer Case *Under 28 U.S.C. § 1404* filed by Bank of America, N.A., Bank of America Corporation, Barclays PLC, CitiGroup, Inc., HSBC Bank USA, N.A., HSBC Finance Corporation, HSBC Holdings, PLC, HSBC North American Holdings, Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., Royal Bank of Scotland, UBS AG. Motion Hearing set for 10/22/2015 10:00 AM in Courtroom 4, 17th Floor, San Francisco before Hon. Vince Chhabria. Responses due by 9/23/2015. Replies due by 9/30/2015. (Attachments: # 1 Declaration of Joel Sanders, # 2 Exhibit A, Sanders Declaration, # 3 Exhibit B, Sanders Declaration, # 4 Exhibit C, Sanders Declaration, # 5 Exhibit D, Sanders Declaration, # 6 Exhibit E, Sanders Declaration, # 7 Proposed Order)(Sanders, Joel) (Filed on 9/9/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 09/09/2015) |
| 09/16/2015 | 37 | NOTICE by Bank of America, N.A., Bank of America Corporation, Barclays PLC, CitiGroup, Inc., HSBC Bank USA, N.A., HSBC Finance Corporation, HSBC Holdings, PLC, HSBC North American Holdings, Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., Royal Bank of Scotland, UBS AG re 36 MOTION to Transfer Case *Under 28 U.S.C. § 1404 of Continuance of Hearing Date On Defendants Motion to November 12, 2015 at 10:00 a.m.* (Sanders, Joel) (Filed on 9/16/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 09/16/2015) |
| 09/17/2015 | 38 | STIPULATION WITH PROPOSED ORDER re 36 MOTION to Transfer Case *Under 28 U.S.C. § 1404 Briefing Schedule and Continuance of Case Management Conference [Currently Scheduled for October 27]* filed by UBS AG. (Sanders, Joel) (Filed on 9/17/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 09/17/2015) |
| 09/21/2015 | 39 | **Order by Hon. Vince Chhabria granting 38 Stipulation re Briefing Schedule as to Motion to Transfer Venue and Continue the Case Management Conference.(knm, COURT STAFF) (Filed on 9/21/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 09/21/2015)** |
| 09/21/2015 | | Reset Deadlines as to 36 MOTION to Transfer Case *Under 28 U.S.C. § 1404*, Set Deadlines/Hearings: Responses due by 10/14/2015. Replies due by 10/28/2015. Motion Hearing set for 11/12/2015 10:00 AM in Courtroom 4, 17th Floor, San Francisco before Hon. Vince Chhabria. Case Management Statement due by 11/24/2015. Case Management Conference set for 12/1/2015 10:00 AM in Courtroom 4, 17th Floor, San Francisco. (knm, COURT STAFF) (Filed on 9/21/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 09/21/2015) |

| 10/14/2015 | 40 | RESPONSE (re 36 MOTION to Transfer Case *Under 28 U.S.C. § 1404* ) *Opposition to Motion to Transfer Under 28 U.S.C. Section 1404 and Memorandum in support thereof* filed byGo Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nytl, William Rubinsohn. (Attachments: # 1 Declaration with Exhibit A)(Winters, Lingel) (Filed on 10/14/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 10/14/2015) |
|---|---|---|
| 10/28/2015 | 41 | REPLY (re 36 MOTION to Transfer Case *Under 28 U.S.C. § 1404* ) filed byBank of America, N.A., Bank of America Corporation, Barclays PLC, CitiGroup, Inc., HSBC Bank USA, N.A., HSBC Finance Corporation, HSBC Holdings, PLC, HSBC North American Holdings, Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., Royal Bank of Scotland, UBS AG. (Attachments: # 1 Declaration (Supplemental) of Joel Sanders in Support of Defendants' Motion to Transfer, # 2 Exhibit A, Sanders Supp'l Decl'n, # 3 Exhibit B, Sanders Supp'l Decl'n, # 4 Exhibit C, Sanders Supp'l Decl'n, # 5 Exhibit D, Sanders Supp'l Decl'n)(Sanders, Joel) (Filed on 10/28/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 10/28/2015) |
| 11/04/2015 | 42 | MOTION for leave to appear in Pro Hac Vice *(Boris Bershteyn)* ( Filing fee $ 305, receipt number 0971–9966730.) filed by J.P. Morgan Bank, N.A., JP Morgan Chase & Co.. (Attachments: # 1 Certificate of Good Standing)(Bershteyn, Boris) (Filed on 11/4/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/04/2015) |
| 11/04/2015 | 43 | Statement *(Rule 7.1 Disclosure Statement)* by J.P. Morgan Bank, N.A., JP Morgan Chase & Co.. (Smith, Douglas) (Filed on 11/4/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/04/2015) |
| 11/04/2015 | 44 | Certificate of Interested Entities by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A. identifying Corporate Parent JPMorgan Chase & Co. for JPMorgan Chase Bank, N.A.; Corporate Parent No Corporate Parent for JP Morgan Chase & Co.. (Smith, Douglas) (Filed on 11/4/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/04/2015) |
| 11/05/2015 | 45 | NOTICE of Appearance by Micah Galvin Block (Block, Micah) (Filed on 11/5/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/05/2015) |
| 11/10/2015 | 46 | NOTICE of Appearance by Adam Seth Paris *for Defendant Barclays PLC* (Paris, Adam) (Filed on 11/10/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/10/2015) |
| 11/10/2015 | 47 | NOTICE of Appearance by John Darrow Echeverria *for Defendant Barclays PLC* (Echeverria, John) (Filed on 11/10/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/10/2015) |
| 11/10/2015 | 48 | CLERK'S NOTICE – The hearing date of 11/12/2015 for Defendants' Motion to Transfer Case is hereby VACATED.. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (tlS, COURT STAFF) (Filed on 11/10/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/10/2015) |
| 11/11/2015 | 49 | Certificate of Interested Entities by Barclays PLC (Paris, Adam) (Filed on 11/11/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/11/2015) |
| 11/11/2015 | 50 | Statement – *Rule 7.1 Corporate Disclosure Statement* by Barclays PLC. (Paris, Adam) (Filed on 11/11/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/11/2015) |
| 11/18/2015 | 51 | **Order by Hon. Vince Chhabria granting 42 Motion for Pro Hac Vice– Bershteyn.(knm, COURT STAFF) (Filed on 11/18/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/18/2015)** |
| 11/19/2015 | 52 | **Order by Hon. Vince Chhabria granting 36 Motion to Transfer Case to the Southern District of New York.(knm, COURT STAFF) (Filed on 11/19/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/20/2015)** |
| 11/23/2015 | | Case electronically transferred to the Southern District of New York. (farS, COURT STAFF) (Filed on 11/23/2015) [Transferred from California Northern on 11/25/2015.] (Entered: 11/23/2015) |

| 11/25/2015 | 53 | CASE TRANSFERRED IN from the United States District Court – District of California Northern; Case Number: 3:15–cv–02290. Original file certified copy of transfer order and docket entries received. (sjo) (Entered: 11/25/2015) |
| 11/25/2015 | | Case Designated ECF. (sjo) (Entered: 11/25/2015) |
| 11/25/2015 | | NOTE TO OUT OF STATE ATTORNEYS: Please visit the Court's website at http://www.nysd.uscourts.gov for information regarding admission to the S.D.N.Y. Bar and the CM/ECF Rules & Filing Instructions. (sjo) (Entered: 11/25/2015) |
| 11/25/2015 | | CASE REFERRED TO Judge Lorna G. Schofield as possibly related to 1:13–cv–7789. (sjo) (Entered: 11/25/2015) |
| 12/01/2015 | 54 | NOTICE OF APPEARANCE by Indraneel Sur on behalf of UBS AG. (Sur, Indraneel) (Entered: 12/01/2015) |
| 12/01/2015 | 55 | MOTION for Joel S. Sanders to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11685005. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by UBS AG. Return Date set for 12/2/2015 at 04:00 PM. (Attachments: # 1 Exhibit A)(Sanders, Joel) (Entered: 12/01/2015) |
| 12/01/2015 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 55 MOTION for Joel S. Sanders to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11685005. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 12/01/2015) |
| 12/03/2015 | 56 | NOTICE OF APPEARANCE by Yvonne Susan Quinn on behalf of Barclays PLC. (Quinn, Yvonne) (Entered: 12/03/2015) |
| 12/03/2015 | 57 | NOTICE OF APPEARANCE by David Harold Braff on behalf of Barclays PLC. (Braff, David) (Entered: 12/03/2015) |
| 12/03/2015 | 58 | NOTICE OF APPEARANCE by Jeffrey T. Scott on behalf of Barclays PLC. (Scott, Jeffrey) (Entered: 12/03/2015) |
| 12/03/2015 | 59 | NOTICE OF APPEARANCE by Matthew Alexander Schwartz on behalf of Barclays PLC. (Schwartz, Matthew) (Entered: 12/03/2015) |
| 12/03/2015 | 60 | NOTICE OF APPEARANCE by Kathleen Suzanne McArthur on behalf of Barclays PLC. (McArthur, Kathleen) (Entered: 12/03/2015) |
| 12/03/2015 | | CASE ACCEPTED AS RELATED. Create association to 1:13–cv–07789–LGS. Notice of Assignment to follow. (wb) (Entered: 12/03/2015) |
| 12/03/2015 | | NOTICE OF CASE ASSIGNMENT to Judge Lorna G. Schofield. Judge Unassigned is no longer assigned to the case. (wb) (Entered: 12/03/2015) |
| 12/03/2015 | | Magistrate Judge Ronald L. Ellis is so designated. (wb) (Entered: 12/03/2015) |
| 12/03/2015 | 61 | NOTICE OF APPEARANCE by Joel Murray Cohen on behalf of Royal Bank of Scotland. (Cohen, Joel) (Entered: 12/03/2015) |
| 12/08/2015 | 62 | ORDER granting 55 Motion for Joel S. Sanders to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 12/08/2015) |
| 12/09/2015 | 63 | LETTER addressed to Judge Lorna G. Schofield from Matthew A. Schwartz dated December 9, 2015 re: Former Law Clerk Joins Sullivan & Cromwell LLP. Document filed by Barclays PLC.(Schwartz, Matthew) (Entered: 12/09/2015) |
| 12/09/2015 | 64 | ORDER: Initial Conference set for 1/7/2016 at 11:10 AM in Courtroom 1106, Thurgood Marshal Courthouse, 40 Foley Square, New York, NY 10007 before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 12/9/2015) (kgo) (Entered: 12/09/2015) |
| 12/10/2015 | 65 | MOTION for Melanie Leigh Katsur to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11723842. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by UBS AG. (Attachments: # 1 Exhibit A)(Katsur, Melanie) (Entered: 12/10/2015) |

| 12/11/2015 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 65 MOTION for Melanie Leigh Katsur to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11723842. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 12/11/2015) |
|---|---|---|
| 12/11/2015 | 66 | MOTION for Roger Brian Cowie to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11726942. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc.. (Attachments: # 1 Text of Proposed Order)(Cowie, Roger) (Entered: 12/11/2015) |
| 12/11/2015 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 66 MOTION for Roger Brian Cowie to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11726942. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 12/11/2015) |
| 12/11/2015 | 67 | LETTER addressed to Judge Lorna G. Schofield from Joel S. Sanders, Peter E. Greene, Matthew A. Schwartz, Adam S. Hakki, Joel M. Cohen, Edwin R. DeYoung and Andrew A. Ruffino dated December 11, 2015 re: request for a briefing schedule. Document filed by UBS AG.(Sanders, Joel) (Entered: 12/11/2015) |
| 12/14/2015 | 68 | MOTION for David Jarrett Arp to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11734012. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by UBS AG. (Attachments: # 1 Exhibit A)(Arp, David) (Entered: 12/14/2015) |
| 12/14/2015 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 68 MOTION for David Jarrett Arp to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11734012. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 12/14/2015) |
| 12/14/2015 | 69 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated December 14, 2015 re: December 11, 2015, Letter from Defendants. Document filed by John Nypl.(Alioto, Joseph) (Entered: 12/14/2015) |
| 12/14/2015 | 70 | ORDER: It is hereby ORDERED that the time for Defendants to answer, move or otherwise respond to the complaints in any of the above captioned cases is adjourned until the issue of consolidation with In Re Foreign Exchange Litigation, 13–cv–7789, is resolved. To the extent the parties do not agree to consolidation, a briefing schedule will be discussed at the January 7, 2016, initial pretrial conference. The deadlines in the December 9, 2015, initial pretrial conference order remain in effect. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 12/14/2015) (kgo) (Entered: 12/15/2015) |
| 12/15/2015 | 71 | ORDER granting 65 Motion for Melanie Leigh Katsur to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 12/15/2015) |
| 12/15/2015 | 72 | ORDER granting 66 Motion for Roger Brian Cowie to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 12/15/2015) |
| 12/15/2015 | 73 | ORDER granting 68 Motion for David Jarrett Arp to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 12/15/2015) |
| 12/16/2015 | 74 | NOTICE OF APPEARANCE by Gregory Thomas Casamento on behalf of HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc.. (Casamento, Gregory) (Entered: 12/16/2015) |
| 12/16/2015 | 75 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent HSBC Holdings plc, for HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC North American Holdings Inc.. Document filed by HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc..(Casamento, Gregory) (Entered: 12/16/2015) |

| | | |
|---|---|---|
| 12/16/2015 | 76 | NOTICE OF APPEARANCE by Edwin R Deyoung on behalf of HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc.. (Deyoung, Edwin) (Entered: 12/16/2015) |
| 12/22/2015 | 77 | AMENDED RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent UBS Group AG for UBS AG. Document filed by UBS AG.(Sanders, Joel) (Entered: 12/22/2015) |
| 12/23/2015 | 78 | NOTICE OF APPEARANCE by Adam Selim Hakki on behalf of Bank of America, N.A., Bank of America Corporation. (Hakki, Adam) (Entered: 12/23/2015) |
| 12/23/2015 | 79 | NOTICE OF APPEARANCE by Richard Franklin Schwed on behalf of Bank of America, N.A., Bank of America Corporation. (Schwed, Richard) (Entered: 12/23/2015) |
| 12/23/2015 | 80 | NOTICE OF APPEARANCE by Jeffrey Jason Resetarits on behalf of Bank of America, N.A., Bank of America Corporation. (Resetarits, Jeffrey) (Entered: 12/23/2015) |
| 12/23/2015 | 81 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Bank of America Corporation for Bank of America, N.A.. Document filed by Bank of America, N.A..(Hakki, Adam) (Entered: 12/23/2015) |
| 12/23/2015 | 82 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Bank of America Corporation.(Hakki, Adam) (Entered: 12/23/2015) |
| 12/30/2015 | 83 | NOTICE OF APPEARANCE by Peter Edward Greene on behalf of JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Greene, Peter) (Entered: 12/30/2015) |
| 12/31/2015 | 84 | NOTICE OF APPEARANCE by Andrew Arthur Ruffino on behalf of Citigroup, Inc.. (Ruffino, Andrew) (Entered: 12/31/2015) |
| 12/31/2015 | 85 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Citigroup, Inc..(Ruffino, Andrew) (Entered: 12/31/2015) |
| 12/31/2015 | 86 | JOINT LETTER addressed to Judge Lorna G. Schofield from Joel S. Sanders (for all parties) dated 12/31/2015 re: Initial Case Conference. Document filed by UBS AG. (Attachments: # 1 Text of Proposed Order Plaintiffs' Proposed Civil Case Mgmt Order)(Sanders, Joel) (Entered: 12/31/2015) |
| 01/05/2016 | 87 | ORDER: It is hereby ORDERED that the proceeding in this matter, previously scheduled for January 7, 2016 at 11:10 a.m., shall be rescheduled for January 7, 2016 at 10:45 a.m., due to a conflict in the Court's schedule. Any parties not located within the metropolitan Tri–state area who wish to participate telephonically may request permission to do so by filing a letter motion on ECF and (if the motion is granted) convening with all parties on the line and calling into chambers at (212) 805–0288. (Initial Conference set for 1/7/2016 at 10:45 AM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 1/5/2016) (kko) (Entered: 01/06/2016) |
| 01/07/2016 | 88 | ORDER: It is hereby ORDERED that, no later than January 14, 2016, Plaintiffs may file an Amended Complaint that properly names and identifies the Defendant entities but makes no substantive changes to the allegations or claims. It is further ORDERED that, by January 28, 2016, Defendants shall file any motion to consolidate; by February 18, 2016, Plaintiffs and Class Counsel from 13–cv–7789, In Re Foreign Exchange Benchmark Rates Antitrust Litigation shall file their respective responses, but shall confer to avoid duplication; and by March 3, 2016, Defendants shall file any reply. It is further ORDERED that the time to answer or otherwise respond to any complaint is adjourned and discovery is stayed pending further order of the Court. (Motions due by 1/28/2016., Responses due by 2/18/2016, Replies due by 3/3/2016.) (Signed by Judge Lorna G. Schofield on 1/7/2016) (kl) (Entered: 01/07/2016) |
| 01/07/2016 | | Set/Reset Deadlines: Amended Pleadings due by 1/14/2016. (kl) (Entered: 01/07/2016) |
| 01/07/2016 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Initial Pretrial Conference held on 1/7/2016. (Court Reporter Andrew Walker) (jcs) (Entered: 02/10/2016) |

| | | |
|---|---|---|
| 01/14/2016 | 89 | **FILING ERROR – DEFICIENT PLEADING – FILED AGAINST PARTY ERROR** – SECOND AMENDED COMPLAINT amending 9 Amended Complaint, against All Defendants with JURY DEMAND.Document filed by Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy. Related document: 9 Amended Complaint,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Winters, Lingel) Modified on 1/15/2016 (moh). (Entered: 01/14/2016) |
| 01/14/2016 | 90 | MOTION for Lingel H. Winters to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11839657. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Text of Proposed Order)(Winters, Lingel) (Entered: 01/14/2016) |
| 01/14/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 90 MOTION for Lingel H. Winters to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–11839657. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sdi)** (Entered: 01/14/2016) |
| 01/15/2016 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Lingel Winters to RE–FILE Document No. 89 Amended Complaint. The filing is deficient for the following reason(s): the All Defendant radio button was selected. Re–file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. (moh)** (Entered: 01/15/2016) |
| 01/15/2016 | 91 | **FILING ERROR – DEFICIENT PLEADING – FILED AGAINST PARTY ERROR** – SECOND AMENDED COMPLAINT amending 89 Amended Complaint,, against Bank of America, N.A., Bank of America Corporation, Barclays PLC, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, UBS AG with JURY DEMAND.Document filed by Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy. Related document: 89 Amended Complaint,, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Errata G)(Winters, Lingel) Modified on 1/21/2016 (laq). (Entered: 01/15/2016) |
| 01/21/2016 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Lingel Winters to RE–FILE Document No. 91 Amended Complaint. The filing is deficient for the following reason(s): the wrong party/parties whom the pleading is against were selected;. Re–file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. (laq)** (Entered: 01/21/2016) |
| 01/21/2016 | 92 | TRANSCRIPT of Proceedings re: CONFERENCE held on 1/7/2016 before Judge Lorna G. Schofield. Court Reporter/Transcriber: Andrew Walker, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/16/2016. Redacted Transcript Deadline set for 2/25/2016. Release of Transcript Restriction set for 4/25/2016.(McGuirk, Kelly) (Entered: 01/21/2016) |
| 01/21/2016 | 93 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFRENCE proceeding held on 1/7/16 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 01/21/2016) |

| 01/22/2016 | 94 | SECOND AMENDED COMPLAINT amending 9 Amended Complaint, 1 Complaint,, against Bank of America, N.A., Bank of America Corporation, Barclays PLC, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., UBS AG, Citicorp, Citibank, N.A., Barclays Capital, Inc., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc with JURY DEMAND.Document filed by Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy. Related document: 9 Amended Complaint, 1 Complaint,,. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Winters, Lingel) (Entered: 01/22/2016) |
|---|---|---|
| 01/25/2016 | 95 | ORDER granting 90 Motion for Lingel H. Winters to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 01/25/2016) |
| 01/28/2016 | 96 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – JOINT MOTION to Stay *Case Per In re FX Preliminary Approval Order, Or To Consolidate*. Document filed by UBS AG. (Attachments: # 1 Memorandum in Support of Motion, # 2 Text of Proposed Order)(Sanders, Joel) Modified on 1/29/2016 (db). (Entered: 01/28/2016) |
| 01/29/2016 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Joel Steven Sanders to RE–FILE Document 96 JOINT MOTION to Stay** *Case Per In re FX Preliminary Approval Order, Or To Consolidate*. **ERROR(S): Supporting Documents are filed separately, each receiving their own document #. (db)** (Entered: 01/29/2016) |
| 01/29/2016 | 97 | MOTION to Stay *Notice Of Motion to Stay Case Per In re FX Preliminary Approval Order, Or To Consolidate*. Document filed by UBS AG.(Sanders, Joel) (Entered: 01/29/2016) |
| 01/29/2016 | 98 | MEMORANDUM OF LAW in Support re: 97 MOTION to Stay *Notice Of Motion to Stay Case Per In re FX Preliminary Approval Order, Or To Consolidate*. . Document filed by UBS AG. (Sanders, Joel) (Entered: 01/29/2016) |
| 02/18/2016 | 99 | MEMORANDUM OF LAW in Opposition re: 97 MOTION to Stay *Notice Of Motion to Stay Case Per In re FX Preliminary Approval Order, Or To Consolidate*. . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Declaration of Lingel Winters in support of Opposition)(Winters, Lingel) (Entered: 02/18/2016) |
| 02/18/2016 | 100 | NOTICE OF APPEARANCE by Michael D. Hausfeld on behalf of Haverhill Retirement System, et al.. (Hausfeld, Michael) (Entered: 02/18/2016) |
| 02/18/2016 | 101 | RESPONSE to Motion re: 97 MOTION to Stay *Notice Of Motion to Stay Case Per In re FX Preliminary Approval Order, Or To Consolidate*. . Document filed by Haverhill Retirement System, et al.. (Attachments: # 1 Declaration of Michael D. Hausfeld)(Hausfeld, Michael) (Entered: 02/18/2016) |
| 03/03/2016 | 102 | REPLY MEMORANDUM OF LAW in Support re: 97 MOTION to Stay *Notice Of Motion to Stay Case Per In re FX Preliminary Approval Order, Or To Consolidate*. . Document filed by UBS AG. (Sanders, Joel) (Entered: 03/03/2016) |
| 05/09/2016 | 103 | NOTICE OF CHANGE OF ADDRESS by Lingel Hart Winters on behalf of Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. New Address: Law Offices of Lingel H. Winters, PC, 388 Market Street, Suite 900, San Francisco, CA, United States 94111, 4153982941. (Winters, Lingel) (Entered: 05/09/2016) |
| 06/08/2016 | 104 | OPINION AND ORDER re: 97 MOTION to Stay *Notice Of Motion to Stay Case Per In re FX Preliminary Approval Order, Or To Consolidate* filed by UBS AG. For the foregoing reasons, the motion for a stay is DENIED and the motion to consolidate is GRANTED in part. The Clerk of Court is directed to close the motion at Dkt. No. 97 and consolidate this case for discovery with Case No. 13 Civ. 7789. (As further set forth in this Opinion and Order.) (Signed by Judge Lorna G. Schofield on 6/8/2016) (mro) (Entered: 06/09/2016) |

| | | |
|---|---|---|
| 06/10/2016 | 105 | ORDER: It is hereby ORDERED that a conference will be held on July 6, 2016, at 11:30 a.m. Any parties who wish to participate telephonically may do so by advising the Court, convening all parties on the line and calling into chambers at (212) 805–0288. (As further set forth in this Order.) Status Conference set for 7/6/2016 at 11:30 AM before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 6/10/2016) (kgo) (Entered: 06/10/2016) |
| 06/21/2016 | 106 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated June 21, 2016 re: Depositions. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 06/21/2016) |
| 06/22/2016 | 107 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated June 22, 2016 re: Application to Appoint Counsel. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 06/22/2016) |
| 06/27/2016 | 108 | LETTER addressed to Judge Lorna G. Schofield from Joel S. Sanders dated June 27, 2016 re: Plaintiffs' June 21, 2016 Letter (ECF 106). Document filed by UBS AG.(Sanders, Joel) (Entered: 06/27/2016) |
| 06/27/2016 | 109 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel Winters dated June 27, 2016 re: June 22 Correspondence. Document filed by John Nypl. (Attachments: # 1 Exhibit)(Alioto, Joseph) (Entered: 06/27/2016) |
| 06/28/2016 | 110 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel Winters dated June 28, 2016 re: Defendants' June 27 Correspondence. Document filed by John Nypl.(Alioto, Joseph) (Entered: 06/28/2016) |
| 07/01/2016 | 111 | LETTER addressed to Judge Lorna G. Schofield from Michael D. Hausfeld and Christopher M. Burke dated 6/30/2016 re: Request for stay of discovery. (kgo) (Entered: 07/01/2016) |
| 07/05/2016 | 112 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated July 5, 2016 re: Application for Appointment as Interim Co–Lead Counsel. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 07/05/2016) |
| 07/05/2016 | 113 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Royal Bank of Scotland Group Plc..(Cohen, Joel) (Entered: 07/05/2016) |
| 07/05/2016 | 114 | NOTICE OF APPEARANCE by Lewis Charles Shioleno on behalf of Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc. (Shioleno, Lewis) (Entered: 07/05/2016) |
| 07/06/2016 | 115 | ORDER: WHEREAS, on July 6, 2016, a conference was held. For the reasons stated at the conference, it is hereby ORDERED that Defendants shall jointly file any motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) by August 5, 2016; any response is due by September 19, 2016; any reply is due by October 11, 2016. The memorandum in support shall be a joint submission by all moving Defendants and is limited to 25 pages. Each moving Defendant may submit additional briefing addressing individual issues not to exceed 3 pages per Defendant. The opposition brief shall not exceed 25 pages plus the 3 pages for each Defendant that submits individual briefing. The joint reply is limited to 15 pages. It is further ORDERED that Defendants shall jointly file any motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) by September 5, 2016; any response is due by October 20, 2016; any reply is due by November 10, 2016. The memorandum in support shall be a joint submission by all moving Defendants and is and limited to 45 pages. Each moving Defendant may submit additional briefing addressing individual issues not to exceed 3 pages per Defendant. The opposition brief shall not exceed 45 pages plus the 3 pages for each Defendant that submits individual briefing. The joint reply is limited to 22 pages. It is further ORDERED that the Court's Individual Rules concerning motions shall otherwise control, except that as to the 12(b)(6) motion, the parties shall communicate by letter (not to exceed 6 single–spaced pages) as otherwise provided in Individual Rule III.A.3, and Plaintiffs' response need only state whether or not it intends to amend the complaint to cure identified deficiencies, and if so, shall inform the Court and propose revised dates |

| | | |
|---|---|---|
| | | agreed upon by the parties regarding the filing of any amended complaint and the schedule to answer or otherwise respond to the amended complaint. Motions due by 9/5/2016. Responses due by 10/20/2016 Replies due by 11/10/2016. (Signed by Judge Lorna G. Schofield on 7/6/2016) (kgo) (Entered: 07/06/2016) |
| 07/06/2016 | 116 | MEMO ENDORSEMENT on re: 107 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: For the reasons stated at the July 6, 2016, conference, the application to be appointed interim co–lead counsel is DENIED without prejudice to renewal should the appointment of lead counsel become necessary. (Signed by Judge Lorna G. Schofield on 7/6/2016) (kgo) (Entered: 07/06/2016) |
| 07/08/2016 | 117 | NOTICE OF APPEARANCE by Joel Murray Cohen on behalf of Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc. (Cohen, Joel) (Entered: 07/08/2016) |
| 07/08/2016 | 118 | NOTICE OF APPEARANCE by Melissa Carrie King on behalf of Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc. (King, Melissa) (Entered: 07/08/2016) |
| 07/08/2016 | 119 | NOTICE OF APPEARANCE by Jennifer Kan on behalf of Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc. (Kan, Jennifer) (Entered: 07/08/2016) |
| 07/13/2016 | 120 | MOTION for Julia C. Webb to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12534049. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc.. (Attachments: # 1 Exhibit A – Illinois Certificate of Good Standing, # 2 Exhibit B – Wisconsin Certificate of Good Standing, # 3 Text of Proposed Order)(Webb, Julia) (Entered: 07/13/2016) |
| 07/14/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 120 MOTION for Julia C. Webb to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–12534049. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 07/14/2016) |
| 07/25/2016 | 121 | TRANSCRIPT of Proceedings re: Conference held on 7/6/2016 before Judge Lorna G. Schofield. Court Reporter/Transcriber: Pamela Utter, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/18/2016. Redacted Transcript Deadline set for 8/29/2016. Release of Transcript Restriction set for 10/27/2016.(Siwik, Christine) (Entered: 07/25/2016) |
| 07/25/2016 | 122 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 7/6/16 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(Siwik, Christine) (Entered: 07/25/2016) |
| 08/05/2016 | 123 | JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION*. Document filed by UBS AG. Responses due by 9/19/2016(Sanders, Joel) (Entered: 08/05/2016) |
| 08/05/2016 | 124 | JOINT MEMORANDUM OF LAW in Support re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT* . Document filed by UBS AG. (Attachments: # 1 Appendix A, # 2 Appendix B)(Sanders, Joel) (Entered: 08/05/2016) |

| | | |
|---|---|---|
| 08/05/2016 | 125 | DECLARATION of LAWRENCE DICKINSON in Support re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT. Document filed by UBS AG. (Sanders, Joel) (Entered: 08/05/2016)* |
| 08/05/2016 | 126 | DECLARATION of MARK CHAMBERS in Support re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT. Document filed by UBS AG. (Sanders, Joel) (Entered: 08/05/2016)* |
| 08/05/2016 | 127 | DECLARATION of GAVIN A. FRANCIS in Support re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT. Document filed by UBS AG. (Sanders, Joel) (Entered: 08/05/2016)* |
| 08/05/2016 | 128 | DECLARATION of WILLIAM GOUGHERTY in Support re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT. Document filed by UBS AG. (Sanders, Joel) (Entered: 08/05/2016)* |
| 08/05/2016 | 129 | DECLARATION of JOHN CONNORS in Support re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT. Document filed by UBS AG. (Sanders, Joel) (Entered: 08/05/2016)* |
| 08/16/2016 | 130 | ORDER granting 120 Motion for Julia C. Webb to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 08/16/2016) |
| 09/02/2016 | 131 | JOINT MOTION to Dismiss *the Second Amended Class Action Complaint*. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc..(Ruffino, Andrew) (Entered: 09/02/2016) |
| 09/02/2016 | 132 | JOINT MEMORANDUM OF LAW in Support re: 131 JOINT MOTION to Dismiss *the Second Amended Class Action Complaint*. . Document filed by Citibank, N.A., Citicorp, Citigroup, Inc.. (Ruffino, Andrew) (Entered: 09/02/2016) |
| 09/07/2016 | 133 | LETTER addressed to Judge Lorna G. Schofield from Matthew A. Schwartz dated September 7, 2016 re: Former Law Clerk Joins Sullivan & Cromwell LLP. Document filed by Barclays Capital, Inc., Barclays PLC.(Schwartz, Matthew) (Entered: 09/07/2016) |
| 09/14/2016 | 134 | MEMORANDUM OF LAW in Opposition re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 09/14/2016)* |
| 09/14/2016 | 135 | DECLARATION of Lingel H. Winters in Opposition re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G–1, # 8 Exhibit G–2, # 9 Exhibit H, # 10* |

| | | |
|---|---|---|
| | | *Exhibit I−1, # 11 Exhibit I−2, # 12 Exhibit J, # 13 Exhibit K−O)(Winters, Lingel) (Entered: 09/14/2016)* |
| 10/11/2016 | 136 | REPLY MEMORANDUM OF LAW in Support re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction − *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT . Document filed by UBS AG. (Sanders, Joel) (Entered: 10/11/2016)* |
| 10/11/2016 | 137 | DECLARATION of Matthew A. Schwartz in Support re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction − *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT. Document filed by Barclays PLC. (Attachments: # 1 Exhibit A − Barclays website, # 2 Exhibit B − branch locator, # 3 Exhibit C − products and services)(Sanders, Joel) (Entered: 10/11/2016)* |
| 10/14/2016 | 138 | SUPPLEMENTAL RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Barclays Group US Inc., Corporate Parent BARCLAYS BANK PLC, Corporate Parent Barclays US LLC, Corporate Parent Barclays PLC for Barclays Capital, Inc.. Document filed by Barclays Capital, Inc., Barclays PLC.(Schwartz, Matthew) (Entered: 10/14/2016) |
| 10/19/2016 | 139 | MEMORANDUM OF LAW in Opposition re: 131 JOINT MOTION to Dismiss *the Second Amended Class Action Complaint.* . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 10/19/2016) |
| 10/19/2016 | 140 | DECLARATION of Lingel H. Winters in Opposition re: 131 JOINT MOTION to Dismiss *the Second Amended Class Action Complaint..* Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D−1, # 5 Exhibit D−2, # 6 Exhibit E, # 7 Exhibit F−H, # 8 Exhibit I−L)(Winters, Lingel) (Entered: 10/19/2016) |
| 10/27/2016 | 141 | MOTION for Andrew D. Lazerow to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12923394. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Citibank, N.A., Citicorp, Citigroup, Inc.. (Attachments: # 1 MD Certificate of Good Standing, # 2 DC Certificate of Good Standing, # 3 Text of Proposed Order)(Lazerow, Andrew) (Entered: 10/27/2016) |
| 10/27/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 141 MOTION for Andrew D. Lazerow to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12923394. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 10/27/2016) |
| 10/27/2016 | 142 | MOTION for Alan M. Wiseman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12923495. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Citibank, N.A., Citicorp, Citigroup, Inc.. (Attachments: # 1 MD Certificate of Good Standing, # 2 MD Certificate of Good Standing, # 3 Text of Proposed Order)(Wiseman, Alan) (Entered: 10/27/2016) |
| 10/27/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 142 MOTION for Alan M. Wiseman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208−12923495. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 10/27/2016) |
| 11/03/2016 | 143 | ORDER granting 141 Motion for Andrew D. Lazerow to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 11/03/2016) |
| 11/04/2016 | 144 | ORDER granting 142 Motion for Alan M. Wiseman to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, |

| | | Lorna) (Entered: 11/04/2016) |
|---|---|---|
| 11/10/2016 | 145 | JOINT REPLY MEMORANDUM OF LAW in Support re: 131 JOINT MOTION to Dismiss *the Second Amended Class Action Complaint*. . Document filed by Citibank, N.A., Citicorp, Citigroup, Inc.. (Ruffino, Andrew) (Entered: 11/10/2016) |
| 12/05/2016 | 146 | JOINT LETTER addressed to Judge Lorna G. Schofield from Counsel for Defendants dated December 5, 2016 re: Supplemental Authority in Further Support of Motion to Dismiss Second Amended Complaint. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc..(Ruffino, Andrew) (Entered: 12/05/2016) |
| 12/09/2016 | 147 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated December 9, 2016 re: Opposition to Defendants' Joint Letter ECF No. 146. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 12/09/2016) |
| 12/12/2016 | 148 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated December 12, 2016 re: Opposition to Defendants' Joint Letter ECF No. 146. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 12/12/2016) |
| 12/14/2016 | 149 | JOINT LETTER addressed to Judge Lorna G. Schofield from Andrew A. Ruffino dated December 14, 2016 re: Responding to the NYPL Plaintiffs' Supplemental Authority Letter. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc..(Ruffino, Andrew) (Entered: 12/14/2016) |
| 12/20/2016 | 150 | LETTER addressed to Judge Lorna G. Schofield from Gregory T. Casamento dated 12/19/2016 re: Removal Of Counsel Edwin R. DeYoung From Case. Document filed by HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc..(Casamento, Gregory) (Entered: 12/20/2016) |
| 12/20/2016 | 151 | MEMO ENDORSEMENT on re: 150 Letter, filed by HSBC North American Holdings Inc., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC Bank (USA), N.A.. ENDORSEMENT: Application GRANTED. The Clerk of Court is directed to terminate Edwin R. DeYoung as attorney–of–record to all parties he previously represented in the three above–captioned cases. Attorney Edwin R Deyoung terminated. (Signed by Judge Lorna G. Schofield on 12/20/2016) (kgo) (Entered: 12/20/2016) |
| 12/29/2016 | 152 | LETTER addressed to Judge Lorna G. Schofield from Jennifer Kan dated December 29, 2016 re: To Withdraw as Counsel of Record. Document filed by Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc.(Kan, Jennifer) (Entered: 12/29/2016) |
| 01/03/2017 | 153 | MEMO ENDORSEMENT on re: 152 Letter filed by Royal Bank of Scotland Group Plc. ENDORSEMENT: Application GRANTED. The Clerk of Court is directed to terminate Jennifer Kan as attorney–of–record to all parties she previously represented in the above–captioned case. Royal Bank of Scotland, plc, Attorney Jennifer Kan terminated. (Signed by Judge Lorna G. Schofield on 1/3/2017) (tro) (Entered: 01/03/2017) |
| 01/13/2017 | 154 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated January 13, 2017 re: Defendants' criminal sentencing hearing. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 01/13/2017) |
| 01/19/2017 | 155 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 1/19/17 re: Joint Motion Of Foreign Defendants To Dismiss For Lack of Personal Jurisdiction. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 01/19/2017) |
| 01/19/2017 | 156 | DECLARATION of Lingel H. Winters in Opposition re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit* |

| | | |
|---|---|---|
| | | D)(Winters, Lingel) (Entered: 01/19/2017) |
| 01/27/2017 | 157 | LETTER addressed to Judge Lorna G. Schofield from D. Jarrett Arp dated January 27, 2017 re: response to Plaintiffs' letters, ECF 155 (Jan. 19, 2017) and ECF 154 (Jan. 13, 2017). Document filed by UBS AG.(Arp, David) (Entered: 01/27/2017) |
| 01/31/2017 | 158 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 1/31/17 re: Limited Response to UBS AG's 1–27–17 Letter. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 01/31/2017) |
| 03/24/2017 | 159 | OPINION AND ORDER re: 123 JOINT MOTION to Dismiss for Lack of Jurisdiction – NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT filed by UBS AG, 131 JOINT MOTION to Dismiss the Second Amended Class Action Complaint. filed by Citibank, N.A., Citigroup, Inc., Citicorp. For the foregoing reasons, Defendants' motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim is GRANTED. Should Plaintiffs choose to attempt to replead, they must file a motion to do so, a supporting memorandum of law and proposed Third Amended Complaint, together with a redline showing how it differs from the Second Amended Complaint dismissed here, within 21 days. Defendants Barclays PLC, HSBC Holdings plc, Royal Bank of Scotland Group plc, Royal Bank of Scotland plc and UBS AG's separate motion to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction is denied as moot. The Clerk of Court is respectfully directed to close the motions at Docket Numbers 123 and 131. (Signed by Judge Lorna G. Schofield on 3/24/2017) (kgo) (Entered: 03/24/2017) |
| 03/29/2017 | 160 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated March 29, 2017 re: Request for Extension of Time. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 03/29/2017) |
| 03/30/2017 | 161 | MEMO ENDORSEMENT on re: 160 LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated March 29, 2017 re: Request for Extension of Time. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. ENDORSEMENT: Application GRANTED. The deadline for Plaintiffs' motion for leave to file a Third Amended Complaint is extended to May 5, 2017. (Motions due by 5/5/2017.) (Signed by Judge Lorna G. Schofield on 3/30/2017) (rjm) (Entered: 03/30/2017) |
| 04/05/2017 | 162 | MOTION for Joel S. Sanders to Withdraw as Attorney . Document filed by UBS AG.(Sanders, Joel) (Entered: 04/05/2017) |
| 04/06/2017 | 163 | MEMO ENDORSEMENT ORDER granting 162 Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. The Clerk of Court is directed to terminate Joel Sanders as attorney–of–record in the above–captioned matter. Attorney Joel Steven Sanders terminated. (Signed by Judge Lorna G. Schofield on 4/6/2017) (ras) Modified on 4/12/2017 (ras). (Entered: 04/06/2017) |
| 04/25/2017 | 164 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated April 25, 2017 re: Request for Excess Pages. Document filed by Go Everywhere, Inc., Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 04/25/2017) |
| 04/26/2017 | 165 | MEMO ENDORSEMENT: on re: 164 Letter filed by John Nypl, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED IN PART. The page limit for Plaintiff's memorandum of law in support of its motion to file the Third Amended Complaint is extended to 30 pages. (Signed by Judge Lorna G. Schofield on 4/26/2017) (ap) (Entered: 04/27/2017) |
| 05/05/2017 | 166 | MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE*. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 05/05/2017) |

| 05/05/2017 | 167 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for Leave to File [Proposed] Third Amended Complaint *Memorandum of Points and Authorities in support thereof*. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) Modified on 5/8/2017 (ldi). (Entered: 05/05/2017) |
|---|---|---|
| 05/05/2017 | 168 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – DECLARATION of Lingel H. Winters in Support re: 167 MOTION for Leave to File [Proposed] Third Amended Complaint *Memorandum of Points and Authorities in support thereof.*. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit E–1, # 2 Exhibit E–2a, # 3 Exhibit E–2b, # 4 Exhibit E–3, # 5 Exhibit E–4)(Winters, Lingel) Modified on 5/8/2017 (ldi). (Entered: 05/05/2017) |
| 05/05/2017 | 169 | DECLARATION of Carl S. Saba in Support re: 166 MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE.*, 167 MOTION for Leave to File [Proposed] Third Amended Complaint *Memorandum of Points and Authorities in support thereof.*. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 05/05/2017) |
| 05/05/2017 | 170 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** PROPOSED AMENDED COMPLAINT amending 94 Amended Complaint,,, against Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG with JURY DEMAND.Document filed by Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy. Related document: 94 Amended Complaint,,, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. (Attachments: # 1 Exhibit A–1, # 2 Exhibit A–2, # 3 Exhibit A–3, # 4 Exhibit A–4, # 5 Exhibit A–5a, # 6 Exhibit A–5b, # 7 Exhibit A–6, # 8 Exhibit B–1, # 9 Exhibit B–2, # 10 Exhibit B–3, # 11 Exhibit B–4, # 12 Exhibit B–5, # 13 Exhibit B–6, # 14 Exhibit C–1, # 15 Exhibit C–2, # 16 Exhibit C–3, # 17 Exhibit C–4, # 18 Exhibit C–5, # 19 Exhibit C–6, # 20 Exhibit D–1, # 21 Exhibit D–2, # 22 Exhibit D–3, # 23 Exhibit E–1, # 24 Exhibit E–2a, # 25 Exhibit E–2b, # 26 Exhibit E–3, # 27 Exhibit E–4, # 28 Exhibit F, # 29 Exhibit G)(Winters, Lingel) Modified on 5/8/2017 (pc). (Entered: 05/05/2017) |
| 05/08/2017 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Lingel Hart Winters to RE–FILE re: Document No. 170 Amended Complaint. The filing is deficient for the following reason(s): the wrong event type was used to file the pleading; Court's leave has not been granted This is a proposed third amended complaint. When the court grants permission, please re–file.. Re–file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. File the Exhibit to Pleading event found under the event list Other Documents and attach either opposing party's written consent or Court's leave. (pc)** (Entered: 05/08/2017) |
| 05/08/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney Lingel Hart Winters to RE–FILE Document 167 MOTION for Leave to File [Proposed] Third Amended Complaint *Memorandum of Points and Authorities in support thereof*. Use the event type Memorandum of Law in Support of Motion found under the event list Replies, Opposition and Supporting Documents. (ldi)** (Entered: 05/08/2017) |
| 05/08/2017 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Lingel Hart Winters to RE–FILE Document 168 Declaration in Support of Motion. ERROR(S): Document linked to filing error. Re–file and link to document # 166 Motion. (ldi)** (Entered: 05/08/2017) |

| 05/09/2017 | <u>171</u> | MEMORANDUM OF LAW in Support re: <u>166</u> MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE*. . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 05/09/2017) |
|---|---|---|
| 05/09/2017 | <u>172</u> | **FILING ERROR – DUPLICATE DOCUMENT (SEE <u>174</u> Declaration)** – DECLARATION of Lingel H. Winters in Support re: <u>166</u> MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE*. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # <u>1</u> Proposed Third Amended Complaint, # <u>2</u> Exhibit A–1 to Proposed TAC, # <u>3</u> Exhibit A–2 to Proposed TAC, # <u>4</u> Exhibit A–3 to Proposed TAC, # <u>5</u> Exhibit A–4 to Proposed TAC, # <u>6</u> Exhibit A–5a to Proposed TAC, # <u>7</u> Exhibit A–5b to Proposed TAC, # <u>8</u> Exhibit A–6 to Proposed TAC, # <u>9</u> Exhibit B–1 to Proposed TAC, # <u>10</u> Exhibit B–2 to Proposed TAC, # <u>11</u> Exhibit B–3 to Proposed TAC, # <u>12</u> Exhibit B–4 to Proposed TAC, # <u>13</u> Exhibit B–5 to Proposed TAC, # <u>14</u> Exhibit B–6 to Proposed TAC, # <u>15</u> Exhibit C–1 to Proposed TAC, # <u>16</u> Exhibit C–2 to Proposed TAC, # <u>17</u> Exhibit C–3 to Proposed TAC, # <u>18</u> Exhibit C–4 to Proposed TAC, # <u>19</u> Exhibit C–5 to Proposed TAC, # <u>20</u> Exhibit C–6 to Proposed TAC, # <u>21</u> Exhibit D–1 to Proposed TAC, # <u>22</u> Exhibit D–2 to Proposed TAC, # <u>23</u> Exhibit D–3 to Proposed TAC, # <u>24</u> Exhibit E–1 to Proposed TAC, # <u>25</u> Exhibit E–2a to Proposed TAC, # <u>26</u> Exhibit E–2b to Proposed TAC, # <u>27</u> Exhibit E–3 to Proposed TAC, # <u>28</u> Exhibit E–4 to Proposed TAC, # <u>29</u> Exhibit F to Proposed TAC, # <u>30</u> Exhibit G to Proposed TAC)(Winters, Lingel) Modified on 5/10/2017 (db). (Entered: 05/09/2017) |
| 05/09/2017 | <u>173</u> | DECLARATION of Lingel H. Winters in Support re: <u>166</u> MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE*.. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # <u>1</u> Exhibit E–1, # <u>2</u> Exhibit E–2a, # <u>3</u> Exhibit E–2b, # <u>4</u> Exhibit E–3, # <u>5</u> Exhibit E–4)(Winters, Lingel) (Entered: 05/09/2017) |
| 05/09/2017 | <u>174</u> | DECLARATION of Lingel H. Winters in Support re: <u>166</u> MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE*.. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # <u>1</u> Exhibit Proposed Third Amended Complaint, # <u>2</u> Exhibit A–1 to Proposed TAC, # <u>3</u> Exhibit A–2 to Proposed TAC, # <u>4</u> Exhibit A–3 to Proposed TAC, # <u>5</u> Exhibit A–4 to Proposed TAC, # <u>6</u> Exhibit A–5a to Proposed TAC, # <u>7</u> Exhibit A–5b to Proposed TAC, # <u>8</u> Exhibit A–6 to Proposed TAC, # <u>9</u> Exhibit B–1 to Proposed TAC, # <u>10</u> Exhibit B–2 to Proposed TAC, # <u>11</u> Exhibit B–3 to Proposed TAC, # <u>12</u> Exhibit B–4 to Proposed TAC, # <u>13</u> Exhibit B–5 to Proposed TAC, # <u>14</u> Exhibit B–6 to Proposed TAC, # <u>15</u> Exhibit C–1 to Proposed TAC, # <u>16</u> Exhibit C–2 to Proposed TAC, # <u>17</u> Exhibit C–3 to Proposed TAC, # <u>18</u> Exhibit C–4 to Proposed TAC, # <u>19</u> Exhibit C–5 to Proposed TAC, # <u>20</u> Exhibit C–6 to Proposed TAC, # <u>21</u> Exhibit D–1 to Proposed TAC, # <u>22</u> Exhibit D–2 to Proposed TAC, # <u>23</u> Exhibit D–3 to Proposed TAC, # <u>24</u> Exhibit E–1 to Proposed TAC, # <u>25</u> Exhibit E–2a to Proposed TAC, # <u>26</u> Exhibit E–2b to Proposed TAC, # <u>27</u> Exhibit E–3 to Proposed TAC, # <u>28</u> Exhibit E–4 to Proposed TAC, # <u>29</u> Exhibit F to Proposed TAC, # <u>30</u> Exhibit G to Proposed TAC)(Winters, Lingel) (Entered: 05/09/2017) |
| 05/10/2017 | <u>177</u> | STIPULATION AND ORDER RE BRIEFING SCHEDULE: On or before May 12, 2017, Plaintiffs shall file a motion for appropriate relief. Plaintiffs are allowed 20 pages for their opening motion. Plaintiffs shall serve the motion on all parties as well as Quinn and Bernstein. On or before May 19, 2017, Quinn and Bernstein shall file a response brief. Quinn and Bernstein are allowed 20 pages for their response brief. On or before May 23, 2017, Plaintiffs shall file their reply brief. Plaintiffs are allowed 10 pages for their reply brief. A hearing on Plaintiffs motion will be held on June 5, 2017, at 10:30 A.M. the Clerk of the Court is directed to enter the dates under paragraphs 1–4 into the Court's calendar. (Motions due by 5/12/2017. Responses due by 5/19/2017. Replies due by 5/23/2017. Oral Argument set for 6/5/2017 at 10:30 AM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 5/10/2017) (ap) (Entered: 05/10/2017) (Entered: 06/06/2017) |
| 05/12/2017 | <u>175</u> | JOINT LETTER MOTION for Extension of Time to File Response/Reply as to <u>166</u> MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE*. addressed to Judge Lorna G. Schofield from All Counsel dated May 12, 2017. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc..(Ruffino, Andrew) (Entered: 05/12/2017) |

| 05/15/2017 | 176 | ORDER: granting in part 175 Letter Motion for Extension of Time to File Response/Reply. Application GRANTED IN PART, Any opposition from Defendants is due by June 14, 2017. Any reply from Plaintiffs is due by July 7, 2017. Responses due by 6/14/2017 Replies due by 7/7/2017. (Signed by Judge Lorna G. Schofield on 5/15/2017) (ap) (Entered: 05/15/2017) |
|---|---|---|
| 06/12/2017 | 178 | NOTICE OF APPEARANCE by Eric Jonathan Stock on behalf of UBS AG. (Stock, Eric) (Entered: 06/12/2017) |
| 06/14/2017 | 179 | JOINT MEMORANDUM OF LAW in Opposition re: 166 MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE.* . Document filed by Citibank, N.A., Citicorp, Citigroup, Inc.. (Ruffino, Andrew) (Entered: 06/14/2017) |
| 06/15/2017 | 180 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 6–15–17 re: Request for Extension of Time. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 06/15/2017) |
| 06/15/2017 | 181 | MEMO ENDORSEMENT: on re: 180 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED IN PART. The due date for Plaintiffs' reply is extended to July 12, 2017. The page limit for Plaintiffs' reply is extended to 15 pages. (Replies due by 7/12/2017.) (Signed by Judge Lorna G. Schofield on 6/15/2017) (ap) (Entered: 06/16/2017) |
| 07/12/2017 | 182 | REPLY MEMORANDUM OF LAW in Support re: 166 MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE.* . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 07/12/2017) |
| 07/12/2017 | 183 | DECLARATION of Carl S. Saba in Support re: 166 MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE.*. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 07/12/2017) |
| 07/17/2017 | 184 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 7/17/17 re: Request for Oral Argument. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 07/17/2017) |
| 08/02/2017 | 185 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 8/2/17 re: Non Inclusion to Forex Settlements. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 08/02/2017) |
| 08/03/2017 | 186 | OPINION AND ORDER re: 166 MOTION for Leave to File [Proposed] Third Amended Complaint *NOTICE.* filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. For the foregoing reasons, Plaintiffs' motion for leave to file the PTAC is GRANTED IN PART. Plaintiffs shall file the PTAC, revised such that the UCL claim is limited to Plaintiff John Nypl and a putative class of California residents, within 7 days. The parties' requests for oral argument are DENIED as moot. The Clerk of Court is respectfully directed to close the motion at Docket No. 166. (Signed by Judge Lorna G. Schofield on 8/3/2017) (kgo) (Entered: 08/03/2017) |
| 08/03/2017 | 187 | MEMO ENDORSEMENT: on re: (185 in 1:15–cv–09300–LGS) Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc., (828 in 1:13–cv–07789–LGS) Letter filed by John Nypl. ENDORSEMENT: Class Plaintiffs shall file a response to this letter by 8/10/17. (Signed by Judge Lorna G. Schofield on 8/3/2017) (ap) (Entered: 08/03/2017) |
| 08/08/2017 | 188 | **FILING ERROR – DEFICIENT PLEADING – FILED AGAINST PARTY ERROR** – THIRD AMENDED COMPLAINT amending 94 Amended Complaint,,, against All Defendants with JURY DEMAND.Document filed by Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy. Related document: 94 Amended Complaint,,,. (Attachments: # 1 Exhibit Exhibit A–1, # 2 Exhibit Exhibit A–2, # 3 Exhibit Exhibit A–3, # 4 Exhibit Exhibit A–4, # 5 Exhibit Exhibit A–5a, # 6 Exhibit Exhibit A–5b, # 7 Exhibit Exhibit A–6, # 8 Exhibit |

| | | |
|---|---|---|
| | | Exhibit B–1, # <u>9</u> Exhibit Exhibit B–2, # <u>10</u> Exhibit Exhibit B–3, # <u>11</u> Exhibit Exhibit B–4, # <u>12</u> Exhibit Exhibit B–5, # <u>13</u> Exhibit Exhibit B–6, # <u>14</u> Exhibit Exhibit C–1, # <u>15</u> Exhibit Exhibit C–2, # <u>16</u> Exhibit Exhibit C–3, # <u>17</u> Exhibit Exhibit C–4, # <u>18</u> Exhibit Exhibit C–5, # <u>19</u> Exhibit Exhibit C–6, # <u>20</u> Exhibit Exhibit D–1, # <u>21</u> Exhibit Exhibit D–2, # <u>22</u> Exhibit Exhibit D–3, # <u>23</u> Exhibit Exhibit E–1, # <u>24</u> Exhibit Exhibit E–2a, # <u>25</u> Exhibit Exhibit E–2b, # <u>26</u> Exhibit Exhibit E–3, # <u>27</u> Exhibit Exhibit E–4, # <u>28</u> Exhibit Exhibit F, # <u>29</u> Exhibit Exhibit G)(Winters, Lingel) Modified on 8/9/2017 (pc). (Entered: 08/08/2017) |
| 08/09/2017 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Lingel Hart Winters to RE–FILE Document No. <u>188</u> Amended Complaint,,,,. The filing is deficient for the following reason(s): the All Defendant radio button was selected. Re–file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. (pc)** (Entered: 08/09/2017) |
| 08/09/2017 | <u>189</u> | **FILING ERROR – DEFICIENT PLEADING – FILED AGAINST PARTY ERROR –** THIRD AMENDED COMPLAINT amending <u>94</u> Amended Complaint,,, against Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG with JURY DEMAND.Document filed by Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy. Related document: <u>94</u> Amended Complaint,,,. (Attachments: # <u>1</u> Exhibit A–1, # <u>2</u> Exhibit A–2, # <u>3</u> Exhibit A–3, # <u>4</u> Exhibit A–4, # <u>5</u> Exhibit A–5a, # <u>6</u> Exhibit A–5b, # <u>7</u> Exhibit A–6, # <u>8</u> Exhibit B–1, # <u>9</u> Exhibit B–2, # <u>10</u> Exhibit B–3, # <u>11</u> Exhibit B–4, # <u>12</u> Exhibit B–5, # <u>13</u> Exhibit B–6, # <u>14</u> Exhibit C–1, # <u>15</u> Exhibit C–2, # <u>16</u> Exhibit C–3, # <u>17</u> Exhibit C–4, # <u>18</u> Exhibit C–5, # <u>19</u> Exhibit C–6, # <u>20</u> Exhibit D–1, # <u>21</u> Exhibit D–2, # <u>22</u> Exhibit D–3, # <u>23</u> Exhibit E–1, # <u>24</u> Exhibit E–2a, # <u>25</u> Exhibit E–2b, # <u>26</u> Exhibit E–3, # <u>27</u> Exhibit E–4, # <u>28</u> Exhibit F, # <u>29</u> Exhibit G)(Winters, Lingel) Modified on 8/10/2017 (pc). (Entered: 08/09/2017) |
| 08/10/2017 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Lingel Hart Winters to RE–FILE Document No. <u>189</u> Amended Complaint,,,,,. The filing is deficient for the following reason(s): the wrong party/parties whom the pleading is against were selected; J.P. Morgan Bank, N.A. is not a party listed on the amended complaint caption title. Re–file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. (pc)** (Entered: 08/10/2017) |
| 08/10/2017 | <u>190</u> | THIRD AMENDED COMPLAINT amending <u>94</u> Amended Complaint,,, against Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG with JURY DEMAND.Document filed by Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy. Related document: <u>94</u> Amended Complaint,,,. (Attachments: # <u>1</u> Exhibit A–1, # <u>2</u> Exhibit A–2, # <u>3</u> Exhibit A–3, # <u>4</u> Exhibit A–4, # <u>5</u> Exhibit A–5a, # <u>6</u> Exhibit A–5b, # <u>7</u> Exhibit A–6, # <u>8</u> Exhibit B–1, # <u>9</u> Exhibit B–2, # <u>10</u> Exhibit B–3, # <u>11</u> Exhibit B–4, # <u>12</u> Exhibit B–5, # <u>13</u> Exhibit B–6, # <u>14</u> Exhibit C–1, # <u>15</u> Exhibit C–2, # <u>16</u> Exhibit C–3, # <u>17</u> Exhibit C–4, # <u>18</u> Exhibit C–5, # <u>19</u> Exhibit C–6, # <u>20</u> Exhibit D–1, # <u>21</u> Exhibit D–2, # <u>22</u> Exhibit D–3, # <u>23</u> Exhibit E–1, # <u>24</u> Exhibit E–2a, # <u>25</u> Exhibit E–2b, # <u>26</u> Exhibit E–3, # <u>27</u> Exhibit E–4, # <u>28</u> Exhibit F, # <u>29</u> Exhibit G)(Winters, Lingel) Modified on 8/11/2017 (pc). (Entered: 08/10/2017) |
| 08/11/2017 | <u>191</u> | ORDER: It is hereby ORDERED that a conference is hereby scheduled for August 30, 2017, at 10:40 a.m., and as further set forth herein. (Status Conference set for 8/30/2017 at 10:40 AM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 8/11/2017) (ras) Modified on 8/11/2017 (ras). (Entered: 08/11/2017) |

| 08/11/2017 | 192 | MEMO ENDORSEMENT on re: (185 in 1:15–cv–09300–LGS) Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc., (828 in 1:13–cv–07789–LGS) Letter filed by John Nypl. ENDORSEMENT: Application DENIED for substantially the reasons stated in Class Counsels' letter dated August 10, 2017, at Dkt. No. 835, in 1:13–cv–7789. (Signed by Judge Lorna G. Schofield on 8/11/2017) (cf) (Entered: 08/11/2017) |
|---|---|---|
| 08/17/2017 | 193 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 17, 2017 re: Response to Department of Justice letter. Document filed by William Rubinsohn.(Alioto, Joseph) (Entered: 08/17/2017) |
| 08/18/2017 | 194 | MEMO ENDORSEMENT: on re: (193 in 1:15–cv–09300–LGS) Letter filed by William Rubinsohn. ENDORSEMENT: Application GRANTED. Nypl Plaintiffs' letter shall be due August 25, 2017, and shall state how its interest will be affected by a ruling with regard to the Department's request (Signed by Judge Lorna G. Schofield on 8/18/2017) (ap) (Entered: 08/18/2017) |
| 08/23/2017 | 195 | NOTICE OF APPEARANCE by Matthew Alain Peller on behalf of Barclays Capital, Inc., Barclays PLC. (Peller, Matthew) (Entered: 08/23/2017) |
| 08/23/2017 | 196 | NOTICE OF APPEARANCE by Maeghan Owen Mikorski on behalf of Barclays Capital, Inc., Barclays PLC. (Mikorski, Maeghan) (Entered: 08/23/2017) |
| 08/23/2017 | 197 | CONSENT LETTER MOTION to Adjourn Conference *Currently Scheduled for August 30, 2017* addressed to Judge Lorna G. Schofield from Andrew Lazerow dated August 23, 2017. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc..(Lazerow, Andrew) (Entered: 08/23/2017) |
| 08/23/2017 | 198 | JOINT LETTER addressed to Judge Lorna G. Schofield from All Parties dated 08/23/2017 re: Joint Letter re Aug. 30 Conference. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG. (Attachments: # 1 Appendix Civil Case Management Plan and Scheduling Order)(Peller, Matthew) (Entered: 08/23/2017) |
| 08/24/2017 | 199 | MOTION to Dismiss *Third Amended Complaint*. Document filed by HSBC Finance Corporation.(Casamento, Gregory) (Entered: 08/24/2017) |
| 08/24/2017 | 200 | MEMORANDUM OF LAW in Support re: 199 MOTION to Dismiss *Third Amended Complaint*. . Document filed by HSBC Finance Corporation. (Casamento, Gregory) (Entered: 08/24/2017) |
| 08/24/2017 | 201 | ORDER granting in part and denying in part 197 Letter Motion to Adjourn Conference. Application GRANTED in part. The conference, currently set for August 30, 2017, is hereby adjourned to Wednesday, September 6, 2017, at 10:50 a.m. Case Management Conference set for 9/6/2017 at 10:50 AM before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 8/14/2017) (kgo) (Entered: 08/24/2017) |
| 08/24/2017 | 202 | MOTION to Dismiss for Lack of Jurisdiction */ NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION*. Document filed by UBS AG.(Stock, Eric) (Entered: 08/24/2017) |
| 08/24/2017 | 203 | MEMORANDUM OF LAW in Support re: 202 MOTION to Dismiss for Lack of Jurisdiction */ NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT FOR L* . Document filed by UBS AG. (Attachments: # 1 Appendix)(Stock, Eric) (Entered: 08/24/2017) |
| 08/24/2017 | 204 | DECLARATION of ERIC J. STOCK in Support re: 202 MOTION to Dismiss for Lack of Jurisdiction */ NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC,* |

| | | |
|---|---|---|
| | | *HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT FOR L. Document filed by UBS AG. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Stock, Eric) (Entered: 08/24/2017)* |
| 08/24/2017 | 205 | JOINT MOTION to Dismiss *The Third Amended Complaint*. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG.(Ruffino, Andrew) (Entered: 08/24/2017) |
| 08/24/2017 | 206 | JOINT MEMORANDUM OF LAW in Support re: 205 JOINT MOTION to Dismiss *The Third Amended Complaint*. . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG. (Ruffino, Andrew) (Entered: 08/24/2017) |
| 08/25/2017 | 207 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 25, 2017 re: extension to file a response to the Department of Justice's letter. Document filed by John Nypl.(Alioto, Joseph) (Entered: 08/25/2017) |
| 08/28/2017 | 208 | ENDORSED LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 08/25/2017 re: The Nypl Plaintiffs respectfully request the opportunity to respond to the Department of Justices three–page letter of August 23, 2017 until Monday, August 28, 2017. ENDORSEMENT: APPLICATION GRANTED. Plaintiffs' shall submit their opposition to the DOJ's August 23, 2017 letter by August 29, 2017. No reply or further opposition shall be permitted absent Court permission. (Signed by Judge Lorna G. Schofield on 08/28/2017) (jcs) (Entered: 08/28/2017) |
| 08/29/2017 | 209 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 29, 2017 re: August 23, 2017, Letter from the Department of Justice Seeking a Stay. Document filed by John Nypl.(Alioto, Joseph) (Entered: 08/29/2017) |
| 08/30/2017 | 210 | MOTION for Jamie A. Heine to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14073520. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Citibank, N.A., Citicorp, Citigroup, Inc.. (Attachments: # 1 CA Certificate of Good Standing, # 2 DC Certificate of Good Standing, # 3 Proposed Order, # 4 Affidavit of Jamie Heine)(Heine, Jamie) (Entered: 08/30/2017) |
| 08/30/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 210 MOTION for Jamie A. Heine to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14073520. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 08/30/2017) |
| 08/30/2017 | 211 | ORDER granting 210 Motion for Jamie A. Heine to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 08/30/2017) |
| 09/01/2017 | 212 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 9/1/17 re: Briefing Schedule. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 09/01/2017) |
| 09/01/2017 | 213 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 9/1/17 re: Revised Briefing Schedule. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 09/01/2017) |
| 09/05/2017 | 214 | NOTICE OF APPEARANCE by Tansy Woan on behalf of JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Woan, Tansy) (Entered: 09/05/2017) |

| 09/05/2017 | 215 | NOTICE OF APPEARANCE by Harry Peter Koulos on behalf of JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Koulos, Harry) (Entered: 09/05/2017) |
|---|---|---|
| 09/06/2017 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Status Conference held on 9/6/2017. (jcs) (Entered: 10/06/2017) |
| 09/07/2017 | 216 | ORDER: ORDERED that Defendants shall produce documents produced to plaintiffs in In re Foreign Exchange Benchmark Rates Antitrust Litigation, No. 13 Civ. 7789 ("FOREX") either in the course of the litigation or pursuant to their settlement agreements, except documents comprising trade data. ORDERED the Non−Foreign Defendants shall produce documents related to the retail transactions at issue in this case. ORDERED that Defendants' production of documents pursuant to this Order shall be subject to a protective order, substantially in the form entered in FOREX, as the parties may agree and submit to the Court for signing. ORDERED that by September 15, 2017, the parties shall file a letter with the proposed discovery schedule as to the FOREX and retail transaction documents, and the proposed scope of discovery as to the retail transaction documents. Upon receipt, a Case Management Plan will be issued. (Signed by Judge Lorna G. Schofield on 9/7/2017) (ap) (Entered: 09/07/2017) |
| 09/07/2017 | 217 | MEMO ENDORSEMENT on re: 213 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: APPLICATION GRANTED. The proposed briefing schedule for the motions to dismiss is accepted. ( Responses due by 10/27/2017, Replies due by 11/16/2017.) (Signed by Judge Lorna G. Schofield on 9/7/2017) (kgo) (Entered: 09/07/2017) |
| 09/08/2017 | 218 | MEMO ENDORSEMENT on re: (847 in 1:13−cv−07789−LGS) Letter filed by U.S. Department of Justice. ENDORSEMENT: APPLICATION GRANTED IN PART. Until December 8, 2017, depositions −− except 30(b)(6) depositions −− and interviews of former and current employees of the following Defendant banks are stayed: Citibank, JPMorgan Chase, Barclays, RBS, UBS, BNP Paribas and HSBC. Plaintiffs shall copy DOJ on any 30(b)(6) deposition notice at the time it is served on the deponent, so that DOJ may object to particular deposition topics that intrude on the ongoing investigations and trials. DOJ and Plaintiffs shall attempt to resolve any objection without Court intervention. DOJ shall advise Plaintiff on October 23, 2017, to what extent the limitations of this Order can be further narrowed to include fewer employees. The Clerk of Court is directed to docket this Order in the above captioned case and in Nypl v. JPMorgan Chase, 15 Civ. 9300 (LGS). (Signed by Judge Lorna G. Schofield on 9/8/2017) (anc) (Entered: 09/08/2017) |
| 09/14/2017 | 219 | LETTER addressed to Judge Lorna G. Schofield from Eric Stock dated September 14, 2017 re: clarification of Court Order dated September 7, 2017 (ECF No. 216). Document filed by UBS AG.(Stock, Eric) (Entered: 09/14/2017) |
| 09/14/2017 | 220 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 14, 2017 re: response to Foreign Defendants letter dated Setember 14, 2017 re: clarification of court order dated September 7, 2017. Document filed by John Nypl.(Alioto, Joseph) (Entered: 09/14/2017) |
| 09/15/2017 | 221 | MEMO ENDORSEMENT: on re: 219 Letter filed by UBS AG. ENDORSEMENT: APPLICATION DENIED. The Foreign Defendants shall produce documents produced to Plaintiffs in FOREX pursuant to an agreed upon schedule as provided in the Sept. 7, 2017 Order. (Signed by Judge Lorna G. Schofield on 9/15/2017) (ap) (Entered: 09/15/2017) |
| 09/15/2017 | 222 | JOINT LETTER addressed to Judge Lorna G. Schofield from All Parties dated September 15, 2017 re: this Court's September 7, 2017 Order (Dkt. 216). Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG.(Bershteyn, Boris) (Entered: 09/15/2017) |
| 09/18/2017 | 223 | TRANSCRIPT of Proceedings re: CONFERENCE held on 9/6/2017 before Judge Lorna G. Schofield. Court Reporter/Transcriber: Tara Jones, (212) 805−0300. |

| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/10/2017. Redacted Transcript Deadline set for 10/19/2017. Release of Transcript Restriction set for 12/18/2017.(McGuirk, Kelly) (Entered: 09/18/2017) |
|---|---|---|
| 09/18/2017 | 224 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 9/6/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 09/18/2017) |
| 09/18/2017 | 225 | STIPULATION OF DISMISSAL: Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, plaintiffs John Nypl, Lisa McCarthy, Mad Travel Inc., A.K.A. Travel Leaders, Valarie Jolly, Go Everywhere, Inc., William Rubinsohn, doing business as Rubinsonohn Travel ("Plaintiffs") and defendant HSBC Finance Corporation hereby stipulate to the dismissal of all claims against HSBC Finance Corporation in the above–captioned action. This Stipulation of Dismissal shall not apply to any other defendant in the action. So Ordered., Motions terminated: 199 MOTION to Dismiss *Third Amended Complaint*. filed by HSBC Finance Corporation., (HSBC Finance Corporation terminated.) (Signed by Judge Lorna G. Schofield on 9/15/17) (yv) (Entered: 09/18/2017) |
| 09/20/2017 | 226 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 9/20/17 re: Plaintiffs' Revision to Joint Letter ECF No. 222. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 09/20/2017) |
| 09/21/2017 | 227 | MEMO ENDORSEMENT on re: 222 JOINT LETTER addressed to Judge Lorna G. Schofield from All Parties dated September 15, 2017 re: This Court's September 7, 2017 Order (Dkt. 216). Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Bar clays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG. ENDORSEMENT: Having reviewed the letter below, the Court's September 7, 2017, Order is modified as follows with reference to the numbered paragraphs below. 1. So Ordered. 2. Plaintiffs' position is construed as a motion for approval of a protective order including their proposed language, and if granted, a motion to vacate the same. Both applications are denied. If submitted by the parties, the Court will "so order" a protective order in the form approved in FOREX (changing the caption and parties' names). Defendants' obligation to produce FOREX documents is conditioned on entry of such an order. 3. Defendants' position is accepted. 4. Defendants' position is accepted. 5. Defendants' position is accepted, except that they shall make a rolling production which shall be substantially complete no later than 3 months after agreement on the scope. So ordered. (Signed by Judge Lorna G. Schofield on 9/21/2017) (rjm) (Entered: 09/21/2017) |
| 09/21/2017 | 228 | JOINT LETTER addressed to Judge Lorna G. Schofield from All Defendants dated September 21, 2017 re: Response to Plaintiffs' September 20, 2017 Letter. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG.(Bershteyn, Boris) (Entered: 09/21/2017) |
| 09/22/2017 | 229 | MEMO ENDORSEMENT on re: 226 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: Application DENIED as moot and premature for substantially the reasons stated in Defendants' letter dated September 21, 2017. (Signed by Judge Lorna G. Schofield on 9/22/2017) (kgo) (Entered: 09/22/2017) |

| | | |
|---|---|---|
| 09/26/2017 | 230 | MOTION for John V. Coghlan to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14173433. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A –– Certificates of Good Standing in Support, # 2 Affidavit in Support, # 3 Text of Proposed Order)(Coghlan, John) (Entered: 09/26/2017) |
| 09/27/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 230 MOTION for John V. Coghlan to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14173433. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 09/27/2017) |
| 09/27/2017 | 231 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). All fact discovery shall be completed no later than 14 days of the Court's entry of a protective order, pursuant to the Order dated September 21, 2017 (Dkt. No. 227). The scope of the fact discovery shall be limited as provided in the Order dated September 7, 2017. This case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is: Plaintiffs' Position: 3 weeks. Defendants' Position: It is too soon to determine the anticipated trial length. The parties shall comply with the following briefing schedule, as provided in the Order dated September 7, 2017 (Dkt. No. 217): As to Defendants' Joint Motion to Dismiss the Third Amended Complaint ("TAC") –– Plaintiffs shall file their opposition by September 29, 2017. Defendants shall file their joint reply by October 16, 2017. As to Foreign Defendants' Motion to Dismiss the TAC –– Plaintiffs shall file their opposition by October 27, 2017. Defendants shall file their joint reply by November 16, 2017, and as further set forth in this order. Responses due by 10/27/2017. Replies due by 11/16/2017. (Signed by Judge Lorna G. Schofield on 9/27/2017) (ap) (Entered: 09/27/2017) |
| 09/29/2017 | 232 | MEMORANDUM OF LAW in Opposition re: 205 JOINT MOTION to Dismiss *The Third Amended Complaint*. . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 09/29/2017) |
| 10/02/2017 | 233 | ORDER granting 230 Motion for John V. Coghlan to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 10/02/2017) |
| 10/10/2017 | 234 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Jamie Lynne Miller to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14225205. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by John Nypl. (Attachments: # 1 Exhibit Exhibit A, # 2 Text of Proposed Order)(Miller, Jamie) Modified on 10/11/2017 (bcu). (Entered: 10/10/2017) |
| 10/11/2017 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 234 MOTION for Jamie Lynne Miller to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208–14225205. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of California; Attorney Affidavit/Declaration missing. Please Read Local Rule 1.3.;. Re–file the motion as a Corrected Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (bcu)** (Entered: 10/11/2017) |
| 10/16/2017 | 235 | REPLY MEMORANDUM OF LAW in Support re: 205 JOINT MOTION to Dismiss *The Third Amended Complaint*. . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG. (Ruffino, Andrew) (Entered: 10/16/2017) |
| 10/16/2017 | 236 | LETTER MOTION for Oral Argument *on Defendants' Motions to Dismiss the Third Amended Complaint* addressed to Judge Lorna G. Schofield from Andrew A. Ruffino dated October 16, 2017. Document filed by Citibank, N.A., Citicorp, Citigroup, |

| | | Inc..(Ruffino, Andrew) (Entered: 10/16/2017) |
|---|---|---|
| 10/19/2017 | 237 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 10/19/17 re: Request for Excess Pages. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 10/19/2017) |
| 10/20/2017 | 238 | MEMO ENDORSEMENT on re: 237 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: Application GRANTED. (Signed by Judge Lorna G. Schofield on 10/20/2017) (kgo) (Entered: 10/23/2017) |
| 10/25/2017 | 239 | MOTION for Jamie Lynne Miller to Appear Pro Hac Vice *CORRECTED*. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by John Nypl. (Attachments: # 1 CA Supreme Court Certificate of Good Standing, # 2 CA State Bar Certificate of Good Standing, # 3 Text of Proposed Order, # 4 Affidavit of Jamie Lynne Miller)(Miller, Jamie) (Entered: 10/25/2017) |
| 10/25/2017 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 239 MOTION for Jamie Lynne Miller to Appear Pro Hac Vice *CORRECTED*. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 10/25/2017) |
| 10/27/2017 | 240 | MEMORANDUM OF LAW in Opposition re: 202 MOTION to Dismiss for Lack of Jurisdiction */ NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT FOR L . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 10/27/2017)* |
| 10/27/2017 | 241 | DECLARATION of Lingel H. Winters in Opposition re: 202 MOTION to Dismiss for Lack of Jurisdiction */ NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT FOR L. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit A–C, # 2 Exhibit D–1, # 3 Exhibit D–2, # 4 Exhibit E–F, # 5 Exhibit L–O)(Winters, Lingel) (Entered: 10/27/2017)* |
| 10/31/2017 | 242 | ORDER granting 239 Motion for Jamie Lynne Miller to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (Schofield, Lorna) (Entered: 10/31/2017) |
| 11/02/2017 | 243 | LETTER MOTION for Leave to File Excess Pages addressed to Judge Lorna G. Schofield from Eric J. Stock dated November 2, 2017. Document filed by UBS AG.(Stock, Eric) (Entered: 11/02/2017) |
| 11/03/2017 | 244 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated November 3, 2017 re: Status Report. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, William Rubinsohn.(Winters, Lingel) (Entered: 11/03/2017) |
| 11/03/2017 | 245 | JOINT LETTER addressed to Judge Lorna G. Schofield from All Parties dated November 3, 2017 re: Status of action. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG.(Bershteyn, Boris) (Entered: 11/03/2017) |
| 11/06/2017 | 246 | ORDER granting 243 Letter Motion for Leave to File Excess Pages. APPLICATION GRANTED. (Signed by Judge Lorna G. Schofield on 11/6/2017) (mro) (Entered: 11/06/2017) |
| 11/07/2017 | 247 | MEMO ENDORSEMENT on re: 245 JOINT LETTER addressed to Judge Lorna G. Schofield from All Parties dated November 3, 2017 re: Status of action. Document |

| | | |
|---|---|---|
| | | filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, C itigroup, Inc., HSBC Bank (USA), N.A., HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG. ENDORSEMENT: The parties shall re–submit the executed Stipulated and Proposed Order of Confidentiality in accordance with Rule 18.2 of the Electronic Case Filing Rules and Instructions, and CC Chambers as soon as possible, no later than November 10, 2017. (Signed by Judge Lorna G. Schofield on 11/7/2017) (rjm) (Entered: 11/08/2017) |
| 11/10/2017 | 248 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 11/10/17 re: Clarification on Scope of Plaintiffs' Production and Extension of Time. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 11/10/2017) |
| 11/13/2017 | 249 | STIPULATION AND ORDER OF CONFIDENTIALITY...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Lorna G. Schofield on 11/13/2017) (kgo) Modified on 11/13/2017 (kgo). (Entered: 11/13/2017) |
| 11/13/2017 | 250 | LETTER addressed to Judge Lorna G. Schofield from Defendants JPMorgan Chase & Co.; JPMorgan Chase Bank, N.A.; Bank of America Corporation; Bank of America, N.A.; Citicorp; Citigroup Inc.; Citibank, N.A.; HSBC Bank USA, N.A.; HSBC North America Holdings, Inc.; and Barclays Capital Inc ( dated November 13, 2017 re: response to Plaintiffs' November 10, 2017 letter. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A..(Bershteyn, Boris) (Entered: 11/13/2017) |
| 11/14/2017 | 251 | MEMO ENDORSEMENT on re: 248 Letter regarding Clarification on Scope of Plaintiffs' Production and Extension of Time, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application DENIED as premature for substantially the reasons stated in Defendant' letter dated November 13, 2017. (Signed by Judge Lorna G. Schofield on 11/14/2017) (rj) (Entered: 11/14/2017) |
| 11/16/2017 | 252 | REPLY MEMORANDUM OF LAW in Support re: 202 MOTION to Dismiss for Lack of Jurisdiction *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT FOR L . Document filed by UBS AG. (Stock, Eric) (Entered: 11/16/2017)* |
| 11/16/2017 | 253 | LETTER addressed to Judge Lorna G. Schofield from Eric J. Stock dated November 16, 2017 re: request for oral argument. Document filed by UBS AG.(Stock, Eric) (Entered: 11/16/2017) |
| 11/16/2017 | 254 | DECLARATION of Matthew A. Schwartz in Support re: 202 MOTION to Dismiss for Lack of Jurisdiction *NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT FOR L. Document filed by Barclays PLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Schwartz, Matthew) (Entered: 11/16/2017)* |
| 11/22/2017 | 255 | LETTER MOTION for Conference addressed to Judge Lorna G. Schofield from Matthew A. Schwartz dated 11/22/2017. Document filed by Barclays PLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Schwartz, Matthew) (Entered: 11/22/2017) |
| 11/27/2017 | 256 | ORDER granting in part and denying in part 255 Letter Motion for Conference. Application GRANTED in part. A telephone conference shall be held on December 6, 2017, at 3:30 p.m. to discuss the deposition notices. Telephone Conference set for 12/6/2017 at 03:30 PM before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 11/27/2017) (kgo) (Entered: 11/27/2017) |

| | | |
|---|---|---|
| 11/28/2017 | 257 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 28, 2017 re: Request leave of Court to respond to the Defendants' letter dated November 22, 2017. Document filed by John Nypl.(Alioto, Joseph) (Entered: 11/28/2017) |
| 11/29/2017 | 258 | MEMO ENDORSEMENT: on re: 257 Letter filed by John Nypl. ENDORSEMENT: APPLICATION GRANTED. (Signed by Judge Lorna G. Schofield on 11/29/2017) (ap) (Entered: 11/29/2017) |
| 12/01/2017 | 259 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated December 1, 2017 re: Response to Defendants' 11/22/2017 letter. Document filed by John Nypl.(Alioto, Joseph) (Entered: 12/01/2017) |
| 12/06/2017 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Telephone Conference held on 12/6/2017. (jcs) (Entered: 12/14/2017) |
| 12/07/2017 | 260 | ORDER: WHEREAS, a telephone conference was held before the Court on December 6, 2017. For the reasons stated in the conference, it is hereby ORDERED that Defendants' application to quash the deposition notices served by Plaintiffs is GRANTED without prejudice to Plaintiffs' renewing their notices after the DOJ discovery stay is lifted. (Signed by Judge Lorna G. Schofield on 12/7/2017) (kgo) (Entered: 12/07/2017) |
| 12/08/2017 | 261 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated December 8, 2017 re: Request leave of Court to file an objection to the DOJ request of a three–month extension of the stay of the depositions. Document filed by John Nypl.(Alioto, Joseph) (Entered: 12/08/2017) |
| 12/08/2017 | 262 | LETTER addressed to Judge Lorna G. Schofield from Benjamin Sirota dated December 8, 2017 re: Discovery Stay Extension. Document filed by Department of Justice (DOJ).(Sirota, Benjamin) (Entered: 12/08/2017) |
| 12/11/2017 | 263 | MEMO ENDORSEMENT on re: (261 in 1:15–cv–09300–LGS) Letter, filed by John Nypl. ENDORSEMENT: Application GRANTED. Plaintiffs may file their objection by December 12, 2017. (Signed by Judge Lorna G. Schofield on 12/11/2017) (kgo) (Entered: 12/11/2017) |
| 12/12/2017 | 264 | TRANSCRIPT of Proceedings re: CONFERENCE held on 12/6/2017 before Judge Lorna G. Schofield. Court Reporter/Transcriber: Paula Speer, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/2/2018. Redacted Transcript Deadline set for 1/12/2018. Release of Transcript Restriction set for 3/12/2018.(McGuirk, Kelly) (Entered: 12/12/2017) |
| 12/12/2017 | 265 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 12/6/17 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 12/12/2017) |
| 12/12/2017 | 266 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated December 12, 2017 re: Discovery Stay. Document filed by John Nypl.(Alioto, Joseph) (Entered: 12/12/2017) |
| 12/13/2017 | 267 | MEMO ENDORSEMENT: on re: (266 in 1:15–cv–09300–LGS) Letter filed by John Nypl. ENDORSEMENT: The Department of Justice shall respond by December 18, 2017 in a letter not to exceed three pages. (Signed by Judge Lorna G. Schofield on 12/13/2017) (ama) (Entered: 12/14/2017) |
| 12/18/2017 | 268 | FIRST LETTER addressed to Judge Lorna G. Schofield from Benjamin Sirota dated December 18, 2017 re: Reply to Nypl Plaintiffs re Discovery Stay Extension. Document filed by Department of Justice (DOJ).(Sirota, Benjamin) (Entered: 12/18/2017) |

| 12/19/2017 | 269 | MEMO ENDORSEMENT: on re: (911 in 1:13−cv−07789−LGS) Letter filed by U.S. Department of Justice, (268 in 1:15−cv−09300−LGS) Letter filed by Department of Justice (DOJ). ENDORSEMENT: For the reasons stated in this letter, Nypl Plaintiffs' objection to the DOJ's request for a three month−extension of the discovery stay in the above−mentioned matters (15 Civ. 9300, Dkt. 266) is OVERRULLED. The DOJ's application regarding the same (13 Civ. 7789, Dkt. 908) is GRANTED. The discovery stay is extended until March 8, 2018. (Signed by Judge Lorna G. Schofield on 12/19/2017) (ap) Modified on 2/14/2018 (ap). (Entered: 12/19/2017) |
|---|---|---|
| 01/18/2018 | 270 | JOINT LETTER addressed to Judge Lorna G. Schofield from All Parties dated January 18, 2018 re: Status of action. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Holdings p.l.c., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG.(Bershteyn, Boris) (Entered: 01/18/2018) |
| 01/23/2018 | 271 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 1/23/18 re: Discovery Disputes. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Affidavit, # 2 Exhibit A−1, # 3 Exhibit A−2, # 4 Exhibit A−3, # 5 Exhibit A−4, # 6 Exhibit A−5, # 7 Exhibit B, # 8 Exhibit C, # 9 Exhibit D, # 10 Exhibit E, # 11 Exhibit F)(Winters, Lingel) (Entered: 01/23/2018) |
| 01/24/2018 | 272 | MEMO ENDORSEMENT on re: 271 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: Defendants shall file a responsive letter by January 30, 2018. No reply shall be filed. (Signed by Judge Lorna G. Schofield on 1/24/2018) (kgo) (Entered: 01/24/2018) |
| 01/30/2018 | 273 | LETTER addressed to Judge Lorna G. Schofield from Richard F. Schwed dated January 30, 2018 re: Opposition to Plaintiffs' Discovery Letter. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A..(Schwed, Richard) (Entered: 01/30/2018) |
| 01/31/2018 | 274 | MEMO ENDORSEMENT: on re: 273 Letter filed by Bank of America Corporation, Citibank, N.A., JPMorgan Chase Bank, N.A., JP Morgan Chase & Co., Barclays PLC, Citicorp, HSBC North American Holdings Inc., Bank of America, N.A., HSBC Bank (USA), N.A., Barclays Capital, Inc., Citigroup, Inc. ENDORSEMENT: A telephone conference will be held on February 7, 2018, at 11:10 a.m. to discuss these issues., ( Telephone Conference set for 2/7/2018 at 11:10 AM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 1/31/2018) (ama) (Entered: 02/01/2018) |
| 02/05/2018 | 275 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated February 5, 2018 re: re−schedule telephone conference set for Wednesday, February 7, 2018, at 11:10 a.m. EST. Document filed by John Nypl.(Alioto, Joseph) (Entered: 02/05/2018) |
| 02/06/2018 | 276 | MEMO ENDORSEMENT on re: 275 LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated February 5, 2018 re: re−schedule telephone conference set for Wednesday, February 7, 2018, at 11:10 a.m. EST. Document filed by John Nypl. ENDORSEMENT: Application GRANTED. The telephone conference is adjourned to February 14, 2018, at 11 a.m. So ordered. (Telephone Conference set for 2/14/2018 at 11:00 AM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 2/6/2018) (rjm) (Entered: 02/06/2018) |
| 02/08/2018 | 277 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 2/8/18 re: Leave of Court to File Objections. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 02/08/2018) |
| 02/09/2018 | 278 | NOTICE OF APPEARANCE by Alyssa Beaver Gomez on behalf of Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc. (Gomez, Alyssa) (Entered: 02/09/2018) |

| 02/12/2018 | 279 | MEMO ENDORSEMENT on re: 277 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: Defendants may file a response not exceeding two pages by February 13, 2018, at noon. This issue will be addressed at the February 14, 2018, conference. (Signed by Judge Lorna G. Schofield on 2/12/2018) (kgo) (Entered: 02/12/2018) |
|---|---|---|
| 02/12/2018 | 280 | ORDER: It is hereby ORDERED that the proceeding in this matter, previously scheduled for February 14, 2018 at 11:00 a.m., shall be adjourned to February 14, 2018 at 11:30 a.m., due to a scheduling conflict. Telephone Conference set for 2/14/2018 at 11:30 AM before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 2/12/2018) (kgo) (Entered: 02/12/2018) |
| 02/13/2018 | 281 | JOINT LETTER addressed to Judge Lorna G. Schofield from Richard F. Schwed dated February 13, 2018 re: Response to Plaintiffs' Letter dated February 8, 2018. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A..(Schwed, Richard) (Entered: 02/13/2018) |
| 02/14/2018 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Telephone Conference held on 2/14/2018. (jcs) (Entered: 02/15/2018) |
| 02/14/2018 | 282 | ORDER: It is hereby ORDERED that Plaintiffs shall file a letter motion by February 28, 2018, explaining the basis for their position that the term "foreign currency retail transactions" in this case should include transactions other than those involving foreign currency purchased with U.S. Dollars and physically received at Defendants' retail branches within the United States, including credit and debit card transactions and ATM cash withdrawals abroad; or, in the alternative, seeking leave to amend the Third Amended Complaint to include such transactions. Defendants shall file their opposing letter by March 14, 2018. The letters shall not exceed five pages, and no reply shall be filed. Motions due by 2/28/2018. Responses due by 3/14/2018 (Signed by Judge Lorna G. Schofield on 2/14/2018) (kgo) (Entered: 02/15/2018) |
| 02/15/2018 | 283 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 2–15–18 re: Extension of Time. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 02/15/2018) |
| 02/16/2018 | 284 | MEMO ENDORSEMENT on re: 283 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED. The deadline for Plaintiffs' motion is extended to March 7, 2018, and the deadline for Defendants' response is extended to March 28, 2018. (Motions due by 3/7/2018. Responses due by 3/28/2018.) (Signed by Judge Lorna G. Schofield on 2/16/2018) (ras) (Entered: 02/16/2018) |
| 02/27/2018 | 285 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 2/27/18 re: Request for Extra Page Limit. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 02/27/2018) |
| 02/28/2018 | 286 | MEMO ENDORSEMENT on re: 285 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED. The page limit for both parties' letters is expanded to six pages. (Signed by Judge Lorna G. Schofield on 2/28/2018) (cf) (Entered: 02/28/2018) |
| 03/07/2018 | 287 | MOTION for Leave to File Proposed Fourth Amended Complaint . Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 03/07/2018) |
| 03/07/2018 | 288 | MEMORANDUM OF LAW in Support re: 287 MOTION for Leave to File Proposed Fourth Amended Complaint . . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 03/07/2018) |
| 03/07/2018 | 289 | DECLARATION of Lingel H. Winters in Support re: 287 MOTION for Leave to File Proposed Fourth Amended Complaint .. Document filed by Go Everywhere, Inc., |

| | | |
|---|---|---|
| | | Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit H–1 to H–2, # 2 Exhibit I to I–1, # 3 Exhibit J, # 4 Exhibit K, # 5 Exhibit L to L–1, # 6 Exhibit M to M–1, # 7 Exhibit N, # 8 Exhibit N–1, # 9 Exhibit O to O–1, # 10 Exhibit P to P–2, # 11 Exhibit Q, # 12 Exhibit R, # 13 Exhibit S)(Winters, Lingel) (Entered: 03/07/2018) |
| 03/07/2018 | 290 | DECLARATION of Lingel H. Winters in Support re: 287 MOTION for Leave to File Proposed Fourth Amended Complaint .. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Proposed 4th Amended Complaint, # 2 Exhibit A–1 to Proposed 4th Amended Complaint, # 3 Exhibit A–2 to Proposed 4th Amended Complaint, # 4 Exhibit A–3 to Proposed 4th Amended Complaint, # 5 Exhibit A–4 to Proposed 4th Amended Complaint, # 6 Exhibit A–5a to Proposed 4th Amended Complaint, # 7 Exhibit A–5b to Proposed 4th Amended Complaint, # 8 Exhibit A–6 to Proposed 4th Amended Complaint, # 9 Exhibit B–1 to Proposed 4th Amended Complaint, # 10 Exhibit B–2 to Proposed 4th Amended Complaint, # 11 Exhibit B–3 to Proposed 4th Amended Complaint, # 12 Exhibit B–4 to Proposed 4th Amended Complaint, # 13 Exhibit B–5 to Proposed 4th Amended Complaint, # 14 Exhibit B–6 to Proposed 4th Amended Complaint, # 15 Exhibit C–1 to Proposed 4th Amended Complaint, # 16 Exhibit C–2 to Proposed 4th Amended Complaint, # 17 Exhibit C–3 to Proposed 4th Amended Complaint, # 18 Exhibit C–4 to Proposed 4th Amended Complaint, # 19 Exhibit C–5 to Proposed 4th Amended Complaint, # 20 Exhibit C–6 to Proposed 4th Amended Complaint, # 21 Exhibit D–1 to Proposed 4th Amended Complaint, # 22 Exhibit D–2 to Proposed 4th Amended Complaint, # 23 Exhibit D–3 to Proposed 4th Amended Complaint, # 24 Exhibit E–1 to Proposed 4th Amended Complaint, # 25 Exhibit E–2a to Proposed 4th Amended Complaint, # 26 Exhibit E–2b to Proposed 4th Amended Complaint, # 27 Exhibit E–3 to Proposed 4th Amended Complaint, # 28 Exhibit E–4 to Proposed 4th Amended Complaint, # 29 Exhibit F to Proposed 4th Amended Complaint, # 30 Exhibit F–1 to Proposed 4th Amended Complaint, # 31 Exhibit G to Proposed 4th Amended Complaint, # 32 Exhibit H–1 to H–2 to Proposed 4th Amended Complaint, # 33 Exhibit I to I–1 to Proposed 4th Amended Complaint, # 34 Exhibit J to Proposed 4th Amended Complaint, # 35 Exhibit K to Proposed 4th Amended Complaint, # 36 Exhibit L to L–1 to Proposed 4th Amended Complaint, # 37 Exhibit M to M–1 to Proposed 4th Amended Complaint, # 38 Exhibit N to Proposed 4th Amended Complaint, # 39 Exhibit N–1 to Proposed 4th Amended Complaint, # 40 Exhibit O to O–1 to Proposed 4th Amended Complaint, # 41 Exhibit P to P–2 to Proposed 4th Amended Complaint, # 42 Exhibit Q to Proposed 4th Amended Complaint, # 43 Exhibit R to Proposed 4th Amended Complaint, # 44 Exhibit S to Proposed 4th Amended Complaint)(Winters, Lingel) (Entered: 03/07/2018) |
| 03/07/2018 | 291 | DECLARATION of Carl S. Saba in Support re: 287 MOTION for Leave to File Proposed Fourth Amended Complaint .. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 03/07/2018) |
| 03/12/2018 | 292 | LETTER addressed to Judge Lorna G. Schofield from Benjamin Sirota dated March 12, 2018 re: Discovery Stay Extension. Document filed by Department of Justice (DOJ).(Sirota, Benjamin) (Entered: 03/12/2018) |
| 03/12/2018 | 293 | OPINION AND ORDER: For the foregoing reasons, Defendants motion to dismiss the TAC in its entirety is DENIED. Their motion to limit the time period for Plaintiffs claims is GRANTED in part such that claims extending after December 31, 2013, are DISMISSED. Defendants motion to certify this Order for interlocutory appeal is DENIED. The motion for oral argument is DENIED as moot.The Clerk of Court is respectfully directed to close the motions at Docket Nos. 205 and 236. (Signed by Judge Lorna G. Schofield on 03/12/2018) (jcs) (Entered: 03/12/2018) |
| 03/13/2018 | 294 | MEMO ENDORSEMENT: on re: (292 in 1:15–cv–09300–LGS) Letter filed by Department of Justice (DOJ). ENDORSEMENT: Nypl Plaintiffs may file a letter stating their objections by March 16, 2018. (Docketed in 13cv7789 and 15cv9300) (Signed by Judge Lorna G. Schofield on 3/13/2018) (ap) (Entered: 03/13/2018) |
| 03/14/2018 | 295 | LETTER addressed to Judge Lorna G. Schofield from Eric J. Stock, Matthew A. Schwartz, Gregory T. Casamento and Joel M. Cohen dated March 14, 2018 re: submission of decision for review. Document filed by UBS AG. (Attachments: # 1 |

| | | Appendix)(Stock, Eric) (Entered: 03/14/2018) |
|---|---|---|
| 03/16/2018 | 296 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated March 16, 2018 re: Objection to DOJ Discovery Stay Extension. Document filed by John Nypl.(Alioto, Joseph) (Entered: 03/16/2018) |
| 03/19/2018 | 297 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 3–19–18 re: Extension of Time. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 03/19/2018) |
| 03/19/2018 | 298 | MEMO ENDORSEMENT on re: (990 in 1:13–cv–07789–LGS) Letter filed by U.S. Department of Justice, (292 in 1:15–cv–09300–LGS) Letter filed by Department of Justice (DOJ). ENDORSEMENT: Application GRANTED. The discovery stay is extended until June 8, 2018. For the reasons stated in this letter and in the ex parte affidavit emailed to the Court on March 12, 2018, Nypl Plaintiffs' objection regarding this request (15 Civ. 9300, Dkt. 296) is OVERRULED. (Signed by Judge Lorna G. Schofield on 3/19/2018) (kgo) (Entered: 03/20/2018) |
| 03/20/2018 | 299 | MEMO ENDORSEMENT on re: 297 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application DENIED. The Court is aware of Charles Schwab v. Bank of America Corp. and did not consider Foreign Defendants' letter regarding the case. Thus, no response is needed. An opinion will issue shortly. (Signed by Judge Lorna G. Schofield on 3/20/2018) (kgo) (Entered: 03/20/2018) |
| 03/22/2018 | 300 | MEMORANDUM AND OPINION re: 202 MOTION to Dismiss for Lack of Jurisdiction NOTICE OF MOTION OF DEFENDANTS BARCLAYS PLC, HSBC HOLDINGS PLC, ROYAL BANK OF SCOTLAND GROUP PLC AND THE ROYAL BANK OF SCOTLAND PLC, AND UBS AG TO DISMISS THE THIRD AMENDED CLASS ACTION COMPLAINT FOR L filed by UBS AG. As Plaintiffs have not made a prima facie showing of personal jurisdiction over these two holding companies, Plaintiffs' claims against HSBC Holdings plc or RBS Group plc are dismissed. For the foregoing reasons, (i) the motions of BPLC, RBS plc and UBS AG to dismiss for lack of personal jurisdiction are DENIED; and (ii) the motions of HSBC Holdings plc and RBS Group plc to dismiss for lack of personal jurisdiction are GRANTED. The Clerk of Court is respectfully directed to close the motion at Docket No. 202. (Signed by Judge Lorna G. Schofield on 3/22/2018) (ras) (Entered: 03/22/2018) |
| 03/28/2018 | 301 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Richard F. Schwed dated March 28, 2018 re: 287 MOTION for Leave to File Proposed Fourth Amended Complaint . . Document filed by Bank of America, N.A., Bank of America Corporation. (Schwed, Richard) (Entered: 03/28/2018) |
| 03/30/2018 | 302 | TRANSCRIPT of Proceedings re: CONFERENCE held on 2/14/2018 before Judge Lorna G. Schofield. Court Reporter/Transcriber: Thomas Murray, (212) 805–0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/20/2018. Redacted Transcript Deadline set for 4/30/2018. Release of Transcript Restriction set for 6/28/2018.(McGuirk, Kelly) (Entered: 03/30/2018) |
| 03/30/2018 | 303 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERNECE proceeding held on 2/14/18 has been filed by the court reporter/transcriber in the above–captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 03/30/2018) |
| 04/04/2018 | 304 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 4/4/18 re: Visa v Osborn. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 04/04/2018) |

| 04/19/2018 | 305 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated April 19, 2018 re: Deposition of Joseph Landes. Document filed by John Nypl. (Attachments: # 1 Exhibit Notice of Deposition of Joseph Landes)(Alioto, Joseph) (Entered: 04/19/2018) |
|---|---|---|
| 04/26/2018 | 306 | MEMO ENDORSEMENT on re: 305 Letter filed by John Nypl. ENDORSEMENT: Nypl Plaintiffs' counsel's attendance and participation at Mr. Landes's deposition is approved. (Deposition due by 5/1/2018.) (Signed by Judge Lorna G. Schofield on 4/26/2018) (cf) (Entered: 04/26/2018) |
| 05/08/2018 | 307 | NOTICE OF RECENT DECISION. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 05/08/2018) |
| 05/22/2018 | 308 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 5/22/18 re: Conference Line for 5–23–18. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 05/22/2018) |
| 05/22/2018 | 309 | MEMO ENDORSEMENT: on re: (1060 in 1:13–cv–07789–LGS) Letter filed by John Nypl, (308 in 1:15–cv–09300–LGS) Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Nypl plaintiffs' counsel may call Chambers at (212) 805–0288 at the appointed date and time, and identify themselves to be connected to the hearing. (Docketed in 13cv7789 and 15cv9300) (Signed by Judge Lorna G. Schofield on 5/22/2018) (ap) (Entered: 05/22/2018) |
| 05/29/2018 | 310 | NOTICE OF APPEARANCE by Maude Paquin on behalf of Royal Bank of Scotland, plc. (Paquin, Maude) (Entered: 05/29/2018) |
| 06/05/2018 | 311 | LETTER addressed to Judge Lorna G. Schofield from Benjamin Sirota dated June 5, 2018 re: Discovery Stay Extension. Document filed by Department of Justice (DOJ).(Sirota, Benjamin) (Entered: 06/05/2018) |
| 06/06/2018 | 312 | MEMO ENDORSEMENT on re: (1069 in 1:13–cv–07789–LGS) Letter filed by U.S. Department of Justice, (311 in 1:15–cv–09300–LGS) Letter filed by Department of Justice (DOJ). ENDORSEMENT: Nypl Plaintiffs shall file a letter in opposition not to exceed two pages by June 12, 2018. (Signed by Judge Lorna G. Schofield on 6/6/2018) (kgo) (Entered: 06/06/2018) |
| 06/08/2018 | 313 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated June 8, 2018 re: Courtesy Copy. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 06/08/2018) |
| 06/11/2018 | 314 | MEMO ENDORSEMENT on re: 313 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: Courtesy copies are invited, and, with the Court's appreciation, Plaintiffs shall submit them by June 15, 2018. (Signed by Judge Lorna G. Schofield on 6/11/2018) (kgo) (Entered: 06/11/2018) |
| 06/12/2018 | 315 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 12, 2018 re: opposition to DOJ's June 5, 2018, request for a five month discovery stay extension. Document filed by John Nypl.(Alioto, Joseph) (Entered: 06/12/2018) |
| 06/13/2018 | 316 | LETTER addressed to Judge Lorna G. Schofield from Benjamin Sirota dated June 13, 2018 re: Discovery Stay Extension. Document filed by Department of Justice (DOJ).(Sirota, Benjamin) (Entered: 06/13/2018) |
| 06/13/2018 | 317 | MEMO ENDORSEMENT on re: (315 in 1:15–cv–09300–LGS) Letter filed by John Nypl. ENDORSEMENT: The discovery stay is extended by three months, to September 13, 2018. The DOJ may apply for an extension at that time if the stay continues to be necessary. The Clerk of Court is directed to docket this Order in Case Nos. 13 Civ. 7789 and 15 Civ. 9300. (Signed by Judge Lorna G. Schofield on 6/13/2018) (ama) (Entered: 06/13/2018) |
| 06/14/2018 | 318 | MEMO ENDORSEMENT on re: (316 in 1:15–cv–09300–LGS) Letter filed by Department of Justice (DOJ). ENDORSEMENT: The Court clarifies that the discovery |

| | | |
|---|---|---|
| | | stay in place applies to depositions of cooperating witnesses who have pled guilty. (Signed by Judge Lorna G. Schofield on 6/14/2018) (kgo) (Entered: 06/14/2018) |
| 06/20/2018 | 319 | MEMO ENDORSEMENT on 301 LETTER RESPONSE denying 287 Letter Motion for Leave to File Document. ENDORSEMENT: For substantially the reasons stated in this letter, Plaintiffs' position concerning the meaning of the term "foreign currency retail transactions" in the TAC is rejected, and Plaintiffs' motion for leave to amend is DENIED. The Clerk of Court is respectfully directed to close the motion at Docket No. 287. (Signed by Judge Lorna G. Schofield on 6/20/2018) (kgo) (Entered: 06/20/2018) |
| 06/27/2018 | 320 | LETTER MOTION for Leave to File Request for Clarification as to whether to proceed under the Court's Rule III.A.2 or a motion for reconsideration addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel H. Winters dated June 26, 2018. Document filed by John Nypl.(Alioto, Joseph) (Entered: 06/27/2018) |
| 06/27/2018 | 321 | ORDER granting 320 Letter Motion for Leave to File Document. Plaintiff may file a letter motion for reconsideration not to exceed five pages by July 18, 2018. (Signed by Judge Lorna G. Schofield on 6/27/2018) (kgo) (Entered: 06/27/2018) |
| 06/27/2018 | | Set/Reset Deadlines: Motions due by 7/18/2018. (kgo) (Entered: 06/27/2018) |
| 06/29/2018 | 322 | NOTICE OF APPEARANCE by Paul Steel Mishkin on behalf of Royal Bank of Scotland, plc. (Mishkin, Paul) (Entered: 06/29/2018) |
| 06/29/2018 | 323 | LETTER addressed to Judge Lorna G. Schofield from Joel Cohen dated June 29, 2018 re: Withdraw as Counsel of Record. Document filed by Royal Bank of Scotland, plc.(Cohen, Joel) (Entered: 06/29/2018) |
| 07/02/2018 | 324 | MEMO ENDORSEMENT on re: 323 Letter filed by Royal Bank of Scotland, plc. ENDORSEMENT: SO ORDERED. Attorney Joel M. Cohen terminated. (Signed by Judge Lorna G. Schofield on 7/2/2018) (cf) (Entered: 07/02/2018) |
| 07/03/2018 | 325 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 3, 2018 re: Correspondence to Judge Failla re Sentencing of Jason Katz. Document filed by John Nypl.(Alioto, Joseph) (Entered: 07/03/2018) |
| 07/11/2018 | 326 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 7/11/18 re: Request for Extension of Time and Increased Page Limit. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 07/11/2018) |
| 07/12/2018 | 327 | MEMO ENDORSEMENT: on re: 326 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application Granted., ( Motions due by 7/20/2018.) (Signed by Judge Lorna G. Schofield on 7/12/2018) (ama) (Entered: 07/12/2018) |
| 07/20/2018 | 328 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 7/20/18 re: Motion for Reconsideration. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 07/20/2018) |
| 07/20/2018 | 329 | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU (SEE DOCUMENT #333)** – LETTER MOTION for Leave to File Motion for Reconsideration addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 7/20/18. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) Modified on 7/30/2018 (ldi). (Entered: 07/20/2018) |
| 07/20/2018 | 330 | DECLARATION of Lingel H. Winters in Support re: 329 LETTER MOTION for Leave to File Motion for Reconsideration addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 7/20/18.. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit H1–H2, # 4 Exhibit I–I1, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit L–L1, # 8 Exhibit M–M1, # 9 Exhibit N, # 10 Exhibit N–1, # 11 Exhibit O–O1, # 12 Exhibit P–P2, # 13 Exhibit Q, # 14 Exhibit R, # 15 Exhibit S)(Winters, Lingel) (Entered: 07/20/2018) |

| 07/23/2018 | 331 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 7/23/18 re: Request to Re–File Letter Motion for Reconsideration to correct typo ERRATA. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 07/23/2018) |
|---|---|---|
| 07/24/2018 | 332 | MEMO ENDORSEMENT on re: 331 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: Application GRANTED. Plaintiffs shall file their corrected letter motion by July 26, 2018. Motions due by 7/26/2018. (Signed by Judge Lorna G. Schofield on 7/24/2018) (kgo) (Entered: 07/24/2018) |
| 07/24/2018 | | Set/Reset Deadlines: Motions due by 7/26/2018. (kgo) (Entered: 07/24/2018) |
| 07/26/2018 | 333 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 7/26/18 re: Revised Letter Motion for Reconsideration. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 07/26/2018) |
| 07/31/2018 | 334 | LETTER addressed to Judge Lorna G. Schofield from Richard F. Schwed dated July 31, 2018 re: Plaintiffs' corrected letter motion for reconsideration. Document filed by Bank of America, N.A., Bank of America Corporation. (Attachments: # 1 Exhibit A)(Schwed, Richard) (Entered: 07/31/2018) |
| 08/03/2018 | 335 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 8/3/18 re: Request for Leave to File Letter. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 08/03/2018) |
| 08/03/2018 | 336 | MEMO ENDORSEMENT on re: 334 Letter, filed by Bank of America Corporation, Bank of America, N.A.. ENDORSEMENT: Defendants shall file a letter response to Plaintiffs' corrected letter motion, not to exceed eight pages, by August 17, 2018. Counsel are reminded to conduct themselves in accordance with the Rules of Professional Conduct. Going forward, any misrepresentations by counsel may result in sanctions or referral to the SDNY Grievance Committee. ( Responses due by 8/17/2018) (Signed by Judge Lorna G. Schofield on 8/3/2018) (kgo) (Entered: 08/03/2018) |
| 08/13/2018 | 337 | NOTICE of of Withdrawal of Appearance. Document filed by Barclays Capital, Inc., Barclays PLC. (Mikorski, Maeghan) (Entered: 08/13/2018) |
| 08/16/2018 | 338 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 8/16/18 re: Request for Leave to File Letter Reply. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 08/16/2018) |
| 08/17/2018 | 339 | JOINT RESPONSE re: 333 Letter, . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG. (Schwed, Richard) (Entered: 08/17/2018) |
| 08/20/2018 | 340 | MEMO ENDORSEMENT on re: 338 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: Application GRANTED. Plaintiffs may file a letter reply not to exceed two pages by August 24, 2018. (Signed by Judge Lorna G. Schofield on 8/20/2018) (mro) (Entered: 08/20/2018) |
| 08/21/2018 | 341 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 21, 2018 re: Request for extra pages. Document filed by John Nypl.(Alioto, Joseph) (Entered: 08/21/2018) |
| 08/22/2018 | 342 | MEMO ENDORSEMENT on re: 341 Letter filed by John Nypl. ENDORSEMENT: Application DENIED. (Signed by Judge Lorna G. Schofield on 8/22/2018) (cf) (Entered: 08/22/2018) |
| 08/22/2018 | 343 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 22, 2018 re: Extension of Time. Document filed by John Nypl.(Alioto, Joseph) (Entered: 08/22/2018) |

| 08/23/2018 | 344 | MEMO ENDORSEMENT on re: 343 Letter filed by John Nypl. ENDORSEMENT: Application GRANTED in part. Plaintiffs' deadline to file their reply is extended to August 27, 2018. (Signed by Judge Lorna G. Schofield on 8/23/2018) (cf) (Entered: 08/23/2018) |
|---|---|---|
| 08/28/2018 | 345 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 27, 2018 re: Extension of Time. Document filed by John Nypl.(Alioto, Joseph) (Entered: 08/28/2018) |
| 08/28/2018 | 346 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 8/28/18 re: Plaintiffs' Reply in support of Reconsideration. Document filed by Go Everywhere, Inc., Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 08/28/2018) |
| 08/28/2018 | 347 | MEMO ENDORSEMENT on re: 345 Letter filed by John Nypl. ENDORSEMENT: Application GRANTED. The deadline for Plaintiffs' reply is extended nunc pro tunc to August 28, 2018. No further extensions will be granted. (Signed by Judge Lorna G. Schofield on 8/28/2018) (anc) (Entered: 08/29/2018) |
| 08/31/2018 | 348 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 8/31/18 re: Request for Oral Argument. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 08/31/2018) |
| 09/06/2018 | 349 | ORDER: Because Plaintiffs fail to "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice,"Kolel Beth Yechiel Mechil of Tartikov, 729 F.3d at 104, their motion for reconsideration is DENIED. It is further ORDERED that Plaintiffs' request for oral argument is DENIED as moot. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 9/6/2018) (cf) (Entered: 09/06/2018) |
| 09/10/2018 | 350 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 10, 2018 re: request a pre−motion conference to file a motion under 28 U.S.C. § 1292(b). Document filed by John Nypl.(Alioto, Joseph) (Entered: 09/10/2018) |
| 09/11/2018 | 351 | MEMO ENDORSEMENT on re: 350 Letter filed by John Nypl. ENDORSEMENT: Application DENIED. Letter motions requesting a pre−motion conference must conform to Individual Rule III.A.1. The parties are reminded that a pre−motion letter must identify all of the issues in dispute and explain the legal and other grounds for the motion. (Signed by Judge Lorna G. Schofield on 9/11/2018) (jwh) (Entered: 09/11/2018) |
| 09/17/2018 | 352 | LETTER addressed to Judge Lorna G. Schofield from Benjamin Sirota dated September 17, 2018 re: Discovery Stay Extension. Document filed by Department of Justice (DOJ).(Sirota, Benjamin) (Entered: 09/17/2018) |
| 09/18/2018 | 353 | MEMO ENDORSEMENT on re: (352 in 1:15−cv−09300−LGS) Letter filed by Department of Justice (DOJ), (1118 in 1:13−cv−07789−LGS) Letter filed by U.S. Department of Justice. ENDORSEMENT: Nypl Plaintiffs shall file a letter in opposition not to exceed two pages by September 25, 2018. (Signed by Judge Lorna G. Schofield on 9/18/2018) (ne) (Entered: 09/18/2018) |
| 09/24/2018 | 354 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 24, 2018 re: Objection to the DOJ Discovery Stay Extension. Document filed by John Nypl.(Alioto, Joseph) (Entered: 09/24/2018) |
| 09/25/2018 | 355 | MEMO ENDORSEMENT on re: (354 in 1:15−cv−09300−LGS) Letter filed by John Nypl. ENDORSEMENT: The discovery stay is extended to December 13, 2018. The DOJ may apply for an extension at that time if the stay continues to be necessary. The Clerk of Court is directed to docket this Order in Case Nos. 13 Civ. 7789 and 15 Civ. 9300. (Signed by Judge Lorna G. Schofield on 9/25/2018) (cf) (Entered: 09/25/2018) |
| 10/26/2018 | 356 | LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated October 26, 2018. Document filed by John Nypl. Return Date set for 11/5/2018 at 10:00 AM.(Alioto, Joseph) (Entered: 10/26/2018) |

| | | |
|---|---|---|
| 10/29/2018 | 357 | MEMO ENDORSEMENT on re: 356 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated October 26, 2018. filed by John Nypl. ENDORSEMENT: The Department of Justice shall file a letter in response by November 5, 2018. (Responses due by 11/5/2018) (Signed by Judge Lorna G. Schofield on 10/29/2018) (cf) (Entered: 10/29/2018) |
| 11/05/2018 | 358 | LETTER addressed to Judge Lorna G. Schofield from Benjamin Sirota dated November 5, 2018 re: Discovery Stay. Document filed by Department of Justice (DOJ).(Sirota, Benjamin) (Entered: 11/05/2018) |
| 11/05/2018 | 359 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 5, 2018 re: Request to file a Reply to the Department of Justice's letter dated 11/05/2018. Document filed by John Nypl.(Alioto, Joseph) (Entered: 11/05/2018) |
| 11/06/2018 | 360 | MEMO ENDORSEMENT on re: 359 Letter filed by John Nypl. ENDORSEMENT: Application GRANTED. The Nypl Plaintiffs may file a letter in response to the Department's letter by November 7, 2018. (Responses due by 11/7/2018) (Signed by Judge Lorna G. Schofield on 11/6/2018) (jca) (Entered: 11/06/2018) |
| 11/07/2018 | 361 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 7, 2018 re: Nypl Plaintiffs response to DOJ letter dated 11/05/2018. Document filed by John Nypl.(Alioto, Joseph) (Entered: 11/07/2018) |
| 11/08/2018 | 362 | MEMO ENDORSEMENT on re: (361 in 1:15−cv−09300−LGS) Letter filed by John Nypl, Motions terminated: (356 in 1:15−cv−09300−LGS) LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated October 26, 2018. filed by John Nypl. ENDORSEMENT: Application DENIED, for substantially the reasons stated in the Department's letter dated November 5, 2018. The stay is narrowed as outlined in the Department's letter. The Clerk of Court is respectfully directed to close the motion at Docket No. 356, and to docket this Order in Case Nos. 13 Civ. 7789 and 15 Civ. 9300. (Signed by Judge Lorna G. Schofield on 11/8/2018) (jca) (Entered: 11/08/2018) |
| 11/09/2018 | 363 | ANSWER to 190 Amended Complaint,,,, with JURY DEMAND. Document filed by Barclays Capital, Inc., Barclays PLC.(Schwartz, Matthew) (Entered: 11/09/2018) |
| 11/09/2018 | 364 | ANSWER to 190 Amended Complaint,,,,. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc..(Casamento, Gregory) (Entered: 11/09/2018) |
| 11/09/2018 | 365 | ANSWER to 190 Amended Complaint,,,,. Document filed by Royal Bank of Scotland, plc.(Mishkin, Paul) (Entered: 11/09/2018) |
| 11/09/2018 | 366 | ANSWER to 190 Amended Complaint,,,,. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc..(Ruffino, Andrew) (Entered: 11/09/2018) |
| 11/09/2018 | 367 | ANSWER to 190 Amended Complaint,,,,. Document filed by Bank of America, N.A., Bank of America Corporation.(Resetarits, Jeffrey) (Entered: 11/09/2018) |
| 11/09/2018 | 368 | ANSWER to 190 Amended Complaint,,,,. Document filed by UBS AG.(Stock, Eric) (Entered: 11/09/2018) |
| 11/09/2018 | 369 | ANSWER to 190 Amended Complaint,,,,. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A..(Bershteyn, Boris) (Entered: 11/09/2018) |
| 11/13/2018 | 370 | LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 13, 2018. Document filed by John Nypl.(Alioto, Joseph) (Entered: 11/13/2018) |
| 11/13/2018 | 371 | CERTIFICATE OF SERVICE of Pre−Conference Motion to enforce subpoena for the taking of Simon Fowles deposition, Subpoena to Testify at a Deposition in a Civil Action, Notice of Subpoena to Testify at a Deposition to Simon Fowles, Proof of Service for Subpoena to Testify at a Deposition in a Civil Action served on Simon Fowles, through his attorney, Daniel Feder on 11/13/2018. Service was made by Mail and Electronic Mail. Document filed by John Nypl. (Alioto, Joseph) (Entered: 11/13/2018) |

| 11/14/2018 | 372 | ORDER terminating 370 Letter Motion for Local Rule 37.2 Conference. It is ORDERED that by November 19, 2018, Plaintiffs shall file on ECF (1) the declaration, as outlined in Plaintiffs' letter, and (2) a proposed order. The proposed order shall set forth, in detail, the legal and factual basis for granting the motion. If Defendants or the Department of Justice object to the granting of Plaintiffs' motion, they shall file aletter on ECF by November 19, 2018. (Signed by Judge Lorna G. Schofield on 11/14/2018) (cf) (Entered: 11/14/2018) |
|---|---|---|
| 11/15/2018 | 373 | CERTIFICATE OF SERVICE OF ORDER (ECF No. 370) (Signed by Judge Lorna G. Schofield on 11/14/2018) served on Simon Fowles through his attorney, Daniel Feder on 11/15/2018. Service was made by Mail and Electronic Mail. Document filed by John Nypl. (Alioto, Joseph) (Entered: 11/15/2018) |
| 11/19/2018 | 374 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Daniel L. Feder dated 11/19/2018 re: 370 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 13, 2018. . Document filed by Simon Fowles. (Feder, Daniel) (Entered: 11/19/2018) |
| 11/19/2018 | 375 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Daniel L. Feder to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–15936622. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Simon Fowles.(Feder, Daniel) Modified on 11/20/2018 (ma). (Entered: 11/19/2018) |
| 11/19/2018 | 376 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** AFFIDAVIT of Daniel L. Feder in Support re: 375 MOTION for Daniel L. Feder to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–15936622. **Motion and supporting papers to be reviewed by Clerk's Office staff.**. Document filed by Simon Fowles. (Feder, Daniel) Modified on 11/20/2018 (ma). (Entered: 11/19/2018) |
| 11/19/2018 | 377 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** PROPOSED ORDER. Document filed by Simon Fowles. Related Document Number: 375 . (Feder, Daniel) **Proposed Order to be reviewed by Clerk's Office staff.** Modified on 11/20/2018 (ma). (Entered: 11/19/2018) |
| 11/19/2018 | 378 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 11/19/2018 re: One Day Extention of Time. Document filed by John Nypl.(Alioto, Joseph) (Entered: 11/19/2018) |
| 11/19/2018 | 379 | DECLARATION of Joseph M. Alioto in Support re: 370 LETTER MOTION for Local Rule 37.2 Conference addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 13, 2018.. Document filed by John Nypl. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Alioto, Joseph) (Entered: 11/19/2018) |
| 11/19/2018 | 380 | PROPOSED ORDER. Document filed by John Nypl. Related Document Number: 379 . (Alioto, Joseph) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 11/19/2018) |
| 11/19/2018 | 381 | CERTIFICATE OF SERVICE of Joseph M. Alioto Declaration in Support of Application to Compel the Deposition of Simon Fowles with Exhibits A–F and Proposed Order served on Simon Fowles, through his attorney Daniel Feder, and Wells Fargo Bank, through their counsel on 11/19/2018. Service was made by Mail and Electronic Mail. Document filed by John Nypl. (Alioto, Joseph) (Entered: 11/19/2018) |
| 11/20/2018 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 376 Affidavit in Support of Motion, 375 MOTION for Daniel L. Feder to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–15936622. Motion and supporting papers to be reviewed by Clerk's Office staff., 377 Proposed Order.. The filing is deficient for the following reason(s): ALL DOCUMENT MUST BE FILED TOGETHER: THE MOTION AS THE MAIN DOCUMENT, REST OF THE DOCUMENTS WOULD BE ATTACHED AS EXHIBITS TO THE MOTION AND FINALLY THE CERTIFICATE OF GOOD STANDING MUST BE ISSUED BY THE SUPREME COURT OF CALIFORNIA.;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named** |

| | | **filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (ma)** (Entered: 11/20/2018) |
|---|---|---|
| 11/20/2018 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 380 Proposed Order was reviewed and approved as to form. (dt)** (Entered: 11/20/2018) |
| 11/20/2018 | 382 | ORDER: It is hereby ORDERED that the deposition of Simon Fowles shall be held on November 28, 2018, at 10:00 a.m., at the offices of Plaintiffs counsel (1 Sansome Street, 35th Floor, San Francisco, CA 94104), or as otherwise agreed to by the parties. It is further ORDERED that Simon Fowles shall produce the documents set forth in Schedule B to the Notice of Deposition. It is further ORDERED that if Mr. Fowles objects to the deposition or subpoena duces tecum on privilege grounds or for any other reason, he shall file on ECF (1) a letter setting forth the factual and legal basis for the objection(s) (including citations to relevant authority), (2) a proposed protective order and (3) a privilege log, if applicable. If these materials are not filed on ECF by November 23, 2018, the deposition shall proceed as outlined above. If these documents are timely filed, the Court intends to rule prior to November 28, 2018. (Signed by Judge Lorna G. Schofield on 11/20/2018) (jca) (Entered: 11/20/2018) |
| 11/23/2018 | 383 | LETTER addressed to Judge Lorna G. Schofield from Kelly M. Klaus dated Nov. 23, 2018 re: Objection to Subpoena Regarding Deposition of Simon Fowles. Document filed by Wells Fargo Bank, N.A., Wells Fargo & Company. (Attachments: # 1 Exhibit A)(Klaus, Kelly) (Entered: 11/23/2018) |
| 11/26/2018 | 384 | ORDER: WHEREAS, Wells Fargo filed a letter objecting to the Court's Order compelling Mr. Fowles' deposition and production of documents. For substantially the reasons stated in the letter, it is hereby ORDERED that the Court's Order compelling Mr. Fowles' deposition and production of documents (Dkt. No. 382) is rescinded. Federal Rule of Civil Procedure 45(d)(2)(B) provides that the serving party may move "the court for the district where compliance is required" for an order compelling production. In this case, the appropriate district to bring a motion to compel is the Northern District of California. Although Rule 45(d)(2)(B) does not expressly address testimonial discovery, courts in this Circuit have held that the same rule applies to orders compelling attendance at a deposition. E.g., Madigan v. Bronstein, 18 Misc. 61, 2018 WL 1768283, at *3 (S.D.N.Y. Apr. 12, 2018). (Signed by Judge Lorna G. Schofield on 11/26/2018) (mro) (Entered: 11/26/2018) |
| 11/26/2018 | 385 | LETTER MOTION for Local Rule 37.2 Conference *re: Simon Fowles Deposition* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 11/26/2018. Document filed by John Nypl.(Alioto, Joseph) (Entered: 11/26/2018) |
| 11/27/2018 | 386 | ORDER denying 385 Letter Motion for Local Rule 37.2 Conference. Application DENIED. Plaintiffs sought to compel Mr. Fowles' deposition testimony through a Rule 45 subpoena (Dkt. 379–1). As previously explained, courts in this Circuit have held that motions to compel such depositions "are to be made to the court where compliance is required." Fed. R. Civ. P., 45(d)(2)(B)(i); see Simmons v. Fervent Elec. Corp., 14 Civ. 1804, 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014); accord Madigan v. Bronstein, 18 Misc. 61, 2018 WL 1768283, at *3 (S.D.N.Y. Apr. 12, 2018); Greene v. Paramount Pictures Corp., 14 Civ. 1044, 2016 WL 4398432 (E.D.N.Y. July 22, 2016). (Signed by Judge Lorna G. Schofield on 11/27/2018) (ne) (Entered: 11/27/2018) |
| 11/28/2018 | 387 | ORDER: It is hereby ORDERED that Plaintiffs' request to file under seal an exhibit to the Alioto Declaration is DENIED as moot. (Signed by Judge Lorna G. Schofield on 11/28/2018) (rj) (Entered: 11/29/2018) |
| 12/13/2018 | 388 | LETTER addressed to Judge Lorna G. Schofield from Katherine Calle dated December 13, 2018 re: Discovery Stay Extension. Document filed by Department of Justice (DOJ).(Calle, Katherine) (Entered: 12/13/2018) |
| 12/14/2018 | 389 | NOTICE OF CHANGE OF ADDRESS by Lingel Hart Winters on behalf of Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. New Address: Law Office of Lingel H. Winters, 388 Market Street, Suite 1300, San Francisco, CA, USA 94111, (415) 398–2941. (Winters, Lingel) (Entered: 12/14/2018) |

| 12/14/2018 | 390 | MEMO ENDORSEMENT on re: (1144 in 1:13–cv–07789-LGS) Letter filed by U.S. Department of Justice, (388 in 1:15–cv–09300–LGS) Letter filed by Department of Justice (DOJ). ENDORSEMENT: It is ORDERED that if Plaintiffs oppose the Department's request they shall file a response letter, not to exceed three pages, by December 19, 2018. (Signed by Judge Lorna G. Schofield on 12/14/2018) (cf) (Entered: 12/14/2018) |
|---|---|---|
| 12/19/2018 | 391 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 12/19/2018 re: Opposition to DOJ letter dated 12/13/2018 requesting a 3 month discovery stay extension. Document filed by John Nypl.(Alioto, Joseph) (Entered: 12/19/2018) |
| 12/20/2018 | 392 | LETTER addressed to Judge Lorna G. Schofield from Matthew A. Schwartz dated December 20, 2018 re: Defendants' (Proposed) Order Regarding Deposition Coordination. Document filed by Barclays Capital, Inc., Barclays PLC. (Attachments: # 1 Text of Proposed Order)(Schwartz, Matthew) (Entered: 12/20/2018) |
| 12/20/2018 | 393 | ORDER: IT IS HEREBY ORDERED that: 1. Counsel for the Parties in the Actions shall meet and confer in good faith and propose to the Court within 60 days of this Order, a proposed order ("Proposed Deposition Protocol Order"), including any disputes, that would facilitate the scheduling of depositions in the Actions, so as to, among other things, (i) ensure the opportunity for all parties in the Actions to participate in any noticed deposition; and (ii) minimize the likelihood that any individual (other than experts) and Rule 30(b)(6) designees will be deposed multiple times in the Actions. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 12/20/2018) (cf) (Entered: 12/20/2018) |
| 12/20/2018 | 394 | MEMO ENDORSEMENT on re: (391 in 1:15–cv–09300-LGS) Letter filed by John Nypl. ENDORSEMENT: For substantially the reasons stated in the Department's letter (Dkt. No. 388), the Department's application is GRANTED. The testamentary discovery stay is extended to March 25, 2019. The Department may apply for an extension at that time if the stay continues to be necessary. Plaintiffs' request that the Court order Defendants to produce the signatories of the Plea Agreements is premature and DENIED without prejudice to renewal. The Clerk of Court is respectfully directed to docket this Order in Case Nos. 13 Civ. 7789 and 15 Civ. 9300. (Signed by Judge Lorna G. Schofield on 12/20/2018) (jca) (Entered: 12/20/2018) |
| 01/02/2019 | 395 | LETTER MOTION for Leave to File opposition addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated January 2, 2019. Document filed by John Nypl.(Alioto, Joseph) (Entered: 01/02/2019) |
| 01/03/2019 | 396 | ORDER granting 395 LETTER MOTION for Leave to File opposition addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated January 2, 2019. Document filed by John Nypl. Application GRANTED. Plaintiffs shall file a one–page opposition letter by January 9, 2019. (Signed by Judge Lorna G. Schofield on 1/3/2019) (rjm) (Entered: 01/03/2019) |
| 01/09/2019 | 397 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated January 9, 2019 re: One day extension to file opposition to Defendants Proposed Order regarding deposition coordination. Document filed by John Nypl.(Alioto, Joseph) (Entered: 01/09/2019) |
| 01/10/2019 | 398 | MEMO ENDORSEMENT on re: 397 Letter filed by John Nypl. ENDORSEMENT: Application GRANTED. (Signed by Judge Lorna G. Schofield on 1/10/2019) (cf) (Entered: 01/10/2019) |
| 01/10/2019 | 399 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated January 10, 2019 re: Opposition to Defendants' Proposed Order regarding deposition coordination. Document filed by John Nypl.(Alioto, Joseph) (Entered: 01/10/2019) |
| 01/11/2019 | 400 | MEMO ENDORSEMENT on re: (399 in 1:15–cv–09300-LGS) Letter filed by John Nypl. ENDORSEMENT: Application DENIED without prejudice to renewal. The Court's December 20, 2018 Order (Dkt. No. 393) directed the parties to meet and confer and to propose a deposition protocol order. Plaintiffs objections are premature; they may object to the proposed deposition protocol after it has been filed. To the extent that the Nypl Plaintiffs have not been invited to meet and confer with the other parties, the parties are directed to include the Nypl Plaintiffs in such discussions. The Clerk of Court is respectfully directed to docket this Order at 13 Civ. 7789, 15 Civ. |

| | | 9300, 17 Civ. 3139 and 18 Civ. 10364. (Signed by Judge Lorna G. Schofield on 1/11/2019) (cf) (Entered: 01/11/2019) |
|---|---|---|
| 01/18/2019 | 401 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated January 18, 2019 re: Request for Leave to File Motion to Amend Third Amended Complaint. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 01/18/2019) |
| 01/22/2019 | 402 | MEMO ENDORSEMENT on re: 401 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: It is ORDERED that by January 29, 2019, Plaintiff shall file a letter, not to exceed five pages, that (a) describes the proposed amendments, (b) explains in detail why the proposed amendments are not futile (see Dkt. No. 319 at 3–6) and (c) briefly explains how the proposed amendments would address the deficiencies identified in the Court's order denying reconsideration (Dkt. No. 349). Defendants shall file a response letter, not to exceed five pages, by February 5, 2019. SO ORDERED. (Signed by Judge Lorna G. Schofield on 1/22/2019) (kv) (Entered: 01/23/2019) |
| 01/29/2019 | 403 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 1/29/19 re: Motion to Amend Third Amended Complaint. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit Saba Declaration)(Winters, Lingel) (Entered: 01/29/2019) |
| 02/05/2019 | 404 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated February 5, 2019 re: request for leave to file reply. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 02/05/2019) |
| 02/05/2019 | 405 | JOINT RESPONSE re: 403 Letter, *Opposition to Plaintiffs' Request for Leave to Amend*. Document filed by Bank of America, N.A., Bank of America Corporation. (Schwed, Richard) (Entered: 02/05/2019) |
| 02/06/2019 | 406 | MEMO ENDORSEMENT on re: 404 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: APPLICATION GRANTED. SO ORDERED. (Replies due by 2/12/2019.) (Signed by Judge Lorna G. Schofield on 2/6/2019) (kv) (Entered: 02/06/2019) |
| 02/06/2019 | 407 | MOTION for Gretchen M. Wolf to Appear Pro Hac Vice *made with consent of opposing counsel*. Filing fee $ 200.00, receipt number ANYSDC–16306840. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Affidavit of Gretchen M. Wolf in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit 1 to Affidavit – Certificates of Good Standing, # 3 Text of Proposed Order)(Wolf, Gretchen) (Entered: 02/06/2019) |
| 02/07/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 407 MOTION for Gretchen M. Wolf to Appear Pro Hac Vice *made with consent of opposing counsel*. Filing fee $ 200.00, receipt number ANYSDC–16306840. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb) (Entered: 02/07/2019)** |
| 02/12/2019 | 408 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters and Joseph M. Alioto dated 02/12/2019 re: request page increase. Document filed by John Nypl.(Alioto, Joseph) (Entered: 02/12/2019) |
| 02/13/2019 | 409 | RESPONSE ., REPLY *In Support of Plaintiffs' Request for Leave to Amend*. Document filed by John Nypl. (Alioto, Joseph) (Entered: 02/13/2019) |
| 02/13/2019 | 410 | MEMO ENDORSEMENT on re: 408 Letter filed by John Nypl. ENDORSEMENT: Application GRANTED. (Signed by Judge Lorna G. Schofield on 2/13/2019) (jca) (Entered: 02/13/2019) |
| 02/13/2019 | 411 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 02/13/2019 re: ECF technical difficulties; requesting one day extension. Document |

| | | filed by John Nypl.(Alioto, Joseph) (Entered: 02/13/2019) |
|---|---|---|
| 02/14/2019 | 412 | MEMO ENDORSEMENT on re: 411 Letter filed by John Nypl. ENDORSEMENT: Application GRANTED. (Signed by Judge Lorna G. Schofield on 2/14/2019) (cf) (Entered: 02/14/2019) |
| 02/15/2019 | 413 | LETTER MOTION for Extension of Time *to file a Proposed Deposition Protocol Order* addressed to Judge Lorna G. Schofield from Boris Bershteyn dated February 15, 2019. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A..(Bershteyn, Boris) (Entered: 02/15/2019) |
| 02/19/2019 | 414 | ORDER granting 413 Letter Motion for Extension of Time. Application GRANTED. The Clerk of Court is respectfully directed to docket this Order at Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364. SO ORDERED. (Signed by Judge Lorna G. Schofield on 2/19/2019) (kv) (Entered: 02/19/2019) |
| 02/26/2019 | 415 | ORDER granting 407 Motion for Gretchen M. Wolf to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (jcs) (Entered: 02/26/2019) |
| 03/04/2019 | 416 | LETTER addressed to Judge Lorna G. Schofield from Boris Bershteyn dated March 4, 2019 re: 393 Proposed Deposition Protocol Order. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Proposed Deposition Protocol Order)(Bershteyn, Boris) (Entered: 03/04/2019) |
| 03/05/2019 | 417 | MEMO ENDORSEMENT on re: (1224 in 1:13–cv–07789–LGS) Letter; (168 in 1:18–cv–10364–LGS) Letter; (230 in 1:17–cv–03139–LGS) Letter; (416 in 1:15–cv–09300–LGS) Letter. ENDORSEMENT: In light of the fact that Nypl Plaintiffs request additional time to negotiate the terms governing depositions in the Nypl action, it is ORDERED that by March 15, 2019, all parties shall file a single joint letter, not to exceed six pages, setting forth each side's position with respect to any remaining dispute. The Clerk of Court is respectfully directed to docket this Order at Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364. (Signed by Judge Lorna G. Schofield on 3/5/2019) (jwh) (Entered: 03/05/2019) |
| 03/06/2019 | 418 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 3–6–19 re: request for extension to serve discovery responses. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 03/06/2019) |
| 03/07/2019 | 419 | MEMO ENDORSEMENT on re: 418 LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 3–6–19 re: Request for extension to serve discovery responses. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. ENDORSEMENT: It is ORDERED that the deadline for Plaintiffs to serve answers to Defendants' February 25, 2019, interrogatories is extended to April 25, 2019. (Signed by Judge Lorna G. Schofield on 3/7/2019) (rjm) (Entered: 03/07/2019) |
| 03/07/2019 | 420 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Matthew Buongiorno to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–16459107. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc.. (Attachments: # 1 Affidavit of Matthew Buongiorno, # 2 Text of Proposed Order)(Casamento, Gregory) Modified on 3/7/2019 (jc). (Entered: 03/07/2019) |
| 03/07/2019 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 420 MOTION for Matthew Buongiorno to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–16459107. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): Attorney Affidavit is missing some of the language required by Local Rule 1.3, i.e. whether the applicant has ever been convicted of a felony AND whether the applicant has ever been censured, suspended, disbarred or denied admission or readmission by any court. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Attorney** |

| | | |
|---|---|---|
| | | **Affidavit – attach Proposed Order.** (jc) (Entered: 03/07/2019) |
| 03/08/2019 | 421 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Matthew Buongiorno to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc.. (Attachments: # 1 Affidavit of Matthew Buongiorno with Cert of Good Standing, # 2 Text of Proposed Order)(Casamento, Gregory) Modified on 3/8/2019 (wb). (Entered: 03/08/2019) |
| 03/08/2019 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 421 MOTION for Matthew Buongiorno to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Texas;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order..** (wb) (Entered: 03/08/2019) |
| 03/08/2019 | 422 | MOTION for Matthew Buongiorno to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc.. (Attachments: # 1 Affidavit of Matthew Buongiorno with Cert of Good Standing, # 2 Text of Proposed Order)(Casamento, Gregory) (Entered: 03/08/2019) |
| 03/08/2019 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 422 MOTION for Matthew Buongiorno to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 03/08/2019) |
| 03/08/2019 | 423 | ORDER granting 422 Motion for Matthew Buongiorno to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (jcs) (Entered: 03/08/2019) |
| 03/15/2019 | 424 | LETTER addressed to Judge Lorna G. Schofield from Boris Bershteyn dated March 15, 2019 re: Proposed Deposition Protocol Order. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A – Proposed Deposition Protocol, # 2 Exhibit B – Nypl Stipulation and Proposed Order)(Bershteyn, Boris) (Entered: 03/15/2019) |
| 03/18/2019 | 425 | STIPULATION AND ORDER CONCERNING DEPOSITION COORDINATION: NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys, on behalf of the Nypl Plaintiffs and Nypl Defendants, as follows: Nypl Plaintiffs and Nypl Defendants shall be exempt from the Deposition Coordination Order as it applies to the Nypl action; as further set forth in this Order. (Signed by Judge Lorna G. Schofield on 3/18/2019) (cf) (Entered: 03/18/2019) |
| 03/26/2019 | 426 | MEMO ENDORSEMENT on re: (1252 in 1:13–cv–07789–LGS) Letter Discovery Stay Extension, filed by U.S. Department of Justice. ENDORSEMENT: It is ORDERED that by March 29, 2019, the Nypl Plaintiffs shall file a letter, not to exceed two pages, responding to the Department's request for an extension of the discovery stay. The Clerk of Court is respectfully directed to docket this Order at Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364. (Signed by Judge Lorna G. Schofield on 3/26/19) (yv) (Entered: 03/26/2019) |
| 03/29/2019 | 427 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 3/29/2019 re: Opposition to DOJ letter dated 03/25/2019 requesting a discovery stay extension. Document filed by John Nypl.(Alioto, Joseph) (Entered: 03/29/2019) |
| 04/01/2019 | 428 | ENDORSED LETTER addressed to Judge Lorna G. Schofield from Alioto Law Firm dated March 29, 2019 re: letter requesting stay by the DOJ be denied. ENDORSEMENT: For substantially the reasons stated in the Department's letter (No. 13 Civ. 7789, Dkt. No. 1252), the Department's application is GRANTED. The testamentary discovery stay is extended to July 1, 2019. The Department may apply for an extension at that time if the stay continues to be necessary. The Clerk of Court is respectfully directed to docket this Order in Case Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364. (Signed by Judge Lorna G. Schofield on 4/1/2019) (ks) |

| | | (Entered: 04/01/2019) |
|---|---|---|
| 04/02/2019 | 429 | NOTICE OF APPEARANCE by Adam Gabor Mehes on behalf of Royal Bank of Scotland, plc. (Mehes, Adam) (Entered: 04/02/2019) |
| 04/02/2019 | 430 | NOTICE OF APPEARANCE by Jordan Garman on behalf of Royal Bank of Scotland, plc. (Garman, Jordan) (Entered: 04/02/2019) |
| 04/02/2019 | 431 | LETTER addressed to Judge Lorna G. Schofield from Melissa King dated April 2, 2019 re: To Withdraw as Counsel of Record. Document filed by Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc.(King, Melissa) (Entered: 04/02/2019) |
| 04/03/2019 | 432 | MEMO ENDORSEMENT on re: 431 Letter filed by Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc. ENDORSEMENT: Counsel's application for leave to withdraw is GRANTED. The Clerk of Court is respectfully directed to remove Ms. King's registration as counsel of record. (Signed by Judge Lorna G. Schofield on 4/3/2019) Attorney Melissa Carrie King terminated. (ks) (Entered: 04/03/2019) |
| 04/10/2019 | 433 | NOTICE of of Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 04/10/2019) |
| 04/10/2019 | 434 | MOTION Notice of Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 04/10/2019) |
| 04/10/2019 | 435 | MEMORANDUM OF LAW in Support re: 434 MOTION Notice of Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas . . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Winters, Lingel) (Entered: 04/10/2019) |
| 04/10/2019 | 436 | DECLARATION of Lingel H. Winters in Support re: 434 MOTION Notice of Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas .. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Winters, Lingel) (Entered: 04/10/2019) |
| 04/10/2019 | 437 | MOTION Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters re: 434 MOTION Notice of Motion for Issuance of a Hague Convention Request for International Judicial Assistance to Take Testimony Overseas . . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 04/10/2019) |
| 04/11/2019 | 438 | ORDER: It is hereby ORDERED that Plaintiffs shall include Gardiner's address in their proposed Letter of Request. It is further ORDERED that Plaintiffs shall redact Gardiner's address in the version of the Letter of Request filed on ECF. It is further ORDERED that by April 18, 2019, Plaintiffs shall file the proposed Letter of Request in redacted form on ECF and in unredacted form under seal. It is further ORDERED that by April 18, 2019, Plaintiffs shall submit to the Chambers Inbox a copy of the proposed Letter of Request in Microsoft Word format. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 4/11/2019) (cf) (Entered: 04/11/2019) |
| 04/15/2019 | 439 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 04/15/2019 re: Application for Order for Coordination and Extension of Time. Document filed by John Nypl.(Alioto, Joseph) (Entered: 04/15/2019) |
| 04/16/2019 | 440 | MEMO ENDORSEMENT on re: (439 in 1:15–cv–09300–LGS) Letter filed by John Nypl, (1298 in 1:13–cv–07789–LGS) Letter filed by John Nypl. ENDORSEMENT: It is ORDERED that, if UBS has knowledge of Gardiner's address, UBS shall produce the address to Plaintiffs no later than April 19, 2019. It is further ORDERED that by April 23, 2019, Plaintiffs shall file the proposed Letter of Request in redacted form on ECF and in unredacted form under seal, and shall submit a copy in Microsoft Word |

| | | format to the Chambers Inbox. By April 19, 2019, Class Counsel in In re FOREX shall file a letter responding to Plaintiffs' request for advance notice of the scheduling and noticing of depositions in the U.K. and Europe. The Clerk of Court is respectfully directed to docket this Order at No. 13 Civ. 7789 and 15 Civ. 9300. (Signed by Judge Lorna G. Schofield on 4/16/2019) (ks) Modified on 4/19/2019 (ks). (Entered: 04/16/2019) |
|---|---|---|
| 04/22/2019 | 441 | MEMO ENDORSEMENT on re: 439 Letter filed by John Nypl. ENDORSEMENT: For substantially the reasons stated in FOREX Class Counsel's letter, Nypl Plaintiffs' application for an order directing Class Counsel to provide advance notice of the scheduling and noticing of foreign depositions (No. 15 Civ. 9300, Dkt. No. 439) is DENIED. The Clerk of Court is respectfully directed to docket this Order at Nos. 13 Civ. 7789 and 15 Civ. 9300. (Signed by Judge Lorna G. Schofield on 4/22/2019) (ks) (Entered: 04/22/2019) |
| 04/22/2019 | 442 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 4/22/19 re: Redacted Request for International Judicial Assistance Pursuant to Hague Convention. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 04/22/2019) |
| 04/23/2019 | 443 | ORDER GRANTING MOTION FOR ISSUANCE OF A HAGUE CONVENTION REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO TAKE TESTIMONY OVERSEAS: granting 434 Motion ; granting 437 Motion. HEREBY ORDERS THAT: 1. The Motion is GRANTED. 2. The Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matter attached as Exhibit A to the Declaration of Lingel H. Winters, dated April 10, 2019 is hereby issued as the Court's "Letter of Request" and is fully incorporated herein. 3. The signed Order and the Letter of Request will be given to Lingel H. Winters Professional Corporation, Attorneys for Plaintiffs, who will cause both documents to be filed with The Senior Master (Queen's Bench Division), Royal Courts of Justice Strand, London WC2A 2LL, England. 4. The Stipulation and Order of Confidentiality (ECF No. 249) in this action shall apply to the deposition, including the transcript and video. 5. This Order, the deposition of Mr. Matthew Gardiner, or the terms of the Letter of Request (which are incorporated into this Order) shall not be construed or operate as a waiver of any argument, position, objection, allegation, or claim or defense of any party in the above–captioned. action, or of the attorney–client privilege, the work product doctrine, or any other privileges, rights, protections, or prohibitions that may apply to that evidence under the laws of England, the United States, or the State of New York. The Clerk of Court is respectfully directed to close the motions at Docket Nos. 434 & 437. (Signed by Judge Lorna G. Schofield on 4/23/2019) (ks) Transmission to Office of the Clerk of Court for processing. (Entered: 04/23/2019) |
| 04/23/2019 | | LETTERS ROGATORY ISSUED as to The Senior Master (Queen's bench Division) on behalf of The Central Authority of the United Kingdom in London WC2A 2LL, for taking testimony of Matthew Gardiner. Picked up on April 23, 2019 by Lingel Winters Office. (Doc.#442).(dt) Modified on 4/23/2019 (dt). (Entered: 04/23/2019) |
| 05/15/2019 | 444 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 5/15/19 re: forwarding case Apple v. Pepper. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 05/15/2019) |
| 05/17/2019 | 445 | LETTER addressed to Judge Lorna G. Schofield from Jordan Garman dated May 17, 2019 re: Withdraw as Counsel of Record. Document filed by Royal Bank of Scotland, plc.(Garman, Jordan) (Entered: 05/17/2019) |
| 05/20/2019 | 446 | MEMO ENDORSEMENT on re: 445 Letter filed by Royal Bank of Scotland, plc. ENDORSEMENT: SO ORDERED. Attorney Jordan Garman terminated. (Signed by Judge Lorna G. Schofield on 5/20/2019) (cf) (Entered: 05/20/2019) |
| 05/20/2019 | 447 | ORDER: It is hereby ORDERED that Plaintiffs' motion for leave to amend is DENIED. Leave to amend is futile where "the claims the plaintiff [seeks] to add would be barred by the applicable statute of limitations." (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 5/20/2019) (cf) (Entered: 05/20/2019) |

| 05/21/2019 | 448 | MOTION for Peter Edward Greene to Withdraw as Attorney . Document filed by J.P. Morgan Bank, N.A., JP Morgan Chase & Co..(Greene, Peter) (Entered: 05/21/2019) |
|---|---|---|
| 05/21/2019 | 449 | DECLARATION of Peter Edward Greene in Support re: 448 MOTION for Peter Edward Greene to Withdraw as Attorney .. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Greene, Peter) (Entered: 05/21/2019) |
| 05/22/2019 | 450 | MEMO ENDORSEMENT granting 448 Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. Attorney Peter Edward Greene terminated (Signed by Judge Lorna G. Schofield on 5/22/2019) (cf) (Entered: 05/22/2019) |
| 05/23/2019 | 451 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 5/23/19 re: Request for Leave to File Letter Motion for Reconsideration. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 05/23/2019) |
| 05/24/2019 | 452 | MEMO ENDORSEMENT on re: 451 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED in part. Plaintiffs shall file their letter motion, not to exceed five pages, by May 31, 2019. Defendants shall file their response, not to exceed five pages, by June 7, 2019. (Motions due by 5/31/2019., Responses due by 6/7/2019) (Signed by Judge Lorna G. Schofield on 5/24/2019) (cf) (Entered: 05/24/2019) |
| 05/31/2019 | 453 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 5−31−19 re: Motion for Reconsideration of Court's 5−20−19 Order. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Affidavit Declaration of Lingel H. Winters with Exhibits)(Winters, Lingel) (Entered: 05/31/2019) |
| 06/03/2019 | 454 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 6−3−19 re: Request for Leave to File a Reply to Defendants Opposition to Plaintiffs Motion for Reconsideration of Court's 5−20−19 Order. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 06/03/2019) |
| 06/04/2019 | 455 | MEMO ENDORSEMENT on re: 454 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc.. ENDORSEMENT: Application GRANTED in part. Plaintiffs shall file a reply, not to exceed three pages, by June 14, 2019. (Signed by Judge Lorna G. Schofield on 6/4/2019) ( Replies due by 6/14/2019.) (ks) (Entered: 06/04/2019) |
| 06/06/2019 | 456 | NOTICE OF APPEARANCE by Mavara Agha on behalf of Barclays Capital, Inc., Barclays PLC. (Agha, Mavara) (Entered: 06/06/2019) |
| 06/07/2019 | 457 | JOINT RESPONSE re: 453 Letter, *Opposition to Plaintiffs' Letter Motion for Reconsideration*. Document filed by Bank of America, N.A., Bank of America Corporation. (Schwed, Richard) (Entered: 06/07/2019) |
| 06/13/2019 | 458 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 6−13−19 re: request to increase page limit of plaintiffs' reply from 3 pages to 4 pages. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 06/13/2019) |
| 06/14/2019 | 459 | MEMO ENDORSEMENT on re: 458 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED. (Signed by Judge Lorna G. Schofield on 6/14/2019) (jca) (Entered: 06/14/2019) |
| 06/14/2019 | 460 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 6−14−19 re: Plaintiffs Reply to Defendants Opposition to Motion for Reconsideration of May 20, 2019 Order. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn.(Winters, Lingel) (Entered: 06/14/2019) |
| 07/01/2019 | 461 | MEMO ENDORSEMENT on re: (1308 in 1:13−cv−07789−LGS) Letter filed by U.S. Department of Justice. ENDORSEMENT: It is ORDERED that the Nypl Plaintiffs |

|  |  | shall file a letter response, not to exceed two pages, by July 8, 2019. The Clerk of Court is respectfully directed to docket this Order at Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364. (Signed by Judge Lorna G. Schofield on 7/1/2019) (cf) (Entered: 07/01/2019) |
|---|---|---|
| 07/07/2019 | [462](#) | LETTER REPLY to Response to Motion addressed to Judge Lorna G. Schofield from Lingel H. Winters dated July 7, 2019 re: [437](#) MOTION Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters re: [434](#) MOTION Notice of Motion for Issuance of a Hague Convention Request . Document filed by John Nypl. (Winters, Lingel) (Entered: 07/07/2019) |
| 07/08/2019 | [463](#) | MEMO ENDORSEMENT on re: [462](#) Reply to Response to Motion, filed by John Nypl. ENDORSEMENT: Application GRANTED. (Signed by Judge Lorna G. Schofield on 7/8/2019) (cf) (Entered: 07/08/2019) |
| 07/09/2019 | [464](#) | ORDER: It is herebyORDERED that Plaintiffs' motion for reconsideration is DENIED. (And as further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 7/9/2019) (jca) (Entered: 07/09/2019) |
| 07/10/2019 | [465](#) | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 10, 2019 re: Opposition to DOJ letter dated 06/28/2019 re: Discovery Stay Extension. Document filed by John Nypl.(Alioto, Joseph) (Entered: 07/10/2019) |
| 07/11/2019 | [466](#) | MEMO ENDORSEMENT on re: (465 in 1:15−cv−09300−LGS) Letter filed by John Nypl. ENDORSEMENT: It is ORDERED that the testamentary discovery stay is extended through the conclusion of the trial in United States v. Aiyer, No. 18 Cr. 333, currently scheduled for October 21, 2019. On November 1, 2019, the Department shall file a letter apprising the Court of the status of the trial in Aiyer. The Clerk of Court is respectfully directed to docket this Order at Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364. (Signed by Judge Lorna G. Schofield on 7/11/2019) (cf) (Entered: 07/11/2019) |
| 08/02/2019 | [467](#) | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Other Affiliate Berkshire Hathaway Inc. for Bank of America Corporation. Document filed by Bank of America Corporation.(Hakki, Adam) (Entered: 08/02/2019) |
| 08/02/2019 | [468](#) | SUPPLEMENTAL RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent BANA Holding Corporation, Corporate Parent BAC North America Holding Company, Corporate Parent Bank Of America Corporation, Corporate Parent NB Holdings Corporation, Other Affiliate Berkshire Hathaway Inc. for Bank of America, N.A.. Document filed by Bank of America, N.A..(Hakki, Adam) (Entered: 08/02/2019) |
| 09/06/2019 | [469](#) | LETTER addressed to Judge Lorna G. Schofield from Jamie A. Heine dated September 6, 2019 re: Withdrawal of Appearance. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc..(Heine, Jamie) (Entered: 09/06/2019) |
| 09/09/2019 | [470](#) | MEMO ENDORSEMENT on re: [469](#) Letter filed by Citibank, N.A., Citigroup, Inc., Citicorp. ENDORSEMENT: Application GRANTED. Attorney Jamie A. Heine terminated. (Signed by Judge Lorna G. Schofield on 9/9/2019) (cf) (Entered: 09/09/2019) |
| 10/07/2019 | [471](#) | LETTER addressed to Judge Lorna G. Schofield from Lingel Winters dated October 7, 2019 re: Attorneys Fee Sharing. Document filed by John Nypl.(Winters, Lingel) (Entered: 10/07/2019) |
| 11/04/2019 | [472](#) | MEMO ENDORSEMENT on re: (1364 in 1:13−cv−07789−LGS) Letter filed by U.S. Department of Justice. ENDORSEMENT: Application GRANTED. The testamentary discovery stay shall continue through the conclusion of the trial in United States v. Aiyer, No. 18 Cr. 333. On December 6, 2019, the Department shall file a letter apprising the Court of the status of the trial in Aiyer. The Clerk of Court is respectfully directed to docket this Order at Nos. 13 Civ. 7789, 15 Civ. 9300, 17 Civ. 3139 and 18 Civ. 10364. (Signed by Judge Lorna G. Schofield on 11/4/2019) (cf) (Entered: 11/04/2019) |
| 11/22/2019 | [473](#) | LETTER MOTION for Discovery *Letter Re: Pre−Motion Conference re Lifting Stay of Discovery* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated |

| | | November 22, 2019. Document filed by John Nypl.(Alioto, Joseph) (Entered: 11/22/2019) |
|---|---|---|
| 11/25/2019 | 474 | MEMO ENDORSEMENT on re: 473 LETTER MOTION for Discovery *Letter Re: Pre−Motion Conference re Lifting Stay of Discovery* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 22, 2019. filed by John Nypl. ENDORSEMENT: It is ORDERED that the Department of Justice shall file a letter on ECF by December 2, 2019, responding to Plaintiffs' letter motion to lift the stay on discovery. (Responses due by 12/2/2019) (Signed by Judge Lorna G. Schofield on 11/25/2019) (cf) Modified on 11/25/2019 (cf). (Entered: 11/25/2019) |
| 12/02/2019 | 475 | LETTER addressed to Judge Lorna G. Schofield from Katherine Calle dated December 2, 2019 re: discovery stay. Document filed by Department of Justice (DOJ).(Calle, Katherine) (Entered: 12/02/2019) |
| 12/04/2019 | 476 | ORDER granting 473 Letter Motion for Discovery. It is ORDERED that, pursuant to the parameters of this letter, the testamentary discovery stay in Case Nos. 13−cv−7789, 15−cv−9300, 17−cv−3139 and 18−cv−10364 is lifted, as to defendants for whom discovery is not stayed in its entirety, for all witnesses but for Frank Cahill, Serge Sarramegna, Jason Katz, Christopher Cummins and Nicholas Williams. The DOJ shall file a status letter on January 10, 2020 and every 45 days thereafter to apprise the Court of the ongoing need for the stay as to these witnesses, if any. The parties in Case No. 15−cv−9300 shall file a joint status letter outlining all discovery that has thus far occurred and discovery that remains to be completed by December 13, 2019. Amended case management plans will issue separately in Case Nos. 13−cv−7789, 17−cv−3139 and 18−cv−10364. The Clerk is Court is respectfully requested to docket this order in Case Nos. 13−cv−7789, 15−cv−9300, 17−cv−3139 and 18−cv−10364. The Clerk of Court is also requested to close the motion in Case No. 15−cv−9300 at Dkt. No. 473. (Signed by Judge Lorna G. Schofield on 12/4/2019) (ks) (Entered: 12/05/2019) |
| 12/13/2019 | 477 | NOTICE OF APPEARANCE by Maeghan Owen Mikorski on behalf of Barclays Capital, Inc., Barclays PLC. (Mikorski, Maeghan) (Entered: 12/13/2019) |
| 12/13/2019 | 478 | STATUS REPORT. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc..(Goodin, James) (Entered: 12/13/2019) |
| 12/16/2019 | 479 | MEMO ENDORSEMENT on re: 478 Status Report filed by HSBC North American Holdings Inc., HSBC Bank (USA), N.A. ENDORSEMENT: It is hereby ORDERED that the parties shall file a joint letter by January 10, 2020 proposing (1) an amended Case Management Plan and Scheduling Order for fact and expert discovery; and (2) a briefing schedule for Plaintiffs' motion for class certification. It is further ORDERED that Plaintiffs shall issue or renew any notices for depositions pursuant to the Stipulation by January 3, 2020; Defendants shall provide Plaintiffs with their written objections to such notices by January 13, 2020; and the parties shall meet and confer regarding Defendants' objections and file a letter with the Court identifying any issues requiring the Court's intervention and resolution, and providing the factual and legal grounds for the parties' positions, by January 31, 2020. It is further ORDERED that the parties shall file a status letter on January 31, 2020 and every 45 days thereafter. (Signed by Judge Lorna G. Schofield on 12/16/2019) (cf) (Entered: 12/16/2019) |
| 01/10/2020 | 480 | LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated January 10, 2020 re: the parties' proposed Amended Case Management Plans and Scheduling Orders. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc.. (Attachments: # 1 Exhibit A − Plaintiffs' Proposed Amended Case Management Plan and Scheduling Order, # 2 Exhibit B − Defendants' Proposed Amended Case Management Plan and Scheduling Order)(Goodin, James) (Entered: 01/10/2020) |
| 01/13/2020 | 481 | LETTER addressed to Judge Lorna G. Schofield from Indraneel Sur dated January 10, 2020 re: withdrawal of appearance. Document filed by UBS AG.(Sur, Indraneel) (Entered: 01/13/2020) |
| 01/13/2020 | 482 | MOTION for Lawrence Genaro Papale to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−18487642. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl. (Attachments: # 1 Affidavit Declaration of Lawrence Papale, # |

| | | |
|---|---|---|
| | | 2 Text of Proposed Order Proposed Order Pro Hac Vice)(Papale, Lawrence) (Entered: 01/13/2020) |
| 01/13/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 482 MOTION for Lawrence Genaro Papale to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–18487642. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (bcu)** (Entered: 01/13/2020) |
| 01/13/2020 | 483 | MEMO ENDORSEMENT on re: 481 Letter filed by UBS AG. ENDORSEMENT: Application DENIED without prejudice to renewal. Any application for withdrawal of counsel must comply with the requirements of Local Rule 1.4. (Signed by Judge Lorna G. Schofield on 1/13/2020) (ks) (Entered: 01/13/2020) |
| 01/13/2020 | 484 | AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All fact discovery shall be completed by June 1, 2020. Depositions of Plaintiffs experts or other affiants in support of the motion shall be completed by May 15, 2020, absent agreement of the parties. Depositions of Defendants experts or other affiants in support of the motion shall be completed by June 26 2020. Depositions of The parties shall file all motion papers provided for in paragraphs B–H above and previously served on the opposing party on September 2, 2020. (As further set forth in this Order.) Motions due by 9/2/2020. Deposition due by 6/26/2020. Fact Discovery due by 6/1/2020. (Signed by Judge Lorna G. Schofield on 1/13/2020) (cf) (Entered: 01/13/2020) |
| 01/13/2020 | 485 | ORDER: It is hereby ORDERED that the parties shall comply with this Court's Order at Dkt. No. 479 and raise any remaining disputes regarding Plaintiffs' proposed depositions by letter by January 31, 2020. Accordingly, Plaintiff's request for a telephonic hearing during the week of January 13, 2020 is DENIED as premature. It is further ORDERED that the parties shall complete fact discovery by June 1, 2020. An Amended Case Management Plan and Scheduling Order will issue separately. The parties shall brief Plaintiffs' motion for class certification according to the schedule outlined in the Amended Case Management Plan and Scheduling Order. (Signed by Judge Lorna G. Schofield on 1/13/2020) ( Fact Discovery due by 6/1/2020.)(ks) (Entered: 01/13/2020) |
| 01/14/2020 | 486 | **FILING ERROR – DEFICIENT DOCKET ENTRY** – MOTION for Christopher Alan Nedeau to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–18502111. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Affidavit Declaration of Christopher A. Nedeau re Admission Pro Hac Vice, # 2 Exhibit California Supreme Court Certificate of Good Standing, # 3 Exhibit California State Bar Certificate of Good Standing, # 4 Exhibit Michigan Supreme Court Certificate of Good Standing, # 5 Text of Proposed Order Proposed Order re: Pro Hac Vice Admission)(Nedeau, Christopher) Modified on 1/15/2020 (vba). (Entered: 01/14/2020) |
| 01/15/2020 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE–FILE Document No. 486 MOTION for Christopher Alan Nedeau to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–18502111. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from SUPREME COURT STATE OF MICHIGAN, MICHIGAN NOT MENTIONED IN MOTION.;. Re–file the motion as a Motion to Appear Pro Hac Vice – attach the correct signed PDF – select the correct named filer/filers – attach valid Certificates of Good Standing issued within the past 30 days – attach Proposed Order.. (vba)** (Entered: 01/15/2020) |
| 01/21/2020 | 487 | ORDER granting 482 Motion for Lawrence Genaro Papale to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (jcs) (Entered: 01/21/2020) |
| 01/29/2020 | 488 | MOTION for Ch to Appear Pro Hac Vice . **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn. (Attachments: # 1 Affidavit Declaration of Christopher A. Nedeau in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Exhibits A through C: Certificates of Good Standing from California and MIchigan Supreme Courts and California State Bar, # 3 |

| | | Text of Proposed Order Proposed Order for Admission Pro Hac Vice)(Nedeau, Christopher) (Entered: 01/29/2020) |
|---|---|---|
| 01/31/2020 | 489 | JOINT LETTER addressed to Judge Lorna G. Schofield from Plaintiffs and Defendants dated January 31, 2020 re: Joint Status Letter. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 01/31/2020) |
| 01/31/2020 | 490 | JOINT LETTER addressed to Judge Lorna G. Schofield from Plaintiffs and Defendants dated January 31, 2020 re: Deposition Disputes. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc...(Ruffino, Andrew) (Entered: 01/31/2020) |
| 02/03/2020 | 491 | **FILING ERROR – DEFICIENT DOCKET ENTRY –** MOTION for Indraneel Sur to Withdraw as Attorney . Document filed by UBS AG. (Attachments: # 1 Declaration of Eric J. Stock, # 2 Text of Proposed Order).(Stock, Eric) Modified on 2/25/2020 (db). (Entered: 02/03/2020) |
| 02/04/2020 | 492 | ORDER GRANTING WITHDRAW AS COUNSEL granting 491 Motion to Withdraw as Attorney: IT IS HEREBY ORDERED that the noticed request to withdraw Indraneel Sur as counsel for UBS AG is granted, and the appearance of Mr. Sur is withdrawn as of the date of this Order. (Attorney Indraneel Sur terminated.) (Signed by Judge Lorna G. Schofield on 2/4/2020) (jwh) (Entered: 02/04/2020) |
| 02/06/2020 | 493 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 2/6/2020 re: Request for Extension of Time. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn..(Winters, Lingel) (Entered: 02/06/2020) |
| 02/07/2020 | 494 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel H.Winters dated February 7, 2020 re: pre–motion conference letter re: motion for class certification. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Alioto, Joseph) (Entered: 02/07/2020) |
| 02/10/2020 | 495 | MEMO ENDORSEMENT on re: 493 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED. An amended case management plan and scheduling order will issue separately. (Signed by Judge Lorna G. Schofield on 2/10/2020) (cf) (Entered: 02/10/2020) |
| 02/10/2020 | 496 | SECOND AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All fact discovery shall be completed by June 1, 2020. Depositions of Defendants experts or other affiants in support of the motion shall be completed by July 29, 2020. Depositions of The parties shall file all motion papers provided for in paragraphs B–H above and previously served on the opposing party on October 7, 2020. (As further set forth in this Order.) Motions due by 10/7/2020. Deposition due by 7/29/2020. Fact Discovery due by 6/1/2020. (Signed by Judge Lorna G. Schofield on 2/10/2020) (cf) (Entered: 02/10/2020) |
| 02/21/2020 | 497 | JOINT LETTER addressed to Judge Lorna G. Schofield from Defendants dated February 21, 2020 re: Letter in response to Plaintiffs' letter for a pre–motion conference regarding class certification.. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 02/21/2020) |
| 02/24/2020 | 498 | ORDER: It is hereby ORDERED that, to the extent that Plaintiffs' deposition notices and topics extend beyond those agreed to in the Stipulation, they are quashed. This includes the following notices and topics: Plaintiffs' Rule 30(b)(6) notice on Bank of America Corporation and Bank of America, N.A., and non–party Merrill Lynch, Pierce, Fenner & Smith Incorporated. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 2/24/2020) (cf) (Entered: 02/24/2020) |
| 02/25/2020 | 499 | MEMO ENDORSEMENT on re: (1404 in 1:13–cv–07789–LGS) Letter filed by U.S. Department of Justice. ENDORSEMENT: It is ORDERED that, pursuant to the parameters of this letter, the testamentary discovery stay in Case Nos. 13–cv–7789, 15–cv–9300, 17–cv–3139 and 18–cv–10364 is lifted as to Frank Cahill and Serge |

| | | Sarramegna, and remains in place for the following witnesses: Jason Katz, Christopher Cummins and Nicholas Williams. The Clerk of Court is respectfully requested to docket this order in all captioned cases. (Signed by Judge Lorna G. Schofield on 2/25/2020) (mro) (Entered: 02/25/2020) |
|---|---|---|
| 02/25/2020 | | >>>**NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 488 MOTION for Ch to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 02/25/2020) |
| 02/25/2020 | 500 | ORDER granting 488 Motion for Christopher A. Nedeau to Appear Pro Hac Vice (HEREBY ORDERED by Judge Lorna G. Schofield)(Text Only Order) (jcs) (Entered: 02/25/2020) |
| 03/06/2020 | 501 | NOTICE OF CHANGE OF ADDRESS by Tansy Woan on behalf of JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. New Address: Skadden, Arps, Slate, Meagher & Flom LLP, One Manhattan West, New York, New York, 10001–8602,..(Woan, Tansy) (Entered: 03/06/2020) |
| 03/16/2020 | 502 | JOINT LETTER addressed to Judge Lorna G. Schofield from Plaintiffs and Defendants dated March 16, 2020 re: Joint Status Letter. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 03/16/2020) |
| 03/16/2020 | 503 | LETTER addressed to Judge Lorna G. Schofield from Counsel for Defendants dated March 16, 2020 re: Response to Court's February 24, 2020 Order at ECF Dkt.. No. 498. Document filed by Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 03/16/2020) |
| 03/16/2020 | 504 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated March 16, 2020 re: Relevance of the December 11, 2012 Deferred Prosecution Agreement. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn..(Papale, Lawrence) (Entered: 03/16/2020) |
| 03/16/2020 | 505 | DECLARATION of Rohan Weerasinghe re: 498 Order, . Document filed by Citibank, N.A., Citicorp, Citigroup, Inc...(Ruffino, Andrew) (Entered: 03/16/2020) |
| 03/16/2020 | 506 | NOTICE of Filing Pursuant to February 24, 2020 Order re: 498 Order,. Document filed by Barclays Capital, Inc., Barclays PLC. (Attachments: # 1 Affidavit M. Fitzwater Affirmation).(Schwartz, Matthew) (Entered: 03/16/2020) |
| 03/16/2020 | 507 | NOTICE of Filing Pursuant to February 24, 2020 Order. Document filed by UBS AG. (Attachments: # 1 Affidavit of James B. Fuqua).(Katsur, Melanie) (Entered: 03/16/2020) |
| 03/16/2020 | 508 | NOTICE of Filing Pursuant to February 24, 2020 Order. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A – Affirmation of Stephen M. Cutler, Esq.).(Bershteyn, Boris) (Entered: 03/16/2020) |
| 03/16/2020 | 509 | NOTICE of Filing Pursuant to February 24, 2020 Order re: 498 Order,. Document filed by Royal Bank of Scotland, plc. (Attachments: # 1 Exhibit A – Affirmation of James M. Esposito, Esq.).(Mishkin, Paul) (Entered: 03/16/2020) |
| 03/18/2020 | 510 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated March 18, 2020 re: Request for Leave to File Response. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn..(Papale, Lawrence) (Entered: 03/18/2020) |
| 03/19/2020 | 511 | MEMO ENDORSEMENT on re: 510 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy. ENDORSEMENT: Application GRANTED. Plaintiffs shall file any letter response to Defendants' letter at Dkt. No. 503 by March 31, 2020. (Signed by Judge Lorna G. Schofield on 3/19/2020) (ama) (Entered: 03/19/2020) |
| 03/31/2020 | 512 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated March 31, 2020 re: ECF No. 503. Document filed by John Nypl..(Alioto, Joseph) (Entered: |

| | | 03/31/2020) |
|---|---|---|
| 04/02/2020 | 513 | NOTICE OF APPEARANCE by John Michael Briggs on behalf of Royal Bank of Scotland, plc..(Briggs, John) (Entered: 04/02/2020) |
| 04/08/2020 | 514 | ORDER: It is hereby ORDERED that, to the extent that the proposed depositions seek to address the topic of the December 11, 2012 deferred prosecution agreement between the United States Department of Justice, HSBC Holdings PLC, and HSBC Bank USA, N.A., the deposition notices are quashed as irrelevant. To the extent that Plaintiffs seek non–public information relating the size of HSBC Holdings PLC, and HSBC Bank USA, N.A., such information may be acquired by interrogatory. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 4/8/2020) (cf) (Entered: 04/08/2020) |
| 04/08/2020 | 515 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 4/8/2020 re: Request for an extension of time. Document filed by John Nypl..(Alioto, Joseph) (Entered: 04/08/2020) |
| 04/09/2020 | 516 | MEMO ENDORSEMENT on re: 515 Letter filed by John Nypl. ENDORSEMENT: Application GRANTED. Plaintiffs shall file the letter identifying the disputed 30(b)(6) deposition topics, and providing as attachments to the letter the disputed notices, by April 14, 2020. So Ordered. (Signed by Judge Lorna G. Schofield on 4/9/2020) (ks) (Entered: 04/09/2020) |
| 04/10/2020 | 517 | MEMO ENDORSEMENT on re: (1450 in 1:13–cv–07789–LGS) Letter filed by U.S. Department of Justice. ENDORSEMENT: It is ORDERED that, pursuant to the parameters of this letter, the testamentary discovery stay in Case Nos. 13–cv–7789, 15–cv–9300, 17–cv–3139 and 18–cv–10364 remains in place for the following witnesses: Jason Katz, Christopher Cummins and Nicholas Williams. The Clerk of Court is respectfully requested to docket this order in all captioned cases. (Signed by Judge Lorna G. Schofield on 4/10/2020) (jca) (Entered: 04/10/2020) |
| 04/13/2020 | 518 | LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated April 13, 2020 re: Request for Clarification. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 04/13/2020) |
| 04/14/2020 | 519 | MEMO ENDORSEMENT on re: 518 Letter filed by HSBC North American Holdings Inc., HSBC Bank (USA), N.A. ENDORSEMENT: This Court's Order at Dkt. No. 514 was directed at all parties to whom the disputes regarding deposition notices and topics still apply. Accordingly, Plaintiffs' letter regarding disputed deposition topics, now due on April 14, 2020, should include all topics that remain in dispute with any Defendants. The joint letter, due on April 16, 2020, should include all Defendants with pending deposition notices to whom the dispute as to the propriety of questions regarding Defendants' communications with the Government applies. So Ordered. (Signed by Judge Lorna G. Schofield on 4/14/2020) (ks) (Entered: 04/14/2020) |
| 04/14/2020 | 520 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated April 14, 2020 re: Order of April 8, 2020. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 04/14/2020) |
| 04/16/2020 | 521 | LETTER addressed to Judge Lorna G. Schofield from Counsel for Defendants dated April 16, 2020 re: Response to Plaintiffs' Letter at ECF No. 520. Document filed by Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG. (Attachments: # 1 Plaintiffs' Notice of Rule 30(b)(6) Deposition to Citibank).(Ruffino, Andrew) (Entered: 04/16/2020) |
| 04/16/2020 | 522 | JOINT LETTER addressed to Judge Lorna G. Schofield from Counsel for Plaintiffs and Counsel for Defendants Barclays, Citigroup, JPMorgan Chase, The Royal Bank of Scottald, and UBS dated April 16, 2020 re: disputes concerning plaintiffs' Rule 30(b)(6) deposition notices. Document filed by Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 04/16/2020) |
| 04/16/2020 | 523 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated April 16, 2020 re: Defendants' April 16 Letter. Document filed by John Nypl..(Alioto, |

| | | Joseph) (Entered: 04/16/2020) |
|---|---|---|
| 04/17/2020 | 524 | MEMO ENDORSEMENT on re: 523 Letter filed by John Nypl. ENDORSEMENT: Application GRANTED. Plaintiffs shall file any letter response, not to exceed one page, by April 20, 2020. (Signed by Judge Lorna G. Schofield on 4/17/2020) (cf) (Entered: 04/17/2020) |
| 04/20/2020 | 525 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated April 20, 2020 re: Response to Defendants' Letter at ECF No. 521. Document filed by John Nypl..(Alioto, Joseph) (Entered: 04/20/2020) |
| 04/21/2020 | 526 | LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated April 21, 2020 re: Request for Leave to File Deposition Notice. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc.. (Attachments: # 1 Plaintiffs' Rule 30(b)(6) Notice to HSBC).(Goodin, James) (Entered: 04/21/2020) |
| 04/27/2020 | 527 | ORDER: ORDERED that, by May 1, 2020, Defendants Barclays PLC and JPMorgan Chase & Co. shall file supplemental affidavits from Mr. Fitzwater and Mr. Cutler clarifying whether the investigations to which their original affidavits refer were internal investigations conducted by in–house or outside counsel, undertaken to provide legal advice in connection with anticipated or ongoing litigation, or some other type of investigation. (Signed by Judge Lorna G. Schofield on 4/27/2020) (jwh) (Entered: 04/27/2020) |
| 04/28/2020 | 528 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 4/28/2020 re: Request for Leave to Serve Extra Pages. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn..(Winters, Lingel) (Entered: 04/28/2020) |
| 04/28/2020 | 529 | MOTION for Douglas A. Smith and John Coghlan to Withdraw as Attorney . Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 04/28/2020) |
| 04/28/2020 | 530 | DECLARATION of Boris Bershteyn in Support re: 529 MOTION for Douglas A. Smith and John Coghlan to Withdraw as Attorney .. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 04/28/2020) |
| 04/29/2020 | 531 | MEMO ENDORSEMENT granting 529 MOTION for Douglas A. Smith and John Coghlan to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. Attorney John Coghlan and Douglas Allen Smith terminated. (Signed by Judge Lorna G. Schofield on 4/29/2020) (jca) (Entered: 04/29/2020) |
| 04/30/2020 | 532 | MEMO ENDORSEMENT on re: 528 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED IN PART. Plaintiffs' memorandum of law in support of the motion for class certification shall not exceed thirty (30) pages. Defendants' also may serve an opposition not to exceed thirty (30) pages. (Signed by Judge Lorna G. Schofield on 4/29/2020) (cf) (Entered: 04/30/2020) |
| 04/30/2020 | 533 | JOINT LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated April 30, 2020 re: Joint Status Letter. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 04/30/2020) |
| 05/01/2020 | 534 | NOTICE of Filing Pursuant to April 27, 2020 Order. Document filed by Barclays Capital, Inc., Barclays PLC. (Attachments: # 1 Exhibit Supplemental Affirmation of Matthew S. Fitzwater, Esq).(Schwartz, Matthew) (Entered: 05/01/2020) |
| 05/01/2020 | 535 | NOTICE of Filing Pursuant to April 27, 2020 Order. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A.. (Attachments: # 1 Exhibit A Supplemental Affirmation of Stephen M. Cutler, Esq.).(Bershteyn, Boris) (Entered: 05/01/2020) |
| 05/01/2020 | 536 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 5/1/2020 re: Matthew Fitzwater and Stephen Cutler's affirmations. Document filed by John Nypl. (Attachments: # 1 Exhibit A).(Alioto, Joseph) (Entered: 05/01/2020) |
| 05/04/2020 | 537 | LETTER addressed to Judge Lorna G. Schofield from Matthew A. Schwartz and Boris Bershteyn dated 05/04/2020 re: Response to Plaintiffs' May 1 Letter. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Schwartz, Matthew) |

| | | (Entered: 05/04/2020) |
|---|---|---|
| 05/05/2020 | <u>538</u> | ORDER: It is hereby ORDERED that the deposition notices to the Signatory Witnesses are quashed to the extent that they seek information about the facts underlying the Plea Agreements, because the Signatory Witnesses have such information only through protected attorney–client communications. It is further ORDERED that the parties are directed to meet and confer regarding Defendants' proposed compromise at Dkt. No. 503. It is further ORDERED that the parties shall file a joint letter by May 19, 2020, outlining (1) the parties' agreement; and (2) any remaining disputes, with the parties' respective positions and supporting facts and legal authority. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 5/5/2020) (cf) (Entered: 05/05/2020) |
| 05/06/2020 | <u>539</u> | MEMO ENDORSEMENT: on re: <u>536</u> Letter filed by John Nypl. ENDORSEMENT: Application DENIED. There is no evidence before the Court that the affidavits are not credible and the other bases for the request are moot in light of this Court's Order at Dkt. No. 538. Defendants' request at Dkt. No. 537 is denied as moot. (Signed by Judge Lorna G. Schofield on 5/06/2020) (ama) (Entered: 05/06/2020) |
| 05/19/2020 | <u>540</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Counsel for Plaintiffs and Certain Defendants dated May 19, 2020 re: Discovery Disputes. Document filed by Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 05/19/2020) |
| 05/22/2020 | <u>541</u> | ORDER: It is ORDERED that a telephonic conference will be held on June 4, 2020, at 2:00 PM., to address the issues raised in the parties' joint letter at Dkt. No. 540. It is further ORDERED that, by May 29, 2020, the parties shall file a joint letter (1) proposing an appropriate extension to fact discovery; and (2) providing a conference line and, if necessary, an access code for the conference. The parties shall ensure they are all dialed into the conference call by the appointed conference time. If the parties are not able to arrange a conference call, they shall contact the Courtroom Deputy, Mr. James Street, at 212–805–4553, as soon as possible and no later than May 29, 2020, at noon, to make other arrangements. It is further ORDERED that the parties shall attach to the joint letter a list of the parties and their counsel of record who will appear and speak at the conference. (Signed by Judge Lorna G. Schofield on 5/22/2020) ( Telephone Conference set for 6/4/2020 at 02:00 PM before Judge Lorna G. Schofield.) (ks) (Entered: 05/22/2020) |
| 05/27/2020 | <u>542</u> | MEMO ENDORSEMENT on re: (540 in 1:15–cv–09300–LGS) Letter, filed by Citibank, N.A., Royal Bank of Scotland, plc, JPMorgan Chase Bank, N.A., JP Morgan Chase & Co., Barclays PLC, UBS AG, Citicorp, HSBC North American Holdings Inc., HSBC Bank (USA), N.A., Barclays Capital, Inc., Citigroup, Inc. ENDORSEMENT: It is ORDERED that, pursuant to the parameters of this letter, the testamentary discovery stay in Case Nos. 13–cv–7789, 15–cv–9300, 17–cv–3139 and 18–cv–10364 remains in place for the following witnesses: Jason Katz, Christopher Cummins and Nicholas Williams. The Clerk of Court is respectfully requested to docket this order in all captioned cases. (Signed by Judge Lorna G. Schofield on 5/27/2020) (cf) (Entered: 05/27/2020) |
| 05/29/2020 | <u>543</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Counsel from Plaintiffs and Counsel for Defendants dated May 29, 2020 re: Extension of Fact Discovery and Conference Line for the Conference. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 05/29/2020) |
| 06/01/2020 | <u>544</u> | ORDER: WHEREAS, a telephonic conference will be held on June 4, 2020, at 2:00 PM., to address the issues raised in the parties' joint letter at Dkt. No. 540. It is hereby ORDERED that, by June 3, 2020, at noon, the parties shall file a list of the parties and their counsel of record who will appear at the conference. (Telephone Conference set for 6/4/2020 at 02:00 PM before Judge Lorna G. Schofield). (Signed by Judge Lorna G. Schofield on 6/1/2020) (rjm) (Entered: 06/02/2020) |

| 06/02/2020 | <u>545</u> | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 06/02/2020 re: List of counsel appearing for the Nypl Plaintiffs at the 6/04/2020 conference. Document filed by John Nypl..(Alioto, Joseph) (Entered: 06/02/2020) |
|---|---|---|
| 06/03/2020 | <u>546</u> | LETTER addressed to Judge Lorna G. Schofield from Andrew A. Ruffino dated June 3, 2020 re: List of defense counsel of record appearing at the 6/4/20 conference. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc...(Ruffino, Andrew) (Entered: 06/03/2020) |
| 06/04/2020 | <u>547</u> | ORDER: Plaintiffs shall file the letter motion by June 9, 2020. Any response shall be filed by June 16, 2020. (As further set forth in this Order.) ( Motions due by 6/9/2020., Responses due by 6/16/2020) (Signed by Judge Lorna G. Schofield on 6/4/2020) (cf) (Entered: 06/04/2020) |
| 06/04/2020 | <u>548</u> | THIRD AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: Thereafter, unless otherwise ordered by the Court, Plaintiffs shall serve but not file their motion for class certification and any expert reports in support thereof by 4/30/2020. Depositions of Plaintiffs' experts or other affiants in support of the motion shall be completed by 6/17/2020, absent agreement of the parties. Defendants shall serve but not file any opposition to the motion for classcertification, any expert reports in support thereof, and any challenges to Plaintiffs' experts by 7/8/2020. Depositions of Defendants' experts or other affiants in support of the motion shall be completed by 7/29/2020. Plaintiffs shall serve their reply in support of their class certification motion, any reply expert reports, any opposition to any challenge by Defendants to Plaintiffs' experts, and any challenges to Defendants' experts by 8/12/2020. Defendants shall serve any opposition to any challenge by Plaintiffs to Defendants' experts and any reply in support of any challenge to Plaintiffs' experts by 9/14/2020. Plaintiffs shall serve any reply in support of any challenge to Defendants' experts by 10/5/2020. The parties shall file all motion papers provided for in paragraphs B–H above and previously served on the opposing party on 10/7/2020. Motions due by 10/7/2020. Deposition due by 7/29/2020. Fact Discovery due by 7/20/2020. (Signed by Judge Lorna G. Schofield on 6/4/2020) (mml) (Entered: 06/05/2020) |
| 06/05/2020 | <u>549</u> | LETTER MOTION for Discovery *to Modify March 18, 2019 Stipulation and Order to Include Bank of America* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 5, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 06/05/2020) |
| 06/09/2020 | <u>550</u> | MOTION for Mavara Agha to Withdraw as Attorney . Document filed by Barclays Capital, Inc., Barclays PLC..(Schwartz, Matthew) (Entered: 06/09/2020) |
| 06/09/2020 | <u>551</u> | MOTION for John Darrow Echeverria to Withdraw as Attorney . Document filed by Barclays Capital, Inc., Barclays PLC..(Schwartz, Matthew) (Entered: 06/09/2020) |
| 06/09/2020 | <u>552</u> | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel Winters dated June 9, 2020 re: Extension of Time to Serve Letter Motion Re HSBC Interrogatories. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 06/09/2020) |
| 06/10/2020 | <u>553</u> | MEMO ENDORSEMENT granting <u>551</u> MOTION for John Darrow Echeverria to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. Attorney John Darrow Echeverria terminated. (Signed by Judge Lorna G. Schofield on 6/10/2020) (jca) (Entered: 06/10/2020) |
| 06/10/2020 | <u>554</u> | MEMO ENDORSEMENT granting <u>550</u> Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. Attorney Mavara Agha terminated (Signed by Judge Lorna G. Schofield on 6/10/2020) (cf) (Entered: 06/10/2020) |
| 06/10/2020 | <u>555</u> | MEMO ENDORSEMENT on re: <u>552</u> Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., Lisa McCarthy. ENDORSEMENT: Application GRANTED. The application is untimely but is nevertheless granted. Plaintiffs shall file the letter no later than June 10, 2020. Defendants shall file any letter response by June 17, 2020. (Motions due by 6/10/2020., Responses due by 6/17/2020) (Signed by Judge Lorna G. Schofield on 6/10/2020) (jca) (Entered: 06/10/2020) |
| 06/10/2020 | <u>556</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Counsel from Plaintiffs and Counsel for Defendants dated June 10, 2020 re: Court's Order dated June 4, 2020. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays |

| | | Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 06/10/2020) |
|---|---|---|
| 06/10/2020 | 557 | LETTER MOTION to Compel *Seeking Leave to Serve Interrogatories Identified in the Court's June 4, 2020 Order on the HSBC Defendants* addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel H.Winters dated June 10, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 06/10/2020) |
| 06/11/2020 | 558 | MEMO ENDORSEMENT on re: 556 Letter. ENDORSEMENT: Application GRANTED. The deadlines relating to class certification and expert discovery are STAYED pending resolution of this matter. By June 29, 2020, either (1) Plaintiffs shall file a letter motion to compel interrogatory responses, not to exceed three pages; or (2) the parties shall jointly file a letter confirming that no such letter motion will be filed, and proposing appropriate amendments to Section IV of the Third Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 548). (Motions due by 6/29/2020.) (Signed by Judge Lorna G. Schofield on 6/11/2020) (jwh) (Entered: 06/11/2020) |
| 06/12/2020 | 559 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Jeffrey J. Resetarits dated June 12, 2020 re: 549 LETTER MOTION for Discovery *to Modify March 18, 2019 Stipulation and Order to Include Bank of America* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 5, 2020. . Document filed by Bank of America, N.A., Bank of America Corporation..(Resetarits, Jeffrey) (Entered: 06/12/2020) |
| 06/15/2020 | 560 | JOINT LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated June 15, 2020 re: Joint Status Letter. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 06/15/2020) |
| 06/15/2020 | 561 | LETTER MOTION for Leave to File Reply to Defendant Bank of America's June 12, 2020 Letter addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 15, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 06/15/2020) |
| 06/16/2020 | 562 | ORDER granting 561 Letter Motion for Leave to File Document. Application GRANTED. Plaintiffs shall file any reply letter, not to exceed two pages, by June 17, 2020. (Signed by Judge Lorna G. Schofield on 6/16/2020) (cf) (Entered: 06/16/2020) |
| 06/16/2020 | | Set/Reset Deadlines: Replies due by 6/17/2020. (cf) (Entered: 06/16/2020) |
| 06/17/2020 | 563 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from the HSBC Defendants dated June 17, 2020 re: 557 LETTER MOTION to Compel *Seeking Leave to Serve Interrogatories Identified in the Court's June 4, 2020 Order on the HSBC Defendants* addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel H.Winters dated June 10, 2020. . Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 06/17/2020) |
| 06/17/2020 | 564 | REPLY MEMORANDUM OF LAW in Support re: 549 LETTER MOTION for Discovery *to Modify March 18, 2019 Stipulation and Order to Include Bank of America* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 5, 2020. . Document filed by John Nypl..(Alioto, Joseph) (Entered: 06/17/2020) |
| 06/18/2020 | 565 | LETTER MOTION for Leave to File Reply to the HSBC Defendants June 17, 2020 Letter addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 18, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 06/18/2020) |
| 06/19/2020 | 566 | ORDER granting 565 Letter Motion for Leave to File Document. Application GRANTED. Plaintiffs shall file any letter reply, not to exceed two pages, by June 22, 2020. (Signed by Judge Lorna G. Schofield on 6/19/2020) (kv) (Entered: 06/19/2020) |
| 06/19/2020 | | Set/Reset Deadlines: Replies due by 6/22/2020. (kv) (Entered: 06/19/2020) |
| 06/22/2020 | 567 | REPLY MEMORANDUM OF LAW in Support re: 557 LETTER MOTION to Compel *Seeking Leave to Serve Interrogatories Identified in the Court's June 4, 2020 Order on the HSBC Defendants* addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel H.Winters dated June 10, 2020. . Document filed by John |

| | | Nypl..(Alioto, Joseph) (Entered: 06/23/2020) |
|---|---|---|
| 06/23/2020 | 568 | LETTER MOTION for Leave to File Sur–Reply addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated June 23, 2020. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 06/23/2020) |
| 06/23/2020 | 569 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 23, 2020 re: 568 LETTER MOTION for Leave to File Sur–Reply addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated June 23, 2020. . Document filed by John Nypl..(Alioto, Joseph) (Entered: 06/23/2020) |
| 06/25/2020 | 570 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated June 25, 2020 re: Extension of Time, Page Limits and Declaration re expert report. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn..(Winters, Lingel) (Entered: 06/25/2020) |
| 06/25/2020 | 571 | MEMO ENDORSEMENT on re: 570 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application GRANTED IN PART. This Court's Order at Dkt. No. 558, is amended to the following: By July 3, 2020, the parties shall meet and confer regarding the sufficiency of the interrogatory responses, and file a status letter to apprise the Court of the nature of the disputes and whether the parties request additional time to negotiate. By July 15, 2020, if there remain disputes and the parties did not request additional time, the parties shall jointly file a letter, not to exceed ten pages, providing the parties' respective positions regarding thesufficiency of the responses. To the extent that it is necessary to provide exemplar responses for the Court to fully understand the disputes, the parties shall attach those responses to the joint letter. The deadlines relating to class certification and expert discovery remain STAYED pending resolution of this matter. (Signed by Judge Lorna G. Schofield on 6/25/2020) (cf) (Entered: 06/25/2020) |
| 06/26/2020 | 572 | ORDER granting in part and denying in part 549 Letter Motion for Discovery; denying as moot 557 Letter Motion to Compel; granting in part and denying in part 568 Letter Motion for Leave to File Document. It is hereby ORDERED that, for the aforementioned reasons, Plaintiffs letter motions at Dkt. Nos. 549 and 557 are DENIED to the extent that Plaintiffs seek to amend the Stipulation, and GRANTED to the extent that Plaintiffs seek to serve interrogatories on the HSBC Defendants to inquire into communications between the HSBC Defendants and the Government related to the January 18, 2018, deferred prosecution agreement. Th HSBC Defendants' letter motion at Dkt. No. 557 is DENIED as moot. The Clerk of Court is respectfully requested to close the motions at Dkt. No. 549, 557 and 568. (As further set forth in this Order.). (Signed by Judge Lorna G. Schofield on 6/25/2020) (cf) (Entered: 06/26/2020) |
| 07/01/2020 | 573 | JOINT LETTER addressed to Judge Lorna G. Schofield from All Counsel dated July 1, 2020 re: Status of Interrogatories. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc...(Ruffino, Andrew) (Entered: 07/01/2020) |
| 07/02/2020 | 574 | MEMO ENDORSEMENT on re: 573 Letter filed by Citibank, N.A., Citigroup, Inc., Citicorp. ENDORSEMENT: By August 7, 2020, the parties shall jointly file a status letter to (1) apprise the Court of the status of the interrogatory responses, any supplemental responses and any related disputes; (2) inform the Court of whether Plaintiffs intend to seek depositions based on the interrogatory responses, the proposed dates for any such depositions and any related disputes; and (3) propose appropriate amendments to Sections II and IV of the Third Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 548). (Signed by Judge Lorna G. Schofield on 7/2/2020) (cf) (Entered: 07/02/2020) |
| 07/02/2020 | 575 | JOINT LETTER MOTION for Extension of Time to File *a joint status letter* addressed to Judge Lorna G. Schofield from Jeffrey J. Resetarits dated July 2, 2020. Document filed by Bank of America, N.A., Bank of America Corporation..(Resetarits, Jeffrey) (Entered: 07/02/2020) |
| 07/06/2020 | 576 | ORDER granting 575 Letter Motion for Extension of Time to File. Application GRANTED. The parties shall file the joint status letter byJuly 10, 2020. (Signed by Judge Lorna G. Schofield on 7/6/20) (yv) (Entered: 07/06/2020) |

| | | |
|---|---|---|
| 07/10/2020 | <u>577</u> | LETTER MOTION to Seal *Joint Letter dated July 10, 2020* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 10, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/10/2020) |
| 07/10/2020 | <u>578</u> | ***SELECTED PARTIES***JOINT LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 10, 2020 re: The sufficiency of Defendants' Interrogatory responses. Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Mad Travel, Inc., Citicorp, Citigroup, Inc., William Rubinsohn, John Nypl, Bank of America Corporation, Barclays Capital, Inc., Go Everywhere, Inc., Valarie Jolly, Citibank, N.A., Lisa McCarthy, UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A..Motion or Order to File Under Seal: <u>577</u> .(Alioto, Joseph) (Entered: 07/10/2020) |
| 07/10/2020 | <u>579</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 10, 2020 re: The sufficiency of Defendants' Interrogatory responses [REDACTED]. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, William Rubinsohn..(Alioto, Joseph) (Entered: 07/10/2020) |
| 07/13/2020 | <u>580</u> | MEMO ENDORSEMENT on re: (1475 in 1:13–cv–07789–LGS) Letter filed by U.S. Department of Justice. ENDORSEMENT: It is ORDERED that, pursuant to the parameters of this letter, the testamentary discovery stay in Case Nos. 13–cv–7789, 15–cv–9300, 17–cv–3139 and 18–cv–10364 remains in place for the following witnesses: Jason Katz, Christopher Cummins and Nicholas Williams. The Clerk of Court is respectfully requested to docket this order in all captioned cases. (Signed by Judge Lorna G. Schofield on 7/13/2020) (cf) (Entered: 07/13/2020) |
| 07/13/2020 | <u>581</u> | MEMO ENDORSEMENT on re: <u>577</u> LETTER MOTION to Seal *Joint Letter dated July 10, 2020* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 10, 2020. filed by John Nypl. ENDORSEMENT: Defendants shall file any letter in support of Plaintiffs' motion to seal by July 14, 2020. ( Responses due by 7/14/2020) (Signed by Judge Lorna G. Schofield on 7/13/2020) (cf) (Entered: 07/13/2020) |
| 07/14/2020 | <u>582</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Boris Bershteyn and Jeffrey J. Resetarits dated June 14, 2020 re: Request for Pre–Motion Conference re: 425 STIPULATION AND ORDER CONCERNING DEPOSITION COORDINATION. Document filed by Bank of America, N.A., Bank of America Corporation, JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 07/14/2020) |
| 07/14/2020 | <u>583</u> | JOINT LETTER MOTION for Conference re: <u>425</u> Stipulation and Order, *(Correcting Docket Entry 582 to Reflect the Filing of a Joint Letter Motion Pursuant to This Court's Rules)* addressed to Judge Lorna G. Schofield from Boris Bershteyn and Jeffrey J. Resetarits dated July 14, 2020. Document filed by Bank of America, N.A., Bank of America Corporation, JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 07/14/2020) |
| 07/14/2020 | <u>584</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Jeffrey J. Resetarits and Boris Bershteyn dated July 14, 2020 re: Joint Letter in Support of Plaintiffs' Letter Motion to Seal the Unredacted Joint Letter (ECF Nos. 577, 578). Document filed by Bank of America, N.A., Bank of America Corporation..(Resetarits, Jeffrey) (Entered: 07/14/2020) |
| 07/15/2020 | <u>585</u> | LETTER MOTION for Extension of Time addressed to Judge Lorna G. Schofield from Joseph M. Alioto and Lingel H.Winters dated July 14, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/15/2020) |
| 07/15/2020 | <u>586</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Boris Bershteyn and Jeffrey J. Resetarits dated July 15, 2020 re: <u>583</u> JOINT LETTER MOTION for Conference re: 425 Stipulation and Order. Document filed by Bank of America, N.A., Bank of America Corporation, JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 07/15/2020) |
| 07/15/2020 | <u>588</u> | MEMO ENDORSEMENT on re: <u>583</u> JOINT LETTER MOTION for Conference re: <u>425</u> Stipulation and Order, *(Correcting Docket Entry 582 to Reflect the Filing of a Joint Letter Motion Pursuant to This Court's Rules)* addressed to Judge Lorna G. Schofield from Boris Bershteyn filed by Bank of America Corporation, Bank of America, N.A., JPMorgan Chase Bank, N.A., JP Morgan Chase & Co. |

| | | ENDORSEMENT: Plaintiffs shall file a letter response by July 21, 2020. ( Responses due by 7/21/2020) (Signed by Judge Lorna G. Schofield on 7/15/2020) (cf) (Entered: 07/15/2020) |
|---|---|---|
| 07/15/2020 | | ***DELETED DOCUMENT. Deleted document number 587 Order. The document was incorrectly filed in this case. (jcs) (Entered: 07/15/2020) |
| 07/15/2020 | 589 | MEMO ENDORSEMENT on re: 579 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., William Rubinsohn, Lisa McCarthy. ENDORSEMENT: A telephonic conference will be held on July 23, 2020, at 10:40 a.m. to address the disputes identified in this joint letter. By July 20, 2020, the parties shall file a joint letter providing a conference line and, if necessary, an access code. The parties shall ensure they are all dialed into the conference call by the appointed conference time. If the parties are not able to arrange a conference call, they shall contact the Courtroom Deputy, Mr. James Street, at 212−805−4553, as soon as possible and no later than July 20, 2020, at noon, to make other arrangements. In light of the nature of this joint letter, this Court's Order at Dkt. No. 571 is hereby amended to remove the directive to file an additional joint letter by July 15, 2020. ( Telephone Conference set for 7/23/2020 at 10:40 AM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 7/15/2020) (cf) (Entered: 07/15/2020) |
| 07/15/2020 | 590 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 15, 2020 re: Defendants' July 15, 2020 Letter. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/15/2020) |
| 07/15/2020 | 593 | ORDER with respect to 577 Letter Motion to Seal. By July 17, 2020, Plaintiffs shall file the "appendix that identifies all parties and attorneys of record who should have access to the sealed documents," pursuant to this Court's Individual Rule I.D.3. So Ordered. (Signed by Judge Lorna G. Schofield on 7/15/2020) (jca) (Entered: 07/16/2020) |
| 07/16/2020 | 591 | ORDER denying as moot 585 Letter Motion for Extension of Time. Application DENIED as moot in light of this Court's Order at Dkt. No. 589. (Signed by Judge Lorna G. Schofield on 7/16/20) (yv) (Entered: 07/16/2020) |
| 07/16/2020 | 592 | MEMO ENDORSEMENT on re: 586 Letter, filed by Bank of America Corporation, Bank of America, N.A., JPMorgan Chase Bank, N.A., JP Morgan Chase & Co. ENDORSEMENT: Application GRANTED. Plaintiffs' deposition notices on Jo−Anne Rivet, Bohdan Kunyk and David Drago are hereby suspended pending resolution of this dispute. (Signed by Judge Lorna G. Schofield on 7/16/2020) (jca) (Entered: 07/16/2020) |
| 07/17/2020 | 594 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 17, 2020 re: Appendix of Parties and Attorneys. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/17/2020) |
| 07/17/2020 | 595 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 17, 2020 re: CORRECTED Appendix of Parties and Attorneys. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/17/2020) |
| 07/17/2020 | 596 | JOINT LETTER addressed to Judge Lorna G. Schofield from Jeffrey J. Resetarits dated July 17, 2020 re: telephonic conference. Document filed by Bank of America, N.A., Bank of America Corporation..(Resetarits, Jeffrey) (Entered: 07/17/2020) |
| 07/20/2020 | 597 | ORDER granting 577 Letter Motion to Seal. It is hereby ORDERED that Plaintiffs' motion to seal is GRANTED. The unredacted version of the joint letter will remain sealed, and only the parties and individuals identified in the attached appendix will have access. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 7/20/2020) (cf) (Entered: 07/20/2020) |
| 07/20/2020 | 598 | LETTER MOTION for Leave to File Declaration in Support of Plaintiffs' Opposition to Defendants' Letter Motion to Quash Notices of Deposition of Jo−Anne Rivet, Bohdan Kunyk, David C. Drago addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 20, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/20/2020) |
| 07/21/2020 | 599 | ORDER denying 598 Letter Motion for Leave to File Document. Application DENIED. Plaintiffs shall file a letter response, without a supporting declaration, |

| | | pursuant to this Court's Individual Rules. If the Court requires additional information to resolve the dispute, the parties will be directed to supplement their letters. (Signed by Judge Lorna G. Schofield on 7/21/2020). (cf) (Entered: 07/21/2020) |
|---|---|---|
| 07/21/2020 | 600 | LETTER MOTION to Seal *Opposition to Defendants' Letter Motion* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 21, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/21/2020) |
| 07/21/2020 | 601 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 21, 2020 re: 583 JOINT LETTER MOTION for Conference re: 425 Stipulation and Order, *(Correcting Docket Entry 582 to Reflect the Filing of a Joint Letter Motion Pursuant to This Court's Rules)* addressed to Judge Lorna G. Schofield from Boris Bershteyn . Document filed by All Plaintiffs. Motion or Order to File Under Seal: 600 .(Alioto, Joseph) (Entered: 07/21/2020) |
| 07/21/2020 | 602 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 21, 2020 re: 583 JOINT LETTER MOTION for Conference re: 425 Stipulation and Order, *(Correcting Docket Entry 582 to Reflect the Filing of a Joint Letter Motion Pursuant to This Court's Rules)* addressed to Judge Lorna G. Schofield from Boris Bershteyn *REDACTED*. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/21/2020) |
| 07/22/2020 | 603 | MEMO ENDORSEMENT on re: 600 LETTER MOTION to Seal *Opposition to Defendants' Letter Motion* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 21, 2020. filed by John Nypl. ENDORSEMENT: Defendants shall file any letter in support of Plaintiffs' motion to seal by July 23, 2020. ( Responses due by 7/23/2020) (Signed by Judge Lorna G. Schofield on 7/22/2020) (cf) (Entered: 07/22/2020) |
| 07/22/2020 | 604 | ORDER granting 583 Letter Motion for Conference. Application GRANTED. The application is granted for substantially the reasons in Defendants' letter. Plaintiffs' deposition notices on Jo–Anne E. Rivet, Bohdan Kunyk, David C. Drago and Terry Keller are hereby quashed. Plaintiffs shall seek Court approval prior to serving any further deposition notices. The parties are advised that the Court declines to rule on the admissibility of any evidence at this time. The Clerk of Court is respectfully requested to close the motion at Dkt. No. 583. (Signed by Judge Lorna G. Schofield on 7/22/2020) (cf) (Entered: 07/22/2020) |
| 07/22/2020 | 605 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 7/22/2020 re: Plaintiffs' letter in response to Your Honor's Order (ECF 604) and the Notice of Deposition directed to Terry Keller. Document filed by John Nypl..(Alioto, Joseph) (Entered: 07/22/2020) |
| 07/23/2020 | 606 | JOINT LETTER addressed to Judge Lorna G. Schofield from Jeffrey J. Resetarits and Boris Bershteyn dated July 23, 2020 re: Joint Letter in Support of Plaintiffs' letter motion to seal their response letter filed on July 21, 2020 ECF Nos. 600, 601.. Document filed by Bank of America, N.A., Bank of America Corporation, JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Resetarits, Jeffrey) (Entered: 07/23/2020) |
| 07/23/2020 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Telephone Conference held on 7/23/2020. (Court Reporter Present) (jcs) (Entered: 07/23/2020) |
| 07/23/2020 | 607 | ORDER: For the reasons stated at the conference and stated by Defendants' in the joint letter, it is hereby ORDERED that, with respect to Issues No. 1 and 2, the responses of the JPMorgan, HSBC, Barclays, RBS and UBS Defendants are sufficient. The Bank of America and Citibank Defendants are directed to review the available data and file a letter by July 30, 2020, to confirm that no further data is available to be produced regarding the break–down of transactions between transactions conducted by business end–users and consumer end–users. It is further ORDERED that, with respect to Issue No. 3, Defendants' responses are sufficient because the disputed interrogatory did not seek the daily spot or retail exchange rates used in the requested calculation, but only the calculation itself. It is further ORDERED that, with respect to Issues No. 4 and 5, Plaintiffs' request for reconsideration of this Court's prior orders regarding the inclusion of electronic purchases within the definition of "purchases" alleged in the operative complaint is DENIED for substantially the reasons outlined in Defendants' arguments in the joint letter and for the reasons set forth in this Court's Orders at Dkt. |

| | | Nos. 319, 349, 447 and 464. For this reason and based on Defendants' representations in the joint letter, with respect to Issue No. 4, Defendants' responses are sufficient. It is further ORDERED that, by July 30, 2020, the parties shall file a joint letter proposing appropriate amendments to the deadlines in Section IV of the Third Amended Civil Case Management Plan and Scheduling Order (Dkt. No. 548). (Signed by Judge Lorna G. Schofield on 7/23/2020) (cf) (Entered: 07/23/2020) |
|---|---|---|
| 07/23/2020 | 608 | MEMO ENDORSEMENT on re: 605 Letter, filed by John Nypl. ENDORSEMENT: Application GRANTED. (Signed by Judge Lorna G. Schofield on 7/23/2020) (cf) (Entered: 07/23/2020) |
| 07/24/2020 | 609 | ORDER granting 600 Letter Motion to Seal. It is hereby ORDERED that Plaintiffs' motion to seal is GRANTED. The unredacted version of the letter will remain sealed, and only the parties and individuals identified in the attached appendix will have access. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 11920 (2d Cir. 2006) (internal quotation marks omitted); see also Nixon v. Warner Commc'ns., Inc., 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the above–referenced document in redacted form is necessary to prevent the unauthorized dissemination of confidential business information. (Signed by Judge Lorna G. Schofield on 7/24/2020) (kv) (Entered: 07/24/2020) |
| 07/30/2020 | 610 | LETTER addressed to Judge Lorna G. Schofield from Andrew A. Ruffino dated July 30, 2020 re: Response to Courts Request for Confirmation (ECF Dkt. 607). Document filed by Citibank, N.A., Citicorp, Citigroup, Inc...(Ruffino, Andrew) (Entered: 07/30/2020) |
| 07/30/2020 | 611 | JOINT LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated July 30, 2020 re: Joint Status Letter. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 07/30/2020) |
| 07/30/2020 | 612 | LETTER addressed to Judge Lorna G. Schofield from Jeffrey J. Resetarits dated July 30, 2020 re: Response to Courts Request for Confirmation (ECF Dkt. 607).. Document filed by Bank of America, N.A., Bank of America Corporation..(Resetarits, Jeffrey) (Entered: 07/30/2020) |
| 07/30/2020 | 613 | JOINT LETTER addressed to Judge Lorna G. Schofield from Jeffrey Resetarits dated July 30, 2020 re: providing the Court with proposed amendments to scheduling order. Document filed by Bank of America, N.A., Bank of America Corporation..(Resetarits, Jeffrey) (Entered: 07/31/2020) |
| 07/31/2020 | 614 | MEMO ENDORSEMENT on re: 613 Letter, filed by Bank of America Corporation, Bank of America, N.A. ENDORSEMENT: Based on the representations made in the letters at Dkt. Nos. 610 and 612, with respect to Issues No. 1 and 2 discussed in this Court's Order at Dkt. No. 607, the responses of the Citibank and Bank of America Defendants are sufficient.The parties' proposed amendments to the deadlines in Section IV of the Third Amended Civil Case Management Plan and Scheduling Order are accepted, with the proposed sixteen day delay requested by Plaintiffs. An amended case management plan and scheduling order will issue separately. (Signed by Judge Lorna G. Schofield on 7/31/2020) (cf) (Entered: 07/31/2020) |
| 07/31/2020 | 615 | FOURTH AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: Plaintiffs shall serve but not file a final amended expert report in support of their motion for class certification (with any amendments limited to addressing information contained in defendants' June 19, 2020 and July 27, 2020 interrogatory responses) by August 21, 2020. Depositions of Plaintiffs' experts or other affiants in support of the motion shall be completed by September 11, 2020 absent agreement of the parties. (As further set forth in this Order.) Deposition due by 9/11/2020. (Signed by Judge Lorna G. Schofield on 7/31/2020) (cf) Modified on 8/3/2020 (cf). (Entered: 07/31/2020) |
| 08/02/2020 | 616 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 2, 2020 re: Deposition of Keller Scheduled for August 4, 2020. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) |

| | | (Entered: 08/02/2020) |
|---|---|---|
| 08/02/2020 | 617 | AMENDED LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 2, 2020 re: Deposition of Keller Scheduled for August 4, 2020. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 08/02/2020) |
| 08/03/2020 | 618 | MEMO ENDORSEMENT on re: 617 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., Lisa McCarthy. ENDORSEMENT: Application GRANTED. The deposition may go forward on Tuesday, August 4, 2020, as agreed among counsel and the witness. The Court will issue an amended case management plan to the extent it is appropriate upon receipt of the parties' letter and proposed amendments to the case management plan and scheduling order on August 7, 2020. ( Deposition due by 8/4/2020.) (Signed by Judge Lorna G. Schofield on 8/3/2020) (cf) (Entered: 08/03/2020) |
| 08/04/2020 | | ***DELETED DOCUMENT. Deleted document number 619 TRANSCRIPT. The document was incorrectly filed in this case. (rro) (Entered: 10/01/2020) |
| 08/04/2020 | | ***DELETED DOCUMENT. Deleted document number 620 NOTICE OF FILING OFFICIAL TRANSCRIPT. The document was incorrectly filed in this case. (rro) (Entered: 10/01/2020) |
| 08/07/2020 | 621 | CONSENT LETTER MOTION for Extension of Time to File *Joint Letter re: Status of Interrogatory Responses* addressed to Judge Lorna G. Schofield from Andrew A. Ruffino dated August 7, 2020. Document filed by Citibank, N.A., Citicorp, Citigroup, Inc...(Ruffino, Andrew) (Entered: 08/07/2020) |
| 08/11/2020 | 622 | ORDER granting 621 Letter Motion for Extension of Time to File. Application GRANTED. The application is untimely but is nevertheless granted. The parties shall file the joint status letter, pursuant to the order at Dkt. No. 574, by August 21, 2020. (Signed by Judge Lorna G. Schofield on 8/10/2020) (cf) (Entered: 08/11/2020) |
| 08/21/2020 | 623 | JOINT LETTER addressed to Judge Lorna G. Schofield from All Counsel dated August 21, 2020 re: Status of Plaintiffs' Fourth Set of Interrogatories (Submitted Pursuant to Order at ECF Dkt. No. 622). Document filed by Citibank, N.A., Citicorp, Citigroup, Inc...(Ruffino, Andrew) (Entered: 08/21/2020) |
| 08/22/2020 | 624 | LETTER addressed to Judge Lorna G. Schofield from Matthew A. Schwartz and Paul S. Mishkin dated 08/22/2020 re: Response to Joint Letter. Document filed by Barclays Capital, Inc., Barclays PLC, Royal Bank of Scotland, plc..(Schwartz, Matthew) (Entered: 08/22/2020) |
| 08/22/2020 | 625 | LETTER addressed to Judge Lorna G. Schofield from Joseph Alioto dated August 22, 2020 re: Leave to Respond to Defendants' Letter Dated August 22, 2020. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 08/22/2020) |
| 08/25/2020 | 626 | MEMO ENDORSEMENT on re: (1487 in 1:13–cv–07789–LGS) Letter filed by U.S. Department of Justice. ENDORSEMENT: It is ORDERED that, pursuant to the parameters of this letter, the testamentary discovery stay in Case Nos. 13–cv–7789, 15–cv–9300, 17–cv–3139 and 18–cv–10364 remains in place for the following witnesses: Jason Katz, Christopher Cummins and Nicholas Williams. The Clerk of Court is respectfully requested to docket this order in all captioned cases. (Signed by Judge Lorna G. Schofield on 8/25/2020) (cf) (Entered: 08/25/2020) |
| 08/26/2020 | 627 | MEMO ENDORSEMENT on re: 625 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., Lisa McCarthy. ENDORSEMENT: Application GRANTED. In response to Defendants' letter at Dkt. No. 624, Plaintiffs shall file by August 27, 2020, a letter not to exceed two (2) pages. (Signed by Judge Lorna G. Schofield on 8/26/2020) (ks) (Entered: 08/26/2020) |
| 08/27/2020 | 628 | MEMO ENDORSEMENT on re: 625 Letter. ENDORSEMENT: Application GRANTED. In response to Defendants' letter at Dkt. No. 624, Plaintiffs shall file by August 31, 2020, a letter not to exceed two (2) pages. (Signed by Judge Lorna G. Schofield on 8/27/2020) (jwh) (Entered: 08/27/2020) |

| | | |
|---|---|---|
| 08/31/2020 | <u>629</u> | LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 31, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 08/31/2020) |
| 08/31/2020 | <u>630</u> | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 31, 2020 re: <u>629</u> LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 31, 2020. *SEALED Letter Response to Defendants' August 22, 2020 Letter*. Document filed by All Plaintiffs. Motion or Order to File Under Seal: <u>629</u> .(Alioto, Joseph) (Entered: 08/31/2020) |
| 08/31/2020 | <u>631</u> | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 31, 2020 re: <u>629</u> LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 31, 2020. *REDACTED Letter Response to Defendants' August 22, 2020 Letter*. Document filed by John Nypl..(Alioto, Joseph) (Entered: 08/31/2020) |
| 09/01/2020 | <u>632</u> | ORDER granting <u>629</u> Letter Motion to Seal. Application GRANTED. Plaintiffs may file the letter in response to Defendants' August 22, 2020, letter motion (Dkt. Nos. 624, 627, 628), under seal and in redacted form. Pursuant to Individual Rule D.3, Defendants shall file any letter in support of Plaintiffs' motion to file in redacted form by September 2, 2020. (Signed by Judge Lorna G. Schofield on 9/1/2020) (cf) (Entered: 09/01/2020) |
| 09/01/2020 | <u>633</u> | JOINT LETTER MOTION for Conference re: <u>615</u> Case Management Plan,, addressed to Judge Lorna G. Schofield from Defendants dated September 1, 2020. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 09/01/2020) |
| 09/02/2020 | <u>634</u> | ORDER granting in part <u>633</u> JOINT LETTER MOTION for Conference re: <u>615</u> Case Management Plan. Plaintiffs shall file a letter response by September 4, 2020. A conference will be held on September 10, 2020, at 10:40 A.M., to address the motions at Dkt. Nos. 624 and 633, and responsive filings thereto. The conference will occur on the following conference line: (888) 363–4749, access code: 5583333. The time of the conference is approximate, but the parties shall ensure that they are dialed into the conference line by the appointed conference time. SO ORDERED. Telephone Conference set for 9/10/2020 at 10:40 AM before Judge Lorna G. Schofield.. (Signed by Judge Lorna G. Schofield on 9/2/2020) (jca) (Entered: 09/02/2020) |
| 09/02/2020 | | Set/Reset Deadlines: Responses due by 9/4/2020 (jca) (Entered: 09/02/2020) |
| 09/02/2020 | <u>635</u> | LETTER RESPONSE in Support of Motion addressed to Judge Lorna G. Schofield from Matthew A. Schwartz and Paul S. Mishkin dated 09/02/2020 re: <u>629</u> LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated August 31, 2020. . Document filed by Barclays Capital, Inc., Barclays PLC, Royal Bank of Scotland, plc..(Schwartz, Matthew) (Entered: 09/02/2020) |
| 09/02/2020 | <u>636</u> | LETTER addressed to Judge Lorna G. Schofield from Paul S. Mishkin and Matthew A. Schwartz dated September 2, 2020 re: Response to Plaintiffs' August 31, 2020 Letter [ECF No. 630]. Document filed by Barclays Capital, Inc., Barclays PLC, Royal Bank of Scotland, plc..(Mishkin, Paul) (Entered: 09/02/2020) |
| 09/03/2020 | <u>637</u> | ORDER: It is hereby ORDERED that Plaintiffs' motion to seal is GRANTED. The unredacted version of the joint letter will remain sealed, and only the parties and individuals identified in the attached appendix will have access. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against the presumption of access. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 11920 (2d Cir. 2006) (internal quotation marks omitted); see also Nixon v. Warner Commcns., Inc., 435 U.S. 589, 599 (1978) ([T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Filing the above–referenced document in redacted form is necessary to prevent the |

| | | |
|---|---|---|
| | | unauthorized dissemination of confidential business information. (Signed by Judge Lorna G. Schofield on 9/3/2020) (jca) (Entered: 09/03/2020) |
| 09/04/2020 | 638 | LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 4, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/04/2020) |
| 09/04/2020 | 639 | ***SELECTED PARTIES***LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 4, 2020 re: 638 LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 4, 2020. *Sealed Letter Response to RBS and Barclays September 2, 2020 Letter.* Document filed by John Nypl, Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG. Motion or Order to File Under Seal: 638 .(Alioto, Joseph) (Entered: 09/04/2020) |
| 09/04/2020 | 640 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 4, 2020 re: 638 LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 4, 2020. *REDACTED Letter Response to Defendant RBS and Barlclays September 2, 2020 Letter.* Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/04/2020) |
| 09/04/2020 | 641 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 4, 2020 re: 633 JOINT LETTER MOTION for Conference re: 615 Case Management Plan,, addressed to Judge Lorna G. Schofield from Defendants dated September 1, 2020. . Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/04/2020) |
| 09/09/2020 | 642 | ORDER granting 638 Letter Motion to Seal. Application GRANTED. Plaintiffs may file the letter in response to Defendants' September 2, 2020, letter motion (Dkt. No. 636), under seal and in redacted form. Pursuant to Individual Rule D.3, Defendants shall file any letter in support of Plaintiffs' motion to file in redacted form by September 11, 2020. (Signed by Judge Lorna G. Schofield on 9/9/2020) (rro) (Entered: 09/09/2020) |
| 09/09/2020 | 643 | ORDER: It is hereby ORDERED that, the status conference will now occur on September 10, 2020, at 11:10 A.M. The conference shall occur telephonically. The time is approximate, but the parties shall ensure that they are dialed into the conference line by the appointed conference time. It is further ORDERED that the status conference will occur on the following conference line provided by the parties: Conference Line: (888) 363–4749. Access Code: 5583333. (Telephone Conference set for 9/10/2020 at 11:10 AM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 9/9/2020) (rro) (Entered: 09/09/2020) |
| 09/09/2020 | 644 | ORDER: It is hereby ORDERED that, because Defendants Barclays plc, Citicorp, JPMorgan Chase & Co., Royal Bank of Scotland plc and UBS AG have provided or have agreed to provide Plaintiffs with verified versions of their interrogatory responses, Plaintiffs objection to the subject interrogatory responses of Barclays plc, Citicorp, JPMorgan Chase & Co., Royal Bank of Scotland plc and UBS AG, on the ground that they were not verified pursuant to Federal Rule of Civil Procedure 33, is overruled as moot. As further set forth in this Order. (Signed by Judge Lorna G. Schofield on 09/09/2020) (jcs) (Entered: 09/09/2020) |
| 09/10/2020 | 645 | ORDER. It is hereby ORDERED that, by September 18, 2020, the parties shall meet and confer to discuss (1) the further production of any previously requested documents or information that either are or reflect communications between Defendants and the United States Department of Justice, related and leading up to the plea agreements referenced in the stipulation the Court approved on March 18, 2018, (Dkt. No. 425), and (2) the timing of Plaintiffs' production of their final expert report in support of class certification. It is further ORDERED that, by September 18, 2020, the parties shall file a joint status letter (i) apprising the Court of the outcome of the parties' discussion, (ii) informing the Court of any remaining disputes and (iii) proposing a deadline for the production of Plaintiffs' final expert report in support of class certification. The parties' proposed deadline for the production of Plaintiffs' final |

| | | expert report in support of class certification shall be no earlier than thirty (30) days after the completion Defendants' further document production. It is further ORDERED that, to the extent the September 9, 2020, Order requires clarification, Defendants HSBC North America Holdings, Inc. and HSBC USA, N.A. have no obligation to respond to interrogatories on behalf of non–party HSBC Holdings plc. (Signed by Judge Lorna G. Schofield on 9/10/2020) (rjm) (Entered: 09/10/2020) |
|---|---|---|
| 09/11/2020 | 646 | LETTER addressed to Judge Lorna G. Schofield from Paul S. Mishkin dated September 11, 2020 re: Support for Plaintiffs' letter motion (ECF No. 638) to seal their September 4, 2020 letter. Document filed by Royal Bank of Scotland, plc..(Mishkin, Paul) (Entered: 09/11/2020) |
| 09/14/2020 | 647 | MEMO ENDORSEMENT on re: 646 Letter, filed by Royal Bank of Scotland, plc. ENDORSEMENT: By September 17, 2020, Plaintiffs shall file the "appendix that identifies all parties and attorneys of record who should have access to the sealed documents," pursuant to this Court's Individual Rule I.D.3. So ordered (Signed by Judge Lorna G. Schofield on 9/14/2020) (js) (Entered: 09/14/2020) |
| 09/14/2020 | 648 | NOTICE of Appendix of Parties and Attorneys re: 647 Memo Endorsement, 646 Letter, 638 LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 4, 2020.. Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/14/2020) |
| 09/14/2020 | 649 | JOINT LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated September 14, 2020 re: Joint Status Letter. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 09/14/2020) |
| 09/15/2020 | 650 | ORDER: It is hereby ORDERED that Plaintiffs' motion to seal is GRANTED. The unredacted version of the joint letter will remain sealed, and only the parties and individuals identified in the attached appendix will have access. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 9/15/2020) (cf) (Entered: 09/15/2020) |
| 09/15/2020 | 651 | MEMO ENDORSEMENT on re: 624 Letter filed by Royal Bank of Scotland, plc, Barclays Capital, Inc., Barclays PLC. ENDORSEMENT: Application DENIED. (Signed by Judge Lorna G. Schofield on 9/15/2020) (cf) (Entered: 09/15/2020) |
| 09/16/2020 | 652 | JOINT LETTER MOTION for Extension of Time *to submit status reports on discovery discussions* addressed to Judge Lorna G. Schofield from Undersigned Defendants dated September 16, 2020. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 09/16/2020) |
| 09/17/2020 | 653 | ORDER granting in part 652 Letter Motion for Extension of Time. Application GRANTED in part. Plaintiffs shall file one letter, not to exceed three pages, explaining their requests and positions by September 21, 2020. Defendants shall file one letter response, not to exceed three pages, by September 23, 2020. (Signed by Judge Lorna G. Schofield on 9/17/2020) (kv) (Entered: 09/17/2020) |
| 09/21/2020 | 654 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 21, 2020 re: 30(b)(6) Deposition of JPMorgan Chase. Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/21/2020) |
| 09/21/2020 | 655 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 21, 2020 re: Status Letter re Meet and Confer. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 09/21/2020) |
| 09/22/2020 | | **\*\*\*DELETED DOCUMENT. Deleted document number 656 TRANSCRIPT. The document was incorrectly filed in this case. (rro)** (Entered: 10/01/2020) |
| 09/22/2020 | | **\*\*\*DELETED DOCUMENT. Deleted document number 657 NOTICE OF FILING OFFICIAL TRANSCRIPT. The document was incorrectly filed in this case. (rro)** (Entered: 10/01/2020) |

| | | |
|---|---|---|
| 09/23/2020 | <u>658</u> | LETTER addressed to Judge Lorna G. Schofield from Boris Bershteyn dated September 23, 2020 re: Response to Plaintiffs' September 21, 2020 Request for Leave to Serve a Rule 30(b)(6) Deposition Notice on JPMorgan Chase (ECF No. 654). Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 09/23/2020) |
| 09/23/2020 | <u>659</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Undersigned Defendants dated September 23, 2020 re: Response to Plaintiffs' Letter regarding Discovery (ECF 655). Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 09/23/2020) |
| 09/24/2020 | <u>660</u> | LETTER MOTION for Leave to File Reply to Defendants' September 23, 2020 Letters addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 24, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/24/2020) |
| 09/25/2020 | <u>661</u> | ORDER granting <u>660</u> Letter Motion for Leave to File Document. The Application is GRANTED. By September 28, 2020, Plaintiffs shall file (1) a letter response to the letter filed by Defendant JPMorgan Chase at Dkt. No. 658, not to exceed two pages, and (2) a letter response to the letter filed by Defendants at Dkt. No. 659, not to exceed two pages.. (Signed by Judge Lorna G. Schofield on 9/25/2020) (ks) (Entered: 09/25/2020) |
| 09/28/2020 | <u>662</u> | LETTER MOTION for Extension of Time addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 28, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/28/2020) |
| 09/29/2020 | <u>663</u> | ORDER granting <u>662</u> Letter Motion for Extension of Time. The application is GRANTED. Plaintiffs shall file their reply letters pursuant to this Court's Order at Docket No. 661, by September 30, 2020.. (Signed by Judge Lorna G. Schofield on 9/29/2020) (jca) (Entered: 09/29/2020) |
| 09/30/2020 | <u>664</u> | LETTER REPLY to Response to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 30, 2020 re: <u>660</u> LETTER MOTION for Leave to File Reply to Defendants' September 23, 2020 Letters addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 24, 2020., <u>662</u> LETTER MOTION for Extension of Time addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 28, 2020. *Reply to Defendant JPMorgan Chase's September 23, 2020 Letter*. Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/30/2020) |
| 09/30/2020 | <u>665</u> | LETTER REPLY to Response to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 30, 2020 re: <u>660</u> LETTER MOTION for Leave to File Reply to Defendants' September 23, 2020 Letters addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 24, 2020., <u>662</u> LETTER MOTION for Extension of Time addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated September 28, 2020. *Reply to Defendants Joint Letter, dated September 23, 2020*. Document filed by John Nypl..(Alioto, Joseph) (Entered: 09/30/2020) |
| 10/01/2020 | <u>666</u> | ORDER: It is hereby ORDERED that, Plaintiffs' request that the Court "review Plaintiffs' early and continued demands for depositions and recognize that the Plaintiffs have not been lax in their attempt to obtain deposition testimony for at least the last four years, as well as the fact that the Court has only recently permitted Plaintiffs to seek information related to the Defendants' communications with the government," is construed as a motion for reconsideration of the Court's ruling during the September 10, 2020, conference, that depositions will not be allowed. It is further ORDERED that, Plaintiffs' motion for reconsideration is DENIED as Plaintiffs have failed to identify any "intervening change of controlling law, [] availability of new evidence, or [] need to correct a clear error or prevent manifest injustice, Kolel Beth Yechiel Mechil of Tartikon, Inc., 729 F.3d at 104, that would require to Court to reconsider its ruling. It is further ORDERED that, to the extent that Plaintiffs assertion that, "[a] s specifically enumerated in Plaintiffs' August 21, 2020, letter there were many items that were not provided in [Defendants'] answers," (Dkt. No. 655 at 3), is a request that the Court compel Plaintiffs to produce documents identified in the August 21, 2020, letter, Plaintiffs' motion to compel is DENIED without prejudice to renewal, on ground that Plaintiffs have not complied with the Court's September 10, 2020, |

| | | |
|---|---|---|
| | | Order (Dkt. No. 645). By October 8, 2020, Plaintiffs shall file any renewed motion to compel (i) specifically identifying each of the documents Plaintiffs identified in the parties' joint letter filed on August 21, 2020, (Dkt. No. 623), about which the parties have met and conferred but for which the parties have not reached a resolution. It is further ORDERED that, Plaintiffs motion to compel production of the UBS Letters is DENIED on ground that the UBS Letters "have no information concerning fines or fine calculations relating to FX," "relate[] to LIBOR, not FX," and are accordingly, not relevant to this action. It is further ORDERED that, Defendants shall complete their production of documents, including related privilege logs, by October 22, 2020, and Plaintiffs shall produce their final expert report as further set forth in this order. It is hereby ORDERED that, for substantially the reasons stated in JPMorgan's September 23, 2020, responsive letter (Dkt. No. 658), Plaintiffs request for leave to serve a 30(b)(6) deposition notice is DENIED. So Ordered. (Signed by Judge Lorna G. Schofield on 10/1/2020) (js) (Entered: 10/02/2020) |
| 10/08/2020 | 667 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated October 8, 2020 re: Extension of Time to File Motion to Compel. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 10/08/2020) |
| 10/09/2020 | 668 | MEMO ENDORSEMENT on re: 667 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., Lisa McCarthy. ENDORSEMENT: The application is untimely but is nevertheless GRANTED. By October 13, 2020, Plaintiffs shall file any renewed motion to compel regarding documents identified in the parties' August 21, 2020, joint letter at Docket No. 623, and pursuant to the Court's Order at Docket No. 666. No further extensions will be granted. ( Motions due by 10/13/2020.) (Signed by Judge Lorna G. Schofield on 10/9/2020) (cf) (Entered: 10/09/2020) |
| 10/13/2020 | 669 | LETTER MOTION to Compel Defendants to Provide Communications with Government addressed to Judge Lorna G. Schofield from Joseph M. Alioto Esq. dated October 13, 2020. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 10/13/2020) |
| 10/14/2020 | 670 | MEMO ENDORSEMENT on re: 669 LETTER MOTION to Compel Defendants to Provide Communications with Government addressed to Judge Lorna G. Schofield from Joseph M. Alioto Esq. dated October 13, 2020. filed by John Nypl, Valarie Jolly, Mad Travel, Inc., Lisa McCarthy. ENDORSEMENT: By October 19, 2020, Defendants shall file a responsive letter, not to exceed four pages. ( Responses due by 10/19/2020) (Signed by Judge Lorna G. Schofield on 10/14/2020) (cf) (Entered: 10/14/2020) |
| 10/19/2020 | 671 | LETTER RESPONSE in Opposition to Motion addressed to Judge Lorna G. Schofield from Defendants dated October 19, 2020 re: 669 LETTER MOTION to Compel Defendants to Provide Communications with Government addressed to Judge Lorna G. Schofield from Joseph M. Alioto Esq. dated October 13, 2020. . Document filed by Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 10/19/2020) |
| 10/20/2020 | 672 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated October 20, 2020 re: Request fo File Reply. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 10/20/2020) |
| 10/21/2020 | 673 | MEMO ENDORSEMENT on re: 672 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., Lisa McCarthy. ENDORSEMENT: The application is granted. By October 23, 2020 at noon, Plaintiffs shall file any responsive letter to Defendants' responsive letter at Docket No. 671. ( Replies due by 10/23/2020.) (Signed by Judge Lorna G. Schofield on 10/21/2020) (cf) (Entered: 10/21/2020) |
| 10/21/2020 | 674 | NOTICE OF APPEARANCE by Charlotte M Savino on behalf of Royal Bank of Scotland, plc..(Savino, Charlotte) (Entered: 10/21/2020) |
| 10/22/2020 | 675 | LETTER REPLY to Response to Motion addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated October 22, 2020 re: 669 LETTER MOTION to Compel Defendants to Provide Communications with Government addressed to Judge Lorna G. Schofield from Joseph M. Alioto Esq. dated October 13, 2020. . Document filed by John Nypl..(Alioto, Joseph) (Entered: 10/22/2020) |

| 10/23/2020 | 676 | ORDER denying 669 Letter Motion to Compel. It isherebyORDERED that, Plaintiffs' request that the Court compel UBS "to produce all of the communications between themselves and the DOJ" is construed as a motion for reconsideration.It is further ORDERED that, Plaintiffs' motion for reconsideration is DENIED as Plaintiffs have not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," Kolel Beth Yechiel Mechil of Tartikon, Inc., 729 F.3d at 104 (emphasis added), that would require to Court to reconsider its ruling.Specifically, Plaintiffs have failed to identify new evidence that became available after Plaintiffs filed their September 30, 2020, reply to Defendants' September 23, 2020, responsive letter atDocket No. 659.The Clerk of Court is respectfully directed to close Docket No. 669. So Ordered.. (Signed by Judge Lorna G. Schofield on 10/23/2020) (js) (Entered: 10/26/2020) |
|---|---|---|
| 10/29/2020 | 677 | NOTICE OF CHANGE OF ADDRESS by Michael D. Hausfeld on behalf of Haverhill Retirement System, et al.. New Address: HAUSFELD LLP, 888 16th Street, NW, Suite 300, Washington, DC, USA 20006, 202–540–7200..(Hausfeld, Michael) (Entered: 10/29/2020) |
| 10/29/2020 | 678 | LETTER MOTION for Extension of Time *to File Plaintiffs' Portion of the Joint Status Letter* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated October 29, 2020. Document filed by John Nypl..(Alioto, Joseph) (Entered: 10/29/2020) |
| 10/29/2020 | 679 | LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated October 29, 2020 re: Status. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 10/29/2020) |
| 10/30/2020 | 680 | ORDER granting 678 Letter Motion for Extension of Time. The application is untimely, but is nevertheless GRANTED. By November 3, 2020, Plaintiffs shall file a status letter pursuant to the Court's Individual Rules. (Signed by Judge Lorna G. Schofield on 10/30/2020) (cf) (Entered: 10/30/2020) |
| 10/30/2020 | 681 | NOTICE OF APPEARANCE by Michelle Adler on behalf of Royal Bank of Scotland, plc..(Adler, Michelle) (Entered: 10/30/2020) |
| 11/03/2020 | 682 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 3, 2020 re: Plaintiffs' Status Report. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 11/03/2020) |
| 11/04/2020 | 683 | MEMO ENDORSEMENT on re: 682 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., Lisa McCarthy. ENDORSEMENT: The parties are reminded that all fact discovery was to be completed by July 20, 2020, (Dkt. No. 548), and the Court only permitted limited fact discovery after the July 20, 2020, deadline pursuant to the Order at Dkt. No. 645. Defendants contend that they have responded to Plaintiffs' interrogatories and document requests and have produced "more than 600,000 documents to Plaintiffs, with production dating from November 21, 2017 through October 9, 2020." (Dkt. No. 679). Fact discovery is now closed and any requests for additional discovery are untimely. Plaintiffs are reminded of the Court's Individual Rule III.A.1. To the extent they intend to file any motions regarding Section E of the status letter at Dkt. No. 682, they shall do so by November 12, 2020, pursuant to the Court's Individual Rules. SO ORDERED. Motions due by 11/12/2020.) (Signed by Judge Lorna G. Schofield on 11/4/2020) (kv) (Entered: 11/04/2020) |
| 11/12/2020 | 684 | LETTER MOTION for Discovery *to Compel Defendants* addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated November 12, 2020. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl..(Papale, Lawrence) (Entered: 11/12/2020) |
| 11/13/2020 | 685 | ORDER denying 684 Letter Motion for Discovery. Plaintiffs' pre–motion letter is construed as a motion to compel and is DENIED. All fact discovery was to be completed by July 20, 2020, (Dkt. No. 548), and the Court only permitted limited fact discovery after the July 20, 2020, deadline pursuant to the Order at Dkt. No. 645. Pursuant to the Court's November 4, 2020, Order at Dkt. No. 683, fact discovery is now closed and any requests for additional discovery are untimely. Plaintiffs' request to compel Defendants to produce documents in response to the Court's September 7, 2017, Order at Dkt. No. 216 –– issued more than three years ago and in advance of the deadline for the completion of all fact discovery –– is untimely. (Signed by Judge Lorna G. Schofield on 11/13/2020) (cf) (Entered: 11/13/2020) |

| 11/17/2020 | 686 | NOTICE OF APPEARANCE by Alexander Bystryn on behalf of Royal Bank of Scotland, plc..(Bystryn, Alexander) (Entered: 11/17/2020) |
|---|---|---|
| 12/11/2020 | 687 | NOTICE OF APPEARANCE by Christopher James Dunne on behalf of Barclays Capital, Inc., Barclays PLC..(Dunne, Christopher) (Entered: 12/11/2020) |
| 12/14/2020 | 688 | JOINT LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated December 14, 2020 re: Joint Status Letter. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 12/14/2020) |
| 12/17/2020 | 689 | NOTICE of Withdrawal of Counsel, Jamie L. Miller. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 12/17/2020) |
| 12/18/2020 | 690 | MEMO ENDORSEMENT: on re: 689 Notice (Other) filed by John Nypl, et al. ENDORSEMENT: SO ORDERED., Attorney Jamie Lynne Miller terminated. (Signed by Judge Lorna G. Schofield on 12/18/2020) (ama) (Entered: 12/18/2020) |
| 12/29/2020 | 691 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated December 29, 2020 re: Application to Schedule Reply. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn..(Winters, Lingel) (Entered: 12/29/2020) |
| 12/30/2020 | 692 | JOINT LETTER addressed to Judge Lorna G. Schofield from Defendants dated December 30, 2020 re: 691 LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated December 29, 2020. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC Finance Corporation, HSBC Holdings p.l.c., HSBC North American Holdings Inc., J.P. Morgan Bank, N.A., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, Royal Bank of Scotland Group Plc., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 12/30/2020) |
| 12/30/2020 | 693 | MEMO ENDORSEMENT: on re: 691 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., John Nypl, et al., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: By January 8, 2021, Defendants shall file a responsive letter. SO ORDERED. (Signed by Judge Lorna G. Schofield on 12/30/2020) (ama) (Entered: 12/30/2020) |
| 01/06/2021 | 694 | FIFTH AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All fact discovery shall be completed by July 20, 2020. Depositions of Plaintiffs experts or other affiants in support of the motion shall be completed by February 11, 2021. Defendants shall serve but not file any opposition to the motion for class certification, any expert reports in support thereof, and any challenges to Plaintiffs experts by March 4, 2021. Depositions of Defendants experts or other affiants in support of the motion shall be completed by March 22, 2021. Plaintiffs shall serve their reply in support of their class certification motion, any reply expert reports, any opposition to any challenge by Defendants to Plaintiffs experts, and any challenges to Defendants experts by April 21, 2021. Defendants shall serve any opposition to any challenge by Plaintiffs to Defendants experts and any reply in support of any challenge to Plaintiffs experts by May 24, 2021. Plaintiffs shall serve any reply in support of any challenge to Defendants experts by June 21, 2021. Motions due by 6/22/2021. (Signed by Judge Lorna G. Schofield on 1/6/2021) (jwh) Modified on 1/22/2021 (jwh). (Entered: 01/06/2021) |
| 01/06/2021 | 695 | ORDER: ORDERED that Motion and any related motions for expert testimony shall be briefed, and related expert discovery shall be completed, according to the following schedule: Deposition of Plaintiffs' expert in support of the Motion shall be completed by February 11, 2021. Defendants shall serve but not file any opposition to the Motion, any expert reports in support thereof, and any challenges to Plaintiffs' expert by March 4, 2021. Deposition of Defendants' experts in opposition to the Motion shall be completed by March 22, 2021. Plaintiffs shall serve their reply in support of the Motion, any reply expert report, any opposition to any motions to exclude Plaintiffs' expert by Defendants, and any motions to exclude Defendants' experts by April 21, 2021. Defendants shall serve any opposition to any motions to exclude Defendants' experts by Plaintiffs and any reply in support of any motions to exclude Plaintiffs' expert by May 24, 2021. Plaintiffs shall serve any reply in support of any motions to |

| | | exclude Defendants' experts by June 21, 2021. The parties shall file all motion papers provided for above and previously served on the opposing party on June 22, 2021. A Fifth Amended Civil Case Management Plan and Scheduling Order will issue separately. It is further ORDERED that Plaintiffs shall limit any reply to the Motion to responses to any arguments Defendants make in the opposition. (Signed by Judge Lorna G. Schofield on 1/6/2021) (jwh) (Entered: 01/06/2021) |
|---|---|---|
| 01/07/2021 | 696 | ORDER: It is hereby ORDERED that, by January 11, 2021, the parties shall make a joint proposal on page limits, keeping in mind the Court's prescribed limits for single motions, set forth in Individual Rule III.B.1. (Signed by Judge Lorna G. Schofield on 1/7/2021) (rro) (Entered: 01/07/2021) |
| 01/07/2021 | 697 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated January 7, 2021 re: Request to Modify 5th Amended Civil Case Management Plan. Document filed by John Nypl, et al...(Winters, Lingel) (Entered: 01/07/2021) |
| 01/11/2021 | 698 | MEMO ENDORSEMENT on re: 697 Letter filed by John Nypl, et al. ENDORSEMENT: The application is DENIED as moot. The deadline for service of Plaintiffs' final expert report in support of class certification –– November 23, 2020 (Dkt. No. 666) –– has passed. (Signed by Judge Lorna G. Schofield on 1/8/2021) (cf) (Entered: 01/11/2021) |
| 01/11/2021 | 699 | JOINT LETTER addressed to Judge Lorna G. Schofield from All Parties dated January 11, 2021 re: Proposals on Page Limits. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 01/11/2021) |
| 01/12/2021 | 700 | MEMO ENDORSEMENT on re: 699 Letter, filed by Bank of America Corporation, Citibank, N.A., Royal Bank of Scotland, plc, JPMorgan Chase Bank, N.A., JP Morgan Chase & Co., Barclays PLC, UBS AG, Citicorp, HSBC North American Holdings Inc., Bank of America, N.A., HSBC Bank (USA), N.A., Barclays Capital, Inc., Citigroup, Inc. ENDORSEMENT: In connection with Plaintiffs' motion for class certification, Defendants' opposition shall not exceed 30 pages, and Plaintiffs' reply shall not exceed 14 pages. In the event that the parties move to exclude more than one expert, they may file briefs that consolidate the motions or, alternatively, may file separate briefs for each motion. The parties shall limit briefing on motions to exclude expert testimony to the following numbers of pages per expert: 7 pages for the moving brief, 7 pages for the opposition brief and 3 pages for the reply brief. For purposes of the limits on exhibits and declarations pursuant to this Court's Individual Rules, each party's motions to exclude experts shall be treated as a single motion. Plaintiffs' request for an extension of the deadline to file their reply is DENIED. (Signed by Judge Lorna G. Schofield on 1/12/2021) (cf) (Entered: 01/12/2021) |
| 01/28/2021 | 701 | STATUS REPORT. (JOINT) Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 01/28/2021) |
| 03/15/2021 | 702 | STATUS REPORT. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 03/15/2021) |
| 03/16/2021 | 703 | STATUS REPORT. (JOINT) Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 03/16/2021) |
| 03/16/2021 | 704 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated March 16, 2021 re: requesting additional pages. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn..(Winters, Lingel) (Entered: 03/16/2021) |
| 03/17/2021 | 705 | MEMO ENDORSEMENT on re: 704 Letter, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., John Nypl, et al., William Rubinsohn, Lisa McCarthy. ENDORSEMENT: The application is DENIED. Plaintiffs' reply shall not exceed 14 pages. (Signed by Judge Lorna G. Schofield on 3/17/2021) (cf) (Entered: 03/17/2021) |
| 03/23/2021 | 706 | AMENDED RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Barclays Group US Inc., Corporate Parent Barclays US LLC, Corporate Parent Barclays US Holdings Ltd., Corporate Parent Barclays PLC, |

| | | |
|---|---|---|
| | | Corporate Parent Barclays Bank PLC for Barclays Capital, Inc.. Document filed by Barclays Capital, Inc...(Schwartz, Matthew) (Entered: 03/23/2021) |
| 04/02/2021 | 707 | SUPPLEMENTAL RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent JPMorgan Chase & Co., Other Affiliate The Vanguard Group, Inc. for JPMorgan Chase Bank, N.A.; Other Affiliate The Vanguard Group, Inc., Other Affiliate JPMorgan Chase Bank, N.A. for JP Morgan Chase & Co.. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 04/02/2021) |
| 04/14/2021 | 708 | PROPOSED ORDER FOR WITHDRAWAL OF ATTORNEY. Document filed by Barclays Capital, Inc., Barclays PLC..(Peller, Matthew) (Entered: 04/14/2021) |
| 04/15/2021 | 709 | NOTICE AND ORDER FOR WITHDRAWAL OF COUNSEL: Matthew A. Peller hereby withdraws as counsel for defendants Barclays PLC and Barclays Capital Inc. and shall be removed from the Case Management/Electronic Case Files (CM/ECF) notification list in the above–captioned action. (As further set forth in this Order.) Attorney Matthew Alain Peller terminated. (Signed by Judge Lorna G. Schofield on 4/15/2021) (cf) (Entered: 04/15/2021) |
| 04/29/2021 | 710 | STATUS REPORT. *(JOINT)* Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 04/29/2021) |
| 04/30/2021 | 711 | MEMO ENDORSEMENT on re: 710 Status Report filed by HSBC North American Holdings Inc., HSBC Bank (USA), N.A. ENDORSEMENT: The application is GRANTED. The parties' submission of status letters is suspended pending further direction from the Court. (Signed by Judge Lorna G. Schofield on 4/30/21) (yv) (Entered: 04/30/2021) |
| 05/07/2021 | 712 | LETTER addressed to Judge Lorna G. Schofield from Boris Bershteyn dated May 7, 2021 re: Notification Pursuant to Rule 1.12 of the New York Rules of Professional Conduct. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 05/07/2021) |
| 06/17/2021 | 713 | ***SELECTED PARTIES***REDACTION by John Nypl, et al., John NyplMotion or Order to File Under Seal: 555 .(Winters, Lingel) (Entered: 06/17/2021) |
| 06/21/2021 | 714 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 21, 2021 re: Offers of Proof. Document filed by John Nypl, et al...(Papale, Lawrence) (Entered: 06/21/2021) |
| 06/22/2021 | 715 | JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 06/22/2021) |
| 06/22/2021 | 716 | MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 717 | MEMORANDUM OF LAW in Support re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021., 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . *[REDACTED]*. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 718 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. ., 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Department of Justice (DOJ), Simon Fowles, Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., Haverhill Retirement System, et al., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG, Wells Fargo & Company, Wells Fargo Bank, N.A.. Motion or Order to File Under Seal: 715 .(Alioto, |

| | | |
|---|---|---|
| | | Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 719 | DECLARATION of Lingel H. Winters in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. ., 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021.. Document filed by John Nypl, et al.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 3–1, # 5 Exhibit 3–2, # 6 Exhibit 3–3, # 7 Exhibit 3–4, # 8 Exhibit 3–5, # 9 Exhibit 4, # 10 Exhibit 5 [REDACTED], # 11 Exhibit 6, # 12 Exhibit 7).(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 720 | ***SELECTED PARTIES***DECLARATION of Lingel H. Winters in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. ., 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021.. Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Department of Justice (DOJ), Simon Fowles, Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., Haverhill Retirement System, et al., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG, Wells Fargo & Company, Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 3–1, # 5 Exhibit 3–2, # 6 Exhibit 3–3, # 7 Exhibit 3–4, # 8 Exhibit 3–5, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 6, # 12 Exhibit 7)Motion or Order to File Under Seal: 715 .(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 721 | DECLARATION of Carl S. Saba in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .. Document filed by John Nypl, et al.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 722 | AMENDED MEMORANDUM OF LAW in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . *[REDACTED]*. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 723 | ***SELECTED PARTIES***AMENDED MEMORANDUM OF LAW in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . . Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Department of Justice (DOJ), Simon Fowles, Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., Haverhill Retirement System, et al., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG, Wells Fargo & Company, Wells Fargo Bank, N.A.. Motion or Order to File Under Seal: 715 .(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 724 | DECLARATION of /Supplemental Declaration of Carl S. Saba [REDACTED] in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .. Document filed by John Nypl, et al.. (Attachments: # 1 Exhibit A, # 2 Exhibit A–1, # 3 Exhibit B, # 4 Exhibit B–1, # 5 Exhibit C).(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 725 | ***SELECTED PARTIES***DECLARATION of /Supplemental Declaration of Carl S. Saba in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .. Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Department of Justice (DOJ), Simon Fowles, Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., Haverhill Retirement System, et al., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of |

| | | |
|---|---|---|
| | | Scotland, plc, William Rubinsohn, UBS AG, Wells Fargo & Company, Wells Fargo Bank, N.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit A−1, # 3 Exhibit B, # 4 Exhibit B−1, # 5 Exhibit C)Motion or Order to File Under Seal: 715 .(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 726 | ***SELECTED PARTIES***JOINT MEMORANDUM OF LAW in Opposition re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: 715 .(Ruffino, Andrew) (Entered: 06/22/2021) |
| 06/22/2021 | 727 | ***SELECTED PARTIES***DECLARATION of Andrew A. Ruffino in Opposition re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .. Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. (Attachments: # 1 Exhibit 1 − Plaintiffs' MPA in Support of Class Certification, # 2 Exhibit 2 − Saba Declaration, # 3 Exhibit 3 − Jolly Deposition Transcript, # 4 Exhibit 4 − Rubinsohn Deposition Transcript, # 5 Exhibit 5 − Nypl Deposition Transcript, # 6 Exhibit 6 − McCarthy Deposition Transcript, # 7 Exhibit 7 − Saba Deposition Transcript, # 8 Exhibit 8 − Kunyk Declaration, # 9 Exhibit 9 − Drago Declaration, # 10 Exhibit 10 − Keller Declaration, # 11 Exhibit 11 − Rivet Declaration, # 12 Exhibit 12 − Barclays Interrogatory Responses, # 13 Exhibit 13 − RBS Interrogatory Responses, # 14 Exhibit 14 − UBS Interrogatory Responses, # 15 Exhibit 15 − United States Sentencing Memorandum)Motion or Order to File Under Seal: 715 .(Ruffino, Andrew) (Entered: 06/22/2021) |
| 06/22/2021 | 728 | JOINT MEMORANDUM OF LAW in Opposition re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . *(Redacted).* Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 06/22/2021) |
| 06/22/2021 | 729 | MEMO ENDORSEMENT on re: 714 Letter filed by John Nypl, et al. ENDORSEMENT: By June 28, 2021, Defendants shall file a responsive letter. (Signed by Judge Shira A. Scheindlin on 6/22/2021) (cf) (Entered: 06/22/2021) |
| 06/22/2021 | 730 | DECLARATION of Andrew A. Ruffino in Opposition re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG. (Attachments: # 1 Exhibit 1 − Plaintiffs' MPA in Support of Class Certification, # 2 Exhibit 2 − Saba Declaration, # 3 Exhibit 3 − Jolly Deposition Transcript, # 4 Exhibit 4 − Rubinsohn Deposition Transcript, # 5 Exhibit 5 − Nypl Deposition Transcript, # 6 Exhibit 6 − McCarthy Deposition Transcript, # 7 Exhibit 7 − Saba Deposition Transcript (Redacted), # 8 Exhibit 8 − Kunyk Declaration (Redacted), # 9 Exhibit 9 − Drago Declaration (Redacted), # 10 Exhibit 10 − Keller Declaration (Redacted), # 11 Exhibit 11 − Rivet Declaration (Redacted), # 12 Exhibit 12 − Barclays Interrogatory Responses, # 13 Exhibit 13 − RBS Interrogatory Responses, # 14 Exhibit 14 − UBS Interrogatory Responses, # 15 Exhibit 15 − United States Sentencing Memorandum).(Ruffino, Andrew) (Entered: 06/22/2021) |

| 06/22/2021 | <u>731</u> | MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG. (Attachments: # <u>1</u> Text of Proposed Order).(Bershteyn, Boris) (Entered: 06/22/2021) |
|---|---|---|
| 06/22/2021 | <u>732</u> | JOINT MEMORANDUM OF LAW in Support re: <u>731</u> MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba . *(Redacted)*. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 06/22/2021) |
| 06/22/2021 | <u>733</u> | ***SELECTED PARTIES***JOINT MEMORANDUM OF LAW in Support re: <u>731</u> MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba . . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: <u>715</u> .(Bershteyn, Boris) (Entered: 06/22/2021) |
| 06/22/2021 | <u>734</u> | DECLARATION of Tansy Woan in Opposition re: <u>716</u> MOTION / Notice of Motion for Class Certification re: <u>715</u> JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .., DECLARATION of Tansy Woan in Support re: <u>731</u> MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba .. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG. (Attachments: # <u>1</u> Exhibit 1 (Redacted)).(Bershteyn, Boris) (Entered: 06/22/2021) |
| 06/22/2021 | <u>735</u> | ***SELECTED PARTIES***DECLARATION of Tansy Woan in Opposition re: <u>716</u> MOTION / Notice of Motion for Class Certification re: <u>715</u> JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .., DECLARATION of Tansy Woan in Support re: <u>731</u> MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba .. Document filed by Barclays PLC, HSBC North American Holdings Inc., JP Morgan Chase & Co., Royal Bank of Scotland, plc, Bank of America, N.A., John Nypl, et al., Mad Travel, Inc., Citicorp, Citigroup, Inc., William Rubinsohn, John Nypl, Bank of America Corporation, Barclays Capital, Inc., Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy, Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A.. (Attachments: # <u>1</u> Exhibit 1)Motion or Order to File Under Seal: <u>715</u> .(Bershteyn, Boris) (Entered: 06/22/2021) |
| 06/22/2021 | <u>736</u> | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 22, 2021 re: Parties access to documents filed under seal at ECF Nos. 718, 720, 723,725. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | <u>737</u> | REPLY MEMORANDUM OF LAW in Support re: <u>716</u> MOTION / Notice of Motion for Class Certification re: <u>715</u> JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . *[REDACTED]*. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | <u>738</u> | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: <u>716</u> MOTION / Notice of Motion for Class Certification re: <u>715</u> JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . . Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG. Motion or Order to File Under Seal: <u>715</u> .(Alioto, Joseph) (Entered: 06/22/2021) |

| 06/22/2021 | 739 | DECLARATION of Lingel H. Winters in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .. Document filed by John Nypl, et al.. (Attachments: # 1 Exhibit 8 [REDACTED], # 2 Exhibit 9 [REDACTED]).(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 740 | ***SELECTED PARTIES***DECLARATION of Lingel H. Winters in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .. Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG. (Attachments: # 1 Exhibit 8, # 2 Exhibit 9)Motion or Order to File Under Seal: 715 .(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 741 | DECLARATION of Lingel H. Winters in Support re: 716 MOTION / Notice of Motion for Class Certification re: 715 JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. .. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 742 | MEMORANDUM OF LAW in Opposition re: 731 MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba . *[REDACTED]*. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 743 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 731 MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba . . Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG. Motion or Order to File Under Seal: 715 .(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 744 | PROPOSED ORDER. Document filed by John Nypl, et al.. Related Document Number: [ECF Nos. 742 and 743]..(Alioto, Joseph) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/22/2021) |
| 06/22/2021 | 745 | MOTION to Exclude the Report and Testimony of Defendants' Expert Bruce A. Strombom . Document filed by John Nypl, et al.. (Attachments: # 1 Text of Proposed Order).(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 746 | MEMORANDUM OF LAW in Support re: 745 MOTION to Exclude the Report and Testimony of Defendants' Expert Bruce A. Strombom . . Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 747 | JOINT REPLY MEMORANDUM OF LAW in Support re: 731 MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba . *(Redacted)*. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 06/22/2021) |
| 06/22/2021 | 748 | ***SELECTED PARTIES***JOINT REPLY MEMORANDUM OF LAW in Support re: 731 MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba . . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: 715 .(Bershteyn, Boris) (Entered: 06/22/2021) |

| 06/22/2021 | 749 | JOINT MEMORANDUM OF LAW in Opposition re: 745 MOTION to Exclude the Report and Testimony of Defendants' Expert Bruce A. Strombom . . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA) N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 06/22/2021) |
|---|---|---|
| 06/22/2021 | 750 | REPLY MEMORANDUM OF LAW in Support re: 745 MOTION to Exclude the Report and Testimony of Defendants' Expert Bruce A. Strombom . *[REDACTED]*. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 751 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 745 MOTION to Exclude the Report and Testimony of Defendants' Expert Bruce A. Strombom . . Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG. Motion or Order to File Under Seal: 715 .(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 752 | DECLARATION of Lingel H. Winters in Support re: 745 MOTION to Exclude the Report and Testimony of Defendants' Expert Bruce A. Strombom .. Document filed by John Nypl, et al.. (Attachments: # 1 Exhibit 10 [REDACTED]).(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/22/2021 | 753 | ***SELECTED PARTIES***DECLARATION of Lingel H. Winters in Support re: 745 MOTION to Exclude the Report and Testimony of Defendants' Expert Bruce A. Strombom .. Document filed by John Nypl, et al., Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., Go Everywhere, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, Royal Bank of Scotland, plc, William Rubinsohn, UBS AG. (Attachments: # 1 Exhibit 10)Motion or Order to File Under Seal: 715 .(Alioto, Joseph) (Entered: 06/22/2021) |
| 06/23/2021 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 744 Proposed Order was reviewed and approved as to form. (km) (Entered: 06/23/2021) |
| 06/23/2021 | 754 | MEMO ENDORSEMENT on re: 736 Letter filed by John Nypl, et al. ENDORSEMENT: The application is GRANTED. The Clerk of Court is respectfully directed to remove the following individual's and entities' access privileges to Docket Nos. 718, 720, 723 and 725: Department of Justice Simon Fowles Haverhill Retirement System, et al. Wells Fargo & Company Wells Fargo Bank, N.A. (Signed by Judge Lorna G. Schofield on 6/22/2021) (cf) (Entered: 06/23/2021) |
| 06/28/2021 | 755 | LETTER addressed to Judge Lorna G. Schofield from Undersigned Defendants dated June 28, 2021 re: Response to Plaintiffs' Letter re: Offers of Proof (ECF 714). Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 06/28/2021) |
| 06/29/2021 | 756 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated June 29, 2021 re: Application for Leave to File a Reply to Defendants' Letter Opposing Offer of Proof. Document filed by John Nypl, et al...(Papale, Lawrence) (Entered: 06/29/2021) |
| 07/02/2021 | 757 | MEMO ENDORSEMENT on re: 756 Letter filed by John Nypl, et al. ENDORSEMENT: By July 7, 2021, Plaintiffs shall file a reply not to exceed two pages. (Signed by Judge Lorna G. Schofield on 6/2/2021) (cf) (Entered: 07/02/2021) |
| 07/07/2021 | 758 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated July 7, 2021 re: Reply in Support of Offer of Proof. Document filed by John Nypl, et al...(Papale, Lawrence) (Entered: 07/07/2021) |

| 07/09/2021 | 759 | ORDER: It is hereby ORDERED that Plaintiffs' application is DENIED for substantially the reasons stated in Defendants' June 28, 2021, letter (Dkt. No. 755), and because any objections to the prior rulings referenced in Plaintiffs' June 21, 2021, letter are untimely. The Clerk of Court is respectfully directed to close the motion at Docket No. 714. (As further set forth in this Order.) (Signed by Judge Lorna G. Schofield on 7/8/2021) (cf) (Entered: 07/09/2021) |
|---|---|---|
| 07/19/2021 | 760 | LETTER addressed to Judge Lorna G. Schofield from Joseph M. Alioto dated 07/19/2021 re: Clarification of the Courts Order of July 9, 2021. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 07/19/2021) |
| 07/19/2021 | 761 | LETTER addressed to Judge Lorna G. Schofield from Alexander Bystryn dated July 19, 2021 re: Notice of Withdrawal as Attorney. Document filed by Royal Bank of Scotland, plc..(Bystryn, Alexander) (Entered: 07/19/2021) |
| 07/20/2021 | 762 | MEMO ENDORSEMENT on re: 760 Letter filed by John Nypl, et al. ENDORSEMENT: Plaintiffs' application that the Court amend its July 9, 2021, Order (Dkt. No. 759) is DENIED. The Court denied Plaintiffs' application for leave to file offers of proof for substantially the reasons stated in Defendants' June 28, 2021, letter (Dkt. No. 755), namely, that (1) offers of proof pursuant to Fed. R. Civ. P. 103 are not appropriate in this context and (2) to the extent Plaintiffs' request can be construed as objections to the Court's prior orders, such objections are untimely. (Signed by Judge Lorna G. Schofield on 7/20/2021) (cf) (Entered: 07/20/2021) |
| 07/20/2021 | 763 | MEMO ENDORSEMENT on re: 761 Letter filed by Royal Bank of Scotland, plc. ENDORSEMENT: Pursuant to Local Rule 1.4, Mr. Bystryn shall file, by July 23, 2021, a supplemental letter stating whether he is asserting a retaining or charging lien. (Signed by Judge Lorna G. Schofield on 7/20/2021) (cf) (Entered: 07/20/2021) |
| 07/22/2021 | 764 | LETTER addressed to Judge Lorna G. Schofield from Alexander Bystryn dated July 22, 2021 re: Supplemental Letter Pursuant to the Court's July 20, 2021 Order regarding application to be relieved as counsel of record. Document filed by Royal Bank of Scotland, plc..(Bystryn, Alexander) (Entered: 07/22/2021) |
| 07/23/2021 | 765 | MEMO ENDORSEMENT on re: 764 Letter, filed by Royal Bank of Scotland, plc. ENDORSEMENT: The motion to withdraw as counsel (Dkt. Nos. 761 and 746) is GRANTED. The Clerk of Court is respectfully directed to remove Mr. Bystryn as counsel of record for Defendant The Royal Bank of Scotland plc. Attorney Alexander Bystryn terminated. (Signed by Judge Lorna G. Schofield on 7/23/2021) (cf) (Entered: 07/23/2021) |
| 09/13/2021 | 766 | MOTION for David Jarrett Arp to Withdraw as Attorney . Document filed by UBS AG. (Attachments: # 1 Declaration in Support, # 2 Text of Proposed Order).(Stock, Eric) (Entered: 09/13/2021) |
| 09/28/2021 | 767 | ORDER GRANTING WITHDRAW AS COUNSEL granting 766 Motion to Withdraw as Attorney. Upon the Notice by Counsel for Defendant UBS AG and the accompanying Declaration of Eric J. Stock, IT IS HEREBY ORDERED that the noticed request to withdraw David Jarrett Arp as counsel for Defendant UBS AG is granted, and the appearance of Mr. Arp is withdrawn as of the date of this Order.. (Signed by Judge Lorna G. Schofield on 9/28/2021) Attorney David Jarrett Arp terminated (ks) (Entered: 09/28/2021) |
| 09/28/2021 | 768 | ORDER GRANTING WITHDRAW AS COUNSEL granting 766 Motion to Withdraw as Attorney. Upon the Notice by Counsel for Defendant UBS AG and the accompanying Declaration of Eric J. Stock, IT IS HEREBY ORDERED that the noticed request to withdraw David Jarrett Arp as counsel for Defendant UBS AG is granted, and the appearance of Mr. Arp is withdrawn as of the date of this Order.. (Signed by Judge Lorna G. Schofield on 9/28/2021) Attorney David Jarrett Arp terminated (ks) (Entered: 09/28/2021) |
| 09/28/2021 | 769 | ORDER GRANTING WITHDRAW AS COUNSEL granting 766 Motion to Withdraw as Attorney. Upon the Notice by Counsel for Defendant UBS AG and the accompanying Declaration of Eric J. Stock, IT IS HEREBY ORDERED that the noticed request to withdraw David Jarrett Arp as counsel for Defendant UBS AG is granted, and the appearance of Mr. Arp is withdrawn as of the date of this Order.. (Signed by Judge Lorna G. Schofield on 9/28/2021) Attorney David Jarrett Arp terminated (ks) (Entered: 09/28/2021) |

| 11/04/2021 | [770](#) | ORDER:ORDERED that Plaintiffs shall file a letter, not to exceed five pages, by November 12, 2021, explaining why the California Unfair Competition Law claim should not be dismissed for lack of subject–matter jurisdiction. It is further ORDERED that Defendants shall file a letter response, not to exceed five pages, by November 19, 2021. (Signed by Judge Lorna G. Schofield on 11/4/2021) (rro) (Entered: 11/04/2021) |
|---|---|---|
| 11/09/2021 | [771](#) | NOTICE OF APPEARANCE by Mark Aaron Popovsky on behalf of Barclays Capital, Inc., Barclays PLC..(Popovsky, Mark) (Entered: 11/09/2021) |
| 11/12/2021 | [772](#) | FIRST BRIEF *IN RESPONSE TO COURT ORDER 11–4–2021* [770](#) . Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 11/12/2021) |
| 11/15/2021 | [773](#) | SUPPLEMENTAL BRIEF re: [770](#) Order, [772](#) Brief *IN RESPONSE TO COURT ORDER 11–4–2021* [770](#) . Document filed by John Nypl, et al..(Alioto, Joseph) (Entered: 11/15/2021) |
| 11/19/2021 | [774](#) | RESPONSE re: [770](#) Order, [773](#) Brief, [772](#) Brief . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Ruffino, Andrew) (Entered: 11/19/2021) |
| 01/19/2022 | [775](#) | ORDER: It is hereby ORDERED that the CUCL claim is DISMISSED for lack of subject matter jurisdiction because no plaintiff in this action has standing to bring such a claim. It is further ORDERED that Defendants' request for Nypl to be dismissed from the case entirely because he lacks standing is DENIED. Under the one–plaintiff rule, so long as one plaintiff has standing to assert each claim in the case, a court can adjudicate the case without inquiring as to the standing of remaining plaintiffs. See Horne v. Flores, 557 U.S. 433, 446 (2009) ("Because the superintendent clearly has standing to challenge the lower courts' decisions, we need not consider whether the Legislators also have standing to do so."); Kachalsky v. Cnty. of Westchester, 701 F.3d 81, 84 n.2 (2d Cir. 2012) ("Where, as here, at least one plaintiff has standing, jurisdiction is secure and we can adjudicate the case whether the additional plaintiff has standing or not."). Here, as to the remaining claims, which are brought on behalf of a putative nationwide class, two Plaintiffs, Lisa McCarthy and Valarie Jolly, testified at their depositions that they purchased foreign currency at JPMorgan branches and have met their burden of demonstrating standing for this stage of the litigation. (Signed by Judge Lorna G. Schofield on 1/19/2022) (tg) (Entered: 01/19/2022) |
| 03/18/2022 | [776](#) | OPINION AND ORDER re: [716](#) MOTION / Notice of Motion for Class Certification re: [715](#) JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated June 22, 2021. . filed by John Nypl, et al., [745](#) MOTION to Exclude the Report and Testimony of Defendants' Expert Bruce A. Strombom . filed by John Nypl, et al., [731](#) MOTION to Exclude the Report and Testimony of Plaintiffs' Expert Carl S. Saba . filed by Bank of America Corporation, Citibank, N.A., Royal Bank of Scotland, plc, JPMorgan Chase Bank, N.A., JP Morgan Chase & Co., Barclays PLC, UBS AG, Citicorp, HSBC North American Holdings Inc., Bank of America, N.A., HSBC Bank (USA), N.A., Barclays Capital, Inc., Citigroup, Inc. For the foregoing reasons, Plaintiffs' motion for Rule 23 class certification is DENIED. Defendants' Daubert motion is GRANTED IN PART and DENIED IN PART. Plaintiffs' Daubert motion is DENIED. The request for oral argument is denied as moot. The Clerk of Court is directed to close the motions at Dkt. Nos. 716, 731 and 745. (Signed by Judge Lorna G. Schofield on 3/18/2022) (tg) (Entered: 03/18/2022) |
| 03/21/2022 | [777](#) | ORDER: ORDERED that, in accordance with the schedule at Dkt. No. 695, Plaintiffs shall disclose their merits expert(s) by April 18, 2022; Defendants shall disclose their expert(s) by June 17, 2022; and Plaintiffs shall disclose any rebuttal expert(s) by July 18, 2022. Depositions of all disclosed merit experts shall be completed by August 17, 2022. It is further ORDERED that by August 26, 2022, the parties shall submit a joint letter advising the Court of their views and proposing a schedule for dispositive motions.( Deposition due by 8/17/2022.) (Signed by Judge Lorna G. Schofield on 3/21/2022) (rro) (Entered: 03/21/2022) |
| 03/21/2022 | [778](#) | ORDER granting [715](#) Letter Motion to Seal. Application GRANTED for substantially the reasons stated in this letter. The Clerk of Court is respectfully directed to maintain the entries and documents at Dkt. Nos. 718, 720, 723, 725, 726, 727, 733, 735, 738, |

| | | 740, 743, 748, 751 and 753 under seal with access limited to the individuals listed in Appendix A to this letter and to close the motion at Dkt. No. 715. (Signed by Judge Lorna G. Schofield on 3/21/2022) (rro) (Entered: 03/21/2022) |
|---|---|---|
| 04/20/2022 | <u>779</u> | LETTER addressed to Judge Lorna G. Schofield from Lawrence E. Jacobs dated April 19, 2022 re: to provide notice pursuant to Rule 1.12 of the New York Rules of Professional Conduct. Document filed by Royal Bank of Scotland Group Plc...(Jacobs, Lawrence) (Entered: 04/20/2022) |
| 05/11/2022 | <u>780</u> | **FILING ERROR – WRONG EVENT TYPE SELECTED FROM MENU –** MOTION for John M. Briggs to Withdraw as Attorney . Document filed by Royal Bank of Scotland, plc..(Briggs, John) Modified on 5/13/2022 (db). (Entered: 05/11/2022) |
| 05/13/2022 | | **\*\*\*NOTICE TO ATTORNEY TO RE–FILE DOCUMENT – EVENT TYPE ERROR. Notice to Attorney John Michael Briggs to RE–FILE Document <u>780</u> MOTION for John M. Briggs to Withdraw as Attorney . Use the event type Letter found under the event list Other Documents. (db)** (Entered: 05/13/2022) |
| 05/13/2022 | <u>781</u> | LETTER addressed to Judge Lorna G. Schofield from John M. Briggs dated May 11, 2022 re: Withdrawal as Attorney. Document filed by Royal Bank of Scotland, plc..(Briggs, John) (Entered: 05/13/2022) |
| 05/16/2022 | <u>782</u> | MEMO ENDORSEMENT: on re: <u>781</u> Letter filed by Royal Bank of Scotland, plc. ENDORSEMENT: Application DENIED without prejudice to renewal in compliance with Local Civil Rule 1.4. (Signed by Judge Lorna G. Schofield on 5/16/2022) (ama) (Entered: 05/16/2022) |
| 05/19/2022 | <u>783</u> | MOTION for John M. Briggs to Withdraw as Attorney . Document filed by Royal Bank of Scotland, plc..(Mishkin, Paul) (Entered: 05/19/2022) |
| 05/20/2022 | <u>784</u> | MEMO ENDORSED ORDER granting <u>783</u> Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. The Clerk of Court is respectfully directed to terminate John M. Briggs's receipt of ECF notifications. Attorney John Michael Briggs terminated. (Signed by Judge Lorna G. Schofield on 5/20/2022) (mml) (Entered: 05/20/2022) |
| 05/23/2022 | <u>785</u> | LETTER addressed to Judge Lorna G. Schofield from J. Matthew Goodin dated May 23, 2022 re: Request for Pre–Motion Conference. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc.. (Attachments: # <u>1</u> Exhibit 1).(Goodin, James) (Entered: 05/23/2022) |
| 05/24/2022 | <u>786</u> | MEMO ENDORSEMENT: on re: <u>785</u> Letter, filed by HSBC North American Holdings Inc., HSBC Bank (USA), N.A. ENDORSEMENT: Plaintiffs shall file a responsive letter, not to exceed three pages, by May 31, 2022. (Signed by Judge Lorna G. Schofield on 5/24/2022) (tro) (Entered: 05/24/2022) |
| 06/01/2022 | <u>787</u> | ORDER: It is hereby ORDERED that Plaintiffs shall file the required letter by June 2, 2022. (Signed by Judge Lorna G. Schofield on 6/1/2022) (rro) (Entered: 06/01/2022) |
| 06/02/2022 | <u>788</u> | LETTER addressed to Judge Lorna G. Schofield from JOSEPH M. ALIOTO dated 06/02/2022 re: Request for Pre–Motion Conference. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 06/02/2022) |
| 06/03/2022 | <u>789</u> | MEMO ENDORSEMENT: on re: <u>788</u> Letter filed by John Nypl, et al. ENDORSEMENT: Defendant's request for a pre–motion conference is GRANTED. A conference will be held by telephone on June 29, 2022, at 4:20 P.M. The parties shall call 888–363–4749 and use the access code 558–3333. By June 22, 2022, the parties shall file a joint letter each side's portion of which shall not exceed three pages. Plaintiffs shall address whether they intend to offer any opinions other than those disclosed in Mr. Saba's prior report in this case, from Mr. Saba or any other retained witnesses, and if so shall respond to Defendants' argument that such opinions should be excluded under Rules 37(c)(1) and 26(a)(2). Plaintiffs shall also respond to Defendants' argument that, if Plaintiffs do not offer any other opinions from retained experts or such opinions are excluded, Plaintiffs cannot meet their burden of proof. Defendants' portion of the letter shall elaborate on the grounds for their contemplated motion for summary judgment. Defendants are advised that they will be permitted to move for summary judgment only once. SO ORDERED., ( Telephone Conference set |

| | | for 6/29/2022 at 04:20 PM before Judge Lorna G. Schofield.) (Signed by Judge Lorna G. Schofield on 6/03/2022) (ama) (Entered: 06/03/2022) |
|---|---|---|
| 06/22/2022 | 790 | JOINT LETTER addressed to Judge Lorna G. Schofield dated June 22, 2022 re: the Court's June 3, 2022 Order. Document filed by HSBC Bank (USA), N.A., HSBC North American Holdings Inc...(Goodin, James) (Entered: 06/22/2022) |
| 06/27/2022 | 791 | ORDER: It is hereby ORDERED that the pre–motion conference scheduled for June 29, 2022, at 4:20 P.M., is adjourned to June 29, 2022, at 4:40 P.M. The parties shall call (888) 363–4749 and enter the access code 558–3333. The telephonic conference is public, and the time of the conference is approximate, but the parties shall be ready to proceed by that time. Telephone Conference set for 6/29/2022 at 04:40 PM before Judge Lorna G. Schofield. (Signed by Judge Lorna G. Schofield on 6/27/2022) (mml) Modified on 7/5/2022 (mml). (Entered: 06/27/2022) |
| 06/29/2022 | | Minute Entry for proceedings held before Judge Lorna G. Schofield: Telephone Conference held on 6/29/2022. (jcs) (Entered: 06/29/2022) |
| 06/30/2022 | 792 | ORDER: It is hereby ORDERED that, by July 25, 2022, Defendants shall file a letter stating whether they still intend to file a motion for summary judgment after Plaintiffs have disclosed any rebuttal expert opinions on July 18, 2022, pursuant to the Order at Dkt. No. 777. If Defendants intend to file a motion for summary judgment, Defendants' letter shall propose a briefing schedule that provides approximately one month each for the motion and opposition and two weeks for the reply. (Signed by Judge Lorna G. Schofield on 6/30/2022) (mml) (Entered: 06/30/2022) |
| 07/20/2022 | 793 | MOTION for Adam Mehes to Withdraw as Attorney . Document filed by Royal Bank of Scotland, plc..(Mishkin, Paul) (Entered: 07/20/2022) |
| 07/21/2022 | 794 | MEMO ENDORSEMENT on MOTION TO WITHDRAW AS COUNSEL: granting 793 Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. The Clerk of Court is respectfully directed to terminate Adam Gabor Mehes's receipt of ECF notifications. Attorney Adam Gabor Mehes terminated. (Signed by Judge Lorna G. Schofield on 7/21/2022) (ama) (Entered: 07/21/2022) |
| 07/25/2022 | 795 | JOINT LETTER addressed to Judge Lorna G. Schofield from Defendants dated July 25, 2022 re: 792 Court's June 30, 2022 order. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 07/25/2022) |
| 07/26/2022 | 796 | MEMO ENDORSEMENT on re: 795 Letter, filed by Bank of America Corporation, Citibank, N.A., Royal Bank of Scotland, plc, JPMorgan Chase Bank, N.A., JP Morgan Chase & Co., Barclays PLC, UBS AG, Citicorp, HSBC North American Holdings Inc., Bank of America, N.A., HSBC Bank (USA), N.A., Barclays Capital, Inc., Citigroup, Inc. ENDORSEMENT: Defendants shall file their motion for summary judgment by September 1, 2022. Plaintiffs shall file their opposition by September 29, 2022. Defendants shall file their reply by October 13, 2022. So Ordered. (Motions due by 9/1/2022. Responses due by 9/29/2022. Replies due by 10/13/2022.) (Signed by Judge Lorna G. Schofield on 7/26/2022) (mml) (Entered: 07/26/2022) |
| 08/02/2022 | 797 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated August 2, 2022 re: Extension of Time; ECF 796. Document filed by John Nypl, et al...(Winters, Lingel) (Entered: 08/02/2022) |
| 08/02/2022 | 798 | MEMO ENDORSEMENT on re: 797 Letter filed by John Nypl, et al. ENDORSEMENT: Application DENIED. (Signed by Judge Lorna G. Schofield on 8/2/2022) (mml) (Entered: 08/02/2022) |
| 08/06/2022 | 799 | FIRST LETTER MOTION for Discovery *re Deposition of Dr. Strombom* addressed to Judge Lorna G. Schofield from JOSEPH M. ALIOTO dated 08/06/2022. Document filed by John Nypl, et al.. Return Date set for 8/12/2022 at 12:00 PM..(Alioto, Joseph) (Entered: 08/06/2022) |
| 08/08/2022 | 800 | MEMO ENDORSEMENT: on re: 799 FIRST LETTER MOTION for Discovery re Deposition of Dr. Strombom. addressed to Judge Lorna G. Schofield from JOSEPH M. ALIOTO dated 08/06/2022. filed by John Nypl, et al. ENDORSEMENT: Defendants |

| | | |
|---|---|---|
| | | shall file a responsive letter, not to exceed 2 pages, by August 10, 2022. SO ORDERED., ( Responses due by 8/10/2022) (Signed by Judge Lorna G. Schofield on 8/08/2022) (ama) (Entered: 08/08/2022) |
| 08/10/2022 | 801 | JOINT LETTER addressed to Judge Lorna G. Schofield from Defendants dated August 10, 2022 re: Court's August 8, 2022 Order, (ECF No. 800). Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 08/10/2022) |
| 08/10/2022 | 802 | SUPPLEMENTAL LETTER MOTION for Discovery *withdrawing request to take deposition of Dr. Strombom* addressed to Judge Lorna G. Schofield from JOSEPH M. ALIOTO dated 08/10/2022. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 08/10/2022) |
| 08/11/2022 | 803 | MEMO ENDORSED ORDER on re: 801 Joint Letter denying as moot 799 Letter Motion for Discovery; granting 802 Letter Motion for Discovery *withdrawing request for leave to take deposition of Dr. Strombom*. ENDORSEMENT: Plaintiffs' motion to compel a second deposition of Defendants' expert Dr. Strombom is DENIED as moot. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 799 and 802. (Signed by Judge Lorna G. Schofield on 8/11/2022) (vfr) (Entered: 08/11/2022) |
| 08/22/2022 | 804 | MANDATE of USCA (Certified Copy) USCA Case Number 22–0698. Petitioner requests, pursuant to Federal Rule of Civil Procedure 23(f), leave to appeal the district court's order denying class certification. Upon due consideration, it is hereby ORDERED that the Rule 23(f) petition is DENIED because it was not timely filed and is not subject to equitable tolling. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714, 715 (2019).. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 08/22/2002..(nd) (Entered: 08/22/2022) |
| 09/01/2022 | 805 | JOINT LETTER MOTION to Seal addressed to Judge Lorna G. Schofield from All Parties dated September 1, 2022. Document filed by JP Morgan Chase & Co., JPMorgan Chase Bank, N.A...(Bershteyn, Boris) (Entered: 09/01/2022) |
| 09/01/2022 | 806 | JOINT MOTION for Summary Judgment . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 09/01/2022) |
| 09/01/2022 | 807 | JOINT MEMORANDUM OF LAW in Support re: 806 JOINT MOTION for Summary Judgment . . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 09/01/2022) |
| 09/01/2022 | 808 | RULE 56.1 STATEMENT. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 09/01/2022) |
| 09/01/2022 | 809 | DECLARATION of Tansy Woan in Support re: 806 JOINT MOTION for Summary Judgment .. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG. (Attachments: # 1 Exhibit 1 – Nypl Deposition Transcript Excerpts, # 2 Exhibit 2 – McCarthy Deposition Transcript Excerpts, # 3 Exhibit 3 – Jolly Deposition Transcript Excerpts, # 4 Exhibit 4 – Rubinsohn Deposition Transcript Excerpts, # 5 Exhibit 5 – 11.23.20 Saba Supplemental Report (Filed Under Seal), # 6 Exhibit 6 – Saba Deposition Transcript Excerpts (Filed Under Seal), # 7 Exhibit 7 – Plaintiffs Responses to Defendants First Set of Interrogatories, # 8 Exhibit 8 – Jolly Production Excerpts (Filed Under Seal), # 9 Exhibit 9 – JPMC Plea Agreement and CFTC Order Excerpts, |

| | | |
|---|---|---|
| | | # 10 Exhibit 10 – Kunyk Declaration and Exhibit A (Filed Under Seal), # 11 Exhibit 11 – Drago Declaration and Exhibit 6 (Filed Under Seal), # 12 Exhibit 12 – JPMC 2006 Agreement Excerpts (Filed Under Seal), # 13 Exhibit 13 – JPMC 2009 Agreement, Schedule and 2012 Amendment Excerpts (Filed Under Seal), # 14 Exhibit 14 – Rivet Declaration (Filed Under Seal), # 15 Exhibit 15 – 7.16.22 Saba Rebuttal Report (Filed Under Seal)).(Bershteyn, Boris) (Entered: 09/01/2022) |
| 09/01/2022 | 810 | ***SELECTED PARTIES***JOINT MEMORANDUM OF LAW in Support re: 806 JOINT MOTION for Summary Judgment . . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: 805 .(Bershteyn, Boris) (Entered: 09/01/2022) |
| 09/01/2022 | 811 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: 805 .(Bershteyn, Boris) (Entered: 09/01/2022) |
| 09/01/2022 | 812 | ***SELECTED PARTIES***DECLARATION of Tansy Woan in Support re: 806 JOINT MOTION for Summary Judgment .. Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. (Attachments: # 1 Exhibit 1 – Nypl Deposition Transcript Excerpts, # 2 Exhibit 2 – McCarthy Deposition Transcript Excerpts, # 3 Exhibit 3 – Jolly Deposition Transcript Excerpts, # 4 Exhibit 4 – Rubinsohn Deposition Transcript Excerpts, # 5 Exhibit 5 – 11.23.20 Saba Supplemental Report, # 6 Exhibit 6 – Saba Deposition Transcript Excerpts, # 7 Exhibit 7 – Plaintiffs Responses to Defendants First Set of Interrogatories, # 8 Exhibit 8 – Jolly Production Excerpts, # 9 Exhibit 9 – JPMC Plea Agreement and CFTC Order Excerpts, # 10 Exhibit 10 – Kunyk Declaration and Exhibit A, # 11 Exhibit 11 – Drago Declaration and Exhibit 6, # 12 Exhibit 12 – JPMC 2006 Agreement Excerpts, # 13 Exhibit 13 – JPMC 2009 Agreement, Schedule and 2012 Amendment Excerpts, # 14 Exhibit 14 – Rivet Declaration, # 15 Exhibit 15 – 7.16.22 Saba Rebuttal Report)Motion or Order to File Under Seal: 805 .(Bershteyn, Boris) (Entered: 09/01/2022) |
| 09/23/2022 | 813 | MOTION for Maeghan O. Mikorski to Withdraw as Attorney *for Barclays Defendants*. Document filed by Barclays Capital, Inc., Barclays PLC..(Popovsky, Mark) (Entered: 09/23/2022) |
| 09/26/2022 | 814 | MEMO ENDORSEMENT granting 813 Motion to Withdraw as Attorney. ENDORSEMENT: Application GRANTED. The Clerk of Court is respectfully directed to terminate Maeghan O. Mikorski's receipt of ECF notifications. Attorney Maeghan Owen Mikorski terminated. (Signed by Judge Lorna G. Schofield on 9/26/2022) (tg) (Entered: 09/26/2022) |
| 09/29/2022 | 815 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 806 JOINT MOTION for Summary Judgment . . Document filed by All Plaintiffs..(Alioto, Joseph) (Entered: 09/29/2022) |
| 09/29/2022 | 816 | ***SELECTED PARTIES***AFFIDAVIT of Joseph M. Alioto in Support re: 806 JOINT MOTION for Summary Judgment .. Document filed by All Plaintiffs. (Attachments: # 1 Exhibit Ex 1 Rivet Decl, # 2 Exhibit Ex 2 Keller Decl, # 3 Exhibit Ex 3 Keller Depo, # 4 Exhibit Ex 4 Kunyk Decl, # 5 Exhibit Ex 5 Drago Decl, # 6 Exhibit Ex 6 HSBC 4th Rog Responses, # 7 Exhibit Ex 7 Strombom Depo, # 8 Exhibit Ex 8 Gardiner Depo, # 9 Exhibit Ex 9 Saba Decl, # 10 Exhibit Ex 10 Depo Saba, # 11 Exhibit Ex 11 Decl Saba, # 12 Exhibit Ex 12 Supp Report Saba, # 13 Exhibit Ex 13 Decl Saba, # 14 Exhibit Ex 14 Defs 4th Rog Responses, # 15 Exhibit Ex 15 Defs 4th |

| | | |
|---|---|---|
| | | Rog Responses)Motion or Order to File Under Seal: <u>809</u> .(Alioto, Joseph) (Entered: 09/30/2022) |
| 09/30/2022 | <u>817</u> | ***SELECTED PARTIES*** RESPONSE in Opposition to Motion re: <u>806</u> JOINT MOTION for Summary Judgment . *Plaintiffs Response to Rule 56.1 Statement*. Document filed by All Plaintiffs. Motion or Order to File Under Seal: <u>807</u> .(Alioto, Joseph) (Entered: 09/30/2022) |
| 10/04/2022 | <u>821</u> | ORDER: It is hereby ORDERED that, by October 5, 2022, Plaintiffs shall re–file public versions of their opposition papers including, where appropriate, effective redactions. It is further ORDERED that the Clerk of Court is respectfully directed to modify the viewing privileges of Dkt. Nos. 815, 816, 817, 818, 819 and 820 to provide access to the individuals named in Appendix A to the parties' joint motion to seal, attached to this Order (Dkt. No. 805). (Signed by Judge Lorna G. Schofield on 10/4/2022) (mml) (Entered: 10/05/2022) |
| 10/05/2022 | <u>822</u> | MEMORANDUM OF LAW in Opposition re: <u>806</u> JOINT MOTION for Summary Judgment . *Redacted*. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 10/05/2022) |
| 10/05/2022 | <u>823</u> | DECLARATION of Joseph M. Alioto in Opposition re: <u>806</u> JOINT MOTION for Summary Judgment .. Document filed by John Nypl, et al... (Attachments: # <u>1</u> Exhibit 1 – Decl Rivet (under seal), # <u>2</u> Exhibit 2 – Decl Keller (under seal), # <u>3</u> Exhibit 3 – Depo Keller (under seal), # <u>4</u> Exhibit 4 – Decl Kunyk (under seal), # <u>5</u> Exhibit 5 –Decl Drago (under seal), # <u>6</u> Exhibit 6 – HSBC 4th Interrogs Responses (under seal), # <u>7</u> Exhibit 7 – Strombom Depo (under seal), # <u>8</u> Exhibit 8 – Gardiner Depo (under seal), # <u>9</u> Exhibit 9 – Decl Saba (under seal), # <u>10</u> Exhibit 10 – Saba Depo (under seal), # <u>11</u> Exhibit 11 – Decl Saba (under seal), # <u>12</u> Exhibit 12 – Suppl Report Saba (under seal), # <u>13</u> Exhibit 13 – Decl Rebuttal Saba (under seal), # <u>14</u> Exhibit 14 – Defs 4th Interrogs Responses (under seal), # <u>15</u> Exhibit 15 – Defs 4th Interrogs Responses (under seal)).(Alioto, Joseph) (Entered: 10/05/2022) |
| 10/05/2022 | <u>824</u> | RESPONSE in Opposition to Motion re: <u>806</u> JOINT MOTION for Summary Judgment . *Response to Local Rule 56.1 Statement (Redacted)*. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 10/05/2022) |
| 10/06/2022 | <u>825</u> | LETTER addressed to Judge Lorna G. Schofield from JOSEPH M. ALIOTO dated 10/06/2022 re: Nypl v JP Morgan Chase, et al.. Document filed by John Nypl, et al...(Alioto, Joseph) (Entered: 10/06/2022) |
| 10/13/2022 | <u>826</u> | JOINT REPLY MEMORANDUM OF LAW in Support re: <u>806</u> JOINT MOTION for Summary Judgment . . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 10/13/2022) |
| 10/13/2022 | <u>827</u> | REPLY re: <u>806</u> JOINT MOTION for Summary Judgment . . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 10/13/2022) |
| 10/13/2022 | <u>828</u> | ***SELECTED PARTIES***JOINT REPLY MEMORANDUM OF LAW in Support re: <u>806</u> JOINT MOTION for Summary Judgment . . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: <u>805</u> .(Bershteyn, Boris) (Entered: 10/13/2022) |
| 10/13/2022 | <u>829</u> | ***SELECTED PARTIES*** REPLY re: <u>806</u> JOINT MOTION for Summary Judgment . . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go |

| | | Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: <u>805</u> .(Bershteyn, Boris) (Entered: 10/13/2022) |
|---|---|---|
| 10/31/2022 | <u>830</u> | LETTER MOTION for Oral Argument *and for Sur−Reply to Motion for Summary Judgment* addressed to Judge Lorna G. Schofield from Lingel Winters & Joseph Alioto dated 10−31−2022. Document filed by John Nypl, et al.. (Attachments: # <u>1</u> Exhibit Attachment A).(Alioto, Joseph) (Entered: 10/31/2022) |
| 11/01/2022 | <u>831</u> | ORDER with respect to <u>830</u> Letter Motion for Oral Argument. Defendants shall file a responsive letter, not to exceed three single−spaced pages, by November 8, 2022. So Ordered. (Signed by Judge Lorna G. Schofield on 11/1/2022) (tg) (Entered: 11/01/2022) |
| 11/01/2022 | | Set/Reset Deadlines: Responses due by 11/8/2022 (tg) (Entered: 11/01/2022) |
| 11/08/2022 | <u>832</u> | LETTER RESPONSE to Motion addressed to Judge Lorna G. Schofield from All Defendants dated November 8, 2022 re: <u>830</u> LETTER MOTION for Oral Argument *and for Sur−Reply to Motion for Summary Judgment* addressed to Judge Lorna G. Schofield from Lingel Winters & Joseph Alioto dated 10−31−2022. . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 11/08/2022) |
| 11/09/2022 | <u>833</u> | ORDER granting <u>830</u> Motion for Oral Argument. Plaintiffs' application for leave to file a sur−reply is GRANTED. By November 18, 2022, Plaintiffs may file a sur−reply memorandum of law not to exceed five pages, addressing only the relevance, in Plaintiffs' view, of the jury verdict on any purported disputes of material fact. Plaintiff may not file a supplemental statement pursuant to Local Rule 56.1 and may not raise any new arguments that were available but not made at the time Plaintiffs filed their opposition. The Court reserves decision on Plaintiff's application for oral argument. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 830.. (Signed by Judge Lorna G. Schofield on 11/9/2022) (ks) (Entered: 11/09/2022) |
| 11/18/2022 | <u>834</u> | REPLY MEMORANDUM OF LAW in Opposition re: <u>806</u> JOINT MOTION for Summary Judgment . *Plaintiffs' Sur−Reply*. Document filed by John Nypl, et al.. (Attachments: # <u>1</u> Exhibit Exhibit A − Jury Verdict).(Papale, Lawrence) (Entered: 11/18/2022) |
| 01/31/2023 | <u>835</u> | ORDER granting in part and denying in part without prejudice <u>805</u> Letter Motion to Seal. Application GRANTED in part and DENIED in part without prejudice. To the extent the redactions –– in the parties memoranda of law, Local Rule 56.1 statements and certain exhibits –– are narrowly tailored to protect competitively sensitive information about how Defendant banks set retail prices for foreign currency, Defendants' interest in the confidentiality of that information outweighs the presumption of public access in this instance. However, the parties have offered no explanation for why they seek to redact information about how the government set the amounts of fines imposed on certain Defendants, nor any justification for filing entire exhibits under seal that cover topics other than the competitively sensitive information discussed above. By February 10, 2023, each party shall file a renewed letter motion to seal, attaching more lightly−redacted versions of any documents that can be filed in part on the public docket, and specifically explaining why any remaining redactions are narrowly tailored to protect a confidentiality or other interest that outweighs the presumption of public access. In the meantime, the Clerk of Court is respectfully directed to maintain under seal all documents currently filed under seal. (Signed by Judge Lorna G. Schofield on 1/31/2023) (mml) (Entered: 02/01/2023) |
| 02/10/2023 | <u>836</u> | JOINT LETTER addressed to Judge Lorna G. Schofield from Defendants dated February 10, 2023 re: This Court's January 31, 2023 Order, (ECF No. 835). Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG. (Attachments: # <u>1</u> Exhibit 1 − Woan Declaration Exhibit 5, 11.23.2020 Saba Supplemental Report, # <u>2</u> Exhibit 2 − Woan Declaration Exhibit 6, Saba Deposition Transcript Excerpts, # <u>3</u> Exhibit 3 − |

| | | Woan Declaration Exhibit 10, Kunyk Declaration and Exhibit A, # 4 Exhibit 4 – Woan Declaration Exhibit 11, Drago Declaration and Exhibit 6, # 5 Exhibit 5 – Woan Declaration Exhibit 14, Rivet Declaration, # 6 Exhibit 6 – Woan Declaration Exhibit 15, 7.16.22 Saba Rebuttal Report, # 7 Exhibit 7 – Alioto Exhibit 1, Rivet Declaration, # 8 Exhibit 8 – Alioto Exhibit 2, Keller Declaration, # 9 Exhibit 9 – Alioto Exhibit 3, Keller Deposition Transcript Excerpts, # 10 Exhibit 10 – Alioto Exhibit 4, Kunyk Declaration, # 11 Exhibit 11 – Alioto Exhibit 5, Drago Declaration, # 12 Exhibit 12 – Alioto Exhibit 7, Strombom Deposition Transcript Excerpts, # 13 Exhibit 13 – Alioto Exhibit 9, 11.23.2020 Saba Supplemental Report, # 14 Exhibit 14 – Alioto Exhibit 12, 11.23.2020 Saba Supplemental Report, # 15 Exhibit 15 – Alioto Exhibit 13, 7.16.2022 Saba Rebuttal Report, # 16 Exhibit 16 – Alioto Exhibit 14, Def's Citi and JPMorgan 4th ROG Responses, # 17 Exhibit 17 – Alioto Exhibit 15, Def's Barclays, RBS and UBS 4th ROG Responses, # 18 Exhibit 18 – Plaintiffs' Opposition to Def's Joint Motion for Summary Judgment, # 19 Exhibit 19 – Def's Joint Reply Memo of Law in Support of Joint Motion for Summary Judgment, # 20 Exhibit 20 – Def's Joint Reply LR 56.1 Statement in Support of Joint Motion for Summary Judgment).(Bershteyn, Boris) (Entered: 02/10/2023) |
|---|---|---|
| 02/10/2023 | 837 | LETTER addressed to Judge Lorna G. Schofield from Lingel H. Winters dated 2/10/2023 re: Plaintiffs Waiver of all under seal and all redactions in all documents. Document filed by Go Everywhere, Inc., Haverhill Retirement System, et al., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn..(Alioto, Joseph) (Entered: 02/10/2023) |
| 02/14/2023 | 838 | MEMO ENDORSEMENT: on re: 836 Letter filed by Bank of America Corporation, Citibank, N.A., Royal Bank of Scotland, plc, JPMorgan Chase Bank, N.A., JP Morgan Chase & Co., Barclays PLC, UBS AG, Citicorp, HSBC North American Holdings Inc., Bank of America, N.A., Barclays Capital, Inc., Citigroup, Inc. ENDORSEMENT: Application GRANTED for substantially the reasons below. By February 17, 2023, Defendants shall file the revised Parties' Submissions, in redacted form on the public docket and unredacted form under seal, with redactions highlighted. The Clerk of Court is respectfully directed to maintain all currently sealed documents under seal. (Signed by Judge Lorna G. Schofield on 2/13/2023) (ama) (Entered: 02/14/2023) |
| 02/17/2023 | 839 | ***SELECTED PARTIES***JOINT MEMORANDUM OF LAW in Support re: 806 JOINT MOTION for Summary Judgment . . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: 805 .(Bershteyn, Boris) (Entered: 02/17/2023) |
| 02/17/2023 | 840 | ***SELECTED PARTIES***RULE 56.1 STATEMENT. Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: 805 .(Bershteyn, Boris) (Entered: 02/17/2023) |
| 02/17/2023 | 841 | ***SELECTED PARTIES***DECLARATION of Tansy Woan in Support re: 806 JOINT MOTION for Summary Judgment .. Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. (Attachments: # 1 Exhibit 1 – Nypl Deposition Transcript Excerpts, # 2 Exhibit 2 – McCarthy Deposition Transcript Excerpts, # 3 Exhibit 3 – Jolly Deposition Transcript Excerpts, # 4 Exhibit 4 – Rubinsohn Deposition Transcript Excerpts, # 5 Exhibit 5 – 11.23.20 Saba Supplemental Report, # 6 Exhibit 6 – Saba Deposition Transcript Excerpts, # 7 Exhibit 7 – Plaintiffs Responses to Defendants First Set of Interrogatories, # 8 Exhibit 8 – Jolly Production Excerpts, # 9 Exhibit 9 – JPMC Plea Agreement and CFTC Order Excerpts, # 10 Exhibit 10 – Kunyk Declaration and Exhibit A, # 11 Exhibit 11 – |

| | | Drago Declaration and Exhibit 6, # 12 Exhibit 12 – JPMC 2006 Agreement Excerpts, # 13 Exhibit 13 – JPMC 2009 Agreement, Schedule and 2012 Amendment Excerpts, # 14 Exhibit 14 – Rivet Declaration, # 15 Exhibit 15 – 7.16.22 Saba Rebuttal Report)Motion or Order to File Under Seal: 805 .(Bershteyn, Boris) (Entered: 02/17/2023) |
|---|---|---|
| 02/17/2023 | 842 | JOINT MEMORANDUM OF LAW in Support re: 806 JOINT MOTION for Summary Judgment . . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 02/17/2023) |
| 02/17/2023 | 843 | RULE 56.1 STATEMENT. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 02/17/2023) |
| 02/17/2023 | 844 | DECLARATION of Tansy Woan in Support re: 806 JOINT MOTION for Summary Judgment .. Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG. (Attachments: # 1 Exhibit 1 – Nypl Deposition Transcript Excerpts, # 2 Exhibit 2 – McCarthy Deposition Transcript Excerpts, # 3 Exhibit 3 – Jolly Deposition Transcript Excerpts, # 4 Exhibit 4 – Rubinsohn Deposition Transcript Excerpts, # 5 Exhibit 5 – 11.23.20 Saba Supplemental Report (Filed Under Seal), # 6 Exhibit 6 – Saba Deposition Transcript Excerpts (Filed Under Seal), # 7 Exhibit 7 – Plaintiffs Responses to Defendants First Set of Interrogatories, # 8 Exhibit 8 – Jolly Production Excerpts (Filed Under Seal), # 9 Exhibit 9 – JPMC Plea Agreement and CFTC Order Excerpts, # 10 Exhibit 10 – Kunyk Declaration and Exhibit A (Filed Under Seal), # 11 Exhibit 11 – Drago Declaration and Exhibit 6 (Filed Under Seal), # 12 Exhibit 12 – JPMC 2006 Agreement Excerpts (Filed Under Seal), # 13 Exhibit 13 – JPMC 2009 Agreement, Schedule and 2012 Amendment Excerpts (Filed Under Seal), # 14 Exhibit 14 – Rivet Declaration (Filed Under Seal), # 15 Exhibit 15 – 7.16.22 Saba Rebuttal Report (Filed Under Seal)).(Bershteyn, Boris) (Entered: 02/17/2023) |
| 02/17/2023 | 845 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 806 JOINT MOTION for Summary Judgment . . Document filed by John Nypl, et al., Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy, Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc. Motion or Order to File Under Seal: 805 .(Alioto, Joseph) (Entered: 02/17/2023) |
| 02/17/2023 | 846 | ***SELECTED PARTIES*** RESPONSE re: 808 Rule 56.1 Statement, . Document filed by John Nypl, et al., Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy, Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc. Motion or Order to File Under Seal: 805 .(Alioto, Joseph) (Entered: 02/17/2023) |
| 02/17/2023 | 847 | ***SELECTED PARTIES***DECLARATION of Joseph M. Alioto in Opposition re: 806 JOINT MOTION for Summary Judgment .. Document filed by John Nypl, et al., Mad Travel, Inc., William Rubinsohn, John Nypl, Go Everywhere, Inc., Valarie Jolly, Lisa McCarthy, Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)Motion or Order to File Under Seal: 805 .(Alioto, Joseph) (Entered: 02/17/2023) |

| 02/17/2023 | 848 | MEMORANDUM OF LAW in Opposition re: 806 JOINT MOTION for Summary Judgment . . Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn..(Alioto, Joseph) (Entered: 02/17/2023) |
|---|---|---|
| 02/17/2023 | 849 | RESPONSE re: 806 JOINT MOTION for Summary Judgment . . Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn..(Alioto, Joseph) (Entered: 02/17/2023) |
| 02/17/2023 | 850 | DECLARATION of Joseph M. Alioto in Opposition re: 806 JOINT MOTION for Summary Judgment .. Document filed by Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15).(Alioto, Joseph) (Entered: 02/17/2023) |
| 02/17/2023 | 851 | ***SELECTED PARTIES***JOINT REPLY MEMORANDUM OF LAW in Support re: 806 JOINT MOTION for Summary Judgment . . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: 805 .(Bershteyn, Boris) (Entered: 02/17/2023) |
| 02/17/2023 | 852 | ***SELECTED PARTIES***JOINT REPLY re: 808 Rule 56.1 Statement, . Document filed by Barclays PLC, Royal Bank of Scotland, plc, JP Morgan Chase & Co., HSBC North American Holdings Inc., Bank of America, N.A., Citicorp, Citigroup, Inc., Bank of America Corporation, Barclays Capital, Inc., Citibank, N.A., UBS AG, JPMorgan Chase Bank, N.A., HSBC Bank (USA), N.A., Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Motion or Order to File Under Seal: 805 .(Bershteyn, Boris) (Entered: 02/17/2023) |
| 02/17/2023 | 853 | JOINT REPLY MEMORANDUM OF LAW in Support re: 806 JOINT MOTION for Summary Judgment . . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 02/17/2023) |
| 02/17/2023 | 854 | JOINT REPLY re: 808 Rule 56.1 Statement, . Document filed by Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG..(Bershteyn, Boris) (Entered: 02/17/2023) |
| 03/30/2023 | 855 | OPINION AND ORDER re: 806 JOINT MOTION for Summary Judgment filed by Bank of America Corporation, Citibank, N.A., Royal Bank of Scotland, plc, JPMorgan Chase Bank, N.A., JP Morgan Chase & Co., Barclays PLC, UBS AG, Citicorp, HSBC North American Holdings Inc., Bank of America, N.A., HSBC Bank (USA), N.A., Barclays Capital, Inc., Citigroup, Inc. For the foregoing reasons, Defendants' motion for summary judgment is granted. The request for oral argument is denied as moot. The Clerk of Court is directed to close the motion at Dkt. No. 806 and close the case. (Signed by Judge Lorna G. Schofield on 3/29/2023) (vfr) Transmission to Orders and Judgments Clerk for processing. (Entered: 03/30/2023) |
| 03/30/2023 | 856 | CLERK'S JUDGMENT re: 855 Memorandum & Opinion in favor of Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC, Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland, plc, UBS AG against Go Everywhere, Inc., Mad Travel, Inc., John Nypl, John Nypl, et al., Lisa McCarthy, Valarie Jolly, William Rubinsohn. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated March 30, 2023, Defendants' motion for summary judgment is granted. The request for oral argument is denied as moot; accordingly, the case is |

| | | closed. (Signed by Clerk of Court Ruby Krajick on 3/30/2023) (Attachments: # 1 Appeal Package) (km) (Entered: 03/30/2023) |
|---|---|---|
| 04/11/2023 | 857 | LETTER addressed to Judge Lorna G. Schofield from Joseph Alioto dated 4/11/2023 re: Oral Argument. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn..(Alioto, Joseph) (Entered: 04/11/2023) |
| 04/12/2023 | 858 | MEMO ENDORSEMENT: on re: 857 Letter filed by John Nypl, Valarie Jolly, Mad Travel, Inc., John Nypl, et al., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. ENDORSEMENT: Application DENIED. It is "well–settled case law that...[m]otions may be decided wholly on the papers, and usually are." Brady v. Associated Press Telecom, 2017 WL 111783, at *1 n.2 (S.D.N.Y. Jan. 11, 2017)(citing Greene v. WCI Holdings Corp., 136 F.3d 313, 315–16 (2d Cir. 1998)). While Plaintiffs are correct that due process of law requires not only notice but "the opportunity to be heard," Mullane v. Central Hanover Bank Trust Co., 339 U.S. 306, 314 (1950), the Second Circuit has made clear that "the 'hearing'requirements of Rule 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court." See Greene, 136 F.3d at 316; accord In re 477 W. 142nd St. Hous. Dev. Fund Corp., 2022 WL 2093418, at *11 (S.D.N.Y. June 10, 2022) ("[T]here is no due process right to oral argument."). Here, Plaintiffs were fully apprised of the pendency of Defendants' Rule 56 motion for summary judgment, and were given the opportunity to present their objections, both in their memorandum of law in opposition to the motion (Dkt. No. 822), and in their surreply memorandum of law in opposition to the motion (Dkt. No. 834). Further, the Court "ordinarily does not hear oral argument" absent a compelling need. See Individual Rules and Procedures for Civil Cases, Rule III(B)(6). This rule is consistent with the conclusion that "the decision whether or not to hold an oral hearing on [a dispositive motion] lies in the sound discretion of the trial court." See Greene, 136 F.3d at 316; accord United States v. Donzinger, 2021 WL 1820190, at *10 (S.D.N.Y. May 6, 2021). Plaintiffs offer no indication that oral argument would substantially supplement the arguments made in their motion papers, or would otherwise justify setting aside the carefully considered judgment of the Court. (Signed by Judge Lorna G. Schofield on 4/12/2023) (ama) (Entered: 04/12/2023) |
| 04/13/2023 | 859 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL** – NOTICE OF APPEAL. Document filed by Go Everywhere, Inc., Haverhill Retirement System, et al., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Alioto, Joseph) Modified on 4/13/2023 (tp). (Entered: 04/13/2023) |
| 04/13/2023 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Joseph Alioto to RE–FILE Document No. 859 Notice of Appeal. The filing is deficient for the following reason(s): (1) the order/judgment being appealed was not selected; (2) the appeal fee was not paid. Re–file the appeal using the event type Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (tp)** (Entered: 04/13/2023) |
| 04/13/2023 | 860 | NOTICE OF APPEAL from 855 Memorandum & Opinion,, 856 Clerk's Judgment,,,. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn. Filing fee $ 505.00, receipt number ANYSDC–27604059. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Alioto, Joseph) (Entered: 04/13/2023) |
| 04/13/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 860 Notice of Appeal. (tp) (Entered: 04/13/2023) |
| 04/13/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 860 Notice of Appeal, filed by John Nypl, Valarie Jolly, Mad Travel, Inc., John Nypl, et al., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/13/2023) |
| 04/20/2023 | 861 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL** – FIRST AMENDED NOTICE OF APPEAL re: 860 Notice of Appeal,. Document filed by Go Everywhere, Inc., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John |

| | | |
|---|---|---|
| | | Nypl, et al., William Rubinsohn..(Alioto, Joseph) Modified on 4/21/2023 (tp). (Entered: 04/20/2023) |
| 04/21/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Joseph Alioto to RE–FILE Document No. 861 Amended Notice of Appeal. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re–file the appeal using the event type Amended Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (tp)** (Entered: 04/21/2023) |
| 04/27/2023 | 862 | **FILING ERROR – NO ORDER/JUDGMENT SELECTED FOR APPEAL –** AMENDED NOTICE OF APPEAL re: 860 Notice of Appeal, 859 Notice of Appeal,. Document filed by Go Everywhere, Inc., Haverhill Retirement System, et al., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn..(Alioto, Joseph) Modified on 4/28/2023 (nd). (Entered: 04/27/2023) |
| 04/28/2023 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Joseph Alioto to RE–FILE Document No. 862 Amended Notice of Appeal,.. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected;. Re–file the appeal using the event type Amended Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (nd)** (Entered: 04/28/2023) |
| 04/28/2023 | 863 | AMENDED NOTICE OF APPEAL re: 860 Notice of Appeal, 855 Memorandum & Opinion,, 856 Clerk's Judgment,,, 858 Memo Endorsement, Set Deadlines/Hearings,,,,,,,,,,,,. Document filed by Go Everywhere, Inc., Haverhill Retirement System, et al., Valarie Jolly, Mad Travel, Inc., Lisa McCarthy, John Nypl, John Nypl, et al., William Rubinsohn..(Alioto, Joseph) (Entered: 04/28/2023) |
| 04/28/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 863 Amended Notice of Appeal. (tp) (Entered: 04/28/2023) |
| 04/28/2023 | | Supplemental ROA Sent to USCA (Electronic File). Certified Supplemental Indexed record on Appeal Electronic Files for 863 Amended Notice of Appeal, filed by John Nypl, Mad Travel, Inc., John Nypl, et al., Valarie Jolly, Haverhill Retirement System, et al., William Rubinsohn, Lisa McCarthy, Go Everywhere, Inc. were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/28/2023) |

March 28, 2018

<u>VIA ECF</u>

The Honorable Lorna G. Schofield
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse, 40 Foley Square
New York, New York 10007

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:  6/20/18             │
└─────────────────────────────────┘
```

Re:    *Nypl v. JPMorgan Chase & Co.*, No. 15 Civ. 9300 (LGS) (S.D.N.Y.)

Dear Judge Schofield:

Defendants respectfully submit this response to Plaintiffs' March 7, 2018 Letter Motion. ECF No. 287 ("Letter Motion").

This dispute arises out of Plaintiffs' attempt to vastly expand the scope of this case to include a wide range of transactions that do not involve the purchase of physical currency in the United States. As explained in Defendants' prior letters (ECF Nos. 273, 281), the four complaints Plaintiffs have filed since 2015 have all asserted claims based on purchases of physical foreign currency directly from a Defendant through a retail banking location in the United States, and Plaintiffs have confirmed these limitations in numerous submissions to this Court. Accordingly, in response to Plaintiffs' document requests, Non-Foreign Defendants[1] agreed to search for documents concerning such purchases of physical currency, whether made in person, over the phone, or online. In the Letter Motion, Plaintiffs now contend that, even though the Third Amended Complaint ("TAC") and the three prior complaints do not mention credit, debit, or ATM card transactions, those transactions have *always* been a part of this case. Letter Motion at 2. The Letter Motion asks in the alternative for leave to file a proposed fourth amended complaint ("PFAC"), which, for the first time, includes allegations concerning credit, debit, and ATM card transactions outside of the United States (but none by the named plaintiffs). *See id.* at 6. For the reasons set forth below, this Court should reject Plaintiffs' overbroad and unsupported characterization of the TAC and deny Plaintiffs' request to file the PFAC as futile.

## I.    <u>The TAC Does Not Include Credit, Debit, or ATM Card Transactions.</u>[2]

It is hornbook law that a complaint must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, neither the TAC nor Plaintiffs' representations to this Court provided Defendants with fair notice that Plaintiffs' claims encompassed credit, debit, and ATM card

---

[1]   "Non-Foreign Defendants" refer to Barclays PLC, Barclays Capital Inc., Bank of America Corporation, Bank of America, N.A., JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Citicorp, Citigroup Inc., Citibank N.A., HSBC Bank USA, N.A., and HSBC North America Holdings, Inc.

[2]   Plaintiffs do not argue in the Letter Motion that wire transfers are included in the TAC.

Page 2

transactions.  To the contrary, they provided clear notice that this case did *not* include such transactions.

     *First*, the TAC and Plaintiffs' prior complaints exclusively described the purchase of physical currency at Defendants' retail branches in the United States.  *E.g.*, ECF No. 190 ¶¶ 6, 41, 60–66.  Tellingly, the words "credit card," "debit card," and "ATM" do not appear in any of the complaints, nor does any named Plaintiff allege that it engaged in such transactions. Plaintiffs nevertheless argue that the word "purchase" implicitly includes overseas transactions using credit and debit cards.  But the TAC does not give fair notice that the putative class of consumers and businesses who "purchased supracompetitive currency" from a defendant somehow includes people who use a credit card to, for example, buy a meal abroad.  Indeed, the only allegations concerning "purchases" were Plaintiffs' counsel's purchases of physical foreign currency at the San Francisco branches of three Defendants.  *See id.* at ¶¶ 60–66.  Notably, the declaration submitted in support of the TAC attempted to show a correlation between the allegedly manipulated benchmarks and physical currency exchange rates offered at defendants' retail branches, not between the allegedly manipulated benchmarks and exchange rates for credit, debit, or ATM transactions.  ECF No. 190-28.  Remarkably, it was not until nearly three years after filing this case that Plaintiffs changed course and made an attempt to allege such a relationship — a decision that simply reflected a new legal strategy and not any newly discovered facts.  *See* ECF No. 291.  Accordingly, nothing in the TAC gave Defendants fair notice that Plaintiffs' claims concern anything other than purchases of physical currency at Defendants' branches in the United States.

     *Second*, Plaintiffs consistently told this Court and the Northern District of California that plaintiffs are consumers and businesses who purchased physical foreign currency at Defendants' retail branches in the United States.  For example, in opposing Defendants' motion to transfer, Plaintiffs sought to distinguish this action from *In re Foreign Exchange Antitrust Litigation*, No. 13 Civ. 7789 (LGS) ("*FOREX*"), by arguing that "[t]he [*Nypl*] action] is an antitrust suit filed on behalf of consumers, who *purchased foreign currency for dollars at their local banks*."  ECF No. 40 at 2 (emphasis added).  Later, when Defendants moved to stay this action under the *FOREX* settlements, Plaintiffs again distinguished this action from *FOREX* on the ground that the *FOREX* traders "trade foreign currencies, not *at their local banks where the* Nypl *class makes its purchases*, but through an electronic communications network."  ECF No. 99 at 9 (emphasis added).  Plaintiffs stressed that the *Nypl* end-users "take physical delivery of foreign currency" in transactions involving "immediate delivery" of that foreign currency.  *Id.* at 3.  More recently, in support of their motion seeking leave to file the TAC, Plaintiffs stated to this Court that "Defendants utilize computer programs that regularly, at least daily, transmit updated Benchmark exchange rates derived from trading plus a small fee for handling *to each of their bank branches for retail sales of foreign currency* to consumers and business end-users such as Plaintiffs."  ECF No. 171 at 2 (emphasis added).  They made no effort to show such a relationship for credit, debit, or ATM transactions.  Plaintiffs emphasized this point in their reply in support of that motion by stating that "Plaintiffs paid the same Benchmark exchange rates in Plaintiffs' direct purchase of *physical foreign currency* from Defendants that Defendants manipulated in the alleged conspiracy to fix prices, plus a small handling fee."  ECF 182 at 1 (emphasis added).  After repeatedly making these representations to courts, Plaintiffs cannot now claim that credit, debit, and ATM card transactions have always been a part of this case.

Page 3

## II.  **Plaintiffs' Request for Leave to Amend Should Be Denied as Futile**

This Court should deny Plaintiffs' perfunctory request for leave to amend as futile, because the PFAC does not (and cannot) state an antitrust claim in connection with credit, debit, and ATM card transactions.  "[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile."  *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).  Here, the PFAC would be futile for the following reasons.[3]

*First*, the PFAC's claims are barred by the statute of limitations.  *See Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).  The statute of limitations under the Sherman Act is four years after a cause of action accrues, and a cause of action accrues under federal antitrust law "when defendant commits an act which injures plaintiff's business."  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971).  A four-year statute of limitations applies to Plaintiffs' California law claims as well.  *See* Cal. Bus. & Prof. Code § 16750.1 (Cartwright Act); § 17208 (Unfair Competition Law).  As this Court recently held, neither the allegations in the TAC nor the documents incorporated by reference support an inference that Defendants engaged in any allegedly unlawful conduct after December 31, 2013 (at the absolute latest).  *See Nypl v. JPMorgan Chase & Co.*, No. 15 Civ. 9300 (LGS), slip op. at 7 (S.D.N.Y. Mar. 12, 2018).  As a result, Plaintiffs had until, at the latest, December 31, 2017 to file the PFAC.  Plaintiffs, however, waited until March 7, 2018.  Plaintiffs' conclusory allegations of fraudulent concealment cannot toll the limitations period, because those allegations (PFAC ¶¶ 88–89) contain no facts, much less the particularity required by Fed. R. Civ. P. 9(b).  In any event, any tolling period would have ended no later than November 1, 2013, when the first *FOREX* class action complaint was filed, thereby (1) putting Plaintiffs on actual notice of their claims more than four years before they filed the PFAC,[4] and (2) confirming beyond dispute that the publicly available facts of government investigations constituted inquiry notice.

Nor can Plaintiffs avoid the four-year limitations period by contending that the PFAC relates back to the filing of the original complaint on May 21, 2015 (*see* ECF No. 1) or to its subsequent amendments.  For a new claim in an amended complaint to relate back to the original complaint, it must arise "out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."[5]  Fed. R. Civ. P. 15(c)(1)(B).  The "central inquiry" under

---

[3]   RBS Group plc and HSBC Holdings plc further oppose the motion to amend as futile in light of this Court's March 22, 2018 order (ECF No. 300) dismissing all claims against those entities based on the absence of personal jurisdiction.

[4]   Addressing issues related to the statute of limitations is appropriate in this circumstance as the Court unquestionably can take judicial notice of the existence of the class action complaints filed in the related *FOREX* action and, therefore, it is clear on the "face of the complaint" that it is time-barred.  *FOREX*, ECF 226 at 30:16

[5]   Although Defendants analyze the timeliness of Plaintiffs' claims under the standard for relation back under Rule 15(c), the same analysis also directs that Plaintiffs' claims are not subject to tolling.  *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB) (JO), 2017 WL 4325812, at *10 (E.D.N.Y. Sep. 27, 2017) ("[C]ourts in

Page 4

Rule 15 "is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006). As explained in Section I above, nothing in the prior complaints or Plaintiffs' description of those complaints provided Defendants with adequate notice that Plaintiffs' claims were based on credit, debit, or ATM transactions. Instead, Plaintiffs added those allegations for the first time in the PFAC. Moreover, the claims in the PFAC are distinct from the claims in the prior complaints, as the PFAC alleges an additional conspiracy involving two new conspirators — Visa and MasterCard — to manipulate the foreign exchange rates charged in connection with credit, debit, and ATM card transactions inside and outside the United States. Such allegations would not merely add new claims by existing putative class members, but they also would massively expand the proposed putative class to include all people who made credit, debit, or ATM transactions abroad but never obtained physical cash at any Defendant's retail branch. Because Defendants were not on notice of these new allegations and "the general fact situation" until Plaintiffs filed their PFAC, the new claims do not relate back. *See Slayton*, 460 F.3d at 228.

*Second*, Plaintiffs' PFAC also would be futile because users of credit, debit, and ATM cards outside the United States are not efficient enforcers of the antitrust laws with respect to alleged manipulation in the FX spot markets. Courts consider four factors in determining whether a plaintiff is an efficient enforcer:  (i) the directness of the asserted injury, which requires an analysis of the chain of causation; (ii) the existence of more direct victims of the alleged conspiracy; (iii) the extent to which damages are "highly speculative"; and (iv) the importance of avoiding either the risk of duplicative recoveries, on the one hand, or the danger of complex apportionment of damages, on the other. *Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 778 (2d Cir. 2016); *see Contant v. Bank of Am.*, No. 17 Civ. 3139 (LGS), slip op. at 11–12 (Mar. 15, 2018) (applying same requirements to Cartwright Act claim). As this Court recently held, the actions of independent decision-makers can break the chain of causation between defendants' conduct and plaintiffs' injury. *See id.* (dismissing complaint because it "fails to explain [decision-makers'] presumably independent and various pricing and execution strategies, which may well have broken the chain of causation"). Here, the PFAC alleges that Visa and MasterCard, not Defendants, set the FX rates for credit, debit, and ATM card transactions. PFAC ¶¶ 71–73. Thus, as in *Contant*, business decisions of independent actors (here, Visa and MasterCard) break the chain of causation between Defendants' alleged manipulation of FX spot market benchmark rates and the alleged injury in credit, debit, and ATM card transactions. Because Plaintiffs cannot satisfy the directness prong of the efficient enforcer test, they lack antitrust standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1392 (2014) (holding that the directness requirement "must be met in every case").

---

this circuit considering the availability of such tolling employed a notice-based analysis similar to that used to determine the availability of relation back under Rule 15(c). Thus, whether viewed through the prism of relation back or that of equitable tolling under *American Pipe*, the pertinent question is whether the original class complaint sufficed to put the defendants on fair notice of the plaintiffs' later claims").

Page 5

*Third*, the PFAC's Sherman Act claims also are futile because the PFAC does not allege that credit, debit, and ATM card transactions are direct purchases of foreign currency as required by *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 737–38 (1977). *See Salveson v. JP Morgan Chase & Co.*, 663 F. App'x 71, 75 (2d Cir. 2016) (affirming dismissal where "the structure of . . . transactions demonstrates that [credit] cardholders" are indirect purchasers). The PFAC does not allege that Plaintiffs purchased foreign currency directly from Defendants in credit, debit, and ATM card transactions. Rather, the PFAC alleges only that Defendants "billed" unnamed members of the putative class (but not the named plaintiffs) for credit card purchases made outside of the U.S., and that Plaintiffs paid for those foreign purchases "through" bank accounts with Defendants at exchange rates set by Visa and MasterCard. *See* PFAC ¶ 66. Indeed, the documents incorporated by reference into the PFAC make clear that it is Visa and MasterCard, and not Defendants, that execute the currency exchange in connection with credit, debit, and ATM card transactions. *See, e.g.*, ECF No. 290-35, Winters Supp. Decl. Ex. K at 2. For example, the article on which Plaintiffs rely extensively, "Getting the Best Exchange Rate Abroad," advises that "[w]hen you swipe your card abroad, *your card's network* [*i.e.*, Visa or MasterCard] processes it using a rate that's close to the current market rate." *See id.*, ECF No. 290-34, Ex. J at 1 (emphasis added).

*Fourth*, the PFAC does not plausibly allege a conspiracy to manipulate foreign exchange rates on credit, debit, and ATM card transactions. To state a claim under Section 1 of the Sherman Act or the Cartwright Act, a plaintiff must allege facts from which to infer an unlawful agreement. *Twombly*, 550 U.S. at 553; *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (affirming dismissal of Sherman Act claims because plaintiffs were "unable to allege facts that would provide plausible grounds to infer an agreement"); *In re Aluminum Warehousing Antitrust Litig.*, No. 13-MD-2481 KBF, 2014 WL 4743425, at *3 (S.D.N.Y. Sept. 15, 2014) (to maintain a Cartwright Act claim a plaintiff must plausibly allege the existence of an unlawful agreement), *aff'd*, 833 F.3d 151 (2d Cir. 2016). The credit, debit and ATM card claims in the PFAC are premised on the notion that Visa and MasterCard are "co-conspirators and agents for Defendants," PFAC ¶¶ 71–74, 77, but Plaintiffs do not plead a single non-conclusory fact from which to infer that Defendants conspired with Visa and MasterCard, including when this purported agreement was formed, what its alleged objective was, and how the alleged participants agreed to achieve it. *See In re Commodity Exch., Inc., Silver Futures & Options Trading Litig.*, No. 11-MD-2213, 2012 WL 6700236, at *21 (S.D.N.Y. Dec. 21, 2012) (dismissing antitrust claims where complaint failed to include any factual allegations as to the existence of a conspiracy).

*Fifth*, the PFAC's California state law claims are futile because, in addition to the reasons discussed herein (aside from *Illinois Brick*), Plaintiffs have not "allege[d] any nexus between [California] and the parties and events in this case." *Contant*, slip op. at 16. In determining whether a state has sufficient interest in an action for its law to apply, courts consider "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* at 17. Like the claims this Court recently dismissed in *Contant*, Plaintiffs' overseas credit, debit, and ATM transactions are not alleged to have any connection to California other than the domicile of

Page 6

named Plaintiff John Nypl, PFAC ¶ 20, which, standing alone is "an insufficient state interest to justify applying" California "law under the Due Process Clause." *Id*. at 17.

*Finally*, to the extent that Plaintiffs seek leave to bring claims concerning wire transfers, leave should be denied for the additional reason that the PFAC fails to allege injury in fact or satisfy the most basic pleading requirements of Rule 8.  The PFAC (i) does not allege that any named Plaintiff engaged in wire transfers, (ii) does not include wire transfers in the putative class definition (*see* PFAC ¶ 24), and (iii) does not allege any connection between benchmark rates and wire transfers.  Indeed, wire transfers are mentioned in passing in a single paragraph of the PFAC (*see* PFAC ¶ 66), and are not mentioned at all in the Letter Motion.  Any amendment to include those claims in a fourth amended complaint would be inappropriate and futile.

* * *

For the reasons stated above, Defendants respectfully submit that this Court should reject Plaintiffs' reading of the TAC and deny leave to amend.

For substantially the reasons stated in this letter, Plaintiffs' position concerning the meaning of the term "foreign currency retail transactions" in the TAC is rejected, and Plaintiffs' motion for leave to amend is DENIED. The Clerk of Court is respectfully directed to close the motion at Docket No. 287.

Dated: June 20, 2018
New York, New York

**Lorna G. Schofield**
**United States District Judge**

Page 7

Respectfully submitted,

SULLIVAN & CROMWELL LLP

By:  /s/ Matthew A. Schwartz
    Matthew A. Schwartz
    Matthew A. Peller
    Maeghan O. Mikorski

*Attorneys for Defendants*
*Barclays PLC and Barclays Capital Inc.*


SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP

By:  /s/ Boris Bershteyn
    Peter E. Greene
    Boris Bershteyn
    Tansy Woan
    Harry P. Koulos

*Attorneys for Defendants JPMorgan Chase &*
*Co. and JPMorgan Chase Bank, N.A.*


LOCKE LORD LLP

By: /s/ Roger B. Cowie
    Roger B. Cowie
    Gregory T. Casamento
    J. Matthew Goodin
    Julia C. Webb

*Attorneys for Defendants HSBC Bank USA,*
*N.A. and HSBC North America Holdings, Inc.*

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Eric J. Stock
    Eric J. Stock
    Indraneel Sur
    D. Jarrett Arp
    Melanie L. Katsur

*Attorneys for Defendant UBS AG*


SHEARMAN & STERLING LLP

By:  /s/ Richard F. Schwed
    Adam S. Hakki
    Richard F. Schwed
    Jeffrey J. Resetarits

*Attorneys for Defendants Bank of America*
*Corporation and Bank of America, N.A.*


COVINGTON & BURLING LLP

By:  /s/ Andrew D. Lazerow
    Andrew A. Ruffino
    Alan M. Wiseman
    Thomas A. Isaacson
    Andrew D. Lazerow
    Jamie A. Heine

*Attorneys for Defendants Citicorp, Citigroup*
*Inc. and Citibank N.A.*


DAVIS POLK & WARDWELL LLP

By:   /s/ Joel M. Cohen
    Joel M. Cohen
    Alyssa B. Gomez

*Attorneys for Defendant The Royal Bank of*
*Scotland plc*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
JOHN NYPL, et al.                                          :
                                        Plaintiffs,        :
                                                           :          15 Civ. 9300 (LGS)
                  -against-                                 :
                                                           :               ORDER
JP MORGAN CHASE & CO., et al.,                             :
                                                           :
                                        Defendants.  :
-----------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                │
│ DATE FILED: 09/06/2018               │
└─────────────────────────────────────┘
```

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, by Order dated February 14, 2018, Plaintiffs were required file a letter

motion explaining the basis for their position that the term "foreign currency retail transactions"

in this case should include transactions other than those involving foreign currency purchased

with U.S. Dollars and physically received at Defendants' retail branches within the United States,

including credit and debit card transactions and ATM cash withdrawals abroad; or, in the

alternative, seeking leave to amend the Third Amended Complaint ("TAC") to include such

transactions;

        WHEREAS, Plaintiffs filed their letter motion on March 7, 2018, Defendants filed their

opposition on March 28, 2018, and no reply was permitted;

        WHEREAS, by Order dated June 20, 2018, for substantially the reasons stated in

Defendants' opposition, Plaintiffs' position concerning the meaning of the term "foreign currency

retail transactions" was rejected, and Plaintiffs' motion for leave to amend was denied;

        WHEREAS, with leave of the Court, Plaintiffs filed a motion for reconsideration on July

20, 2018;

        WHEREAS, Plaintiffs filed a "corrected" letter motion for reconsideration on July 26,

2018, which, in addition to correcting typographical errors, expanded upon Plaintiffs' argument

and cited additional authority without the Court's permission;

WHEREAS, Defendants filed their opposition to Plaintiffs corrected motion on August 17, 2018, and Plaintiffs filed their reply on August 28, 2018, and requested oral argument on August 31, 2018;

WHEREAS, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted).  The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).  It is hereby

**ORDERED** that Plaintiffs' motion for reconsideration is DENIED.

Plaintiffs seek reconsideration of the Court's decision to reject Plaintiffs' interpretation of the term "foreign currency retail transactions" by restating and expanding on arguments made in their initial motion, which the Court already rejected.

Plaintiffs principally reargue their contention that references to the word "purchase" in the TAC include credit, debit and ATM card transactions.  The Court rejected this argument, adopting the reasons stated in Defendants' opposition.  For instance, the TAC and Plaintiffs' prior

complaints exclusively described the purchase of physical currency at Defendants' retail branches in the United States.  The words "credit card," "debit card," and "ATM" do not appear in any of the complaints, nor does any named Plaintiff claim to have engaged in such transactions.  The expert declaration submitted in support of the TAC shows a correlation only between the allegedly manipulated benchmark rates and physical currency exchange rates at Defendants' retail branches, and contains no analysis of exchange rates for credit, debit or ATM transactions.  Nothing in the TAC gives Defendants fair notice that Plaintiffs' claims concern these transactions.

Plaintiffs also reargue their contentions that (1) exchange rates charged to Plaintiffs for credit, debit and ATM card transactions were based on wholesale benchmark rates; (2) Plaintiffs' expert found a correlation between benchmark rates and rates used by Visa and MasterCard; and (3) Defendants advertised that wire transfers and credit, debit and ATM cards could be used abroad.  These arguments were rejected because none of them is relevant to the interpretation of the allegations of the TAC, which include only the purchase of currency at retail branches in the United States.

Plaintiffs also seek to introduce new material, a "Federal Reserve Payments Study 2016," which they attach to a lawyer declaration, to support their motion for reconsideration.  This study does not provide a basis for reconsideration, first, because it is not properly before the Court on a motion for reconsideration.  *See Harris v. Millington*, 613 F. App'x 56, 57 (2d Cir. 2015) (summary order) (reconsideration denied where "[e]ach of the facts and legal arguments Appellants relied on in the motion for reconsideration was available to them before the court" ruled); *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) (summary order) (reconsideration denied because, among other things, movant "sought to supplement the record,

3

which is inappropriate on a motion for reconsideration").   Moreover, Local Civil Rule 6.3 specifies that on a motion for reconsideration "[n]o affidavits shall be filed by any party unless directed by the Court."  Loc. Civ. Rule 6.3.  Second, even if Plaintiffs were permitted to rely on the study, it would not support Plaintiffs' position.  Plaintiffs argue that the study confirms that the TAC's use of "purchase" should be read to include foreign credit, debit and ATM card transactions because the study itself considers these transactions to be methods of "payment."  But the study has nothing to do with the TAC or foreign exchange transactions, and merely identifies "trends in noncash payments in the United States."  The study is not relevant to the meaning of "payment" in the TAC.

Because Plaintiffs fail to "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov*, 729 F.3d at 104, their motion for reconsideration is DENIED.  It is further

**ORDERED** that Plaintiffs' request for oral argument is DENIED as moot.


Dated: September 6, 2018
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
│ USDC SDNY                                     │
│ DOCUMENT                                       │
│ ELECTRONICALLY FILED                          │
│ DOC #:_____                          │
│ DATE FILED: 5/20/2019____                      │
└─────────────────────────────────────────────┘
```

------------------------------------------------------------ X
                          :

JOHN NYPL, et al.,                   :

                Plaintiffs, :

                          :              15 Civ. 9300 (LGS)

         -against-               :

                          :               **ORDER**

JPMORGAN CHASE & CO., et al.,     :

                Defendants. :

------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs bring this action under the Sherman Act, 15 U.S.C. § 1 *et seq.*, the

Cartwright Act, CAL. BUS. & PROF. CODE § 16750 *et seq.*, and California's Unfair Competition

Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL"), alleging that Defendants engaged in a

conspiracy to manipulate benchmark rates in the foreign exchange market.  Plaintiffs allege that

Defendants' unlawful manipulation of the benchmark rates inflated the prices at which Plaintiffs

purchased physical currency at Defendants' retail branches in the United States (the "Foreign

Currency Retail Transactions").

WHEREAS, on March 7, 2018, Plaintiffs moved to expand the scope of the Foreign

Currency Retail Transactions to include overseas credit card, debit card and ATM transactions

involving currency conversion.  In the alternative, Plaintiffs sought leave to file a Fourth

Amended Complaint.  By Order dated June 20, 2018, the Court denied Plaintiffs' motion.

WHEREAS, on July 20, 2018, Plaintiffs moved for reconsideration with respect to the

Court's ruling on the scope of the Foreign Currency Retail Transactions.  By Order dated

September 6, 2018, the Court denied Plaintiffs' motion for reconsideration, stating in part:

> [T]he [Third Amended Complaint ("TAC")] and Plaintiffs' prior complaints
> exclusively described the purchase of physical currency at Defendants' retail
> branches in the United States.  The words "credit card," "debit card," and "ATM"
> do not appear in any of the complaints, nor does any named Plaintiff claim to

> have engaged in such transactions.  The expert declaration submitted in support of the TAC shows a correlation only between the allegedly manipulated benchmark rates and physical currency exchange rates at Defendants' retail branches, and contains no analysis of exchange rates for credit, debit or ATM transactions.  Nothing in the TAC gives Defendants fair notice that Plaintiffs' claims concern these transactions.

Dkt. No. 349 at 2–3.

WHEREAS, on January 29, 2019, Plaintiffs filed a new motion seeking leave to file a Fourth Amended Complaint.  Once again, Plaintiffs seek to expand the scope of the Foreign Currency Retail Transactions to include credit card, debit card and ATM transactions.

WHEREAS, leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (citing *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 76 (2d Cir. 1998)); *accord Acevado v. Citibank, N.A.*, No. 10 Civ. 8030, 2019 WL 1437575, at *13 (S.D.N.Y. Mar. 31, 2019).  It is hereby

**ORDERED** that Plaintiffs' motion for leave to amend is **DENIED**.  Leave to amend is futile where "the claims the plaintiff [seeks] to add would be barred by the applicable statute of limitations."  *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000); *accord Rivera v. City of New York*, No. 16 Civ. 9709, 2019 WL 252019, at *9 (S.D.N.Y. Jan. 17, 2019).  There is a four year statute of limitations for actions brought under the Sherman Act, 15 U.S.C. § 15b, Cartwright Act, CAL. BUS. & PROF. CODE § 16750.1, and UCL, CAL. BUS. & PROF. CODE § 17208.  Because this action is limited to claims that accrued on or before December 31, 2013, *see Nypl v. JPMorgan Chase & Co.*, No. 15 Civ. 9300, 2018 WL 1276869, at *4 (S.D.N.Y. Mar. 12, 2018), the statute of limitations for all claims expired on December 31, 2017 at the latest.  Plaintiffs

moved for leave to amend on January 29, 2019, over one year after the statute of limitations had run.

Plaintiffs contend that their claims regarding credit card, debit card and ATM transactions are not time-barred because they relate back to the original Complaint. "An amendment to a pleading relates back to the date of the original pleading when [it] asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Lehman XS Tr., Series 2006-GP2 by U.S. Bank Nat'l Assoc. v. GreenPoint Mortg. Funding, Inc.*, 916 F.3d 116, 128 (2d Cir. 2019) (quoting *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006)). "[E]ven where an amended complaint tracks the legal theory of the first complaint, claims that are based on an entirely distinct set of factual allegations will not relate back." *Lehman*, 916 F.3d at 128 (quoting *Slayton*, 460 F.3d at 228).

Plaintiffs' claims related to credit card, debit card and ATM transactions do not relate back to the original pleading. As the Court ruled in its Order denying Plaintiffs' motion for reconsideration, "[n]othing in [the previous pleadings] gives Defendants fair notice that Plaintiffs' claims concern [credit card, debit card or ATM transactions]." Dkt. No. 349 at 3. This ruling is the law of the case and is dispositive of the relation back issue.[1] *See Lehman*, 916

---

[1] "The doctrine of the law of the case 'posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case.'" *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (quoting *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 165 n.5 (2d Cir. 2000)); *accord Novick v. AXA Network, LLC*, 714 Fed. App'x 22, 25 (2d Cir. 2017). "Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication." *Aramony*, 254

F.3d at 128 (stating that the "central inquiry" of relation back is whether the original pleading

gave defendants "adequate notice of the matters raised in the amended pleading").


Dated: May 20, 2019
   New York, New York

               LORNA G. SCHOFIELD
             UNITED STATES DISTRICT JUDGE

---

F.3d at 410; *accord In re Terrestar Corp.*, No. 16 Civ. 1421, 2017 WL 1040448, at *4 (S.D.N.Y. Mar. 16, 2017).  "Although not binding, the doctrine 'counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013) (quoting *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)); *accord Reches v. Morgan Stanley & Co.*, 736 Fed. App'x 306, 307 (2d Cir. 2018) (summary order).  No such cogent or compelling reasons exist to warrant revisiting the Court's ruling that Plaintiffs' prior pleadings have not given Defendants fair notice that the claims asserted in this action concern overseas credit card, debit card or ATM transactions.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
   JOHN NYPL, et al.,                                      :
                                        Plaintiffs,        :
                                                           :          15 Civ. 9300 (LGS)
                     -against-                              :
                                                           :               ORDER
   JP MORGAN CHASE & CO., et al.,                          :
                                        Defendants.  :
----------------------------------------------------------- X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 7/9/2019____ |

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on March 7, 2018, Plaintiffs moved for a ruling that the Third Amended

Complaint included claims based on foreign credit, debit and ATM card transactions.  In the

alternative, Plaintiffs sought leave to file a Fourth Amended Complaint to add such claims.  (Dkt.

No. 288)  On June 20, 2018, the Court denied Plaintiffs' motion.  (Dkt. No. 319)

        WHEREAS, on July 20, 2018, Plaintiffs filed a motion for reconsideration of the Court's

June 20, 2018, Order.  (Dkt. No. 329)  On September 6, 2018, the Court denied Plaintiffs'

motion for reconsideration.  (Dkt. No. 349)

        WHEREAS, on January 29, 2019, Plaintiffs filed a second motion for leave to file a

Fourth Amended Complaint.  Plaintiffs again sought to add claims based on foreign credit, debit

and ATM card transactions.  (Dkt. No. 403)  On May 20, 2019, the Court denied Plaintiffs'

motion.  (Dkt. No. 447)

        WHEREAS, on May 31, 2019, Plaintiffs filed a motion for reconsideration of the Court's

May 20, 2019, Order.  (Dkt. No. 453)

        WHEREAS, "[a] motion for reconsideration should be granted only when the defendant

identifies an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc.*

*v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Id.* (internal quotation marks omitted).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."  *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).  It is hereby

     **ORDERED** that Plaintiffs' motion for reconsideration is **DENIED**.  Plaintiffs have not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth*, 729 F.3d at 104.  Plaintiffs contend that the Court overlooked tolling of the statute of limitations under 15 U.S.C. § 16(i) and the doctrine of fraudulent concealment.  But "[i]t is black letter law that a 'motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'"  *Nat'l Union Fire Ins. Co. of Pittsburg v. Las Vegas Prof'l Football Ltd. P'ship*, 409 Fed. App'x 401, 403 (2d Cir. 2010) (summary order) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001); *accord Empire Merchants, LLC v. Merinoff*, No. 16 Civ. 9590, 2018 WL 317848, at *2 n.2 (S.D.N.Y. Jan. 5, 2018).  Plaintiffs failed to raise the applicability of § 16(i) prior to filing their second motion for reconsideration, and they may not do so now.  *See Nat'l Union*, 409 Fed. App'x at 403.  Regarding fraudulent concealment -- setting aside the fact

that Plaintiffs did not clearly raise this issue in their second motion for leave to amend -- the Court already considered and rejected this ground for tolling in its June 20, 2018, Order, which denied Plaintiffs' first motion for leave to amend for substantially the reasons stated in Defendants' March 28, 2018, opposition. (Dkt. No. 319)

This litigation is now in its fifth year.  To add a theory of liability based on a completely new set of foreign exchange transactions at this late stage would unduly expand the scope of this case and prejudice Defendants.  *See GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 100 (2d Cir. 2019) (stage of litigation relevant to whether leave to amend should be granted).

Finally, Plaintiffs argue that the Court did not give "precise notice of the statute of limitations deficiency" prior to its May 20, 2019, Order, and therefore Plaintiffs' second motion for reconsideration should be deemed "not a re-consideration, but . . . Plaintiffs' response and proposed cure to the Court's notice of deficiency."  Even assuming this were true, Plaintiffs proposed amendments merely restate arguments previously considered and rejected, and would not cure any deficiency.

Dated: July 9, 2019
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
JOHN NYPL, et al.,                                         :
                                        Plaintiffs,        :
                                                           :          15 Civ. 9300 (LGS)
                        -against-                           :
                                                           :                ORDER
JP MORGAN CHASE & CO., et al.,                             :
                                        Defendants. :
----------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, on July 10, 2020, the parties filed a joint letter regarding a dispute

concerning the sufficiency of Defendants' responses to two Interrogatories.  *See* Dkt. No 579.

        WHEREAS, a conference was held on July 23, 2020, to address the dispute.  For the

reasons stated at the conference and stated by Defendants' in the joint letter, it is hereby

        **ORDERED** that, with respect to Issues No. 1 and 2, the responses of the JPMorgan,

HSBC, Barclays, RBS and UBS Defendants are sufficient.  The Bank of America and Citibank

Defendants are directed to review the available data and file a letter by **July 30, 2020**, to confirm

that no further data is available to be produced regarding the break-down of transactions between

transactions conducted by business end-users and consumer end-users.  It is further

        **ORDERED** that, with respect to Issue No. 3, Defendants' responses are sufficient

because the disputed interrogatory did not seek the daily spot or retail exchange rates used in the

requested calculation, but only the calculation itself.  It is further

        **ORDERED** that, with respect to Issues No. 4 and 5, Plaintiffs' request for reconsideration

of this Court's prior orders regarding the inclusion of electronic purchases within the definition of

"purchases" alleged in the operative complaint is DENIED for substantially the reasons outlined

in Defendants' arguments in the joint letter and for the reasons set forth in this Court's Orders at

Dkt. Nos. 319, 349, 447 and 464.  For this reason and based on Defendants' representations in the

joint letter, with respect to Issue No. 4, Defendants' responses are sufficient.  It is further

**ORDERED** that, by **July 30, 2020**, the parties shall file a joint letter proposing

appropriate amendments to the deadlines in Section IV of the Third Amended Civil Case

Management Plan and Scheduling Order (Dkt. No. 548).

Dated: July 23, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
JOHN NYPL, et al.,                                         :
                                                           :
                                    Plaintiffs,            :          15 Civ. 9300 (LGS)
                                                           :
                        -against-                          :          OPINION AND ORDER
                                                           :
JP MORGAN CHASE & Co., et al.,                             :
                                                           :
                                    Defendants.  :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        This case concerns the impact of an alleged conspiracy among banks to fix prices in the

foreign exchange ("FX") market on consumers' purchases of foreign currency with U.S. Dollars

within the United States.  Plaintiffs move to certify a class pursuant to Federal Rule of Civil

Procedure 23(b)(3) and for appointment of class counsel pursuant to Rule 23(g).  Defendants

Bank of America, N.A., Bank of America Corporation, Barclays Capital, Inc., Barclays PLC,

Citibank, N.A., Citicorp, Citigroup, Inc., HSBC Bank (USA), N.A., HSBC North American

Holdings Inc., JP Morgan Chase & Co., JPMorgan Chase Bank, N.A., Royal Bank of Scotland,

plc, and UBS AG ("Defendants") move to exclude the report and testimony of Plaintiffs' expert

Carl S. Saba.  Plaintiffs move to exclude the rebuttal report and testimony of Defendants' expert

Bruce A. Strombom.  For the reasons below, the motion for class certification is denied.

Defendants' *Daubert* motion is granted in part and denied in part.  Plaintiffs' *Daubert* motion is

denied.

## I.    BACKGROUND

        Familiarity with the underlying facts and procedural history is assumed.  *See Nypl v.

JPMorgan Chase & Co.*, No. 15 Civ. 9300, 2017 WL 3309759 (S.D.N.Y. Aug. 3, 2017) (granting

in part Plaintiff's motion for leave to file the Third Amended Complaint); *Nypl v. JPMorgan*

*Chase & Co.*, No. 15 Civ. 9300, 2018 WL 1276869 (S.D.N.Y. Mar. 12, 2018) (denying

Defendants' motion to dismiss the Third Amended Complaint and granting in part Defendants'

motion to limit the time period for Plaintiffs' claims). The facts below are taken from the parties'

submissions in connection with the pending motions, and the Court resolves factual disputes as

necessary for the disposition of the motions. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,

659 F.3d 234, 251 (2d Cir. 2011); *accord Clune v. Barry*, No. 16 Civ. 4441, 2019 WL 3369455,

at *2 (S.D.N.Y. July 26, 2019).

In sum, Plaintiffs, a group of individuals and businesses, allege that they purchased

foreign currency from Defendants in the consumer retail market at manipulated rates. Plaintiffs

allege that Defendants conspired to manipulate certain benchmark exchange rates that determined

the retail prices they paid for foreign currency. The Plaintiffs base this allegation on plea

agreements and government orders involving certain Defendants. Those plea agreements and

Plaintiffs' allegations focus on two benchmarks: the WMR London closing fix ("the WMR fix")

and the European Central Bank fix (the "ECB fix"). Defendants have presented uncontroverted

evidence that they did not calculate retail exchange rates for consumers, such as Plaintiffs, based

on the WMR and ECB fix benchmarks. Instead, each Defendant's rate was calculated by, or

using data from, a third-party.

Plaintiffs' claims in this action are limited to transactions "involving foreign currency

purchased with U.S. Dollars and physically received at Defendants' retail branches within the

United States." Order dated Sept. 6, 2018, (Dkt. No. 349) at 1, 4. Plaintiffs' claims do not

include "wire transfers" or "credit, debit and ATM card" transactions. *Id.*

II.     **DISCUSSION**

Plaintiffs seek to certify a nationwide class of "consumers and businesses in the United States who directly purchased supracompetitive foreign currency at Benchmark exchange rates from Defendants and their co-conspirators for their own end use" from January 1, 2007, to December 31, 2013.

### A.  Daubert Motions

Plaintiffs and Defendants have each submitted an expert report in support of their respective positions on whether the putative class should be certified.  In sum, Plaintiffs' expert opines that causation and damages can be proved on a class-wide basis, thereby supporting Plaintiffs' argument that common issues predominate as required for class certification under Rule 23(b)(3).  Defendants' expert critiques Plaintiffs' expert and opines that damages and the related issue of injury-in-fact cannot be proved on a class-wide basis.  Both Plaintiffs and Defendants have filed a *Daubert* motion to exclude the opinions of the other's expert.  For the reasons below, Plaintiffs' motion is denied, and Defendants' motion is granted in part to exclude the regression analyses of Plaintiff's expert and denied in part.

Federal Rule of Evidence 702 governs the admissibility of expert testimony.  The rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if [] (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

District courts play a "'gatekeeping' function" under Rule 702 and are "charged with 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task

at hand.'" *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig. (No. II)*, 982 F.3d 113, 122-23 (2d Cir. 2020) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).  A Rule 702 inquiry focuses on three issues: (1) whether a witness is qualified as an expert, (2) whether the witness's "opinion is based upon reliable data and methodology" and (3) whether "the expert's testimony (as to a particular matter) will assist the trier of fact." *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005) (internal quotation marks and citations omitted); *accord In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 543 (S.D.N.Y. 2021). "[A] slight modification of an otherwise reliable method will not render an expert's opinion *per se* inadmissible." *United States v. Jones*, 965 F.3d 149, 160 (2d Cir. 2020).  The party proffering the expert bears the burden of establishing Rule 702's admissibility requirements by a preponderance of the evidence. *Id.* at 161.

The *Daubert* and Rule 702 concepts of "gatekeeping" and admissibility seem ill suited for a class certification motion, which is solely determined by the Court.  There is no jury, no "gate" requiring threshold determinations of reliability, and no admission or exclusion of testimony before a separate fact finder.  In substance, every objection goes to the weight of the expert's testimony.  Although "[t]he Supreme Court has not definitively ruled on the extent to which a district court must undertake a *Daubert* analysis at the class certification stage," it has "offered limited dicta suggesting that a *Daubert* analysis may be required at least in some circumstances." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 129 (2d Cir. 2013); *accord In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D 5, 28-29 (S.D.N.Y. 2020).  Because of this dicta, because Rule 702 provides a useful framework for evaluating expert testimony and because the parties have filed *Daubert* motions, this Opinion briefly addresses those motions separately before turning to Plaintiffs' class certification motion.

### 1. Plaintiffs' Expert Carl S. Saba

Defendants' motion to exclude the opinions of Plaintiffs' expert witness Carl S. Saba is granted in part and denied in part.  Saba offers two opinions in support of class certification. First, Mr. Saba offers a causation opinion based on regression analyses -- that the FX Spot Market price, which Defendants allegedly manipulated, closely correlates with, and directly impacted, the end-user prices that class members paid on any given day for foreign currency. This opinion is in support of Plaintiff's argument that causation and injury can be proved on a class-wide basis.

Defendants argue Saba's regression analyses should be excluded because (i) they simply confirm uncontested facts, specifically that Defendants used early morning FX spot rates to calculate retail rates and (ii) Saba's underlying data is untethered to relevant facts because it analyzes transactions that are either wire transfers or were made in 2017, neither of which are relevant in this case.  Plaintiffs do not directly address Defendants' second argument or attempt to justify why their expert relied on wire transfers for currency purchases, which are not at issue in this action, or transactions from 2017, which are outside of the class period.  Because the regression analyses are based on data untethered to the facts of this case and Plaintiffs offer no basis to justify this shortcoming, the Saba report's regression analyses are not considered.  *See Laumann v. Nat'l Hockey League*, 117 F. Supp. 3d 299, 315-16 (S.D.N.Y. 2015) (excluding expert report where its modeling was "largely untethered from the actual facts" of the case).

Second, Mr. Saba opines that the aggregate amount of damages to class members can be determined on a class-wide basis by multiplying the overcharge Defendants caused by the volume of affected commerce.  He asserts that the overcharge will be either 0.0003 (three percentage points or "pips") utilized by the Department of Justice or his own estimate of the effect of the

conspiracy on the exchange rate spread, with two examples of how the estimate might be made.

He asserts that the volume will be based on the aggregate market share of Defendants in the

relevant class transactions.  Defendants do not challenge the basic formula for computing

damages in an antitrust price manipulation case.  Their objection is that Mr. Saba's methodology

is unreliable because he fails to explain specifically how to determine the two variables in the

formula -- overcharge and volume.   Defendants affirmatively argue, supported by their own

expert, that these issues cannot be determined on a class-wide basis in this case.

Because Mr. Saba's opinion is helpful in framing critical issues on this class certification

motion -- namely whether there is a viable methodology for Plaintiffs to use common, class-wide

proof to show injury-in-fact and damages -- his damages opinion is not excluded.  That does not

mean that his opinion is accepted as sufficient.  The "rigorous analysis" of his damages model

required by *Comcast* follows below.  *See Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013)

("[F]or purposes of Rule 23, courts must conduct a rigorous analysis to determine whether [a

model supporting a plaintiff's damages case measures damages consistent with plaintiff's theory

of the case]." (internal quotation marks omitted)).

### 2.  Defendants' Rebuttal Expert Dr. Bruce A. Strombom

Plaintiffs' motion to exclude the testimony of Defendants' rebuttal expert witness Dr.

Bruce A. Strombom is denied.  Dr. Strombom offers two relevant opinions[1] -- first, that Mr. Saba

fails to establish that Plaintiff can use class-wide proof to show causation and injury.  Second, Dr.

Strombom challenges Mr. Saba's opinion that damages can be shown using class-wide proof for

---

[1] Dr. Strombom's opinion criticizing Mr. Saba's regression analyses as flawed and unreliable is
not discussed, since Defendants do not dispute the close correlation that the regression analyses
show.

several reasons.  One of these is that Mr. Saba "fails to account for netting and offsetting redemptions."

Plaintiffs argue that the netting of damages is contrary to principles of antitrust law and that Dr. Strombom is not qualified for asserting otherwise.  This argument is incorrect.  That plaintiffs in an antitrust action may recover only for their net injury is a common-sense and well-established principle.  *See Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 563 (S.D.N.Y. 2017) ("[A]ny damages would need to be netted out as to each plaintiff to offset any benefit from defendants' manipulation in other transactions."); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262, 2016 WL 7378980, at *18 (S.D.N.Y. Dec. 20, 2016) ("[P]laintiffs may ultimately recover only to the extent of their net injury, given that plaintiffs may well have benefited from LIBOR suppression in the same transaction or in a different transaction."), *rev'd and remanded on other grounds*, *Berkshire Bank v. Lloyds Banking Grp. plc,* No. 20-1987 Civ., 2022 WL 569819 (2d Cir. Feb. 25, 2022); *Minpeco, S.A. v. Conticommodity Servs., Inc.*, 676 F. Supp. 486, 489 (S.D.N.Y. 1987) ("An antitrust plaintiff may recover only to the 'net' extent of its injury; if benefits accrued to it because of an antitrust violation, those benefits must be deducted from the gross damages caused by the illegal conduct." (quoting *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 791 F.2d 1356, 1367 (9th Cir. 1986))).

Relying on *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481 (1968), and other cases, Plaintiffs erect a straw man to argue that netting damages is not permitted. *Hanover Shoe*, however, does not stand for that proposition but instead addresses the so-called "passing on" defense.  The defendant had asserted that the plaintiff suffered no cognizable injury because the plaintiff had passed on the unlawful overcharge to its customers.  *Id.* at 487-88.  The

Supreme Court rejected this defense and held that the plaintiff had proved injury and the amount of its damages with proof that the defendant had overcharged it and the amount of the overcharge. *Id.* at 494.  Passing on is not at issue in the instant case and is distinct from netting damages, which means here that, if illegal conduct caused a particular plaintiff both gains and losses, that plaintiff can recover only its net losses.

Plaintiffs also misconstrue Dr. Strombom's report to argue that it "opines that the price fixing conspiracy was 'episodic'" and therefore "contrary to the law."  Dr. Strombom's report does not refer to the conspiracy as episodic, but rather refers to the underlying attempts at manipulation as episodic and multidirectional, consistent with the descriptions in the plea agreements that Plaintiffs relied on in bringing this case.

Plaintiffs' remaining arguments have no relation to Dr. Strombom's report, Rule 702 or the *Daubert* standard.  For example, Plaintiffs cite three Supreme Court cases from the second quarter of the twentieth century to argue the existence of commonality among Plaintiffs, but do not connect those cases to any aspect of Dr. Strombom's report or testimony.

Plaintiffs' challenges to Dr. Strombom's opinions are without merit, and their motion to exclude his opinions is denied.

### B.  Article III Standing

Defendants argue that none of the four named Plaintiffs have demonstrated Article III standing.  As explained below, named Plaintiffs Lisa McCarthy and Valarie Jolly have sufficiently shown for this stage of the litigation that they have Article III standing to assert the two remaining causes of action -- price fixing in violation of Section 1 of the Sherman Act and its California counterpart, the Cartwright Act.  Because only one named plaintiff must have standing with respect to each claim, *see Kachalsky v. Cnty. of Westchester*, 701 F.3d 81, 84 n.2 (2d Cir.

8

2012), the standing of Plaintiffs Rubinsohn and Nypl is not addressed.  The Court previously

dismissed the California Unfair Competition Law claim because Nypl, the only Plaintiff to assert

that claim, lacks standing to assert it.

"Article III standing has three elements: (i) 'the plaintiff must have suffered an injury in

fact' that is 'concrete and particularized' as well as 'actual or imminent'; (ii) 'there must be a

causal connection between the injury and the conduct complained of'; and (iii) 'it must be

likely . . . that the injury will be redressed by a favorable judicial decision." *Fund Liquidation*

*Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 381 (2d Cir. 2021) (quoting *Lujan v. Defs. of*

*Wildlife*, 504 U.S. 555, 560-61 (1992)), *cert. denied*, 142 S. Ct. 757 (2022).  Standing must be

demonstrated for each claim.  *Town of Chester v. Laroe Estate, Inc.*, 137 S Ct. 1645, 1650

(2017).

The Second Circuit has not decided whether Plaintiffs may rely on their pleadings or must

proffer evidence to show standing at the class certification stage.  *See Melito v. Experian Mktg.*

*Sols., Inc.*, 923 F.3d 85 (2d Cir. 2019) ("[W]e need not, and do not, decide whether plaintiffs

generally may rely on allegations in their complaint to establish standing at the class-certification

stage.").  The elements of standing "are not mere pleading requirements but rather an

indispensable part of the plaintiff's case, each element must be supported in the same way as any

other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of

evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561; *accord In re*

*GE/CBPS Data Breach Litig.*, No. 20 Civ. 2903, 2021 WL 3406374, at *4 (S.D.N.Y. Aug. 4,

2021).  "[T]he showing that must be made in order to withstand a dismissal for lack of standing

increases as the suit proceeds." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir.

2016).  At the class certification stage, "Rule 23 does not set forth a mere pleading standard" and

"[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Factual findings at the class certification stage are based on the preponderance of the evidence standard.  *Mazzei v. Money Store*, 829 F.3d 260, 268 & n.8 (2d Cir. 2016).  It follows that Plaintiffs must proffer some evidence at the class certification stage to show that it is more likely than not that they have standing.  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 531-32 (S.D.N.Y. 2018).

Plaintiffs have alleged that McCarthy and Jolly suffered an injury traceable to Defendants as a result of their purchase of foreign currency because Defendants and their co-conspirators manipulated the rate at which the U.S. Dollar and foreign currencies are exchanged.  Based on the discovery in this case so far, Plaintiffs have shown that McCarthy and Jolly directly purchased foreign currency from at least one Defendant.  Defendants do not dispute this evidence at this time.  This is sufficient to show standing at this time.

To require more granular evidence of injury at this stage of the litigation, as Defendants urge, would collapse the standing inquiry into the merits inquiry, a practice disfavored in this Circuit.  *See SM Kids, LLC v. Google LLC*, 963 F.3d 206, 212 (2d Cir. 2020) ("We have cautioned against arguments that would essentially collapse the standing inquiry into the merits . . . ." (internal quotation marks omitted)).  After discovery showing the extent of Plaintiffs' injuries, if any, "Defendants may certainly test [Plaintiffs'] standing . . .  by requesting an evidentiary hearing or by challenging [Plaintiffs'] standing on summary judgment or even at trial." *Baur v. Veneman*, 352 F.3d 625, 642 (2d Cir. 2003); *accord A.H. v. French*, No. 20 Civ. 151, 2021 WL 3619688, at *10 (D. Vt. Aug. 16, 2021).

### C.  Class Certification

Plaintiffs seek to certify a class under Federal Rule of Civil Procedure 23(b)(3) of all consumers and businesses in the United States who directly purchased supracompetitive foreign currency at Benchmark exchange rates from Defendants and their co-conspirators for their own end use at least since January 1, 2007, to December 31, 2013.  Class certification is denied because Plaintiffs have not shown that common questions will predominate over individual questions, and because the proposed class is a "fail-safe class."

Federal Rule of Civil Procedure 23(a) provides that plaintiffs may sue on behalf of a class where:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Where, as here, class certification is sought pursuant to Rule 23(b)(3), a plaintiff must also show (1) "that the questions of law or fact common to class members predominate over any questions affecting only individual members," and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The Second Circuit "has also 'recognized an implied requirement of ascertainability in Rule 23,' which demands that a class be 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'"  *In re Petrobras Secs.*, 862 F.3d 250, 260 (2d Cir. 2017) (quoting *Brecher v. Republic of Argentina*, 806 F.3d 22, 24 (2d Cir. 2015)); *accord In re Kind LLC "Healthy & All Nat." Litig.*, 337 F.R.D. 581, 594 (S.D.N.Y. 2021).

The Second Circuit gives Rule 23 a "liberal rather than restrictive construction, and courts are to adopt a standard of flexibility."  *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997)

(citation omitted); *accord B & R Supermarket, Inc. v. Mastercard Int'l Inc.*, No. 17 Civ. 2738, 2021 WL 234550, at *9 (S.D.N.Y. Jan. 19, 2021).  Plaintiffs nevertheless must establish by a preponderance of the evidence that each of Rule 23's requirements is met.  *In re Vivendi, S.A. Secs. Litig.*, 838 F.3d 223, 264 (2d Cir. 2016); *accord In re Perrigo Co. PLC Secs. Litig.*, 493 F. Supp. 3d 291, 294 (S.D.N.Y. 2020).  A certifying court "must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *Shahriar*, 659 F.3d at 251 (citing *In re IPO Secs. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)); *accord In re Perrigo Co.*, 493 F. Supp. 3d at 294.

### 1.  Predominance

Plaintiffs have failed to establish predominance -- that common issues will predominate over issues affecting only individual class members.  *See* Fed. R. Civ. P. 23(b)(3).  "The [predominance] requirement is satisfied if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof."  *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 512 (2d Cir. 2020) (internal quotation marks omitted).  "The requirement's purpose is to ensure that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  *Mazzei*, 829 F.3d at 272 (internal quotation marks and alteration omitted); *accord Scott,* 954 F.3d at 513.

To determine predominance, a court "must assess (1) the elements of the claims and defenses to be litigated, (2) whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each

class member's entitlement to relief, and (3) whether the common issues can profitably be tried on a class[-]wide basis, or whether they will be overwhelmed by individual issues." *Scott*, 954 F.3d at 512 (internal quotation marks omitted).  "This analysis is 'more qualitative than quantitative,' and must account for the nature and significance of the material common and individual issues in the case." *Petrobras*, 862 F.3d at 271 (quoting 2 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 4:50, at 197 (5th ed. 2012)) (citing *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015)).  Two predicate questions must be addressed in the predominance analysis: (1) whether a given issue is "material to Plaintiffs' class claims," and (2) whether determination of that issue is "susceptible to generalized class-wide proof." *Petrobras*, 862 F.3d at 271. "Plaintiffs need not prove, however, that the legal or factual issues that predominate will be answered in their favor." *Kurtz v. Costco Wholesale Corp.*, 818 F. App'x 57, 61 (2d Cir. 2020) (summary order) (citing *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 468 (2013)).

"The three required elements of an antitrust claim are (1) a violation of antitrust law; (2) injury and causation; and (3) damages." *Cordes & Co. Fin. Servs, Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 105 (2d Cir. 2007) (alterations omitted); *accord In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 407 F. Supp. 3d 422, 435 (S.D.N.Y. 2019).  "The analysis of claims brought under California's Cartwright Act 'mirrors the analysis under federal law because the Cartwright Act . . . was modeled after the Sherman Act.'" *FTC v. Shkreli*, No. 20 Civ. 706, 2022 WL 135026, at *34 (S.D.N.Y. Jan. 14, 2022) (quoting *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001) (citation omitted)); *see also Schwab Short-Term Bond Mkt. Fund v. Lloyds Banking Grp. PLC*, 22 F. 4th 103, 120-21 (2d Cir. 2021) (discussing the instructiveness of federal antitrust statutes for analysis of the Cartwright Act).  The parties do not dispute that proof common to the class can be offered to show a violation of antitrust law,

here a conspiracy to fix prices.  But individualized proof of each trade and each trading day will

be required to show if and to what extent each retail purchaser was actually injured by the alleged

conspiracy.  With the retail purchases at issue during a putative class period extending from 2007

to 2013, the evidence would be overwhelming.

     The issue of whether and to what extent each purchaser was injured by the alleged

conspiracy is obviously material to (1) the cause of action which requires proof of injury,

causation and damages, (2) standing which requires proof of injury-in-fact, and (3) class

membership as discussed below under the heading fail-safe class.  The nature of the alleged

conspiracy in this case is the reason that common proof will not suffice.  This case involves

alleged intermittent, up-and-down manipulation of foreign exchange rates resulting in a proposed

class of retail purchasers, each of whom may have been benefitted, harmed or unaffected by the

alleged manipulated prices.  That is what is meant by describing the conspiracy as "episodic" and

"multi-directional."  These terms do not excuse or mitigate the allegedly unlawful conduct, as

Plaintiffs seem to think, but they do describe characteristics of the conspiracy that is alleged.

     The resulting fact-intensive inquiries would far outweigh any economies achieved through

certification of the putative class under Rule 23(b)(3).  *See Mazzei*, 829 F.3d at 272 (upholding

decertification where "the fact-finder would have to look at every class member's loan documents

to determine who did and who did not have a valid claim"); *Royal Park Invs. SA/NV v. HSBC

Bank USA, N.A.*, No. 14 Civ. 8175, 2018 WL 679495, at *5 (S.D.N.Y. Feb. 1, 2018) (declining to

certify class where standing and class membership would need to be determined on individual

basis); *see also Petrobras*, 862 F.3d at 274 ("The predominance analysis must account for such

individual questions, particularly when they go to the viability of each class member's claims.").

Some of those individualized inquiries are described below.  Because Plaintiff has not shown that common issues predominate, class certification is denied.

> ### a.  Individualized Proof of Manipulation on Each Transaction Day (Injury and Causation)

Plaintiffs have not proposed a methodology to show through common proof the days and times that Defendants allegedly manipulated benchmark rates, which benchmark was manipulated or the direction in which spot market prices allegedly were moved.  Plaintiffs cannot establish that class members were injured on any particular day without a day-by-day individualized analysis.

The question of whether class members purchased foreign currency on a day that prices were manipulated is not susceptible to generalized proof.  The conduct Plaintiffs allege was multi-directional and episodic.  There is no evidence that manipulative conduct occurred every day during the class period.  Even the plea agreements appended to the complaint describe the collusive conduct as "near daily."  Nor is there evidence that the conspiracy had a consistent effect every day of the class period.  Even assuming manipulative conduct every day, nothing in the record shows a consistent effect of the manipulation and whether it acted to putative class members' benefit or detriment on any given transaction.  Plaintiff's expert, Mr. Saba, did not propose a methodology for identifying when and by how much particular spot market rates may have been manipulated on particular days, and admitted that without that information he could not determine if a retail customer paid a "supracompetitive" exchange rate -- in other words, whether the customer was injured by unlawful conduct.

Plaintiffs contend that no individualized inquiry is necessary because the plea agreements show that the spot market prices were corrupted, and Defendants incorporated those prices into

the retail market.  But Plaintiffs ignore the aspects of the plea agreements that contradict their argument.  The plea agreements state that the traders attempted to move benchmarks sometimes downward and sometimes upward.  And the TAC alleges a conspiracy to "increase or decrease prices."  Plaintiffs point to no evidence that the manipulation consistently resulted in an overcharge.  Plaintiffs' argument that no individualized inquiry is required because the class, by definition, includes only those who were overcharged misses the point. Plaintiffs offer no method of proving on a generalized basis who was or was not overcharged.

Plaintiffs cite *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430 (S.D.N.Y. 2018), to argue that the damages in this case are susceptible to common proof, but *LIBOR* is distinguishable.  The Court in *LIBOR* emphasized that the certified OTC class could establish injury with common proof -- that plaintiffs "will need to offer classwide evidence that actual published LIBOR was suppressed" because the plaintiffs alleged that the defendants persistently suppressed the benchmark and thereby moved prices in only one direction.  *LIBOR*, 299 F. Supp. 3d at 472, 590, 595.  Plaintiffs' proposed class in this case is much more like the class rejected in *LIBOR*.  The rejected class, like the class Plaintiffs propose, was "indeterminate not only as to the days on which trader-based manipulation occurred, but also the direction of manipulation on those days."  The court in *LIBOR* aptly held that "[d]irectional differences" in the alleged manipulation were "particularly corrosive" for purposes of class certification.  *Id.* at 538-39.

### b.  Individualized Proof of the Amount of Damages

Plaintiffs have not proposed a reliable methodology for calculating damages through common proof.  Plaintiffs, relying on Mr. Saba's report, contend that damages can be proven on a class-wide basis by applying the overcharge used by the Department of Justice in calculating the

recommended fine in the Plea Agreements or determining some other overcharge.  But there is no evidence that the rate of any overcharge was consistent, or that Mr. Saba's proposed rate of overcharge -- three pips utilized by the Department of Justice or some other not-yet-determined rate -- has any factual or evidentiary relationship to what occurred.  Mr. Saba's proposal necessarily produces an average estimate of damages.  That approach is particularly inapt in this case because it "masks the existence of uninjured class members."  *See In re Aluminum Warehousing Antitrust Litig.*, 336 F.R.D. 5, 62 (S.D.N.Y. 2020).  Plaintiff's model provides no means of screening out these class members.

Individualized proof would also be necessary to determine a purchaser's net damages.  As discussed above, damages incurred in one transaction must be reduced by any benefit the purchaser may have received in other transactions.  *See Sonterra*, 277 F. Supp. 3d at 563; *In re LIBOR*, 2016 WL 7378980, at *18.  If a putative class member purchased currency on a day with decreased prices due to manipulation and purchased currency on a different day with increased prices due to manipulation, the effect of the manipulation needs to be netted out for that class member.  Plaintiffs have offered no basis for using common proof to calculate the net damages suffered by putative class members.

## 2.  Fail-Safe Class

Class certification is denied for the additional reason that the proposed class is a "fail-safe" class.  The proposed class is limited to those who "purchased supracompetitive foreign currency."  The inclusion of "supracompetitive" in the class definition makes the class a fail-safe class, which would require litigation of each class member's claim on the merits to determine who is in the class.  These manageability problems can be characterized as undermining superiority -- the Rule 23(b)(3) requirement that a class action be superior to other methods of

adjudication.[2]  *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp 3d 430, 529 (S.D.N.Y. 2018) (noting that some courts have held that "fail-safe classes create manageability problems bearing on superiority under Rule 23(b)(3)").

A fail-safe class requires a court to decide the merits of individual class members' claims to determine class membership.  *In re Rodriguez*, 695 F.3d 360, 369-70 (5th Cir. 2012) ("A fail-safe class is a class whose membership can only be ascertained by a determination of the merits of the case because the class is defined in terms of the ultimate question of liability.").  Courts in this circuit typically refuse to certify fail-safe classes unless the fail-safe aspect can be overcome by redefining the class or some other means.  *See, e.g.*, *DiDonato v. GC Servs. Ltd. P'ship*, No. 20 Civ. 2154, 2021 WL 4219504, at *8 (S.D.N.Y. Sept. 16, 2021); *Bondi v. New Rochelle Hotel Assocs.*, No. 17 Civ. 5681, 2018 WL 7246962, at *14 (S.D.N.Y. Dec. 7, 2018), *R. & R. adopted*, No. 17 Civ. 5681, 2019 WL 464821 (S.D.N.Y. Feb. 6, 2019).

"[F]ail-safe classes tend to be defined in terms of a 'legal injury' or 'by reference to a particular statute, regulation, or contract that has been allegedly violated or breached.'"  *Garcia v. Execu|Search Grp., LLC*, No. 17 Civ. 9401, 2019 WL 689084, at *2 (S.D.N.Y. Feb. 19, 2019) (quoting *Gregory v. Stewart's Shops Corp.*, No. 14 Civ. 33, 2016 WL 8290648, at *18 (N.D.N.Y. July 8, 2019)).  Such classes can be problematic for two reasons.  First, they may be unfair to the defendant because they may give a plaintiff a second, unwarranted chance to establish liability. Second, the class may be unmanageable because a determination on the merits would be required

---

[2] Defendants make this argument invoking requirement that the class be "ascertainable."  But their objection is not that class membership cannot be determined with objective criteria, rather that this determination would be too onerous.  The Second Circuit has expressly declined to incorporate a requirement of administrative feasibility into the ascertainabiltiy doctrine.  *In re Petrobras Sec.*, 862 F.3d 250, 264-65 (2d Cir. 2017). ‼

to identify class members who would receive notice and an opportunity to opt out.  *See Ford v. TD Ameritrade Holding Corp.*, 995 F.3d 616, 624 (8th Cir. 2021) (refusing to certify fail-safe class where the class definition included two contested elements of liability because certification would allow putative class members to seek a remedy but not be bound by an adverse judgment, and because the class was unmanageable because it could not be determined to whom notice should be sent); *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019) (declining to "promot[e] a so-called "fail-safe" class[], whose membership can only be determined after the entire case has been litigated and the court can determine who actually suffered an injury").

Here the same individualized inquiries that defeat the predominance requirement make the class definition unmanageable as a fail-safe class.  By incorporating the merits inquiry into the class definition, the individual inquiries would first arise in the Rule 23(b)(3) notice process in order to determine who receives notice of the class action.  As discussed above, the alleged benchmark manipulation was not unidirectional, so putative class members could have made money, lost money or experienced no impact for each purchase they made.  Plaintiff has offered no means to determine class membership based on common evidence or in some other administratively feasible way.  The inclusion of "supracompetitive" in the class definition makes this an impermissible "fail-safe" class.  *See generally LIBOR*, 299 F. Supp. 3d at 528-29 (discussing the propriety of certifying fail-safe classes).

Plaintiffs incorrectly argue that the inclusion of "supracompetitive" is superfluous, so its inclusion does not create a bar to certification.  But, if "supracompetitive" is omitted from the class definition, the class would be impermissibly overbroad because Plaintiffs have not offered any evidence to suggest that every purchaser of foreign currency from 2007 to 2013 experienced an injury or harm.  Plaintiffs argue that all retail purchasers of foreign currency from Defendants

are included in the class definition because the retail market was corrupted by the incorporation of spot market prices in retail prices, but as discussed above, this argument masks that some purchasers experienced no economic harm and may have benefitted from the alleged manipulation.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' motion for Rule 23 class certification is DENIED. Defendants' *Daubert* motion is GRANTED IN PART and DENIED IN PART.  Plaintiffs' *Daubert* motion is DENIED.  The request for oral argument is denied as moot.  The Clerk of Court is directed to close the motions at Dkt. Nos. 716, 731 and 745.

Dated: March 18, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN NYPL; LISA MCCARTHY; MAD TRAVEL INC., A.K.A. TRAVEL LEADERS; VALARIE JOLLY; GO EVERYWHERE, INC.; WILLIAM RUBINSOHN, DOING BUSINESS AS RUBINSOHN TRAVEL,<br>        Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; HSBC FINANCE CORPORATION; HSBC BANK USA, N.A.; HSBC NORTH AMERICA HOLDINGS, INC.; HSBC HOLDINGS, PLC; CITICORP; CITIGROUP INC.; CITIBANK, N.A.; UBS AG; BARCLAYS PLC; BARCLAYS CAPITAL, INC.; ROYAL BANK OF SCOTLAND GROUP PLC; ROYAL BANK OF SCOTLAND, PLC,<br>        Defendants. | Case No. 1:15-CV-09300 (LGS)<br>[Rel. 13-cv-7789-LGS]<br><br><br>**NOTICE OF APPEAL**<br><br>**ECF CASE** |

      JOHN NYPL; LISA MCCARTHY; MAD TRAVEL INC., A.K.A. TRAVEL LEADERS; VALARIE JOLLY; GO EVERYWHERE, INC.; WILLIAM RUBINSOHN, DOING BUSINESS AS RUBINSOHN TRAVEL, plaintiffs appeal to the United States Court of Appeals for the Second Circuit from the final judgment entered in this case on March 30, 2023 and from the Order granting summary judgment entered on March 30, 2023 and from the Order denying class certification entered on March 18, 2022.

The names and address of the attorneys for the parties to the judgment and orders are:

**ALIOTO LAW FIRM**

Dated: 4/13/2023                    By:    */s/ Joseph M. Alioto*

JOSEPH M. ALIOTO (Cal.Bar No. 42680)
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email:  jalioto@aliotolaw.com
Attorneys for Plaintiffs

**LAW OFFICES OF LINGEL H. WINTERS**

Dated:  4/13/2023                    By:  */s/ Lingel H. Winters*

LINGEL H. WINTERS (Cal. Bar No. 37759)
Professional Corporation
2900 Shasta Rd.
Berkeley, California 94708
Tel: (510) 845-5914
Email:  sawmill2@aol.com
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN NYPL; LISA MCCARTHY; MAD TRAVEL INC., A.K.A. TRAVEL LEADERS; VALARIE JOLLY; GO EVERYWHERE, INC.; WILLIAM RUBINSOHN, DOING BUSINESS AS RUBINSOHN TRAVEL,<br>　　　　Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; HSBC FINANCE CORPORATION; HSBC BANK USA, N.A.; HSBC NORTH AMERICA HOLDINGS, INC.; HSBC HOLDINGS, PLC; CITICORP; CITIGROUP INC.; CITIBANK, N.A.; UBS AG; BARCLAYS PLC; BARCLAYS CAPITAL, INC.; ROYAL BANK OF SCOTLAND GROUP PLC; ROYAL BANK OF SCOTLAND, PLC,<br>　　　　Defendants. | Case No. 1:15-CV-09300 (LGS)<br>[Rel. 13-cv-7789-LGS]<br><br><br>**AMENDED NOTICE OF APPEAL**<br><br>**ECF CASE** |

JOHN NYPL; LISA MCCARTHY; MAD TRAVEL INC., A.K.A. TRAVEL LEADERS; VALARIE JOLLY; GO EVERYWHERE, INC.; WILLIAM RUBINSOHN, DOING BUSINESS AS RUBINSOHN TRAVEL, plaintiffs appeal to the United States Court of Appeals for the Second Circuit from the final judgment entered in this case on March 30, 2023 and from the Order granting summary judgment entered on March 30, 2023 and from the Order denying class certification entered on March 18, 2022**, and from the Order entered on April 12, 2023 denying plaintiffs' motion to set aside the judgment.**

The names and address of the attorneys for the parties to the judgment and orders are:

**ALIOTO LAW FIRM**

Dated: April 27, 2023            By:    */s/ Joseph M. Alioto*

_____

JOSEPH M. ALIOTO (Cal.Bar No. 42680)
One Sansome Street, Suite 3500
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email:  jalioto@aliotolaw.com
Attorneys for Plaintiffs

**LAW OFFICES OF LINGEL H. WINTERS**

Dated:  April 27, 2023            By:  */s/ Lingel H. Winters*

_____

LINGEL H. WINTERS (Cal. Bar No. 37759)
Professional Corporation
2900 Shasta Rd.
Berkeley, California 94708
Tel: (510) 845-5914
Email:  sawmill2@aol.com
Attorneys for Plaintiffs

*Addendum "B"*

Issues Proposed To Be Raised

1. Whether the district court erred in denying class certification based on questions of law and fact, including inconsistency with its own rulings? The standard of review is de novo.

2. Whether the district court erred in granting summary judgment, based on questions of law and fact, including inconsistency with its own rulings? The standard of review is de novo.

3. Whether the district court erred in ruling that the allegation of "purchasers" of foreign currency in the complaint covers only cash purchasers and excludes purchasers of foreign currency with credit cards, debit cards, ATM cards and by wire based on questions of law and fact? The standard of review is de novo.

4. Whether the district court erred in denying leave to amend to allege that purchasers of foreign currency include purchases with credit cards, debit cards, ATM cards and by wire, based on questions of law and fact? The standard of review is de novo.

5. Whether the district court erred in denying the tolling of the statute of limitations pursuant to the tolling provision of 15 USC sec. 16(i) while other cases raising the same issues brought by the Department of Justice were pending even though the Department of Justice brought the other cases to the district court' attention when requesting stays of discovery in the instant case that the district court granted based on questions of law and fact? The standard of review is de novo.